UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRAHAM CHASE ROBINSON,

<em>Plaintiff,</em>

- against -

ROBERT DE NIRO and
CANAL PRODUCTIONS, INC.,

<em>Defendants.</em>

Case No.: 1:19-cv-09156 (LTS)(KHP)

**ANSWER**

---

Defendants Robert De Niro and Canal Productions, Inc., by their attorneys, Traub Lieberman Straus and Shrewsberry, LLP, submit their Answer to Plaintiff Graham Chase Robinson's ("Complaint") as set forth below. Any allegation not explicitly admitted is denied. Headings contained in the Complaint are not substantive allegations to which an answer is required and to the extent the headings are repeated in the Answer, it is solely for reference purposes. To the extent any allegations herein are not answered and it is determined that an answer was required, Defendants deny the allegations.

## I.      OVERVIEW

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff began working for De Niro as an Executive Assistant in 2008 and deny knowledge or information sufficient to form a belief as to her age and her hopes to build a career in the entertainment industry.

3.      Deny the allegations set forth in paragraph "3" of the Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's motivations.

## II.     **SUMMARY**

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Complaint.

## III    **THE PARTIES**

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff was employed by Canal Productions, Inc. from February 4, 2018 until April 6, 2019.

13.     Admit the allegations set forth in paragraph "13" of the Complaint only insofar as Canal is a company owned by Mr. De Niro that is headquartered in Manhattan, and otherwise deny knowledge or information sufficient to form a belief as to the use of the term "controlled."

14.     Admit the allegations set forth in paragraph "14" of the Complaint.

## IV.     **JURISDICTION AND VENUE**

15.     The allegations set forth in paragraph "15" of the Complaint characterize the lawsuit and constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. To the extent any response is required, Defendants deny any conduct that forms the basis of the claims

2

set forth herein, and deny that there were any unlawful employment practices or other actions that form the basis of a viable claim against Defendants.

16.     The allegations set forth in paragraph "16" of the Complaint characterize the lawsuit and constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. To the extent any response is required, Defendants deny any conduct that forms the basis of the claims set forth herein, and deny that there were any unlawful employment practices or other actions that form the basis of a viable claim against Defendants.

**V.     FACTUAL ALLEGATIONS**

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff held the position of Executive Assistant until April 2011, Director of Productions from April 2011 until December 2017, and Vice President of Production and Finance in December 2017 until she resigned.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that De Niro left a voicemail for Plaintiff after she failed to perform her job duties wherein he used

terms contained in paragraph "26", and respectfully refer the Court to such recording as best evidence of same.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff requested a letter of recommendation from De Niro after her departure and prepared a draft letter which she wanted him to sign.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the context and timeline regarding Plaintiff's claims of allegedly wrongful conduct, but admit the existence of the July 31, 2019 email set forth in paragraph "42" of the Complaint, which email asserted purported claims of sex discrimination, sex stereotyping, hostile work environment and retaliation, and further state that such allegations were made only after

Plaintiff had been accused of misconduct. Defendants respectfully refer the Court to the July 31, 2019 email and all the emails that preceded and followed, for a more accurate recitation of the communications among the various parties.

43.     Deny the characterization of the referenced email set forth in paragraph "43" of the Complaint, but admit the existence of the August 2, 2019 email, which also contained veiled threats that if Plaintiff's demands were not met, she would publicly disclose information of a personal nature regarding De Niro, and respectfully refer the Court to the August 2, 2019 email and all the emails that preceded and followed, for a more accurate recitation of the communications among the various parties.

44.     Deny the characterization of the referenced email set forth in paragraph "44" of the Complaint, but admit the existence of the August 13, 2019 email, which also contained a suggestion that if Plaintiff's demands were not met, she may have to write a memoir containing information of a personal nature about De Niro, and respectfully refer the Court to the August 13, 2019 email and all the emails that preceded and followed, for a more accurate recitation of the communications among the various parties.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Plaintiff is a defendant in a lawsuit pending in the Supreme Court, State of New York, commenced by Canal Productions, Inc., Index No. 654711/2019 on August 17, 2019.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

**COUNT ONE**

50.     In response to the allegations set forth in paragraph "50" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "49" of the Complaint as if fully set forth herein.

51.     The allegations set forth in paragraph "51" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court.  Defendants admit that Plaintiff was a female employee of Canal Productions, Inc.

52.     The allegations set forth in paragraph "52" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court.  Defendants admit that De Niro was Plaintiff's supervisor and an owner of Canal Productions, Inc.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

**COUNT TWO**

60.     In response to the allegations set forth in paragraph "60" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "59" of the Complaint as if fully set forth herein.

61.     The allegations set forth in paragraph "61" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court.  Defendants admit that Plaintiff was a female employee of Canal Productions, Inc.

62.     The allegations set forth in paragraph "62" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court.  Defendants admit that De Niro was Plaintiff's supervisor and an owner of Canal Productions, Inc.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

## COUNT THREE

72.     In response to the allegations set forth in paragraph "72" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "71" of the Complaint as if fully set forth herein.

73.     The allegations set forth in paragraph "73" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully

refer all questions of law to this Honorable Court. Defendants admit that Plaintiff was employed by Canal Productions Inc.

74.    Deny the allegations set forth in paragraph "74" of the Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Complaint.

77.    Deny the allegations set forth in paragraph "77" of the Complaint.

## COUNT FOUR

78.    In response to the allegations set forth in paragraph "78" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "77" of the Complaint as if fully set forth herein.

