**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant Canal Productions, Inc.*
Laurent S. Drogin
Brittany K. Lazzaro
1350 Broadway, 11th Fl.
New York, New York 10018
Telephone: 212-216-8000
Email: ldrogin@tarterkrinsky.com
Email: blazzaro@tarterkrinsky.com

**TRAUB LIEBERMAN STRAYS & SHRESBURY LLP**
*Attorneys for Defendants Robert De Niro and Canal Productions Inc.*
Hillary Jacobs Raimondi
Gregory Ross Bennett
7 Skyline Drive
Hawthorne, New York 10532
Tel.: (914) 347-8898
Email: hraimondi@traublieberman.com
Email: gbennett@tsslaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAHAM CHASE ROBINSON,<br><br>*Plaintiff*,<br><br>- against -<br><br>ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,<br><br>*Defendants*. | Case No. 1:19-cv-09156-LJL-KHP |

**DEFENDANT CANAL PRODUCTIONS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE**
**TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS**

# TABLE OF CONTENTS

INTRODUCTION ..... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..... 1

ARGUMENT ..... 2

I. STANDARD OF LAW ..... 2

II. CANAL'S MOTION TO AMEND SHOULD BE GRANTED IN ITS ENTIRETY ..... 3

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. V. by Versace, Inc. v. Gianni Versace, S.p.A.*,
87 F. Supp. 2d 281 (S.D.N.Y. 2000)....4

*Advanced Technologies, Inc. v. Amiad U.S.A., Inc*.,
457 F.Supp.3d 313 (S.D.N.Y. Apr. 29, 2020) ....4

*Am. Med. Ass'n v. United Healthcare Corp*.,
No. 00-cv-2800 (LMM), 2006 WL 3833440 (S.D.N.Y. Dec. 29, 2006)....5

*Block v. First Blood Assocs*.,
988 F.2d 344 (2d Cir. 1993)....2, 3

*Canal Productions, Inc. v. Graham Robinson*,
Index No. 654711/2019 .... *passim*

*DeCastro v. City of New York*,
No. 16-cv-3850 (RA), 2020 WL 4932778 (S.D.N.Y. Aug. 24, 2020) ....2

*Fastiggi v. Waterview Hills Nursing Ctr., Inc*.,
6 F. Supp. 2d 242 (S.D.N.Y. 1998) ....7

*Fui Photo Film USA, Inc. v. McNulty*,
669 F. Supp.2d 405 (S.D.N.Y. 2009)....3

*Ginsberg v. Gov't Properties Trust, Inc*.,
No. 07-cv-365 (CSH), 2008 WL 3833876 (S.D.N.Y. Aug. 13, 2008) ....4, 5

*Grullon v. City of New Haven*,
720 F.3d 133 (2d Cir. 2013)....2

*JP Morgan Chase Bank v. IDW Group LLC*,
No. 08-cv-9116 (PGG), 2009 WL 1357946 (S.D.N.Y. May 12, 2009) ....5

*Kassner v. 2nd Avenue Delicatessen Inc*.,
496 F.3d 229 (2d Cir. 2007)....3

*Kreinik v. Showbran Photo, Inc*.,
No. 02-cv-1172 (RMB), 2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003) ....5

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*,
797 F.3d 160 (2d Cir. 2015)....2

*Lucente v. Int'l Bus. Machs. Corp.*,
310 F.3d 243 (2d Cir. 2002)....................6

*Purdy v. Town of Greenburgh*,
166 F. Supp. 2d 850 (S.D.N.Y. 2001)....................6

*Rush v. Artuz*,
No. 00-cv-3436, 2001 WL 1313465 (S.D.N.Y. Oct. 26, 2001)....................4

*S.E.C. v. DCI Telecomm., Inc.*,
207 F.R.D. 32 (S.D.N.Y. 2002) ....................6

*Scott v. Chipotle Mexican Grill, Inc.*,
300 F.R.D. 193 (S.D.N.Y. 2014) ....................3

*Sherman v. Fivesky, LLC*,
No. 19-cv-8015 (LJL), 2020 WL 5105164 (S.D.N.Y. Aug. 31, 2020) ....................3, 4

