


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/08/2021

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Co-Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com      New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

June 7, 2021

**APPLICATION GRANTED**

*/s/ Katharine H. Parker/*

Hon. Katharine H. Parker, U.S.M.J.

06/08/2021

<u>VIA ECF</u>
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

Pursuant to Section III of this Court's Individual Practices in Civil Cases, Plaintiff Graham Chase Robinson ("Plaintiff" or "Ms. Robinson") hereby requests leave to make limited, narrowly tailored redactions to one of the exhibits filed in connection with Plaintiff's Opposition to Canal's Motion for Leave to Amend its Answer to Include Counterclaims. Specifically, Exhibit B of Plaintiff's Declaration contains contemporaneous time records that Ms. Robinson emailed to herself during her employment with Defendants, and Plaintiff seeks leave to redact her personal email address from these documents. Defendants consent to this request.

"Notwithstanding the presumption of access under both the common law and the First Amendment," it is well established that judicial documents may be sealed or redacted "if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) (holding that "there can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records.").

As the Second Circuit held in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, "[t]he 'right to inspect and copy judicial records is not absolute,' . . . and a court may exercise its 'supervisory power over its own records and files' to deny access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Comm'ns, Inc*., 435 U.S. 589, 598 (1978)). "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* (citing *Lugosch,* 435 F.3d at 119).

Here, the relevant considerations warrant the requested redactions, which only apply to Ms. Robinson's personal email address. First, the presumption of access to these records is low, as the documents are merely "those passed between the parties in discovery." *Bernstein*, 814 F.3d at 142 (citation omitted). Further, access to the redacted material would not "materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings." *Id.* at 139 (citing *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013). The public does not need to see Plaintiff's personal email address in order to understand the issues before the Court. Given the minimal redactions requested, the public can fully grasp the content of the documents with the proposed redactions.

Critically, the redactions are necessary to avoid having these documents "become a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (2d Cir. 2016) (citing *Nixon*, 435 U.S. at 598). If Plaintiff's personal email address is publicly disclosed, it will leave her susceptible to harassment and other intrusions from the public at large. This is a particular risk given the substantial public and media attention that has been paid to this high-profile case.

We appreciate the Court's consideration of this request.

Respectfully submitted,

Alexandra Harwin