## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**GRAHAM CHASE ROBINSON**

     *Plaintiff,*

v.

**ROBERT DE NIRO and
CANAL PRODUCTIONS, INC.,**

    *Defendants.*

**Case No.  1:19-cv-09156-LJL-KHP**

## PLAINTIFF'S ANSWER TO DEFENDANT CANAL PRODUCTIONS, INC.'S COUNTERCLAIMS

Plaintiff Graham Chase Robinson ("Plaintiff" or "Ms. Robinson"), by and though her attorneys, Sanford Heisler Sharp, LLP, submits her Answer to Defendant Canal Productions, Inc.'s Counterclaims ("Counterclaims") as set forth below. Any allegation not explicitly admitted is denied.  Headings contained in the Counterclaims are not substantive allegations to which an answer is required, and to the extent any headings are repeated in the Answer, it is solely for reference purposes.  To the extent any allegations herein are not answered and it is determined that an answer was required, Plaintiff denies the allegations.

## NATURE OF THE COUNTERCLAIMS

124.    The allegations set forth in Paragraph 124 of the Counterclaims are denied, except it is admitted that the counterclaims seek economic damages.  Plaintiff denies that Defendant Canal Productions, Inc. ("Canal") is entitled to economic damages.

125.    The allegations set forth in Paragraph 125 of the Counterclaims are denied.

126.    The allegations set forth in Paragraph 126 of the Counterclaims characterize the counterclaims and contain conclusions of law to which Plaintiff is not required to respond. To the

extent any response is required, Plaintiff denies Canal's claims for breach of fiduciary duties, violation of the faithless service doctrine, and conversion.

## JURISDICTION AND VENUE

127.    The allegations set forth in Paragraph 127 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond.

128.    The allegations set forth in Paragraph 128 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond.

## PARTIES

129.    The allegations set forth in Paragraph 129 of the Counterclaims are admitted.

130.    The allegations set forth in Paragraph 130 of the Counterclaims are admitted.

## FACTUAL BACKGROUND FOR ALL COUNTERCLAIMS

131.    The allegations set forth in Paragraph 131 of the Counterclaims are admitted, except it is denied that the sole function of Canal is to contract the services of Robert De Niro to third parties.

132.    The allegations set forth in Paragraph 132 of the Counterclaims are denied.

133.    The allegations set forth in Paragraph 133 of the Counterclaims are denied.

134.    The allegations set forth in Paragraph 134 of the Counterclaims are admitted.

135.    The allegations set forth in Paragraph 135 of the Counterclaims are denied, except it is admitted that Mr. De Niro changed Plaintiff's title to Vice President of Production & Finance.

136.    The allegations set forth in Paragraph 136 of the Counterclaims are denied.

137.    The allegations set forth in Paragraph 137 of the Counterclaims are denied, except it is admitted that Plaintiff was eventually made a co-account manager on Canal's American

Express card and that Plaintiff (as well as other Canal employees) was authorized to use Canal's American Express card for legitimate and *bona fide* expenses.

138.   The allegations set forth in Paragraph 138 of the Counterclaims are denied, but Plaintiff further states that she carried out her duties and responsibilities in Canal's best interests.

139.   The allegations set forth in Paragraph 139 of the Counterclaims are denied, but Plaintiff further states that she performed her job in a loyal and honest manner.

140.   The allegations set forth in Paragraph 140 of the Counterclaims are denied, but Plaintiff further states that she performed to the best of her abilities.

141.   The allegations set forth in Paragraph 141 of the Counterclaims are denied, but Plaintiff further states that she dedicated focus and attention to her duties.

142.   The allegations set forth in Paragraph 142 of the Counterclaims are admitted.

143.   The allegations set forth in Paragraph 143 of the Counterclaims are admitted.

144.   Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Counterclaims.

145.   The allegations set forth in Paragraph 145 of the Counterclaims are admitted.

146.   Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Counterclaims.

147.   The allegations set forth in Paragraph 147 of the Counterclaims are denied.

148.   In response to the allegations set forth in Paragraph 148 of the Counterclaims, it is admitted that Plaintiff did not supervise Mr. De Niro's personal trainer. As to the remaining allegations, Plaintiff can neither admit nor deny them because the phrase "material responsibilities relating to Mr. De Niro's personal trainer" is vague to the point of incomprehensibility.  To the

extent any response is required, Plaintiff denies the remaining allegations set forth in Paragraph 148 of the Counterclaims.

149.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Counterclaims.

150.     Plaintiff denies knowledge or information as to the full extent of Mr. De Niro's personal trainer's duties and responsibilities as referenced in Paragraph 150 of the Counterclaims. However, upon information and belief, Ms. Robinson's job duties and responsibilities required greater skill, effort, and/or responsibility than Mr. De Niro's personal trainer's job duties and responsibilities.

