# TRAUB LIEBERMAN

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7061 | MAIN (914) 347-2600 | FAX (914) 347-7037

Gregory R. Bennett | Partner | gbennett@tlsslaw.com

Via ECF Only                                        December 31, 2021

Hon. Katharine H. Parker, U.S.M.J.
United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 1/3/2022

> APPLICATION GRANTED
> /s/ Katharine H. Parker
> Hon. Katharine H. Parker, U.S.M.J.
> 1/3/2022

Re:   *Graham Chase Robinson v. Canal Prods., Inc. et al.*
      Civil Action No.:  19cv9156 (LTS) (KHP)

Dear Magistrate Judge Parker:

As the Court is aware, this firm represents all Defendants in this matter and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants"). In connection with Defendants' filing of a motion to compel today, they are filing an exhibit that reflects the personal email address of Plaintiff and certain numbers on one or more of Canal's credit cards. Accordingly, the parties hereby submit this letter in accordance with Section III of the Court's Individual Practices in Civil Cases to set forth their respective positions on sealing and redactions from the public docket.

*Defendants' Position*:

The documents that Defendants plan to submit are copies of various receipts reflecting food purchases which contain Plaintiff's personal email address and certain references to Canal's credit card numbers.[1] Accordingly, Defendants seek leave to make limited, narrowly tailored redactions to redact the Plaintiff's personal email address and the credit card numbers from these documents.

As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("there can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records.").

Here, the relevant considerations warrant permitting Defendants to redact Plaintiff's personal email address and Canal's credit card numbers. The public does not need to see Plaintiff's personal email address or Canal's credit card numbers in order to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions will

---

[1] This filing relates to Exhibit D from the Declaration of Gregory R. Bennett in Support of Defendants' Motion to Compel, filed with the Court today.

www.traublieberman.com

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

Katharine H. Parker
United States Magistrate Judge
December 31, 2021
Page 2

prevent the documents from becoming "a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598). If Plaintiff's personal email address or Canal's credit card numbers are publicly disclosed, it may leave Plaintiff and/or Canal susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

*Plaintiff's Position*:

    Plaintiff's consents to the redaction of her personal mailbox address.

    Defendants appreciate the Court's consideration of the instant request.

Respectfully Submitted,

| | |
|---|---|
| TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP | TARTER KRINSKY & DROGIN LLP |
| *Gregory R. Bennett* and *Hillary J. Raimondi* | *Laurent S. Drogin* and *Brittany Lazzaro* |