

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com              New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

January 6, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

    Pursuant to the Court's Order at Dkt. No. 103, Plaintiff intends to move this Court tomorrow, January 7, 2022, for an order compelling the production of documents withheld by Defendants on claims of privilege and work product protection. Despite Plaintiff's repeated inquiry and numerous attempts to meet-and-confer, Defendants have not produced any additional documents previously withheld as privileged or provided Plaintiff with revised privilege logs.

    As set forth in Plaintiff's December 14, 2021 letter motion regarding this issue, *see* Dkt. No. 97, one of the (many) factors warranting the production of the documents withheld by Defendants is the crime-fraud exception to privilege. Defendants have produced evidence strongly supporting this argument. This includes multiple text message conversations in which a senior Canal employee confirms that once Defendants got wind that Ms. Robinson was threatening legal action against them, Canal launched its state court action against Plaintiff with baseless claims to strike first at Ms. Robinson, ruin her, and humiliate her. This type of fraudulent, illegal conduct is not protected by privilege. Plaintiff will present the Court with several examples of these text messages in support of her motion to compel.

    Because Defendants originally designated the text messages at issue as "Confidential," Plaintiff hereby submits this letter in accordance with Section III of this Court's Individual Practices in Civil Cases to set forth her position on sealing and redactions from the public docket. The documents that Plaintiff plans to submit in support of her forthcoming motion to compel are text message threads that contain the participants' phone numbers. Accordingly, Plaintiff seeks leave to make limited, narrowly tailored redactions to redact from these documents (1) all phone numbers and (2) the names of any non-Canal employees who participated in the text exchanges.

    As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might have become a vehicle for

Hon. Katharine H. Parker
January 6, 2022
Page 2 of 2

improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records."). Here, the relevant considerations warrant these redactions. The public does not need to see phone numbers or the names of non-employees to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598). If phone numbers and non-employee names are publicly disclosed, it may leave individuals susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

By contrast, wholesale sealing is unwarranted. The public cannot fully understand the issues before the Court without seeing the substance of the texts at issue. See *Bernstein*, 814 F.3d at 139 (evaluating whether access to the sealed material would "materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings") (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)). The documents in question go to the heart of the issue, showing that Mr. De Niro and Canal Productions, Inc. orchestrated their lawsuit against Ms. Robinson to strike first and ruin Ms. Robinson, and that they knew that their claims and demand for millions of dollars were baseless. Accordingly, wholesale sealing is inappropriate. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (permitting sealing only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Defendants oppose filing these documents with only limited redactions. Defendants have set forth their position in their correspondence of December 15, 2021 (Dkt. No. 100).

Plaintiff appreciates the Court's consideration of this matter.

Respectfully submitted,

*/s/ Alexandra Harwin*

Alexandra Harwin