USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                        Plaintiff,

          -against-

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,

                      Defendants.
-----------------------------------------------------------------X

19-CV-9156 (LJL) (KHP)

**OPINION**

**KATHARINE H. PARKER, United States Magistrate Judge**

      On December 17, 2021, Defendants filed a letter motion seeking a court order to compel Plaintiff to amend certain responses to the Requests for Admission served by Defendants and/or deem such Requests as admitted, pursuant to Federal Rule of Civil Procedure 36(a).  (ECF No. 109.)  Plaintiff filed an opposition to Defendant's motion on December 24, 2021.  (ECF No. 112.)  For the following reasons, the Defendant's motion is GRANTED in part and DENIED in part.

      The Court assumes familiarity with the facts and thus does not elaborate on the factual assertions in this action.[1]  In regards to the present motion, Defendants maintain that there is no prejudice nor delay in ordering Plaintiff to amend her admissions because the requests seek admission of facts in Plaintiff's possession that do not appear to be contested.  (*Id*.)  In Plaintiff's opposition, she asserts that many of them are improper because they are compound with multiple subparts, the requests contain vague and undefined terms, and the requests seek admissions as to Defendants' characterization of documents, rather than the authenticity of

---

[1] For a full recitation of the facts, *see Opinion regarding Defendant's Motion for Leave to File Amended Answer and to include Counterclaims* at ECF No. 72.

the documents themselves.  (ECF No. 112.)

**THE DISPUTED REQUESTS FOR ADMISSION**

The parties dispute ten requests, which were not resolved during meet-and-confer sessions, as follows:

I. *Equal Pay Act:*

1. Request No. 3: Seeks information as to whether "[t]he job content, not its title, determines whether jobs are substantially equal."

2. Request No. 7: In this lawsuit, Plaintiff, a female, claims that she was paid less than Dan Harvey ("Dan"), a male employed as Mr. De Niro's personal trainer.

II. *Salary and Benefits*:

3. Request No. 23: From 2016 through the end of her employment, Plaintiff lacked sufficient knowledge or information as to whether her job and Dan's shared any material duties or responsibilities.

III. *Recommendation Letter:*

4. Request No. 31: In drafting the recommendation letter, Plaintiff intended for it to present a fair depiction of certain of her skillsets and accomplishments achieved during her employment with Canal.

5. Request No. 34: In the draft recommendation letter Plaintiff described her skillsets and accomplishments as including: (A) Team leadership and management abilities; (B) Analytical abilities; (C) Identifying areas of vulnerability and implementing new systems not only for financial matters but in the areas of compliance and employee benefits; (D) Handling the production work for films; (E) Being instrumental in

    working closely with lawyers and agents on deals and contracts; (F) Negotiating directly with studios and producers; (G) Overseeing the budgets on Mr. De Niro's projects; (H) Advising Mr. De Niro on several of his other companies including a non-profit; and (I) Taking on the problem of benefits and the rising cost of health care for both employees and the company and finding a way to balance the two at Canal and Mr. De Niro's other companies.

6. <u>Request No. 35</u>: At the time Plaintiff's job title was changed to Vice President of Production & Finance, her duties and responsibilities encompassed managing Canal's office on matters including: (A) Oversight; (B) Cash flow in the office; (C) Budgets; (D) Salaries and Bonuses; (E) Human resources; and (F) Performing work to make Canal labor law compliant.

### IV. *<u>Duties:</u>*

7. <u>Request No. 43</u>: When Mr. De Niro was filming or on location, Plaintiff did not routinely travel with him.

8. <u>Request No. 47:</u> Plaintiff had a workspace within Canal's office.

9. <u>Request No. 49</u>:  Plaintiff had an assistant to aid in the performance of her duties.

10. <u>Request No. 61</u>:  Dan did not have access to the SkyMiles Account.

## LEGAL STANDARDS

### A. Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure ("FRCP") defines the scope of permissible discovery as follows:

> [u]nless otherwise limited by court order . . . : [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1).  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

### B. Requests for Admission

Requests for admission are governed by Rule 36 of the FRCP, which provides in relevant part as follows:

> "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

Fed. R. Civ. P. 36(a)(1).  Rule 36 is unique among the rules of procedure that govern discovery in federal court.  "While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose.  Instead, requests for admission are used to establish admission of facts about which there is no real dispute." 7 *Moore's Federal Practice* § 36.02[1] (3d ed. 2013) (footnote omitted).  Stated differently, Rule 36 "is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2252 (3d ed. 2006) (footnote omitted).  It has been recognized that Rule 36 can be misused.  *Id.*

For example, where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the requests.  *See, e.g.*, *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973); *Ross v. Shah*, 2015 WL 4648002, at *11 (N.D.N.Y. Aug. 5, 2015) (finding certain requests unenforceable because they "improperly sought the admission of the case's fundamental legal issues.").

