

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com          New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

January 14, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

    Our firm represents Plaintiff Graham Chase Robinson. Plaintiff hereby requests that the Court extend the deadline to complete certain fact depositions that are implicated in the pending dispute between the parties concerning privilege and work product protection.

    Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." "It is well established that trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case." *Rubik's Brand Ltd. v. Flambeau, Inc.,* 329 F.R.D. 55, 58 (S.D.N.Y. 2019). "[A]ny interpretation and application of Rule 16 must be consistent with Rule 1's mandate to 'secure the just, speedy, and inexpensive determination of every action[.]'" *Id.* (quoting Fed. R. Civ. P. 1). Here, an extension is supported by good cause, because the upcoming depositions that Plaintiff seeks to postpone are significantly implicated by Plaintiff's Motion to Compel Production of Documents Withheld by Defendants on Claim of Privilege, currently pending before the Court (Dkt. No. 130) ("Motion to Compel").

    The operative fact deposition deadline in this case was set on September 29, 2021, before Defendants produced their operative privilege logs, and thus, before it became clear that Defendants were withholding numerous categories of documents and communications based on claims of privilege and work product protection that Plaintiff contends are dubious and unsupported. *See* Dkt. No 85 (setting deadlines for the production of documents, the production of privilege logs, and the completion of fact depositions). After repeatedly attempting to resolve these disputes with Defendants (*see* Dkt. No. 132 ¶¶ 3, 13), Plaintiff raised these issues to the Court via letter motion (Dkt. No. 97) and at the status conference of December 15, 2021. After the conference, the Court set a briefing schedule under which the privilege issue will not be ripe for determination until the last full week of January 2022. *See* Dkt. No. 103 at 2 (setting January 7, 2022 as the deadline for Plaintiff's motion to compel and January 21, 2022 as the deadline for Defendants' opposition, without specifying reply date). But the deadline for completing fact depositions is currently set for January 28, 2022 –

Hon. Katharine H. Parker
January 14, 2022
Page 2 of 4

which would require numerous depositions impacted by the parties' privilege disputes to be completed before the Court decides the Motion to Compel.

All of the upcoming depositions for which Plaintiff seeks an extension are bound up in the dispute concerning privilege:

- Plaintiff needs to depose Michael Kaplan, a longtime employee of Defendants who – as reflected in the documents and deposition testimony obtained to date – was actively involved in Defendants' purported investigation of Plaintiff. Defendants have withheld numerous documents and communications involving Mr. Kaplan, as reflected in their privilege logs at Dkt. Nos. 132-1 (Categories 2, 3, 5, and 6), 132-2 (Category 3), and 132-3 (Categories 1-3).

- Plaintiff needs to depose Michael Tasch, a financial advisor and accountant whose purported investigation is relied upon in Defendants' Counterclaims. *See* Dkt. No. 73 ¶ 155. Defendants have withheld numerous documents and communications involving Mr. Tasch, as reflected in their privilege log at Dkt. Nos. 132-1 (Categories 2-6) and 132-2 (Categories 1-5).

- Plaintiff needs to depose Tom Harvey, Defendants' longtime lawyer/fixer to whom Ms. Robinson complained of discrimination and who was actively involved in Defendants' retaliatory investigation and lawsuit. *See* Dkt. No. 1 ¶¶ 37-38, 41. Defendants have withheld numerous documents and communications involving Mr. Harvey, as reflected in their privilege logs at Dkt. Nos. 132-1 (Categories 2-6), 132-2 (Categories 1-5), and 132-3 (Categories 1-3).

- Plaintiff needs to depose Tiffany Chen, Mr. De Niro's girlfriend who was also actively involved in, and included in extensive communications about, Defendants' retaliatory investigation into Plaintiff. Defendants have withheld numerous documents and communications involving Ms. Chen, as reflected in their privilege logs at Dkt. Nos. 132-1 (Categories 2 and 5), 132-2 (Categories 2-4), and 132-3 (Category 1).

