

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
T. 212.216.8000
F. 212.216.8001
www.tarterkrinsky.com

**Laurent S. Drogin, Partner**
Direct Dial: (212) 216-8016
ldrogin@tarterkrinsky.com

January 14, 2022

**By ECF Only**

Honorable Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17D
New York, New York 100007

Re:   *Graham Chase Robinson v. Canal Productions, Inc. et al.*
      Civil Action No. 1:19-cv-9156 (LTS) (KHP) (the "Action")

Dear Judge Parker:

This firm represents defendant Canal Productions Inc. ("Canal"), along with Traub Lieberman Straus & Shrewsberry LLP serving as co-counsel for Canal and counsel for defendant Robert De Niro ("Mr. De Niro" and together with Canal, the "Defendants").

We write to request either an Order or pre-motion conference granting Defendants the ability to continue Plaintiff's deposition for an additional 7 hours. Plaintiff's initial deposition lasted 6 hours and 20 minutes. All counsel agreed to conclude the remaining 40 minutes on a second date, and to work in good faith to agree on the amount of additional time beyond that.

That meet and confer took place on January 7. A date was set, January 21. However, Plaintiff offered only an additional two hours (thus, 2 hours 40 minutes) and has refused to budge. Two hours is artificial and insufficient for many reasons, including the Court's own recognition that the number of issues in the case would likely warrant additional deposition time. We would like a full 7 hours.

For perspective, Defendants sought one deposition: Plaintiff's. Plaintiff sought 10 depositions and has taken 3. Counsel are working towards our January 28, 2022 deadline.

The 3 witnesses were Mr. De Niro's personal trainer (deposed for over 5 hours), a current Canal employee who was supervised by Ms. Robinson (a near full-day), and a full day deposition of a former female Canal employee who had worked for Mr. De Niro since 1989. Her deposition took shy of 9 hours, (in all fairness, perhaps 30 minutes included playback of surreptitiously made recordings by Ms. Robinson of their telephone conversations *at the most critical point in the fact pattern and in which Plaintiff makes admissions and declarations against interest*).

Without any explanation as to why two hours is the "right" amount of time, Plaintiff has offered Defendants an additional two hours. This is arbitrary and unrealistic. The Court is asked

to grant sufficient time to depose Plaintiff on her multiple claims as well as to depose her in support of its counterclaims.[1]

While depositions are generally limited to one day of seven hours, a court "must allow additional time consistent with Rule 26(b)(1) and (2) of the Federal Rules of Civil Procedure ("FRCP") if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." FRCP R. 30(d). *See also* FRCP R. 30 Advisory Committee Note (2000) ("In multi-party cases, the need for each party to examine the witness may warrant additional time."). This is such a situation.

As Defendants mentioned during the December 15, 2021 teleconference with the Court, due to the variety of issues in this multi-party case, there would likely be a need for additional time to depose Plaintiff. *See* ECF #110, Transcript; *Carmody v. Vill. of Rockville Ctr.*, No. cv-05-4907, 2007 WL 2177074, at *2 (E.D.N.Y. July 27, 2007) (holding that where an "action involves multiple parties, the need for each party to examine the witness may warrant additional time" and granting defendants' request for same).

The Court recognized this: "it does seem like there are quite a few facts here in this case, claims and counterclaims, in that a reasonable amount of additional hours may be necessary for the [P]laintiff's deposition" (ECF #110, Transcript, 20:3-7). The Court went so far to note that it would "allow a reasonable amount of additional hours" (*id.*, at 21:9-10) but was unsure at that time how many hours would indeed be necessary. This need has become demonstrably obvious.

In accordance with this Court's instruction (*id.*, at 23:5-24-7), Defendants proceeded with Plaintiff's deposition in an efficient manner. This proved challenging. Canal is both a defendant and counterclaim plaintiff. Mr. De Niro is a named defendant. Plaintiff's claims span 11 years for her own employment and now reach back to 1983, as she claims to have been paid less for comparable work—presenting her duties and responsibilities as akin to those of Mr. De Niro's personal trainer.

Defendants have produced over 40,000 pages of documents in this single-plaintiff case. Yet there always appear to be motions before this Court insisting that Defendants must produce more and more. How is it logical or possible that Plaintiff can be deposed in a single day, yet she needs 10 witnesses and now even more documents (many withheld under claim of the attorney client privilege) to support her case? The answer is that Ms. Robinson is Defendants' best witness.

Plaintiff made (and has now produced) more than 40 hours of surreptitiously made audio recordings of telephone calls where she speaks with and confides in key witnesses. They are a confessional that has generated complex paths of inquiry in which she discusses with others material aspects of her claims against Mr. De Niro, and Canal's claims against her relating to (among other things) to the "real reason" she resigned and her failure to return SkyMiles.

---

[1] It should not escape notice that Canal agreed to assert its claims in federal court as counterclaims to avoid the need for duplicative litigation in its now discontinued state court action. Canal did not agree to waive or limit its right to depose Plaintiff in that lawsuit. Had that case proceeded, Canal would have had the ability to depose Ms. Robinson there, and both Canal and Mr. De Niro would have had the right in this action.

The Court's decision in *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-06198, 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009) is aptly noted here. In *Rahman*, the Court held that where "[t]he complaint allege[d] a variety of discriminatory employment practices, a hostile work environment, and unlawful retaliation, and demands compensatory and punitive damages[,]" the defendants were afforded six additional hours for the plaintiff to be deposed (despite not having previously exhausted Rule 30(d)(1)'s seven-hour rule), as the defendants still needed to explore several topics in further detail, such as the plaintiff's alleged damages and mitigation efforts. *See also Renaissance Nutrition, Inc. v. Jarrett*, 747 F. Supp. 2d 374, 377-78 (W.D.N.Y. 2010) (granting additional time to complete depositions before the standard seven hours had expired where the nature of the claims was complex and highly contentious and "significant additional discovery material ha[d] been obtained from third parties,… as well as from the Defendants themselves") (internal quotations omitted); *Saeed v. Cnty. of Nassau,* No. 09-cv-3314, 2011 WL 6945755, *2 (E.D.N.Y. May 23, 2011) (granting additional 4 hours to conduct plaintiff's deposition due to, *inter alia*, the defendants' right to investigate and question the plaintiff regarding the numerous incidents of discrimination referenced in the complaint); *Calderon v. Symeon*, No. 06-cv-1130, 2007 WL 735773, *1 (D. Conn. Feb. 2, 2007) (additional time for plaintiff's deposition granted where, *inter alia*, the complaint included multiple parties and several causes of action).

The caselaw here is persuasive but the reality here makes it obvious and just. If Plaintiff's claims merit such Herculean efforts and extensive discovery by her counsel, Defendants should be permitted to ask her questions under oath for an additional day.

Respectfully submitted,

| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP** |
| */s/ Laurent S. Drogin* and | */s/ Gregory R. Bennett* and |
| */s/ Brittany K. Lazzaro* | */s/ Hillary J. Raimondi* |

cc: All counsel of Record (via ECF)