# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7061  |  MAIN (914) 347-2600  |  FAX (914) 347-7037

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

January 17, 2022

*Via ECF Only*
Katharine H. Parker
United States Magistrate Judge
U.S. District Court 500 Pearl Street, Room 750
New York, NY 10007

                Re:    *Graham Chase Robinson v. Canal Prods., Inc. et al.*
                        Civil Action No.:  19cv9156 (LJL) (KHP)

Dear Magistrate Judge Parker:

      This firm represents all Defendants in the captioned action, and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants"). In accordance with Sections I(b) and III(b) of Your Honor's Individual Practices in Civil Cases, Defendants respectfully submit this letter requesting a pre-motion conference concerning their anticipated motion for a protective order preventing Plaintiff from (i) video-recording Defendant Robert De Niro's future deposition, or alternatively, (ii) disseminating, disclosing or filing on the public docket any such recording, including any excerpt thereof, at any time following the deposition, pursuant to Fed. R. Civ. P. 26(c).[1]  Set forth herein is a summary of the basis for the anticipated motion.

***Standard for Protective Relief***

      Pursuant to Fed. R. Civ. P. 26(c), a "party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."  For "good cause," the court may "issue an order to protect a party . . . from annoyance, embarrassment [or] oppression," including, but not limited to, by "forbidding the disclosure . . . specifying terms . . . for the disclosure or discovery" and/or "requiring that a deposition be sealed and opened only on court order," among other forms of relief.  Fed. R. Civ. P. 26(c)(1)(A)-(H).  If a protective order motion is wholly or partly denied, the court may nevertheless "on just terms, order that any party . . . provide or permit discovery."  Fed. R. Civ. P. 26(c)(2); *see also Padberg v. McGrath-McKechnie*, 2005 U.S. Dist. LEXIS 44519, at *3 (S.D.N.Y. 2005) ("District Court has wide discretion in the grant and nature of protective orders.");

---

[1] Defendants' counsel asked Plaintiff's counsel to engage in a meet and confer on this topic on January 16, 2022 on that date due to the time-sensitive nature of the issue.  Plaintiff's counsel did not respond following the January 16 email.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
**www.traublieberman.com**   CALIFORNIA

Katharine H. Parker
United States Magistrate Judge
January 17, 2022
Page 2

*Condit v. Dunne*, 225 F.R.D. 113, 117 (S.D.N.Y. 2004) ( "whether a movant has demonstrated good cause is an unusually fact-sensitive inquiry.") (internal quotations omitted).

***Plaintiff And Her Counsel Have Consistently Demonstrated That Their Strategic Intention is to Improperly Utilize This Court as a Tabloid-Equivalent By Unnecessarily Disclosing Private Details About Mr. De Niro For Their Own Independent Gain***

Before Canal had commenced its state court lawsuit against Plaintiff, her then-counsel noted that "Ms. Robinson has an ability to write[ and], I am sure with the proper funding an accurate portrayal of her life including the 11 year employment experience is *an opportunity* that could allow her the financial and professional security that she otherwise seeks through further education and future employment." *See* Index No. 654711/2019, NYSCEF Doc. #10 (emphasis added). The obvious takeaway from counsel's statement was that Plaintiff wished to strike an early settlement with Mr. De Niro or she would otherwise disclose whatever she claimed to know about him as an "opportunity" for self-gain. Defendants refused, instead opting to pursue its meritorious legal claims against Plaintiff through the judicial system.

While Plaintiff had switched legal counsel by the time she commenced the instant retaliatory action against Defendants, she and her current counsel decided to "double down" on Plaintiff's initial threat of disclosing information about Mr. De Niro publicly in various ways. First, Plaintiff personally spoke to Julia Jacobs from the New York Times *before* this action was even filed. Next, counsel remarkably included a hyperlink within the Complaint leading readers to a voice mail Mr. De Niro allegedly left for Plaintiff an unknown number of years earlier. *See, e.g.*, ECF Doc. #1 at 6 ¶26 n.2. Further, Plaintiff's principal counsel provided interviews to CBS, Pix11 and NBC the day this action was filed. *See* https://www.sanfordheisler.com/in-the-media/public-appearances/ (last visited January 12, 2022).[2]

Plaintiff's counsel has continued this media-driven campaign strategy by unnecessarily invading Mr. De Niro's privacy, including the privacy of his family members, loved ones and other acquaintances. *See, e.g.*, ECF Doc. #97 (improperly characterizing (and trying to sensationalize) confidentially-designated text messages that have never been filed on the public docket); ECF Doc. # 126 (mischaracterizing the same text messages in a dispute where they are not relevant); *see also* ECF Doc. #1 ¶¶19, 22-23 (including sensationalistic, but irrelevant, allegations). Moreover, Plaintiff's counsel have intentionally elicited testimony regarding personal issues that Mr. De Niro regards as deeply private (e.g., his and/or his relations' medical treatment/conditions, living situation and other sensitive topics). Significantly, such issues have no relevance to the parties' claims or defenses.

