

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com             New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

January 19, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      This firm represents Plaintiff Graham Chase Robinson. On behalf of Plaintiff, we write in opposition to Defendants' letter motion (Dkt. No. 136) seeking "either an Order or pre-motion conference" allowing Defendants to depose Plaintiff for an additional seven (7) hours.

      First, the Court has already denied Defendants' request. At the December 15, 2021 conference, the Court noted that "a reasonable amount of additional hours may be necessary for the plaintiff's deposition." Dkt. No. 110 at 20:5-6. But the Court also made clear that seven hours was inappropriate. When Canal's counsel argued that because there are two Defendants, they are entitled to 14 hours of deposition, the Court stated: "I don't believe that entitles you to 14 hours," and "[Defendants] can allocate the time." *See id.* at 14:8-15. Defendants' letter ignores this colloquy as if it had not happened, and they offer no reason for the Court to revisit its ruling.

      Second, Defendants' letter does not show good cause: it fails to explain *why* they need to depose Plaintiff for an additional seven hours or identify any areas of inquiry not covered at the first deposition. This is fatal to their request: "[A] party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) (citation omitted). As such, courts operate under "the presumption" that seven hours is sufficient for any deposition and "extensions of that limit should be the exception, not the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007); *see also City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 9771809, at *4 (S.D.N.Y. July 28, 2017) (Parker, M.J.) (finding insufficient good cause, even where defendants claimed there were contradictions in deponent's testimony and they had strong need to depose him further); *Jibowu v. Target Corp.*, 2018 WL 5624145, at *2-3 (E.D.N.Y. Oct. 30, 2018) (denying request for extended deposition of plaintiff in employment action because plaintiff was "largely cooperative" and defendant's mere desire for more time was "insufficient good cause").

Hon. Katharine H. Parker
January 19, 2022
Page 2 of 4

Here, Defendants ignore the good-cause standard, and rely instead on vague, conclusory complaints. For example, Defendants claim that their need for extra time is "demonstrably obvious," and assert that Plaintiff "is Defendants' best witness" and that Defendants tried to depose Plaintiff "in an efficient manner" but it "proved challenging." Dkt. No. 136 at 2. But Defendants fail to provide the Court with the information necessary to establish good cause, including a transcript of Plaintiff's initial deposition. At the December 15, 2021 conference, the Court stated: "[I]f there is a second day [of Plaintiff's deposition] . . . there'll need to be an assessment of the transcript, and that any questions reserved would be reserved based on any of the outstanding issues potentially." Dkt. No. 110 at 24:14-19. By failing to provide a transcript or any meaningful description of the topics they seek to further question Plaintiff on, Defendants have deprived the Court of any means of assessing their request. *See Kaye v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 7237901, at *8 (S.D.N.Y. Dec. 9, 2020) (rejecting request for additional time to depose witness, as "[t]he only way the Court could make a ruling on this issue is if the parties submitted the entire deposition transcript for review"); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 32 (D. Conn. 2003) (rejecting request based on court's "review of the deposition transcript"); *see also Margel v. E.G.L. Gem Lab Ltd.*, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) ("[F]actors relevant to the determination of good cause would ordinarily include . . . whether there are additional relevant areas of inquiry.").

Third, Defendants do not deserve any additional time beyond the 40 minutes "left over" from Plaintiff's first deposition, because they recklessly squandered their time during their first day deposing Plaintiff. *See Margel*, 2008 WL 2224288, at *8 ("[F]actors relevant to the determination of good cause would ordinarily include whether the time previously afforded for the deposition was used efficiently[.]"). The Court advised Defendants on December 15, 2021 that if they want to seek additional time, then "they need to carefully budget their time and think through the questions." Dkt. No. 110 at 21:13-15; *see also id.* at 23:13-15 ("[I]f you are not efficient in the deposition . . . I am not going to be inclined to give you a lot of additional hours."). Defendants flouted these instructions. During the first day of deposition, Defendants' counsel engaged in clumsy, meandering lines of questioning, including on topics that Defendants already know the answers to, such as Plaintiff's salary at Canal and the hiring dates of other Canal employees. Defendants also wasted time with numerous irrelevant topics, *e.g.*, Plaintiff's hobby of running, travels after Plaintiff's employment ended, her jobs prior to Canal, her high school and college experiences, and Plaintiff's creative writing. Additionally, counsel to Canal Mr. Drogin wasted time with long-winded speeches, interruptions of Plaintiff's testimony, complaints about Plaintiff counsel's valid objections, and impromptu discussions of law. Based on counsel's utter inefficiency during the first day of deposition, it would not be fair to allow Defendants additional time beyond what Plaintiff has offered.

