USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                      Plaintiff,

      -against-

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,

                      Defendants.
------------------------------------------------------------------X

**19-CV-9156 (KHP)**

**OPINION**

**KATHARINE H. PARKER, United States Magistrate Judge**

      Defendant Canal Productions, Inc. ("Canal") has requested a pre-motion conference because it seeks a protective order preventing Plaintiff from video-recording Defendant Robert De Niro's upcoming deposition or, alternatively, prohibiting Plaintiff Graham Chase Robinson from disseminating, disclosing or filing on the public docket any such recording, including any excerpt thereof, at any time following the deposition. (ECF No. 137.) Plaintiff opposes the issuance of any such protective order because Defendants did not meet and confer with Plaintiff's counsel prior to filing the request for a conference as required by this Court's individual practices and the Local Civil Rules. (ECF No. 148.) From a substantive perspective, Plaintiff argues that video-recorded depositions are common and authorized under Federal Rule of Civil Procedure 30(b)(3)(A) absent a Court order otherwise, and that video is the best method for preserving testimony for trial. (*Id.*) They further state that Defendants may designate portions of the deposition testimony confidential pursuant to the existing Protective and Remote Deposition Orders issued in this case. (*Id.*) Having reviewed the parties' respective

1

letters on this issue, the Court finds that no conference or further briefing are necessary and it has sufficient information to rule on this issue.

## APPLICABLE LAW

Federal Rule of Civil Procedure 30(b)(3) sets forth the method for recording deposition testimony. It provides that the party who notices the deposition must state in the deposition notice the method for recording the testimony and permits testimony to be recorded by audio, audiovisual, or stenographic means. It further provides that the noticing party bears the recording costs. Fed. R. Civ. P. 30(b). This rule as been in place since 1993 when it was amended to confer on the noticing party the right to elect recording by video without first seeking permission from the court. Advisory Committee Notes to Fed. R. Civ. P. 30; 1993 Amendment.

Federal Rule of Civil Procedure 26(c) allows a party to seek a protective order to protect it from discovery that may cause annoyance, embarrassment or oppression, which includes a protective order precluding videotaping a deposition. Fed. R. Civ. P. 26(c); Advisory Committee Notes to Fed. R. Civ. P. 30; 1993 Amendment. Upon a showing of good cause, the Court may preclude the videotaping of a deposition or fashion other appropriate remedies. Fed. R. Civ. P. 26(c)(1)(A-H). The parties must meet and confer on any dispute prior to moving under Rule 26(c). *See id.*; Advisory Committee Notes to Fed. R. Civ. P. 26; 1993 Amendment, subdivision (c). The district court has wide discretion in determining whether to issue a protective order and in fashioning appropriate relief. *Padberg v. McGrath-McKechnie*, 2005 WL 5190385, at *1 (E.D.N.Y. Apr. 27, 2005).

**ANALYSIS**

Defendants primarily rely on a case involving the musical superstar Prince in support of their request for a protective order. *Paisley Park Enters. V. Uptown Prods*., 54 F. Supp. 2d 347, 349-50 (S.D.N.Y. 1999).  The case involved claims of copyright infringement.  Plaintiff sought a protective order to preclude the video recording of Prince's deposition because of concerns that the defendants sought to use the video for publicity and not for purposes particular to the litigation.  The Court acknowledged the concerns were valid but did not prohibit the taking of the deposition by video.  Rather, it precluded the defendants from using video for any purpose other than litigation, recognizing that it was inappropriate to use it for "generating content for broadcast or other media" notwithstanding the public's intense interest in all details of the rock star's life.  *Id*. at 349.

Mr. De Niro is a famous movie star, and the press is interested in details of his personal life and any court cases involving him, as it is for all celebrities.  There also is no question that Plaintiff has spoken to the press about this case and details about working for Mr. De Niro— publicity that Mr. De Niro did not like.  Still, Mr. De Niro is not entitled to special treatment under the Federal Rules simply by virtue of his movie star status.  Recognizing this, many courts have denied similar requests from other famous people who have been embroiled in litigation in the federal courts.  *Bobo v. Wachovia Sec., LLC*, 2008 WL 11355293, at *5 (N.D.N.Y. June 6, 2008); *see also Loussier v. Universal Music Grp., Inc*., 214 F.R.D. 174, 177 (S.D.N.Y. 2003) (denying request for confidentiality designation for video-recorded depositions of music artists Dr. Dre and Eminem).  Litigation is public.  And, the Second Circuit has set a high bar for precluding public access to judicial documents, recognizing that open courts provide an

important measure of accountability for the court system and promote public confidence in the administration of justice. *See Lugosch v. Congel*, 435 F.3d 110 (2d Cir. 2006). The Court also notes that Defendant Canal brought a lawsuit against Plaintiff before this action was filed, which itself subjected Mr. De Niro to publicity.

Video depositions are routine, especially during the COVID pandemic when parties have been forced to conduct remote depositions by video. Fed. R. Civ. P. 30(b)(3)(A) (authorizing depositions to be recorded by audiovisual means). Courts also recognize that video is often a superior method of conveying testimony to the fact finder, as it conveys facial expressions, voice inflection and gestures—none of which is captured when deposition testimony is recorded solely by stenographic means. *See, e.g.*, *Rotolo v. Digital Equip. Corp.,* 150 F.3d 223, 225 (2d Cir. 1998); *Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994). Defendants' concern about unwanted publicity does not constitute good cause to preclude use of video to record Mr. De Niro's deposition given the important purpose of the video recording, which may be used at trial for impeachment purposes or in the unlikely event Mr. De Niro is unavailable to testify at trial.

Furthermore, the existing Protective Order already permits Defendants to designate portions of the deposition as confidential and provides that confidential information shall be used solely in connection with this litigation. (ECF No. 23.) Had Defendants met and conferred with Plaintiff's counsel, this issue could have been resolved by an agreement that Defendants would designate the deposition as confidential. At this point, the only protection that is warranted is already in place. Defendants may designate the deposition as confidential, meaning that Plaintiff may not republish the deposition transcript or video in any manner.

Rather, Plaintiff may use it only in connection with this litigation. Plaintiff does not object to this.

To the extent that Defendants ask the Court to issue an order that any portion of the deposition used in connection with this litigation be filed under seal, their request is denied as premature. While it is possible there may be some aspects of the deposition that are appropriate for sealing, the Court cannot make this determination prior to evaluating the testimony and topics proposed for sealing. Thus, to the extent either party offers portions of the deposition transcript in connection with motions or trial, the parties should move for sealing at that time. The request will be evaluated pursuant to the standards set forth in the *Lugosch* case cited above.

## CONCLUSION

For the above reasons, Defendant's motion at ECF No. 137 is denied.

DATED: January 26, 2022
    New York, New York

                        SO ORDERED,

                        *Katharine H. Parker*