UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                              Plaintiff,

                    -against-

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,

                              Defendants.
------------------------------------------------------------X

**19-CV-9156 (KHP)**

**OPINION**

**KATHARINE H. PARKER, United States Magistrate Judge**

       Defendants Canal Productions, Inc. ("Canal") and Robert De Niro have moved pursuant to Federal Rule of Civil Procedure 37 ("Rule 37") to compel Plaintiff to produce documents from one of her former email accounts and for their costs associated with having to file this motion. (ECF No. 114.) The crux of Plaintiff's opposition to the motion is that the email account at issue is old and inaccessible, contains little relevant information and any relevant information it does contain can be or has been provided form a more readily accessible source. For the reasons set forth below, Defendants' motion is denied.

**BACKGROUND**

       Plaintiff Graham Chase Robinson worked for Canal from in or about 2008 until her resignation on April 6, 2019. She started in the position of Executive Assistant to Mr. De Niro. Her last position was Vice President of Production and Finance, which she held from in or about December 2017 until her resignation.

       According to Defendants, beginning in early 2019, suspicions arose regarding Robinson's use of Canal's American Express card, petty cash, and frequent flyer miles for personal purposes. Because of her role, Robinson had authority to approve her own submissions for

1

reimbursement of business-related expenses.  Upon investigation, Canal learned, among other things, that Robinson had submitted, approved and received reimbursement for personal iPhones, a designer handbag and a dog sitter.  And, as relevant to the instant motion, Canal learned that Plaintiff had used Canal's credit cards to purchase food from restaurants and grocery stores or sought reimbursement from Canal for restaurant and food purchases paid through the Caviar food service platform.[1]  In August 2019, shortly after Robinson resigned from Canal, Defendants filed a state court action against Plaintiff seeking return of money and property she took from Canal and asserting various claims in connection with her alleged theft.

In October 2019, Plaintiff counter-sued in this Court claiming that Defendants failed to pay her overtime as required by law and violated the Equal Pay Act by paying her less than Mr. De Niro's personal trainer.  She claimed the state lawsuit was filed in retaliation for making certain internal complaints and that she had been discriminated against on the basis of her gender.

Defendants' state claims were later brought as counterclaims in this action.

The parties negotiated an ESI protocol pursuant to which they would search for electronically stored information.  (ECF No. 29.)  As part of the protocol, each party identified sources of relevant information.  Plaintiff identified two personal email accounts which she agreed to search.

On the last day of document production, Plaintiff delivered several boxes of hard copy documents and other tangible items to defense counsel.  In the course of reviewing the

---

[1] Caviar is an online food delivery service offering delivery from a curated list of restaurants for a flat fee. https://ny.eater.com/2014/2/10/6282591/inside-caviar-a-new-premium-food-delivery-service (last visited January 25, 2022).

2

documents, defense counsel discovered another personal AOL email address that Plaintiff utilized during the time she was employed by Canal, but that had not been identified by Plaintiff during the negotiation of the ESI protocol.  The email address was revealed on certain Caviar receipts.  Apparently, Plaintiff sent receipts from her Caviar account to the AOL address and/or the Caviar platform automatically sent copies of the receipts to that address.  According to Plaintiff, the AOL mailbox is old and contains no information relevant to this action.  Further, the Caviar receipts were printed from the Caviar platform and submitted by her to Canal for reimbursement.  In other words, Plaintiff did not access her AOL account to obtain the receipts to submit to Canal because she could simply print them out from trycaviar.com.

Plaintiff has submitted an affidavit in connection with her opposition to the motion in which she attests that she was no longer using her AOL account, which was established when she was in secondary school in the 1990s, when she was employed at Canal.  She also attested that she is not able to log into the AOL account because it requires a two-factor authentication and that the external device connected to the account is an old device that she cannot log into any longer.  Finally, Plaintiff attests that she has provided Defendants with copies of receipts for all food orders from her Caviar account that were submitted to Canal for reimbursement.  Defendants do not dispute that they have all of the receipts that Plaintiff submitted to Canal for reimbursement.  However, Defendants object to having to search their own records to identify these receipts.

## APPLICABLE LAW

This dispute raises three issues: (1) whether Plaintiff violated her obligations in discovery by failing to identify the AOL account; (2) whether Plaintiff's AOL account is

reasonably accessible; and (3) whether a search of the AOL account is proportional to the needs of the case. Federal Rules of Civil Procedure ("Rules") 1, 26, 34 and 37 are all relevant to the Court's resolution of these issues.

The Rules are designed to allow the parties in the litigation to gather relevant facts necessary to prosecute and defend the action in the most economic, efficient, and fair way. *Brown v. Barnes and Noble, Inc.*, 474 F. Supp. 3d 637, 643 (S.D.N.Y. 2019); Fed. R. Civ. P. 1.

Rule 26 permits discovery of information that is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court has wide latitude in overseeing discovery and may limit or preclude discovery that is unreasonably duplicative or otherwise not proportionally warranted given factors such as its importance to the central issues in the case, the amount in controversy, and the parties' resources. Fed. R. Civ. P. 26(b)(2).

