USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                            Plaintiff,                       **19-CV-9156 (KHP)**

            -against-                                     **OPINION**

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,

                            Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**

On January 14, 2022, Defendants Canal Productions, Inc. and Robert De Niro filed a letter motion requesting an additional seven hours to complete Plaintiff's deposition. (ECF No. 136) Plaintiff opposes Defendants' request for additional time, but acknowledges that she offered Defendants' an additional two hours plus any additional time left over from the first deposition (40 minutes). On January 19, 2022, the undersigned ordered that Defendants submit a copy of the deposition transcript and identify topics that remain that require further questioning and the reasons why they were not answered/ asked during the first day of Plaintiff's deposition. (ECF No. 139.) After carefully reviewing the deposition transcript and the parties' letters on this issue, the Court finds that no conference or additional briefing is needed on this matter and grants Defendants' request for additional time in part. (ECF No. 136.)

### INSTANT DISPUTE

The Court presumes familiarity with the facts and thus does not elaborate on the

factual assertions in this action.[1] Defendants' motion follows the first day of Plaintiff's deposition that occurred on December 20, 2021 and lasted 6 hours and 20 minutes. (ECF No. 136.) As a preliminary matter, Defendants did not use the full seven hours of examination as permitted by Fed. R. Civ. P. 30(d)(2) & (3), so the continuance of Plaintiff's deposition is permitted under the Federal Rules. Defendants' have 40 minutes remaining under Rule 30(d)(2).

Defendants contend an additional seven hours of time (for a total of 7 hours and forty minutes of additional questioning) is necessary for several reasons: (1) Plaintiff's counsel made excessive use of "form" objections and Plaintiff gave evasive non-responsive answers in the first day of her deposition, wasting time; (2) Plaintiff produced more than 40 hours of audio recordings with relevant witnesses about topics relevant to this case including the reasons for her resignation and failure to return SkyMiles, which take time to play back to Plaintiff, and Defendants wish to confront and question Plaintiff about these recordings; (3) the case involves numerous claims, counterclaims and defenses that simply cannot be adequately covered within seven hours; (4) insofar as Plaintiff has refused to withdraw certain claims that Defendants characterize as frivolous, Defendants are required to use at least some deposition time to question Plaintiff about such claims to support a motion for summary judgment and/or a Rule 11 motion. (ECF Nos. 136, 144.)

Further, in response to this Court's order requesting clarity on topics remaining, Defendants state that additional questioning on the following topics is needed:

---

[1] For a full recitation of the facts, *see Opinion regarding Defendant's Motion for Leave to File Amended Answer and to include Counterclaims* at ECF No. 72.

(1) facts and day-to-day events between ca. March 20 and April 6, 2019 (the date Plaintiff resigned) involving Plaintiff, her confidante, Mr. De Niro and Mr. De Niro's girlfriend;

(2) Plaintiff's communications with her confidante, Mr. De Niro and Defendants' counsel from April 7, 2019 through July 2019 (post-resignation);

(3) Claimed physical contact and "sexually charged" comments of Mr. De Niro over unspecified periods of time;

(4) Stray remarks allegedly made by Mr. De Niro over unspecified periods of time;

(5) Plaintiff's claimed lack of knowledge of Canal's investigation into her behavior;

(6) Plaintiff's knowledge that Mr. De Niro's girlfriend (not Mr. De Niro) was "targeting" her;

(7) Plaintiff's treatment of female employees she supervised;

(8) Plaintiff's role administering wage and hour matters (including overtime) as part of her regular job duties;

(9) Clarification that Plaintiff failed to return Canal's property on advice of counsel;

(10) Plaintiff's claimed understanding of her authority to charge personal expenses to Canal;

(11) Specific explanations as to how individual purchases are justifiably business expenses;

(12) Plaintiff's claimed explanation as to why she reimbursed herself for unused vacation days, when she frequently took vacations;

(13) Plaintiff's Netflix usage during critical periods in the timeline of events.

(ECF No. 144.)

In opposition, Plaintiff argues that the Court already denied Defendant's request at a December 15, 2021 case management conference and there is not good cause to extend the deposition for more than the two hours Plaintiff already offered. She asserts that Defendants themselves squandered time during the first day of Plaintiff's deposition by asking questions to which they already knew the answers (e.g., Plaintiff's salary and employment dates) and

questioning Plaintiff on irrelevant topics such as her hobbies, post-resignation travel, jobs prior to Canal, and high school and college experiences.  (ECF No. 138.)

