UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAHAM CHASE ROBINSON,<br><br>        *Plaintiff*,<br><br>- against -<br><br>ROBERT DE NIRO and<br>CANAL PRODUCTIONS, INC.,<br><br>        *Defendants*. | Case No.: 1:19-cv-09156 (LJL) (KHP)<br><br>**DECLARATION OF<br>GREGORY R. BENNETT<br>IN SUPPORT OF DEFENDANTS'<br>OPPOSITION TO PLAINTIFF'S<br><u>MOTION TO COMPEL</u>** |

  Gregory R. Bennett, an attorney duly admitted to practice before the United States District Court, Southern District of New York, declares pursuant to 28 U.S.C. §1746:

  1. I am a Partner at Traub Lieberman Straus & Shrewsberry, LLP, attorneys for Defendants Robert De Niro and Canal Productions, Inc. (collectively, "Defendants"). I submit this declaration in support of Defendants' opposition to Plaintiff Graham Chase Robinson's Motion to Compel Production of Documents Withheld by Defendants on Claim of Privilege (the "Motion").

  2. Annexed hereto as Exhibit "A" is a true and correct copy of a July 11, 2019 letter Defendants' legal counsel sent to Plaintiff Chase Robinson.

  3. Annexed hereto as Exhibit "B" is a true and correct copy of the Complaint Canal filed in the New York Supreme Court, County of New York, captioned *Canal Prods., Inc. v. Graham Chase Robinson a/k/a Chase Robinson*, Index No. 654711/2019.

  4. Annexed hereto as Exhibit "C" is a true and correct copy of the Complaint Plaintiff filed in this action on October 3, 2019.

  5. On February 9, 2021, Defendants served their first round of ESI production.

  6. On June 2, 2021, during a meet and confer phone call with Plaintiff's counsel, Alexandra Harwin, Esq. and Kate MacMullin, Esq., I explained to counsel that Defendants were

expeditiously reviewing the voluminous ESI in order to complete document production as soon as possible, and that Defendants' preparation of a privilege log as of the date of this conversation would hinder the Defendants' review of the ESI.  To the best of my recollection, counsel did not suggest that the timing associated with Defendants' privilege logs somehow prejudiced Plaintiff until the December 14, 2021 conference with the Court.

7. On June 4, 2021, at 2:15 p.m., I emailed Plaintiff's counsel, Alexandra Harwin, Esq. and Kate MacMullin, Esq., proposing specific reductions to the number of search terms which the parties had been applying to ESI sources, in an attempt to reduce the overall document count, thereby streamlining ESI-related document review and production.  Plaintiff's counsel declined to consent to the proposed reduction in the number of search terms.

8. Defendants produced their first privilege log on July 27, 2021.  Annexed hereto as Exhibit "D" is a true and correct copy of the email I sent to Plaintiff's counsel with that log.

9. On November 30, 2021, Defendants provided Plaintiff's counsel with additional clarification concerning the categories of documents referred to in their privilege logs.  Annexed hereto as Exhibit "E" is a true and correct copy of that letter.

10. During a December 14, 2021 meet and confer, I requested clarification from Plaintiff's counsel as to which particular categories from the privilege logs Plaintiff was concerned with.  Plaintiff's counsel identified those communications relating to Plaintiff's departure from Canal, any "investigation" into Plaintiff and Canal's commencement of the State Action.

11. Following the December 14, 2021 meet and confer call with Plaintiff's counsel, Plaintiff's counsel did not revisit the alleged inadequacy of the supplemental information Defendants provided regarding their privilege logs in their November 30, 2021 letter, except as to take issue with any communication that did not include an attorney.

12. On February 3, 2022, I inquired by email from Plaintiff's counsel as to whether Plaintiff would consent to narrow the scope of documents being sought in the Motion. I raised this issue in light of the Court's query during the January 31, 2022 as to why a particular category of documents would even be relevant to the parties' dispute. Plaintiff's counsel rejected Defendants' offer to reach a compromise.

13. Consistent with Defendants' November 30, 2021 letter and what the undersigned conveyed to the Court during the December 15, 2021 conference, Defendants conducted a supplemental review of all responsive documents they had withheld based on the attorney-client privilege and/or work product doctrine. Based on that supplemental review, Defendants produced additional documents on January 31, 2022.

14. Based on my review of documents which have been produced in this action, an investigation into Plaintiff's misdeeds began before she resigned on April 6, 2019, and involved multiple individuals, including Canal's accountant and Mr. De Niro's girlfriend, among others. Once Plaintiff resigned, both of those individuals continued looking into Plaintiff's activities, culminating in Canal's commencement of the State Action.

15. Following the filing of these opposition papers, I will send the Court an email containing the documents and privilege log the Court referred to in its January 20 and 31, 2022 Orders (ECF #s 142, 152). While the Court directed Plaintiff to identify the 25 specific sample documents to serve as the samples, Defendants are in the best position to provide the 25 documents because they utilized categorical privilege logs, instead of privilege logs which identified each document withheld. In addition, Plaintiff has not proposed handling this issue in an alternative manner. If the Court wishes for the Defendants to address the samples in a different manner, or

for them to compile a document-by-document privilege log, Defendants will do so promptly.


Dated:          February 17, 2022

Signed:         *Gregory R. Bennett*
                _____
                Gregory R. Bennett

4