

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/9/2022__

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com           New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

February 24, 2022

**VIA ECF**

The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Motion to seal in part granted. The Court accepts Plaintiff's proposed redactions.
>
> **APPLICATION GRANTED**
> *Katharine H. Parker*
> Hon. Katharine H. Parker, U.S.M.J.
> 3/9/2022

      Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      As part of her reply briefing in support of her Motion to Compel Production of Documents Withheld on Claims of Privilege, Plaintiff seeks leave to file publicly three (3) exhibits with limited, narrowly tailored redactions of phone numbers and an email address. Because Defendants originally designated the documents at issue as "Confidential," Plaintiff hereby submits this letter in accordance with Section III of this Court's Individual Practices in Civil Cases setting forth the parties' respective positions.

      *Plaintiff's Position:*

      The documents that Plaintiff seeks to submit contain the participants' phone numbers and one email address. Accordingly, Plaintiff seeks leave to make limited, narrowly tailored redactions to redact all phone numbers and the email address from these documents.

      As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records."). Here, the relevant considerations warrant these redactions. The public does not need to see the phone numbers to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598). If phone numbers are publicly disclosed, it may leave individuals susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

Hon. Katharine H. Parker
February 24, 2022
Page 2 of 3

      By contrast, wholesale sealing is unwarranted. The documents are directly relevant to the privilege dispute before the Court. The first two documents are smoking gun documents that Defendants previously withheld as "attorney-client privileged material," even though no attorney even participated in the communications. In the first conversation, dated shortly before Canal filed its state court lawsuit against Plaintiff, a Canal employee describes a message she received from Mr. De Niro's attorney, Tom Harvey: she explains that Mr. Harvey is requesting evidence to support claims against Ms. Robinson, because he has none. *See* Exhibit 1 to the accompanying Declaration of Alexandra Harwin, Esq. In the second conversation, Canal employees discuss Ms. Robinson's claims of discrimination and describe Mr. Harvey's attempts to have Plaintiff arrested on criminal charges as a scare tactic. *See id.* Ex. 2. These documents speak to, *inter alia*, Defendants' utter lack of good faith in withholding relevant documents based on spurious claims of privilege. The third document is an example of how Defendants are still withholding relevant, non-privileged documents. It is an email from Mr. De Niro's accountant to two Canal employees purportedly comprising part of Defendants' investigation of Plaintiff; Defendants produced the email but not the attachment, an Excel spreadsheet titled "Summary.xls." *See id.* Ex. 3.

      The public cannot fully understand the issues before the Court without seeing the substance of the documents at issue. See *Bernstein*, 814 F.3d at 139 (evaluating whether access to the sealed material would "materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings") (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013)). The documents in question go to the heart of the issue, showing the types of documents that Mr. De Niro and Canal Productions, Inc. have been baselessly withholding on claims of privilege. Accordingly, wholesale sealing is inappropriate. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (permitting sealing only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *10-12 (S.D.N.Y. Jan. 4, 2022) (Liman, J.) (recognizing that sealing is not an appropriate blanket remedy for filing documents subject to a protective order, rejecting argument that plaintiff's attempt to disclose the documents was a "ruse," and permitting plaintiff to file redacted versions of confidential documents evidencing employment discrimination).

      Defendants present no legally cognizable justification for wholesale sealing. There is no improper purpose for the public filing with redactions of Plaintiff's contemplated exhibits. Moreover, contrary to this Court's Individual Practices III(d), Defendants simply ignore the Second Circuit Court of Appeals' opinions in *Lugosch* and *Bernstein*.

      Accordingly, Plaintiff respectfully requests that the Court authorize the public filing of these exhibits with the narrowly tailored redactions described herein. Likewise, Plaintiff respectfully requests that the Court authorize the public filing of certain exhibits in support of Plaintiff's Motion to Compel with similar redactions as set forth in Dkt. No. 145, which remains pending.

Hon. Katharine H. Parker
February 24, 2022
Page 3 of 3

*Defendants' Position:*

Defendants do not consent to Plaintiff's proposed redactions for two reasons. First, this filing serves no purpose other than to feed the media text-bites from informal communications between Canal employees (who were not decision makers, and who have yet to be deposed) without any context or background. In this regard, aspects are misleading without that context and the Court can be assured the media will be misled. This is an improper motive. Second, several of the texts from people Ms. Robinson worked with paint her in an extremely poor light, making it unclear why she would want these candid and scathing comments published, much less to do so voluntarily, perhaps without considering how such publication might impact her claimed damage.

\*   \*   \*

The parties appreciate the Court's consideration of this matter.

Respectfully submitted,

Alexandra Harwin