**TRAUB LIEBERMAN**

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7037  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2022

March 10, 2022

*Via ECF Only*

Katharine H. Parker
United States Magistrate Judge
U.S. District Court 500 Pearl Street, Room 750
New York, NY 10007

> Defendant's two-week extension of time to serve a rebuttal report for their psychiatric expert witness is granted and due by April 1, 2022.
>
> APPLICATION GRANTED
> *Katharine H. Parker*
> Hon. Katharine H. Parker, U.S.M.J.
> 3/11/2022

Re:   *Graham Chase Robinson v. Canal Prods., Inc. et al.*
      Civil Action No.:  19cv9156 (LTS) (KHP)

Dear Judge Parker:

This firm represents all Defendants in the captioned action, and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants"). Defendants write to respectfully request a two-week extension of time to serve a rebuttal report for their psychiatric expert witness, up to April 1, 2022, for the reasons identified herein.

On February 28, 2022, the Court granted Defendants' request for a two-week extension of time for their disclosure of rebuttal experts and service of rebuttal reports, up to March 18, 2022, and a corresponding 30-day extension of the deadline for the parties to complete expert discovery, up to April 30, 2022 (ECF Doc. #169).

In the instant application, Defendants only seek an extension of the date by which their psychiatric expert witness must serve a rebuttal report.  All other deadlines will remain in place.  This brief extension of time is prompted by the expert's scheduling conflicts, the volume of information and documents that the expert needs to evaluate in connection with the anticipated report and the need to conduct an independent evaluation of Plaintiff via video-conference before completing such report. In addition, the primary contact between Defendants and their counsel in this action underwent a serious surgical procedure on February 16, 2022, and was recovering for a two-week period of time following the procedure (up to approximately March 2, 2022).[1]  Consequently, the Defendants' ability to commit to various issues relating to expert witnesses was severely hampered.  Moreover, the expert's scheduling conflicts were not known as of the date of the Defendants' prior application seeking additional time.  Respectfully, Defendants submit that (i) their ability to adequately address the numerous issues Plaintiff's psychiatric expert witness has raised will be severely limited if the

---

[1] For privacy reasons, Defendants have not identified this individual.

www.traublieberman.com

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

Katharine H. Parker
United States Magistrate Judge
March 10, 2022
Page 2

instant application is not granted, and (ii) none of the parties will be prejudiced by the requested extension because they have already exchanged information regarding dates for completing the remaining party fact depositions, and this brief extension would not impede the parties from completing expert discovery by the April 30 deadline.[2]

Plaintiff's counsel does not consent, and offers the following as a response: "Defendants have not identified any circumstances transpiring since their last extension request justifying a second extension, much less "good cause."  All the grounds that Defendants identify – the purported "volume of relevant materials for the expert witness to review," the claimed "need for defendants to conduct an interview of plaintiff," and the assertion that "counsel's primary contact with both defendants, was recovering from a serious surgical procedure for two weeks from February 16 onward" – were purported circumstances that were known to Defendants when they made their last extension request.  Indeed, Defendants have had access to Plaintiff's medical records for nearly two years."

Defendants appreciate the Court's consideration of this request.

Respectfully submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Gregory R. Bennett*
Gregory R. Bennett

cc:  All Counsel (via ECF only)

---

[2]  To the extent Plaintiff serves Defendants with a discovery demand relating to this particular witness, they agree to respond to any such demand on an accelerated basis, to ensure Plaintiff has appropriate time to evaluate the response and address any dispute, before this expert would be deposed (as applicable).