**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**GRAHAM CHASE ROBINSON**

     *Plaintiff,*

v.

**ROBERT DE NIRO and**
**CANAL PRODUCTIONS, INC.,**

    *Defendants.*

**Case No.  1:19-cv-09156-LJL-KHP**

---

<u>**SUPPLEMENTAL DECLARATION OF ALEXANDRA HARWIN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY DEFENDANTS ON CLAIM OF PRIVILEGE**</u>

ALEXANDRA HARWIN, Esq. hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am an attorney with the law firm of Sanford Heisler Sharp, LLP, which is counsel to Plaintiff Graham Chase Robinson ("Plaintiff") in the above-captioned matter.  I am fully familiar with the pleadings and proceedings in this action and with the matters set forth herein.

2.     I submit this Declaration in support of Plaintiff's Motion to Compel Production of Documents Withheld by Defendants on Claim of Privilege ("Motion to Compel").

3.     Attached as Exhibit 1 is a true and correct copy of an email sent by Plaintiff's counsel to Defendants' counsel on December 22, 2021, which asked whether Defendants would voluntarily produce any of the documents they had been withholding based on claims of privilege.

4.     Attached as Exhibit 2 is a true and correct copy of an email sent by Defendants' counsel to Plaintiff's counsel on December 30, 2021, which stated that Defendants were still evaluating whether to produce any documents that Defendants had withheld and indicated that an

answer would be provided by Monday, January 3, 2022.  But Defendants provided no answer by Monday, January 3, 2022, and prior to the January 7, 2022 deadline for Plaintiff to file the Motion to Compel, Defendants did not supplement their production with documents they had previously withheld based on claims of privilege and did not confirm that they would do so.

5.      Attached as Exhibit 3 is a true and correct copy of a series of text messages involving Canal employees Michael Kaplan, Sabrina Weeks-Brittan, and Gillian Spear dated August 2, 2019, as produced by Defendants at CANAL_0050122-CANAL_0050126.  Defendants produced this document to Plaintiff on January 24, 2022.

6.      Attached as Exhibit 4 is a true and correct copy of a series of text messages involving Canal employees Michael Kaplan, Sabrina Weeks-Brittan, and Gillian Spear dated August 2 through 3, 2019, as produced by Defendants at CANAL_0050127-CANAL_0050131. Defendants produced this document to Plaintiff on January 24, 2022.

7.      Attached as Exhibit 5 is a true and correct copy of "Defendants' Master Categorical Privilege Log Re Email Productions & [sic]," produced by Defendants on January 31, 2022.

8.      Attached as Exhibit 6 is a true and correct copy of "Defendants' Amended Categorical Privilege Log #3," produced by Defendants on January 31, 2022.

9.      Following the filing of Plaintiff's Motion to Compel, Defendants produced certain emails relating to their "investigation" of Plaintiff but omitted various attachments.  Attached as Exhibit 7 is a true and correct copy of an email sent by Plaintiff's counsel to Defendants' counsel dated February 10, 2022, concerning email attachments that were not produced by Defendants. Defendants' counsel has not responded to this correspondence.

10.     Attached as Exhibit 8 is a true and correct copy of an email sent from Canal's financial advisor/accountant Michael Tasch to Canal employees Sabrina Weeks-Brittan and

Gillian Spear dated August 7, 2019, as produced by Defendants at CANAL_0049993.  Defendants produced this document to Plaintiff on January 24, 2022.

11.    In June 2021, Defendants' counsel requested modifications to the parties' agreed-upon ESI searches.  In response, Plaintiff's counsel agreed to modify aspects of the ESI review protocol.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2022.

_____

Alexandra Harwin