# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7037  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

March 16, 2022

*Via ECF Only*

Hon. Katharine H. Parker, U.S.M.J.
U.S. District Courthouse
500 Pearl Street, Room 750
New York, New York 10007

      Re:    *Graham Chase Robinson v. Canal Prods., Inc. et al.*
              Civil Action No.:  19cv9156 (LTS) (KHP) (the "Action")

Dear Judge Parker:

      This firm represents all Defendants in the Action, and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants"). Defendants write to request that the Court schedule a pre-motion conference in connection with their: (i) intent to file a formal motion to allow their psychiatric expert witness to conduct an examination of the Plaintiff, pursuant to Fed. R. Civ. P. 35(a), and (ii) related request to extend the deadlines by which their economic and vocational rehabilitation experts must serve their respective reports, up to and including April 8, or to alternatively permit Defendants to formally seek such relief.

***Rule 35 Examination***

      Pursuant to Fed. R. Civ. P. 35, the "court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  The Court may issue such an order "only on motion for good cause and on notice to all parties and the person to be examined," among other criteria applicable to the adjudication of such a motion.  *See* Fed. R. Civ. P. 35(a)(2)(B); *see also Large v. Our Lady of Mercy Med. Ctr.,* No. 94cv5986, 1998 WL 65995, at *6 (S.D.N.Y. Feb. 17, 1998) ("There must be good cause for such an examination, *which is usually the case where a party has placed her mental condition in controversy*.") (emphasis added).

      In her Complaint, Plaintiff alleges that "[a]s a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including, but not limited to[,] . . . *humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish* and other . . . non-economic damages." ECF #1, Cmplt. ¶104 (emphases and alteration added).  In addition, Plaintiff seeks in excess of $12 million, in part, for "compensatory damages." *Id.* at 19

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com    CALIFORNIA

Katharine H. Parker, U.S.M.J.
March 16, 2022 | Page 2

VIII(A).  *See, e.g., Lindner v. Am. Express Corp.*, No. 06cv3834, 2009 WL 10738576, at *2 (S.D.N.Y. Jun. 25, 2009) (plaintiff put her mental state in controversy, and good cause for an examination was shown, where she sought over $2.7 million in emotional distress damages).  In support of her allegations, Plaintiff produced a report from a psychiatric expert witness on February 18, 2022.  Plaintiff has indisputably placed her mental condition in controversy, thereby demonstrating that good cause exists for the requested examination. *See, e.g.*, *Bender v. Del Valle*, No. 05cv6459, 2007 WL 528694, at *2 (S.D.N.Y. Feb. 20, 2007) ("if a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, that plaintiff puts her mental condition clearly in controversy, and provides defendant with the good cause necessary for an order under Rule 35(a) allowing a mental examination."); *see also Large,* 1998 WL 65995, at *7 (granting defendant's application to conduct a Rule 35 examination, despite plaintiff's objection based on timeliness and purported lack of need, reasoning that "plaintiff has placed her mental condition in issue by seeking substantial compensatory damages for serious and ongoing mental distress," and thus, "Defendant has *the right* to have those claims tested by an expert trained to address such issues.") (emphasis added); *Guzman v. News Corp.*, No. 09cv9323, 2012 WL 2148166, at *1 (S.D.N.Y. Jun. 13, 2012) ("[I]f a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, that plaintiff puts her mental condition clearly in controversy, and provides defendant with the good cause necessary for … a mental examination."); *E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 61 (W.D.N.Y. 2003) (same).

*Adjournment of Deadline for Two Expert Reports*

On February 18, Plaintiff produced three (3) separate reports from a vocational rehabilitation professional, an accountant and a psychiatrist, indicating she may seek to call them as expert witnesses should the case proceed to trial. I began interviewing suitable rebuttal witnesses as promptly as possible.[1]  Defendants have now retained two expert witnesses in the fields of psychiatry and vocational rehabilitation, as well as an economist.  Since their retention, Defendants have worked with each expert to ensure they have sufficient documentation to enable them to complete comprehensive reports.  As the Court is already aware, trying to "cherry-pick" the appropriate documentation amongst the deep sea of ESI the parties have exchanged has not been a simple, or quick, task.  This includes hours of audio recordings containing insight into Plaintiff's state of mind *at the time the events in controversy were occurring*.

Defendants' expert reports from their economist and vocational rehabilitation witnesses are presently due on March 18, 2022 (ECF #169), and their psychiatric rebuttal report is due on April 1, 2022 (ECF #174).

On March 9, Defendants' counsel asked for dates Plaintiff was available for a psychiatric examination with our expert witness.  To date, Plaintiff's counsel has offered none.  Given the Court's April 1 deadline and the schedule of Defendants' counsel and their expert witness, they wish to obtain dates for this examination as soon as possible.

---

[1] This work overlapped in time with 14 filings on the docket, analysis of, and compliance with, the Court's March 9, 2022 Opinion on the Plaintiff's Motion to Compel and arranging for the scheduling of completing five fact witness depositions, among other residual document-related and meet and confer issues to which the undersigned has also attended.

Katharine H. Parker, U.S.M.J.
March 16, 2022 | Page 3

      With respect to the adjournment sought as it relates to the economist and vocational rehabilitation expert witnesses, their analysis is inextricably intertwined with the contemplated psychiatric examination.  In particular, the Defendants' vocational rehabilitation expert witness, Dr. Mark Shahnasarian, has undergraduate and graduate degrees in psychology, and a Ph.D. in counseling psychology and human systems.  From Defendants' perspective, any examination of Plaintiff by the Defendants' psychiatric expert witness would provide Dr. Shahnasarian with critical information to evaluate in connection with those issues within the scope of his expertise, including, but not limited to, areas relating to Plaintiff's intention to seek particular types of work during her employment with Canal, Plaintiff's motivation in assessing whether to leave Canal before April 2019 and how her lawsuit being promoted by her attorneys in the media has impacted her job prospects for new employment.  Moreover, Defendants' economist expert witness is collaborating with Dr. Shahnasarian, as their work is also intertwined.

      As Defendants previously conveyed to the Court, this is an atypical litigation, as Plaintiff's claims are intended to overshadow her own wrongdoing, as has now been established by much of her deposition testimony, and the forthcoming sanctions motions. There also being no possible prejudice to Plaintiff—indeed, fact depositions will not be completed until April 8, 2022—Defendants respectfully submit that good cause exists to extend the deadlines as set forth above.[2]

      For the above reasons, Defendants request that the Court enter the relief set forth at the outset of this letter, above.

                      Respectfully submitted,

              TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

                      *Gregory R. Bennett*
                      Gregory R. Bennett

cc:  All Counsel (via ECF only)

---

[2]    Moreover, Plaintiff's lack of response about scheduling the requested interview should serve to rebut any possible claim of prejudice. *Cf. Convolve, Inc. v. Compaq Comput. Corp.*, 643 F. Supp. 2d 336, 344 (S.D.N.Y. 2008) ("plaintiffs are precluded from arguing prejudice by their own failure to disclose the thesis earlier . . . .").