79.    The allegations set forth in paragraph "79" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. Defendants admit that Plaintiff was employed by Canal Productions, Inc.

80.    Deny the allegations set forth in paragraph "80" of the Complaint.

81.    Deny the allegations set forth in paragraph "81" of the Complaint.

82.    Deny the allegations set forth in paragraph "82" of the Complaint.

83.    Deny the allegations set forth in paragraph "83" of the Complaint.

## COUNT FIVE

84.    In response to the allegations set forth in paragraph "84" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "83" of the Complaint as if fully set forth herein.

85.    The allegations set forth in paragraph "85" of the Complaint constitute conclusions

of law to which Defendant makes no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. Defendants admit that Plaintiff was employed by Canal Productions, Inc.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

## COUNT SIX

90.     In response to the allegations set forth in paragraph "90" of the Complaint, Defendants repeat and reallege the responses to paragraphs "1" through "89" of the Complaint as if fully set forth herein.

91.     The allegations set forth in paragraph "91" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. Defendants admit that Plaintiff was employed by Canal Productions, Inc.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

## COUNT SEVEN

98.     In response to the allegations set forth in paragraph "98" of the Complaint,

Defendants repeat and reallege the responses to paragraphs "1" through "97" of the Complaint as if fully set forth herein.

99.     The allegations set forth in paragraph "99" of the Complaint constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to this Honorable Court. Defendants admit that Plaintiff was employed by Canal Productions, Inc.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

## PRAYER FOR RELIEF

106.    Deny that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of the Complaint, and/or that Defendants engaged in any conduct that forms the basis of the claims set forth herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

## AS AND FOR A FIRST DEFENSE

107.    Defendants acted in good faith and with a reasonable belief that their practices complied with federal and state law.

## AS AND FOR A SECOND DEFENSE

108.    Defendants have a defense founded upon documentary evidence.

## AS AND FOR A THIRD DEFENSE

109.    Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith, had reasonable grounds for believing that their acts were not a violation of the Fair Labor Standards Act and/or New York Labor Law and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act or New York Labor Law; (ii) Defendants did not authorize or ratify any willful violation with respect to the Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## AS AND FOR A FOURTH DEFENSE

110.    Plaintiff's claims are barred in whole or in part because Defendants made complete and timely payment of all wages due in accordance with the FLSA and New York law.

## AS AND FOR A FIFTH DEFENSE

111.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, unclean hands, laches and/or waiver.

## AS AND FOR A SIXTH DEFENSE

112.    If Plaintiff succeeds in establishing any violation under the Fair Labor Standards Act or the New York Labor Law, and to the extent any sums are found due and owing to Plaintiff, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above her wages.

## AS AND FOR A SEVENTH DEFENSE

113.   Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to the Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

## AS AND FOR AN EIGHTH DEFENSE

114.   Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations including the FLSA/Equal Pay Act (2 years and 3 years for willful violations), the New York Labor Law (6 years), the New York City and New York State Human Rights Laws (3 years).

## AS AND FOR A NINTH DEFENSE

115.   Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her damages.

## AS AND FOR A TENTH DEFENSE

116.   Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits recoupments or offsets permissible under the Fair Labor Standards Act and/or New York Labor Law.

## AS AND FOR AN ELEVENTH DEFENSE

117.   Plaintiff's retaliation claims are barred because she did not engage in any protected activity.

## AS AND FOR A TWELFTH DEFENSE

118.   Plaintiff is exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act and New York Labor Law because she was a highly compensated employee and/or was employed in a bona fide executive and/or administrative role.

## AS AND FOR A THIRTEENTH DEFENSE

119.   All actions taken by Defendants with respect to Plaintiff's employment were lawful, were made in good faith compliance with applicable provisions of law, rules and regulations, and all actions were taken for legitimate non-discriminatory, non-retaliatory, non-prohibited reasons.

## AS AND FOR A FOURTEENTH DEFENSE

120.   Plaintiff's claims are barred in whole or in part because any employment decisions regarding Plaintiff were based upon bona fide factors other than sex, gender or participation in protected activity under the statutes referenced in the Complaint herein.

## AS AND FOR A FIFTEENTH DEFENSE

121.   Plaintiff's claims are barred in whole or in part because of a failure to mitigate her damages.

## AS AND FOR A SIXTEENTH DEFENSE

122.   Plaintiff's claims are barred in whole or in part by the after-acquired evidence doctrine.

## AS AND FOR A SEVENTEENTH DEFENSE

123.   Defendants have maintained equal employment policies prohibiting harassment, discrimination and/or retaliation and exercised reasonable care to prevent any alleged incidents, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities.

## AS AND FOR AN EIGHTEENTH DEFENSE

124.    Any disparity in pay between Plaintiff and any other employee was justified based upon  (1) seniority; (2) a merit system; (3) a pay system based on quantity or quality of output; or (4) factors other than her sex.

## AS AND FOR A NINETEENTH DEFENSE

125.    Plaintiff cannot prevail on her claims under the Human Rights Law because the behavior or conduct about which she complains constitutes nothing more than petty slights or trivial inconveniences.

## AS AND FOR A TWENTIETH DEFENSE

126.    Defendants reserve the right to assert additional defenses upon further information regarding Plaintiff's claims and upon the development of other relevant information.

Dated: Hawthorne, New York
       January 21, 2020

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By:_____

Hillary J. Raimondi
Gregory R. Bennett
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2500
*Attorneys for Defendants*
*Canal Productions, Inc. and Robert De Niro*