*Sommer v. PMEC Assocs. & Co.*,
No. 88-cv-2537, 1993 WL 361660 (S.D.N.Y. Sept. 14, 1993) ....................4, 5

*Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*,
109 F.R.D. 627 (S.D.N.Y. 1986) ....................6

*United States v. Cont'l Ill. Nat'l Bank & Trust Co.*,
889 F.2d 1248 (2d Cir. 1989)....................4

*Zeigan v. Blue Cross & Blue Shield*,
607 F. Supp. 1434 (S.D.N.Y. 1985)....................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................6

Fed. R. Civ. P. 15....................1, 2

Fed. R. Civ. P. 16(b) ....................2

## INTRODUCTION

Defendant Canal Productions, Inc. ("Canal") submits this memorandum of law to support its motion for an order, pursuant to Rule 15 of the Federal Rules of Civil Procedure ("FRCP"), granting leave to amend its Answer (ECF #12) ("Answer") to include counterclaims.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Canal refers the Court to the Declaration of Laurent S. Drogin, dated May 10, 2021 (the "Drogin Declaration" or the "Drogin Dec."), and its corresponding exhibits, for a more complete recitation of the relevant facts and procedural history.

In its simplest form, this motion seeks to replead claims in a pending lawsuit in New York Supreme Court for the County of New York, entitled *Canal Productions, Inc. v. Graham Robinson*, Index No. 654711/2019 (the "State Court Lawsuit"), as counterclaims in this action. In August 2019 Canal brought claims against Chase Robinson ("Ms. Robinson") in New York State Supreme Court. Rather than filing an Answer with counterclaims, Ms. Robinson split her claims by filing this lawsuit, alleging among other things that the State Court Lawsuit was commenced as an act of retaliation.

Discovery was stayed in the State Court Lawsuit when Ms. Robinson filed a tactical motion to dismiss just one of the claims (fraud). The motion sought as alternative relief that the action be stayed because this federal court lawsuit had been initiated.

As discovery moved forward here, albeit slowly, discovery remained stayed in State Court. In December 2020, the State Court Judge ruled on the motion and stayed the action in large part because of the progress in this lawsuit. *See Drogin Declaration,* at Ex. G. The State Court did not decide the motion to dismiss the fraud claim. *Id.* With the State Court Lawsuit stayed, at this point it makes logical sense for Canal to seek to pursue its claims in this court.

Indeed, the State Court Judge as much as said so as one of the reasons given for deciding to stay the State Court case. *Id.*

## **ARGUMENT**

### I. STANDARD OF LAW

The Federal Rules of Civil Procedure set forth a liberal standard for the amendment of pleadings. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("When a party requests leave to amend [its pleading], permission generally should be freely granted."). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id*. (*quoting State Teachers Retir. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981)). "[T]he 'permissive standard' of Rule 15 is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotations and citations omitted).

Ms. Robinson can claim no prejudice, as she was aware of Canal's claims before she commenced this lawsuit. She cannot make a case for delay, as it was her own efforts to seek to stay the State Court Lawsuit that delayed Canal's ability to advance those claims. Nor can she bring forward a legal argument of "bad faith" (other than as a self-serving conclusory statement) as Canal's motivation for commencing the State Court Lawsuit is itself a disputed fact she must establish to prevail on her retaliation claim in this action.

"Where a party files a motion to amend after the pleading deadline set forth in the scheduling order has expired, … Federal Rule of Civil Procedure 16(b) governs." *DeCastro v.*

*City of New York*, No. 16-cv-3850 (RA), 2020 WL 4932778, at *6 (S.D.N.Y. Aug. 24, 2020). A party must establish "good cause" to amend its pleadings. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). "To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014).

In essence, absent futility, undue delay, dilatory motive on the part of the movant and undue prejudice to the opposing party, leave to amend should, as the rules require, be freely given. *See Fui Photo Film USA, Inc. v. McNulty*, 669 F. Supp.2d 405, 413 (S.D.N.Y. 2009). As none of those factors are present, Canal's motion should be granted.