151.     The allegations set forth in Paragraph 151 of the Counterclaims are denied.

152.     The allegations set forth in Paragraph 152 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 152 of the Counterclaims.

153.     The allegations set forth in Paragraph 153 of the Counterclaims are denied.

154.     The allegations set forth in Paragraph 154 of the Counterclaims are denied, except it is admitted that Ms. Robinson sent an email resigning her position on April 6, 2019, and the content of that email speaks for itself.

155.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Counterclaims.

156.     The allegations set forth in Paragraph 156 of the Counterclaims are denied. Plaintiff further states that at Mr. De Niro's lawyer/fixer's request, she prepared a draft recommendation letter in June 2019 for Mr. De Niro to review and edit as appropriate.

157.     The allegations set forth in Paragraph 157 of the Counterclaims are admitted.

158.     The allegations set forth in Paragraph 158 of the Counterclaims are denied, except it is admitted that Plaintiff received a letter from the lawyer/fixer for Mr. De Niro and Canal dated July 11, 2019, and the content of that letter speaks for itself.  Plaintiff further states that, as detailed in her Complaint, she received this letter, which falsely accused her of wrongdoing, shortly after she engaged in protected activity.

159.     The allegations set forth in Paragraph 159 of the Counterclaims are denied.

160.     The allegations set forth in Paragraph 160 of the Counterclaims are admitted, except that it is denied that Ms. Robinson retained counsel in response to the letter of July 11, 2019.

161.     The allegations set forth in Paragraph 161 of the Counterclaims are denied.

162.     The allegations set forth in Paragraph 162 of the Counterclaims are denied, except it is admitted that emails sent by Plaintiff's counsel are referenced in Plaintiff's Complaint and were filed as exhibits in connection with Canal's state court action.

163.     The allegations set forth in Paragraph 163 of the Counterclaims are admitted.

164.     The allegations set forth in Paragraph 164 of the Counterclaims are admitted, except it is denied that Canal's lawsuit was filed on August 16, 2019. It was filed on August 17, 2019.

165.     The allegations set forth in Paragraph 165 of the Counterclaims are admitted.

166.     The allegations set forth in Paragraph 166 of the Counterclaims are admitted. Plaintiff further states that the motion was a Motion to Dismiss, Stay, and/or Strike.

167.     The allegations set forth in Paragraph 167 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 167 of the Counterclaims.

168.     The allegations set forth in Paragraph 168 of the Counterclaims are admitted.

169.     The allegations set forth in the first sentence of Paragraph 169 of the Counterclaims are admitted.  The allegations set forth in the remainder of Paragraph 169 of the Counterclaims are denied, except it is admitted that Canal employees requested petty cash to be used for expenses on behalf of and/or as authorized by Canal and/or Mr. De Niro.

170.     The allegations set forth in Paragraph 170 of the Counterclaims are denied.

171.     The allegations set forth in Paragraph 171 of the Counterclaims are admitted, except it is denied that it was Plaintiff's suggestion that Mr. De Niro autograph the books.

172.     The allegations set forth in Paragraph 172 of the Counterclaims are denied.

173.     The allegations set forth in Paragraph 173 of the Counterclaims are denied, except it is admitted that Mr. De Niro approved the trip to Los Angeles.

174.     The allegations set forth in Paragraph 174 of the Counterclaims are denied, except it is admitted that Ms. Robinson flew to Los Angeles on March 9, 2018.

175.     The allegations set forth in Paragraph 175 of the Counterclaims are admitted. Plaintiff further states that this expense was authorized by Mr. De Niro.

176.     The allegations set forth in Paragraph 176 of the Counterclaims are admitted. Plaintiff further states that this expense was authorized by Mr. De Niro.

177.     The allegations set forth in Paragraph 177 of the Counterclaims are denied.

178.     The allegations set forth in Paragraph 178 of the Counterclaims are admitted, except that Canal's characterization of the purpose of the meals is denied.  Plaintiff further states that these expenses were authorized by Mr. De Niro.

179.     The allegations set forth in Paragraph 179 of the Counterclaims are denied, except it is admitted that Ms. Robinson returned from Los Angeles on March 11, 2018.

180.     The allegations set forth in Paragraph 180 of the Counterclaims are denied, except it is admitted that the "Taxi Driver" books were delivered to Los Angeles on March 12, 2018, after Plaintiff flew back to New York.  Plaintiff further states that delivery of the books was delayed, and her return date needed to be moved up due to inclement weather.