Under Rule 36, in responding to a request for admission, the answering party may admit or deny a request or "state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  The rule also provides that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  *Id.*  An answering party also is entitled to assert objections to requests for admission.  Fed. R. Civ. P. 36(a)(5).  An objection may "be based on vagueness, that is, the respondent cannot answer because the meaning of the request is uncertain." 7 *Moore's Federal Practice* § 36.11[5][c].

A party serving a request for admission may move to determine the sufficiency of an answer or objection.  "Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

## ANALYSIS

Several of Defendants requests for admission – and RFA No. 3 at issue here – appear to have Plaintiff confirm or deny the language – "the job content, not its title, determines whether jobs are substantially equal" – codified in the Equal Pay Act of 1963 at 29 U.S.C. § 206(d). Plaintiff asserts that these requests are improper under FRCP 36(a)(1), which limits the scope to "(A) facts, the application of law to facts, or opinions about either; . . ." The Court agrees. Defendants' have run afoul of the purpose of Rule 36 by asking Plaintiff to confirm the legal standard, which is under this Court's purview. Requests may not seek pure admission of law. *See Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973); *Ross v. Shah*, 2015 WL 4648002, at *11 (N.D.N.Y. Aug. 5, 2015) (finding certain requests unenforceable because they "improperly sought the admission of the case's fundamental legal issues." (citing *Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997)). The RFA is improper because it does not seek to apply the law to any facts, as permitted by the Rule. Accordingly, Defendant's motion to compel an amended answer to RFA No. 3 is denied.

Two of the disputed requests for admission – RFA Nos. 7 and 23 – seek amended responses regarding Dan Harvey. Request No. 7 asks Plaintiff to confirm that, in this lawsuit, she, a female, was paid less than Dan Harvey, a male employed as Mr. De Niro's personal trainer. Plaintiff does admit that she, as a female, was paid less than Dan Harvey, a male, *in this lawsuit*. However, Defendant argues that the crux of their request is to assess whether Plaintiff is comparing her compensation to that of Mr. Harvey, not what Plaintiff claims *in this action*. (ECF No. 109 at p. 2.) As a preliminary matter, the Court notes that Defendants included the language they argue against – 'in this lawsuit' – in their RFA. Nevertheless, this RFA is proper

because Defendants are asking Plaintiff to confirm who the alleged comparators are for purposes of making her argument.  *See Borrero v. Am. Exp. Bank Ltd.,* 533 F. Supp. 2d 429, 439 (S.D.N.Y. 2008) (A plaintiff must show that at least one person of the opposite sex receives unequal wages for equal work.)  Plaintiff argues that the allegations in Plaintiff's complaint speak for themselves, and that the request is unreasonably cumulative and mischaracterizes the scope of Mr. Harvey's job duties.  None of these objections are availing.  First, Plaintiff's response cannot merely state that the complaint "speaks for itself." Rather, she must challenge the way Defendant characterized the statement.  *Parks v. Lebhar-Friedman, Inc.,* 2008 WL 3833802, at *5 (S.D.N.Y. Aug. 11, 2008) (Plaintiff's response that evidence "speaks for itself" is improper and Plaintiff must point to the alleged mischaracterization.)  Second, Plaintiff does not explain why this is unreasonably cumulative or how it mischaracterizes the scope of Mr. Harvey's job duties.  Accordingly, Plaintiff is ordered to amend her answer to RFA No. 7.

As to RFA No. 23, Defendant asserts that Plaintiff's denial is inconsistent with her Answer to Defendant Canal Productions, Inc.'s Counterclaims, where she "denie[d] knowledge or information as to the full extent of Mr. De Niro's personal trainer's duties and responsibilities."  (ECF No. 77, ¶ 150.)  Plaintiff points out that her response to RFA No. 23 is consistent – where she properly denied that she "lacked sufficient knowledge" as to whether her and Mr. Harvey's jobs "shared any material duties or responsibilities."  (ECF No. 109-2, pp.7-8.)  The Court agrees that Plaintiff's answer confirms that Plaintiff does not know the 'full extent' of Mr. Harvey's responsibilities and her response was proper.  Accordingly, the Court does not find a need for any further clarification, especially in light of the fact that this RFA is not relevant to any claims or defenses and does not narrow an issue for trial.  *See generally,*

*Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.,* No. 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (Spectrum's RFA run afoul of the purpose of Rule 36 as they are not designed to confirm information and eliminate issues for trial.)  That is, the parties will put on proofs of the job duties of Plaintiff and Harvey.  What Plaintiff knew about Harvey's duties prior to the start of this case is not relevant to whether the duties are in fact substantially similar for purposes of the Equal Pay Act.  The focus of the inquiry is on the two jobs—not Plaintiff's knowledge about the job.  Accordingly, with respect to RFA No. 23, Defendant's motion to compel is denied.