- Plaintiff has noticed a Rule 30(b)(6) deposition that calls for testimony concerning, *inter alia*, "[a]ny investigation concerning Plaintiff undertaken by Canal or anyone acting on its behalf, including any investigation serving as the basis for Canal's state court lawsuit against Plaintiff or Canal's counterclaims in this lawsuit," "[t]he facts and circumstances leading to the commencement of Canal's state court lawsuit against Plaintiff, including any charges, expenses, transfers, transactions, payments, or reimbursements that Canal contends served as the basis for its state court lawsuit against Plaintiff," and "[a]ll communications with law enforcement or prosecutors by Canal or anyone acting on behalf of Canal concerning Plaintiff, Canal's state court lawsuit against Plaintiff, or this lawsuit." Defendants have stated that they anticipate privilege disputes arising during the deposition concerning these topics.

- Last, Plaintiff needs to depose Defendant Robert De Niro. As explained in the Motion to Compel, Defendants have withheld numerous documents and communications involving Mr. De Niro and a vast array of people in his orbit, as reflected in their privilege logs at Dkt. Nos. 132-1 (Categories 1-3, 5) and 132-2 (Categories 1-5).

It would be inefficient and prejudicial to require Plaintiff to take the depositions described above before the Court rules on the pending privilege dispute. First, because of Defendants' sweeping claims of privilege, Plaintiff presently lacks access to a broad swath of documents involving these witnesses and the topics of the Rule 30(b)(6) deposition; as detailed in Plaintiff's Motion to Compel, the documents and communications that Defendants have withheld go to the heart of this case, and without those documents, Plaintiff's ability to question these deponents will be substantially hampered. *See Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 WL 459267, at *12 & n.10 (S.D.N.Y. Feb. 24, 2005) (discussing numerous categories of "benefit[s] of access to documents prior to depositions," including, *e.g.*, the ability to challenge witness testimony). Second, if Plaintiff is required to complete these depositions by January 28, 2022, based on the limited documents she now has access to, she will need to re-call many (if not all) of these witnesses for further deposition if this Court subsequently compels Defendants to produce withheld documents. The more efficient course would be for Plaintiff to conduct each of these depositions once, after receiving any additional documents from Defendants that the Court may compel them to produce. *See id.* at *14 (noting the "added burdens and expenses" of "repeated depositions of the same witnesses, who had to be called back to be questioned about significant and voluminous sets of documents produced out of time and after the witnesses had originally been deposed."). Finally, without the benefit of the Court's ruling on the scope of Defendants' claims of privilege, it is anticipated that substantial disputes will arise during the upcoming depositions concerning what topics are and are not privileged. By contrast, after the Court rules on Plaintiff's Motion to Compel, the scope of privilege will be clarified, and all parties will benefit from fewer disputes about the appropriate scope of questions.

Finally, Plaintiff has been diligent in conducting fact depositions. Plaintiff moved swiftly to depose witnesses whose testimonies are not substantially implicated by the privilege and work product protection issues that have been submitted to the Court in Plaintiff's Motion to Compel. As of the filing of this letter motion, Plaintiff has already deposed three (3) such fact witnesses and is subpoenaing the testimony of a fourth (4th) such fact witness.

Therefore, Plaintiff respectfully requests that this Court extend the deadline for Plaintiff to complete the depositions of Michael Kaplan, Tom Harvey, Michael Tasch, Tiffany Chen, and Robert De Niro, as well as the Rule 30(b)(6) deposition, until six (6) weeks after this Court has ruled on Plaintiff's Motion to Compel. Defendants do not consent to the requested extension; Defendants did not supply any explanation of the basis for their opposition.[1]

In light of the condensed schedule for completing fact depositions and in order to enable the parties, the deponents, and all counsel to plan and prepare accordingly and meaningfully, Plaintiff respectfully asks if the Court might rule on an expedited basis and resolve the instant request for adjournment by this upcoming Tuesday, January 18, 2022.

---

[1] The parties jointly submitted one prior request (at Dkt. No. 91) for an adjournment of the deadline for completing fact depositions.

Hon. Katharine H. Parker
January 14, 2022
Page 4 of 4

                                    Respectfully submitted,

                                    Alexandra Harwin