Mr. De Niro's name and image are recognized throughout the globe. However, Mr. De Niro maintains a legitimate right to privacy (as do the various family members or close acquaintances within his orbit). The sole motivation behind the Plaintiff's and her counsel's unnecessary disclosures about

---

[2] Counsel's penchant for trying to generate headlines for itself is well-established. *See, e.g.*, https://www.law.com/americanlawyer/2019/04/03/associates-assail-fraternity-culture-at-jones-day-in-200m-sex-bias-suit/ (last visited Jan. 12, 2022); *but see* https://www.reuters.com/legal/transactional/jones-day-bias-case-fades-out-final-associate-drops-her-claims-2021-06-29/ (last visited Jan. 12, 2022).

Katharine H. Parker
United States Magistrate Judge
January 17, 2022
Page 3

Mr. De Niro is to generate media interest on behalf of themselves – all at Mr. De Niro's expense. As mentioned previously, this Court exists to adjudicate legal disputes, not to serve as a Page Six-substitute by acting as a vehicle for Plaintiff and her counsel to disseminate tabloid gossip about themselves.

The facts Defendants intend to rely on in support of their motion are nearly identical to those this District Court addressed in *Paisley Park Enters. v. Uptown Prods.*, when it ordered that "the videotape [from the deposition] may be used *solely for purposes of this litigation*." 54 F. Supp. 2d 347, 349-50 (S.D.N.Y. 1999) (emphasis added). There, an entity associated with the musical artist Prince commenced a copyright infringement action against defendant. *Id.* at 347. Plaintiff sought to quash the videotaped deposition entirely, arguing that defendants only sought to video-record it "to generate more content for their conventional and web publishing activities, more publicity for themselves, and greater economic returns." *Id.* at 348. The court acknowledged plaintiff's concern because the "lawsuit [wa]s a principal focus of the defendants' web site[; t]he pleadings, defendants' notice of [Prince's] deposition, and press releases concerning the case all are on line[;]" and because defense counsel refused to "agree that they would not disseminate or make other non-litigation use of a videotape of the deposition . . . ." *Id.* at 348. Thus, the court concluded that "there is every reason to believe that defendants' motive in seeking to videotape the deposition is at least in part to generate notoriety for themselves and their business ventures by making non-litigation use of the videotape . . . ." *Id.* at 348 (alterations added).

In entering an order preventing the videotape from being used for any purpose other than the litigation, the court relied on its recognition that videotaped depositions were "*not intended to be a vehicle for generating content for broadcast and other media*, and that "[w]hile many members of the public have an interest in every imaginable detail *about the life of a rock star*, virtually all have an interest in ensuring that everyone in our society have access to a fair and impartial judicial system without having to pay too high a price of admission in the form of the surrender of personal privacy. *Thus, courts must be vigilant to ensure that their processes are not used improperly for purposes unrelated to their role*." *Paisley Park Enters.*, 54 F. Supp. 2d at 349; *see also Margiotta v. City of Gloversville*, 2008 U.S. Dist. LEXIS 133928, at *6-7 (N.D.N.Y. 2008) (relying on "embarrassment and annoyance for the Defendants and non-parties [including one of the defendant's girlfriends]" to satisfy good cause standard, thereby warranting issuance of an order that "the parties and counsel are not to disseminate . . . videotapes of depositions"); *Id.* at *10 ("Protective orders are useful to prevent discovery from being used as a club threatening disclosure of matters which will never be used at trial. Discovery involves the use of compulsory process to facilitate orderly preparation for trial, *not to educate or titillate the public*.") (emphasis added).

Mr. De Niro is ready to appear for his deposition. In light of the behavior Plaintiff and her counsel have consistently engaged in since August 2019, Defendants are merely seeking to ensure that private details about his life and loved ones not be disclosed to the public unnecessarily, particularly when such details have no connection to the instant dispute. A deposition is not a platform to be used to try and harass, embarrass or intimate a witness, and protective relief is therefore warranted.

Katharine H. Parker
United States Magistrate Judge
January 17, 2022
Page 4

Respectfully Submitted,

| TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
| *Gregory R. Bennett* and *Hillary J. Raimondi* | *Laurent S. Drogin* and *Brittany Lazzaro* |