Fourth, as Defendants acknowledge, Plaintiff has offered Defendants an additional two hours to depose Plaintiff: together with the 40 minutes "left over" from Plaintiff's first deposition, Defendants would have 2 hours and 40 minutes for further deposition. To be clear, under the Federal Rules, Plaintiff is not obligated to permit an additional two hours of questioning, and given Defendants' inefficiency in questioning Plaintiff, it is more time than Defendants deserve. However, Plaintiff offered to do so in good faith, considering the Court's recognition that *some* additional time might be warranted. Defendants complain that two hours is "arbitrary" and "artificial." Dkt. No. 136 at 1. Far from it. Plaintiff specifically offered two hours based on the Court's concrete example of a reasonable extension in its December 2, 2021 Order. Dkt. No. 92 ("The parties shall cooperate in

agreeing to reasonable additional time for fact witness depositions (e.g., max. 2 additional hours).").

Fifth, Defendants make false claims to buttress their demand for more time. Defendants claim that they have sought "one" deposition while "Plaintiff sought 10." Dkt. No. 136 at 1. But this is false. In fact, Defendants are seeking (at least) five (5) depositions. Indeed, prior to making their extension request, Defendants served two notices indicating their intent to depose (1) the Neighborhood Defender Service of Harlem, Inc., and (2) a former Canal employee. Subsequently, Defendants indicated their intent to serve two additional subpoenas on Plaintiff's parents. When coupled with Plaintiff's deposition, this represents five (5) depositions sought by Defendants. In addition, at the depositions taken by Plaintiff, Defendants questioned the fact witnesses at length.

Finally, Defendants' cases do not help their position. Defendants cite *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064 (E.D.N.Y. July 27, 2007) for the proposition that where multiple parties are involved in a litigation, additional time to examine witnesses might be warranted. *Carmody* does not help Defendants. There, the four defendants "made an *inadequate* showing of good cause." *Id.* at *4 (emphasis added). As such, the Court *denied* their request to depose plaintiff for "twenty-one hours," and instead permitted "three hours" past the 7-hour limit, *i.e.*, 45 additional minutes per defendant. *Id.* at *4. Defendants cite *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) as involving a time extension where "the defendants still needed to explore several topics in further detail, such as the plaintiff's alleged damages and mitigation efforts." Dkt. No. 136 at 3. But as Defendants' own case description makes clear, the *Rahman* defendants specifically identified the topics for further deposition (they also provided a deposition transcript). *Rahman*, 2009 WL72441 at *3. Moreover, Mr. Rahman was the named plaintiff of a proposed class and the only source of "information concerning members of the putative class" and the "scope of [ ] possible damages." *Id.* at *4. And the first deposition in *Rahman* lasted only 5.5 hours—thus, of the "six" additional hours ordered by the court, 1.5 hours reflected time "left over" from the previous deposition. *Id.* As to *Renaissance Nutrition, Inc. v. Jarrett*, 747 F. Supp. 2d 374 (W.D.N.Y. 2010), Defendants claim that an extension was granted where "significant additional discovery material" had been produced. Dkt. No. 136 at 3. But the "additional discovery" in *Jarrett* was relevant to the extension only because it was produced *after* the first day of deposition. Furthermore, the extensions in *Jarrett* were modest, totaling a mere three hours for one deponent, and ninety minutes for another. *Renaissance Nutrition*, 747 F. Supp. 2d at 376. Defendants' other cases are similarly inapposite and involve extensions that were granted only after the court's review of the deposition transcript. *Saeed v. Cnty. of Nassau*, 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011) (granting extension "[a]fter reviewing the deposition transcripts," where employment action involved "40" highly detailed discriminatory incidents requiring extensive clarification); *Calderon v. Symeon*, 2007 WL 735773, at *2 (D. Conn. Feb. 2, 2007) (granting extension because the deponent had been "recalcitrant and uncooperative," based on the court's "full reading of the deposition transcript").

In conclusion, Defendants have failed to show good cause and have failed to provide this Court with any basis to grant the extraordinary relief requested. Accordingly, Plaintiff respectfully asks that the Court deny Defendants' request and, in line with Plaintiff's offer, grant Defendants no more than 2 hours and 40 minutes for the completion of Plaintiff's deposition.

Hon. Katharine H. Parker
January 19, 2022
Page 4 of 4

                                                               Respectfully submitted,

                                                               Alexandra Harwin