When served with a document demand pursuant to Rule 34, a party has a duty to conduct a reasonable inquiry for responsive documents. Fed. R. Civ. P. 26(g); *Brown*, 474 F. Supp.3d at 644. This includes a search for electronic documents, which entails identifying sources of potentially relevant documents, e.g., email accounts. The Rules require cooperation in discovery and, "[w]here ESI is concerned, this typically means the parties are expected to meet and confer about custodians of relevant ESI" and their relevant email accounts (among other sources of information). *Brown*, 474 F. Supp. 3d at 644; *see also* Fed. R. Civ. P. 1 and 26(f). However, a party is only required to produce documents in that party's "possession, custody or control." Fed. R. Civ. P. 34(a).

When a party has failed to produce documents requested in discovery, the requesting party may move to compel production under Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Additionally, if a motion to compel is granted, the court must award the movant its reasonable expenses incurred in making the motion, including attorneys' fees, unless the movant failed to meet and confer with non-movant prior to filing the motion or other circumstances render an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

## DISCUSSION

To start, Plaintiff erred by not alerting Defendants to the existence of this account.  Plaintiff should have identified the AOL account when the parties were negotiating their ESI protocol.  The AOL account was still active during Plaintiff's employment.  And, while Plaintiff attests that she did not use the account, that attestation lacks credibility.  Indeed, it is clear that she used the account in connection with setting up her Caviar account.  There is no other way her Caviar account would have sent receipts to her AOL account without her having provided it to Caviar.  To be sure, she may have used the account solely to collect receipts and the hundreds of promotional emails prompted by ordering goods and services online; but this is still use.  Further, there is no question that the Caviar receipts that were submitted for reimbursement or charged to Canal's credit card are relevant to the counterclaims in this action under Rule 26's broad definition of relevance.

Next, Plaintiff contends that she has not been able to log into the AOL account since she resigned from Canal purportedly because of a two-factor authentication requirement that requires her to log into an old device that she also can no longer log into.  This assertion also lacks credibility.  AOL provides directions to account holders who have difficulty logging into their accounts.  For example, there are solutions for when an account holder forgets a user name or password, and for when two-step verification is enabled but the user is having

5

difficulty signing in.  Account holders also can deauthorize a device, browser, or location. https://help.aol.com/articles/help-signing-in (last visited Jan. 25, 2022).   Moreover, this Court is aware that there are methods for recovering old and lost emails that do not involve accessing an old device.  Plaintiff has not suggested that she even investigated ways to recover the account.

To the extent Plaintiff's counsel suggests Plaintiff does not have possession, custody or control of her AOL account for purposes of Rule 34 because she cannot log into the account, this suggestion is without merit.  Difficulty accessing an account is not the same as not having possession, custody and control.

Instead, it appears that the AOL account is more properly characterized as inaccessible. Importantly, Rule 26(b)(2)(B) still requires the responding party to identify any sources of relevant ESI that are "not reasonably accessible."  When an email account is inaccessible but contains relevant information, the parties should discuss the costs and burdens of retrieving the information, determine whether the information is available from a more accessible source, and determine whether the costs and burdens of retrieving and searching the inaccessible information is proportional to the needs of the case.  *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production; Principle 8.  "The primary sources of [ESI] to be preserved and produced should be those readily accessible in the ordinary course."  *Id*.  Based on the submissions to this Court, it is clear that the AOL account is not a primary source of the information Defendants seek.  Rather, the Caviar app is the primary source of the receipts, as are Defendant's own accounting records.  Plaintiff has produced the relevant receipts from the Caviar account.

Insofar as Plaintiff has produced the relevant receipts from the Caviar account, requiring Plaintiff to also recover her AOL account to look for the same receipts she produced (and during her employment submitted to Canal) is not proportional to the needs of the case. Defendants already have evaluated Plaintiff's reimbursement requests and identified improper ones—that is the very basis for their counterclaims. Defendants also have access to the Caviar receipts. The federal rules do not require production of redundant information.

Had Plaintiff simply identified the AOL account at the outset of discovery and explained that she did not receive or send any work-related emails from that account (which is what this Court interprets her affidavit to mean) but did send Caviar receipts to it, this entire motion could have been avoided by an agreement to produce the receipts from the Caviar account.

But, the solution to this issue is not to require Plaintiff to now recover and search the AOL account. Nor, in this unique situation, does the Court find that sanctions are warranted because Plaintiff identified the primary sources of relevant ESI and produced relevant information from those sources.

Had Defendants simply thought through whether they actually needed receipts from the AOL account—they do not—they would have realized this is an issue that did not warrant Rule 37 motion practice.

The Court recognizes that there is distrust between the parties, which has led to particularly vigorous litigation on both sides. However, all parties appear to have lost sight of the fact that zealous representation does not require motions to be filed on every minutiae of discovery. This issue of the inaccessible AOL account with redundant Caviar receipts is an example of such minutiae.

**CONCLUSION**

For the above reasons, Defendant's Motion at ECF No. 114 is denied.

DATED:    January 26, 2022
          New York, New York

                                    SO ORDERED,

                                    *Katharine H. Parker*
                                    _____