## APPLICABLE LAW

Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions.  Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day or seven hours." Fed. R. Civ. P. 30(d)(2).  Pursuant to that rule, a Court must allow additional time, consistent with Rule 26(b)(2) if it is needed to fairly examine a deponent, or if the deponent or another person "impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

The question before the Court is whether to order an extension of time for examination of Plaintiff beyond the 40 minutes of time remaining.  "A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." 7 James Wm. Moore, et al, *Moore's Federal Practice,* § 30.45 (3d. ed. 2006).  "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged." *Id.*  "The Court must allow additional time consistent with Rule 26(2) if need[ed] for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination. For example, a court may provide additional time to depose a witness who is uncooperative and refuses to answer questions.  When additional time is required for an uncooperative deponent, the amount of time needed will depend on the deponent's behavior." *Id.; See Laplante v. Estano,* 226 F.R.D. 439, 440 (D. Conn. 2005) (rule provides that court must allow

additional time needed for fair examination of deponent, so number of hours needed depends on deponent's cooperation).

## ANALYSIS

After due consideration of the parties' arguments, and a full reading of the deposition transcript, the Court finds an extension of time – of five additional hours – is warranted (i.e., for a total of 5 hours and 40 minutes).

To start, contrary to what Plaintiff contends, this Court did not already deny Defendants' request. While it is true this Court suggested that two hours of additional time might be reasonable and cautioned defense counsel to use their time wisely, it did not preclude Defendants from seeking additional time in excess of that based on what transpired during the deposition.

Based upon a review of the transcript of the deposition, the Court finds that Plaintiff was uncooperative in her refusal to answer questions certain questions that sought information that is clearly relevant, not privileged, nor overly broad or unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1). Too often during the deposition, defense counsel had to direct Plaintiff to provide a "yes or no" answer or cutoff testimony that was not responsive to counsel's question and reroute Plaintiff back to the original question that was asked. To the extent a question calls for a yes or no answer, Plaintiff should answer the question directly. Plaintiff also was incredibly evasive when describing her job responsibilities and the job responsibilities of others, as well as about questions concerning promotions and increases to her salary. Plaintiff also was evasive when asked about the Canal property she returned on the last day of document discovery including gift cards and cash. Her counsel can elect to further

question her once defense counsel has completed their questioning if she determines elaboration is required.  Plaintiff's counsel also wasted time with objections to form that were unnecessary and not even warranted, particularly in light of defense counsel's offer early in the deposition to stipulate to a standing "objection to form" as to all questions posed.  Plaintiff's counsel also engaged in unnecessary speaking objections.  All told, the Court estimates that Plaintiff and her counsel wasted at least an hour of time.

However, defense counsel also squandered time asking questions on irrelevant issues. Such questions included:

- "Can you gauge Bob's mood?" and "Is it fair to say that you learned how to read his mood?" (p. 26.);
- "Did you have a sense of how the issues he was having with Grace were impacting his life?" (p. 32.)
- Questions about suspected mold in Mr. De Niro's apartment (p. 46);
- Questions about how Plaintiff would describe Plaintiff's opinion of Tiffany Chen (p. 73.);
- Questions asking Plaintiff about the way Tiffany Chen felt about Michael Kaplan (pg. 81);
- Questions about Plaintiff's running that were not related to anxiety relief (p. 117-121); and
- Questions on Plaintiff's creative writing.

Defense counsel also could have posed some questions more directly.  The Court estimates that defense counsel wasted at least one hour with such irrelevant questioning.

Nevertheless, in finding fault in both parties, Defendants should not be curtailed of their opportunity to fairly examine Plaintiff. *Sicav v. Wang*, 2014 WL 2624753, at *3 (S.D.N.Y. June 12, 2014) (The Court cited the witness's preparation at his original deposition amounted to stonewalling rather than substantive discussion and granted a request for an additional seven more hours of deposition time.); *Calderon v. Symeon*, 2007 WL 735773 (D. Conn. Feb. 2, 2007) (Court granted Defendant's request to continue Plaintiff's deposition for five additional hours where Plaintiff failed to cooperate and stonewalled.). Defendants have provided a list of topics on which questioning is still needed. Some of the topics cover essentially the same thing (e.g., topics 3-4 and 10-11). Defendants already questioned Plaintiff on some of the topics, although in some cases not completely (e.g., topics 1, 5, 6, 7 and 12). Additionally, due to Plaintiff's evasiveness during the first day of her deposition, more time will be needed to clarify Plaintiff's testimony on some topics. The Court also takes into consideration that there may be some tape recordings that defense counsel wishes to play and question Plaintiff about. There is no doubt that playing such recordings may take time.[2]

At bottom, FRCP 26 requires that the parties have a full opportunity to obtain information, and here, the Court cannot say that the Defendants did. However, having reviewed the deposition transcript and the topics remaining, seven additional hours is not warranted. The additional topics can more than adequately be covered in a total of five hours and forty minutes (that is, five hours in addition to the 40 minutes remaining from the first day of deposition). Plaintiff is warned to answer questions directly and succinctly. She may refuse

---

[2] To save time, Plaintiff can stipulate to the authenticity of the recordings. Additionally, Defendants can consider creating transcripts of the recordings and asking Plaintiff to confirm the transcript accurately reflects the tape-recorded communication in a request to admit.

to answer only on grounds of privilege, or to the extent the questions are posed solely to annoy, embarrass or oppress Plaintiff.  Plaintiff's counsel is warned not to make speaking objections.  Defense counsel is warned to use the remaining time wisely and reminded that Rule 26 limits the information that can be discovered to information that is relevant to the claims and defenses.

## REQUEST TO SEAL

Defendants, with the consent of counsel for Plaintiff, request to seal Plaintiff's unsigned deposition transcript.  (ECF No. 143.)  The parties contend that the transcript contains highly sensitive testimony that is personal, confidential, financial, and medication information.  (*Id*.)  Plaintiff's counsel also designated the Deposition Transcript as confidential on the record.  (Tr., 330: 6-20).

Under FRCPs 5.2(d) and 26(c)(1) a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including by ordering the sealing of a document filed with the Court.  The Court's determination of whether "good cause" exists to place and/or keep such a document under seal is informed by the presumption of access.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The presumption of a public right of access applies to "judicial documents." *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 516-17 (E.D.N.Y. 2011).  The mere filing of a paper or document with the court, however, is insufficient to render it a judicial document.  *United States v. Amodeo*, 44 F.3d 141, 145 (2d. Cir. 1995).  The document filed "must be relevant to the performance of the judicial function and useful in the judicial process" for it to be

designated as a judicial document.  *Id.*  Thus, documents submitted in connection with discovery disputes typically are not covered by the same qualified right of access as judicial documents.  *Winfield v. City of New York*, 15-cv-5236, 2017 WL 2880556, *3-4 (S.D.N.Y. July 5, 2017) (discussing different presumptions of access for documents submitted in connection with discovery disputes and those submitted in connection with dispositive motions and trial).

It is also well established that the public has no right to access information obtained through discovery and that is subject to a protective order, such as the one issued in this case.  *See, e.g.*, *Seattle Times Co.*, 467 U.S. at 32-36 ("A litigant has no First Amendment right of access to information made available only for purposes of trying his suit.").  Indeed, the majority of documents and information exchanged in discovery are never even submitted to the Court in connection with dispositive motions or trial.

In considering the above-described principles, there is good cause to seal (for now) portions of the deposition transcript to the extent the deposition discusses medical-related issues of Mr. De Niro, Plaintiff or others, marital issues of Mr. De Niro, or questions about Plaintiff's mental health treatments, the deposition should be sealed.  Other portions of the deposition transcript are not particularly sensitive and cover routine or publicly available information.  The parties shall submit a copy of the transcript highlighting those portions of the deposition transcript that they propose be sealed.  They shall do this by February 2, 2022.  The parties are advised, however, that any portions of the deposition that are permitted to be filed under seal in connection with the instant discovery dispute will not necessarily remain under seal to the extent the deposition or portions thereof are submitted in connection with dispositive motions or trial.

**CONCLUSION**

For the foregoing reasons, the Defendants motion to continue Plaintiff's deposition is GRANTED for five hours and the additional unexpended 40 minutes from the prior session. (ECF No. 136.)  The deposition should be conducted by February 11, 2022.

Additionally, the Court GRANTS the parties' motion to seal at ECF No. 143 subject to the Court's approval of the redactions of medical-related issues of Mr. De Niro, Plaintiff or others, martial issues of Mr. De Niro, or Plaintiff's mental health treatments or other sensitive information consistent with this Order.   The proposed redactions shall be submitted by February 2, 2022.

DATED:     January 26, 2022
           New York, New York

SO ORDERED,

*Katharine H Parker*
_____