## II. CANAL'S MOTION TO AMEND SHOULD BE GRANTED IN ITS ENTIRETY

Absent circumstances that would justify its denial, Canal's motion should be granted in its entirety. *First*, Ms. Robinson suffers no prejudice by the assertion of the counterclaims, as the same claims are already pending in State Court. It is simply a matter of whether they are going to be resolved in this action now, or in the State Court Lawsuit later when the stay is lifted. And if the motion is denied here, a new application will be made in State Court seeking relief from the stay on the grounds that Canal tried, unsuccessfully, and over Ms. Robinson's objection, to have its claims heard in federal court.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (ii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Sherman v. Fivesky, LLC*, No. 19-cv-8015 (LJL), 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020) (internal quotations and citations omitted). *Accord Block v. First Blood Assocs.*, 988 F.2d 344,

350 (2d Cir. 1993). "The opposing party must also show that some prejudice to her would result from permitting the amendment." *Ginsberg v. Gov't Properties Trust, Inc*., No. 07-cv-365 (CSH), 2008 WL 3833876 (S.D.N.Y. Aug. 13, 2008) (emphasis added). Without a showing of prejudice to the opposing party, the court should grant the motion to amend. *Rush v. Artuz,* No. 00-cv-3436 (LMMDF), 2001 WL 1313465 (S.D.N.Y. Oct. 26, 2001). Notably, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is 'undue prejudice to the opposing party.'" *A. V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the proposed counterclaims are premised on the same facts and circumstances that serve as a foundation to the underlying claims in the Complaint. *See Sherman*, 2020 WL 5105164 (granting defendant employer's motion to amend its answer to include counterclaims against plaintiff-employee); *see also Advanced Technologies, Inc. v. Amiad U.S.A., Inc*., 457 F.Supp.3d 313 (S.D.N.Y. Apr. 29, 2020) (granting defendant's motion to amend its pleading with counterclaims). As such, the proposed amendment to Canal's pleading will not require Plaintiff to spend "significant" additional resources to conduct discovery or prepare for trial, and the amendment will not delay resolution of the dispute.[1]

Just the opposite, Ms. Robinson would be spared having to explain to the State Court Judge why she insisted that the State Court Lawsuit be stayed in favor of the federal court action, but then resisted Canal's efforts to advance its claims in federal court. In addition, if Canal's motion is deniedt, Canal will move to have the stay lifted in State Court. If that motion is

[1] The Second Circuit has expressly held that "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989); *see also Sommer v. PMEC Assocs. & Co*., No. 88-cv-2537, 1993 WL 361660, at *4 (S.D.N.Y. Sept. 14, 1993) (burden on defendants of additional discovery coupled with delay insufficient to preclude amendment). Further, "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *A. V. by Versace*, 87 F. Supp. 2d at 299 (quoting *Block*, 988 F.2d at 351).

granted, Ms. Robinson would be a party in two active lawsuits, both in the discovery stage.

*Second*, there is no undue delay here. Indeed, the length of time between the filing of the original Answer and the present motion to amend is no greater in this case than in many other cases in which courts have permitted amendments to the pleadings. *See Richardson Greenschields Sec*., 825 F.2d at 653, n.6 (citing *Middle Atl. Utils. Co. v. S. M. W. Dev. Corp*., 392 F.2d 380, 385 (2d Cir. 1968) (amendment permitted after three-year interval, "[m]any amendments will be afterthoughts ... [s]uch realities alone do not support the denial of a motion to amend"); *Sommer*, 1993 WL 361660, at *4 (amendment permitted after four years); *Zeigan v. Blue Cross & Blue Shield*, 607 F. Supp. 1434, 1438 (S.D.N.Y. 1985) (amendment permitted after three years). Moreover, the impetus for the amendment is to expedite resolution of the claims that Ms. Robinson has succeeded in stalling and of which she is undeniably aware.

Indeed, while courts have granted such motions after discovery was completed, in the instant action, no depositions have been taken, discovery is ongoing, and the case has not been set for trial (*see* ECF #44, Discovery & Scheduling Order). *See Am. Med. Ass'n v. United Healthcare Corp*., No. 00-cv-2800 (LMM), 2006 WL 3833440, at *3-4 (S.D.N.Y. Dec. 29, 2006) (granting motion to amend after two-and-a-half year delay in filing proposed amendment, especially because case was "at an earlier procedural stage" and discovery was ongoing); *JP Morgan Chase Bank v. IDW Group LLC*, No. 08-cv-9116 (PGG), 2009 WL 1357946 (S.D.N.Y. May 12, 2009) (motion granted where no pending dispositive motions, no trial date, and issues raised by amendment overlapped with original claims); *Ginsberg v. Gov't Properties Trust, Inc*., No. 07-cv-365(CSH), 2008 WL 3833876 (S.D.N.Y. Aug. 13, 2008) (court granted motion where no pending dispositive motions and no trial date set); *Kreinik v. Showbran Photo, Inc*., No. 02-cv-1172 (RMB), 2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003) ("mere fact that discovery has

concluded does not provide a reason for denying leave to amend" and this is "especially true where the proposed amendment arises from the same set of operative facts as the original claims"); *see also Purdy v. Town of Greenburgh*, 166 F. Supp. 2d 850, 859-60 (S.D.N.Y. 2001) (granting motion to amend pleading, notwithstanding the fact that discovery was completed and a motion for summary judgment had been served).

Accordingly, any purported claim of a potential delay here by Plaintiff is insignificant, immaterial, and/or will not otherwise delay the timeline in this case.[2]

*Third*, the retaliation claim in this lawsuit is premised on the very fact that the State Court Lawsuit was commenced. The proposed counterclaims are the foil to the retaliation claim's epee. While Ms. Robinson here questions the motivation for Canal's state court lawsuit, she cannot seriously suggest that the claims are futile.

A proposed amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986) (court need only be satisfied that amendment "is colorable and not frivolous" to grant leave to amend). In her motion to dismiss, Ms. Robinson sought to dismiss only the fraud cause of action, however, the State Court Judge did not rule on the motion. *See Drogin Declaration*, at Ex. D. If Ms. Robinson believes that claim is deficient, this can be addressed in an appropriate motion.

While the question of bad faith requires a court to focus on the party's motives for amending its pleading, undue delay, standing alone, does not constitute bad faith. *See S.E.C. v. DCI Telecomm., Inc.*, 207 F.R.D. 32, 34 (S.D.N.Y. 2002) (no bad faith absent a "showing of

---

2 Under the current Discovery & Scheduling Order in this action fact discovery is to be completed by September 30, 2021 and expert discovery is to be completed by December 16, 2021. This provides ample time for the completion of discovery.

malice”). Here, the reasons for Canal’s amendment are clearly articulated and it cannot reasonably be said that the amendment is sought in bad faith. This is especially so where, as here, Ms. Robinson has manipulated jurisdiction and adjudication of the State Court claims, and the proposed amendment “comes early in the litigation” while discovery is ongoing, “and relies on the same facts” set forth in the original pleadings. *See Fastiggi v. Waterview Hills Nursing Ctr., Inc.*, 6 F. Supp. 2d 242, 243 (S.D.N.Y. 1998).

**CONCLUSION**

For the foregoing reasons Canal requests that the Court grant its motion to amend its Answer to include counterclaims.

Dated: New York, New York
May 10, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant Canal Productions Inc.*

By: */s/ Laurent S. Drogin*
Laurent S. Drogin
Brittany K. Lazzaro
1350 Broadway, 11th Floor
New York, New York 10018
Tel.: (212) 216-8000
Email: ldrogin@tarterkrinsky.com
Email: blazzaro@tarterkrinsky.com

**TRAUB LIEBERMAN STRAYS & SHRESBURY LLP**
*Attorneys for Defendants*
*Robert De Niro and Canal Productions Inc.*

By: */s/ Hillary Jacobs Raimondi*
Hillary Jacobs Raimondi
Gregory Ross Bennett
7 Skyline Drive
Hawthorne, New York 10532
Tel.: (914) 347-8898
Email: hraimondi@traublieberman.com
Email: gbennett@tsslaw.com

To: **SANFORD HEISLER SHARP, LLP**
*Attorneys for Plaintiff*
Jeremy Heisler
1350 6th Avenue, Floor 31
New York, New York 10019
Tel.: (646) 402-5651
Email: jheisler@sanfordheisler.com