181.     The allegations set forth in Paragraph 181 of the Counterclaims are denied.

182.     The allegations set forth in Paragraph 182 of the Counterclaims are admitted.

183.     The allegations set forth in Paragraph 183 of the Counterclaims are admitted.

184.     The allegations set forth in Paragraph 184 of the Counterclaims are denied.

185.     The allegations set forth in Paragraph 185 of the Counterclaims are admitted.

186.     The allegations set forth in Paragraph 186 of the Counterclaims are denied.

187.     The allegations set forth in Paragraph 187 of the Counterclaims are admitted, except that Plaintiff denies that this is the only location of Whole Foods.

188.     The allegations set forth in Paragraph 188 of the Counterclaims are admitted, except that Plaintiff denies that this is the only location of Dean & Deluca.

189.     The allegations set forth in Paragraph 189 of the Counterclaims are denied.

190.     The allegations set forth in Paragraph 190 of the Counterclaims are denied.

191.     Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Counterclaims.

192.     The allegations set forth in Paragraph 192 of the Counterclaims are denied.

193.     The allegations set forth in Paragraph 193 of the Counterclaims are denied.

194.     The allegations set forth in Paragraph 194 of the Counterclaims are denied.

195.     The allegations set forth in Paragraph 195 of the Counterclaims are denied.

196.     The allegations set forth in Paragraph 196 of the Counterclaims are denied.

197.    The allegations set forth in Paragraph 197 of the Counterclaims are denied.

198.    The allegations set forth in Paragraph 198 of the Counterclaims are denied.

199.    The allegations set forth in Paragraph 199 of the Counterclaims are denied.

200.    The allegations set forth in Paragraph 200 of the Counterclaims are denied.

201.    The allegations set forth in Paragraph 201 of the Counterclaims are denied, except it is admitted that Plaintiff's position required her to spend time scheduling and coordinating Mr. De Niro's work obligations.

202.    The allegations set forth in Paragraph 202 of the Counterclaims are denied.

203.    Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Counterclaims.

204.    The allegations set forth in Paragraph 204 of the Counterclaims are admitted as to certain shows, including "Arrested Development" and "Schitt's Creek," and otherwise denied.

205.    The allegations set forth in Paragraph 205 of the Counterclaims are denied.

206.    Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of Paragraph 206 of the Counterclaims.  The allegations set forth in the last sentence of Paragraph 206 of the Counterclaims are admitted.

207.    Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Counterclaims.

208.    The allegations set forth in Paragraph 208 of the Counterclaims are denied.

209.    The allegations set forth in Paragraph 209 of the Counterclaims are denied.

210.    The allegations set forth in Paragraph 210 of the Counterclaims are denied.

211.    The allegations set forth in Paragraph 211 of the Counterclaims are denied.

## **FIRST COUNTERCLAIM**

212.     In response to the allegations set forth in Paragraph 212 of the Counterclaims, Plaintiff's position as to Paragraphs 1-105 is set forth in her Complaint, Paragraphs 106-126 are Defendants' responses to her Complaint to which no response is required,[1] and Plaintiff repeats and reasserts her responses to Paragraphs 124-214 of the Counterclaims as if fully set forth herein.

213.     The allegations set forth in Paragraph 213 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 213 of the Counterclaims.

214.     The allegations set forth in Paragraph 214 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 214 of the Counterclaims.

215.     The allegations set forth in Paragraph 215 of the Counterclaims are denied.

216.     The allegations set forth in Paragraph 216 of the Counterclaims are denied.

## SECOND COUNTERCLAIM

217.     In response to the allegations set forth in Paragraph 217 of the Counterclaims, Plaintiff's position as to Paragraphs 1-105 is set forth in her Complaint, Paragraphs 106-126 are Defendants' responses to her Complaint to which no response is required,[1] and Plaintiff repeats and reasserts her responses to Paragraphs 124-219 of the Counterclaims as if fully set forth herein.

218.     The allegations set forth in Paragraph 218 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 218 of the Counterclaims.

---

[1] Defendants' First Amended Answer with Counterclaims contains an error in numbering, such that Paragraphs 124-126 are repeated.

219.     The allegations set forth in Paragraph 219 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 219 of the Counterclaims.

220.     The allegations set forth in Paragraph 220 of the Counterclaims contain conclusions of law to which Plaintiff is not required to respond. To the extent any response is required, Plaintiff denies the allegations set forth in Paragraph 220 of the Counterclaims.

221.     The allegations set forth in Paragraph 221 of the Counterclaims are denied.

222.     The allegations set forth in Paragraph 222 of the Counterclaims are denied.

223.     The allegations set forth in Paragraph 223 of the Counterclaims are denied.

224.     The allegations set forth in Paragraph 224 of the Counterclaims are denied.

### THIRD COUNTERCLAIM

225.     In response to the allegations set forth in Paragraph 225 of the Counterclaims, Plaintiff's position as to Paragraphs 1-105 is set forth in her Complaint, Paragraphs 106-126 are Defendants' responses to her Complaint to which no response is required,[1] and Plaintiff repeats and reasserts her responses to Paragraphs 124-227 of the Counterclaims as if fully set forth herein.

226.     The allegations set forth in Paragraph 226 of the Counterclaims are denied.

227.     The allegations set forth in Paragraph 227 of the Counterclaims are denied.

228.     The allegations set forth in Paragraph 228 of the Counterclaims are denied.

229.     The allegations set forth in Paragraph 229 of the Counterclaims are denied.

### FOURTH COUNTERCLAIM

230.     In response to the allegations set forth in Paragraph 230 of the Counterclaims, Plaintiff's position as to Paragraphs 1-105 is set forth in her Complaint, Paragraphs 106-126 are

Defendants' responses to her Complaint to which no response is required,[1] and Plaintiff repeats and reasserts her responses to Paragraphs 124-232 of the Counterclaims as if fully set forth herein.

231.    The allegations set forth in Paragraph 231 of the Counterclaims are denied.

232.    The allegations set forth in Paragraph 232 of the Counterclaims are denied.

233.    The allegations set forth in Paragraph 233 of the Counterclaims are denied.

234.    The allegations set forth in Paragraph 234 of the Counterclaims are denied.

235.    The allegations set forth in Paragraph 235 of the Counterclaims are denied.

### PRAYER FOR RELIEF

It is denied that Canal is entitled to any of the relief sought in the "WHEREFORE" clause of the Counterclaims, and/or that Plaintiff engaged in any conduct that forms the basis of the claims set forth herein.

### PLAINTIFF'S AFFIRMATIVE AND OTHER DEFENSES

Plaintiff asserts the following defenses and affirmative defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Canal. Plaintiff reserves the right to assert additional defenses upon further information regarding Canal's claims and upon the development of other relevant information.

### FIRST DEFENSE

Canal's Counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has a defense founded upon documentary evidence.

### THIRD DEFENSE

Canal's Counterclaims are barred, in whole or in part, by the applicable statutes of limitation and/or by filing deadline(s) which Canal failed to meet.

## FOURTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

## SEVENTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, by the equitable doctrine of waiver.

## EIGHTH DEFENSE

Canal's counterclaims are barred, in whole or in part, by contributory negligence.

## NINTH DEFENSE

Plaintiff denies that Canal was injured in the manner or to the extent alleged and demands strict proof of all elements of injury, liability, causation, and damages.

## TENTH DEFENSE

Canal has suffered no damages as a result of any alleged act or omission of Plaintiff.

## ELEVENTH DEFENSE

Canal's claims are barred, in whole or in part, because Canal has failed to mitigate its damages.

## TWELFTH DEFENSE

To the extent Canal has suffered any damages, which Plaintiff denies, such damages are set-off by the substantial damages Canal caused Plaintiff to incur in an amount to be proven.

## THIRTEENTH DEFENSE

To the extent Canal has suffered any damages, which Plaintiff denies, those damages resulted from the acts and/or omissions of Canal or any person on whose behalf relief is sought.

## FOURTEENTH DEFENSE

Canal fails to plead fraud with particularity.

## FIFTEENTH DEFENSE

Canal fails to establish justifiable reliance.

## SIXTEENTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, because to the extent Plaintiff owed any duties to Canal, she fulfilled such duties.

## SEVENTEENTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, because Canal ratified, approved, and/or was aware of all of Plaintiff's actions with regard to the allegations in the Counterclaims.

## EIGHTEENTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, because Canal is estopped by its own conduct from recovering for the causes of action alleged.

## NINETEENTH DEFENSE

Canal's Counterclaims are barred, in whole or in part, because they are frivolous, brought in bad faith, and/or are brought for an improper purpose.

## TWENTEITH DEFENSE

Canal's Counterclaims are barred, in whole or in part, because they constitute unlawful retaliation.

## **TWENTY-FIRST DEFENSE**

At all times, Plaintiff acted with a good faith belief that all expenses charged, reimbursements obtained, and transfers made were authorized.

Dated: August 18, 2021

Respectfully submitted,

Alexandra Harwin (AH-3111)
Jeremy Heisler (JH-0145)
Kate MacMullin (5693882)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
aharwin@sanfordheisler.com
jheisler@sanfordheisler.com
kmacmullin@sanfordheisler.com
*Counsel for Plaintiff*