Three RFA's – RFA Nos. 31, 34, 35 – request admissions from Plaintiff confirming information contained in a recommendation letter, written by Plaintiff for Mr. De Niro to sign, about Plaintiff's employment.  Plaintiff objects to all three RFA's because the requests are vague, ambiguous, and various terms, including "recommendation letter" are not defined.  The Court finds these arguments frivolous.  Rule 36 includes obtaining admissions about the accuracy of statements made by the Plaintiff.  Defendant notes that the enumerated duties, responsibilities, skillsets and accomplishments in these RFA's were previously highlighted by the Plaintiff.  Plaintiff's purported confusion about the term 'recommendation letter' is disingenuous, especially after it was further clarified in Defendant's Deficiency Letter.  Furthermore, Plaintiff's argument that the recommendation letter's contents speak for themselves flies in the face of Plaintiff's alleged objection to the vague term, and is also an improper objection. *See Diederich v. Dep't. of Army*, 132 F.R.D. 614, 621 (S.D.N.Y. 1990) ("[O]bjections that documents . . . 'speak for themselves . . . are improper.")  Nevertheless, these requests appear to be duplicative.  Fed. R. Civ. P. 26(b)(2) ("authorizes a court to limit a

discovery method in a particular case "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . ."); *see also Van Wagenen v. Consol. Rail Corp*, 170 F.R.D. 86, 87 (N.D.N.Y. 1997) (In denying Plaintiff's motion to amend Defendants responses to requests for admission, the Court found particular requests for admission that simply restate sentences from the document are unreasonably duplicative and cumulative within the meaning of Rule 26(b)(2)(i)).) Plaintiff should only be required to admit that she has described her job as including (A) Oversight; (B) Cash flow in the office; (C) Budgets; (D) Salaries and Bonuses; (E) Human resources; and (F) Performing work to make Canal labor law compliant; and separately whether the job duties she included in the letter are an accurate description of such. Accordingly, RFA Nos. 31 and 34 are not proper and should be rephrased as I suggest. RFA No. 35 is proper and must be answered.

Lastly, there are a number of RFA's – specifically, 43, 47, 49 and 61 – that seek Plaintiff's admissions about her duties. Collectively, these requests ask Plaintiff to admit that: (1) Plaintiff did not routinely travel with Mr. De Niro while he was filming or on location; (2) Plaintiff had a workspace within Canal's office; (3) Plaintiff had an assistant to aid in the performance of her duties; and (4) Dan did not have access to the SkyMiles Account. Plaintiff objects to the terms used in each request as vague and ambiguous, and failed to provide a further response to Defendant's deficiency letter providing further clarification and instruction to use the plain and common meaning of terms such as "assistant," "aid," "workspace," "filming," "on location," "SkyMiles," and "Canal's Office." None of Plaintiff's objections are sustained. The Court finds that all of these RFA's - with the exception of the RFA regarding the SkyMiles Account – are uniformly proper and seek facts about Plaintiff within her control. Further, nothing is vague

about these requests. This litigation focuses on a corporate SkyMiles account to which Plaintiff ha access. Plaintiff's feigned confusion about the account at issue is not persuasive. With regard to the RFA questioning whether Plaintiff can confirm or deny whether Mr. Harvey did not have access to the SkyMiles account, the Court notes that a party's obligation to respond to a request for an admission does not usually encompass an obligation to seek information, not otherwise known, from non-parties. *See Bernstein v. Principal Life Ins. Co.,* 2010 WL 4922093, at *3 (S.D.N.Y. Dec. 2, 2010). Therefore, should Plaintiff have the knowledge to confirm or deny whether Mr. Harvey had access to the SkyMiles account, she must provide it. Otherwise, she should state she does not have such knowledge. Accordingly, Plaintiff is ordered to amend her admissions for RFA's 43, 47, 49, and 61.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Compel (ECF No. 109.) Plaintiff's admissions to RFA Nos. 7, 35, 43, 47, 49, 61 is GRANTED, and DENIED as to RFA Nos. 3 and 23. Admission to RFA Nos. 31 and 34 should be rephrased as I suggest.

**SO ORDERED.**

Dated: January 11, 2022
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge