

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com          New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

March 18, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      We write on behalf of Plaintiff Graham Chase Robinson to oppose Defendants' request (Dkt. No. 175) for leave to seek sanctions as to Plaintiff's New York state law overtime claim within their forthcoming motion for sanctions as to Plaintiff's equal pay claims, as well as their request for a waiver of a pre-motion conference on this issue.

      First, as the Court expressed in connection with Defendants' last threatened Rule 11 motion, "the timing of this doesn't really make any sense[.]" Dkt. No. 110 at 20:15-16. On the one hand, Defendants' contemplated motion is ***fatally late, coming nearly 2.5 years after the overtime claim was filed*** in October 2019 (Dkt. No. 1). Defendants never challenged the overtime claim when it was filed (either through Rule 11 or Rule 12), proceeded with full discovery on the claim, and did not even challenge the overtime claim when they requested leave to seek sanctions as to the equal pay claims (Dkt. No. 113). The contemplated motion should be denied based on Defendants' extreme lateness alone. *See* Fed. R. Civ. P. 11 Adv. Comm. Note ("[Rule 11 motions] should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 44 (E.D.N.Y. 2003) (denying motion where defendant waited over one (1) year, because "[i]f the claims on their face were patently frivolous or without any basis in existing law (as opposed to containing factual allegations that only subsequent discovery would reveal lacks support), [defendant] could have moved far sooner"); *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 413 n.3 (S.D.N.Y. 2003) ("When, as here, the 'inappropriate paper' averred to is the complaint, . . . the party which hopes to secure sanctions for the submission of that pleading should move for sanctions promptly after the complaint is filed."). On the other hand, Defendants' contemplated motion jumps the gun on (and tries to do an end-run around) summary judgment briefing, while fact depositions remain ongoing. ***Most of Defendants' fact witnesses have yet to be deposed***, and key depositions (including Mr. De Niro's) will still be incomplete by April 1, 2022, when Defendants' sanctions motion is due. It does not make sense for the Court to entertain a challenge to the overtime claim

Hon. Katharine H. Parker
March 18, 2022
Page 2 of 4

before Plaintiff has an opportunity to take testimony from her boss.

Second, Defendants face an especially heavy burden on Rule 11 as to the overtime claim, because they are not challenging the good faith basis of Plaintiff's *prima facie* case; instead, they present a challenge predicated on their own affirmative defenses. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (noting that "the employer bears the burden of proof" on overtime exemptions, as they are merely "an affirmative defense"); *Scott Wetzel Servs. v. N.Y. State Bd. of Indus. Appeal*, 682 N.Y.S.2d 304, 305 (3d Dep't 1998) ("[T]he employer bears the ultimate burden of establishing that its employee falls within the exemption."). "Where, as here, the viability of a plaintiff's claim turns on the applicability of an affirmative *defense*, the standard for imposing sanctions is arguably even higher." *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018) (denying sanctions as to filing of complaint where liability turned on affirmative defense); *see also In re Berger Indus., Inc.*, 298 B.R. 37, 41-42 (Bankr. E.D.N.Y. 2003) (rejecting a per se "pre-filing duty of inquiry" into affirmative defenses); *see also McMahan v. Adept Process Servs., Inc.*, 279 F.R.D. 356, 361 (E.D. Va. 2011) (rejecting request for sanctions against plaintiff as to overtime claim, because limits of the overtime exemption at issue were "not distinctly drawn," and depend "a good deal upon the facts in each case, especially upon the character of the work that is principally engaged in").

In any event, given that Defendants bear the burden of proving a statutory exemption throughout the nearly six (6) years of Ms. Robinson's employment that the overtime claim spans (*see* NYLL § 663(3), permitting recovery for six (6) years preceding filing of a complaint), Defendants cannot establish that Plaintiff asserted the overtime claim for any improper purpose or that the claim was not warranted under existing law. First, there is no exemption for "highly compensated" employees under New York law; thus, Plaintiff's salary is irrelevant in determining whether overtime payment was due. As to the "executive" and "administrative" exemptions, each "will be applied only where the employee fits plainly and unmistakably within its terms." *Scott Wetzel Servs.*, 682 N.Y.S.2d at 305. For the "executive" exemption, Defendants must show that Plaintiff (a) had primary duties of "management," (b) directed two (2) or more employees, (c) had "authority" or "particular weight" in hiring and firing, *and* (d) regularly exercised "discretionary powers." 12 NYCRR § 142-2.14(c)(4)(i). For the "administrative" exemption, Defendants must show that Plaintiff (a) had primary duties related to "management policies or general operations," (b) "customarily and regularly exercise[d] discretion and independent judgment," *and* (c) "regularly and directly assist[ed] [her] employer[.]" 12 NYCRR § 142-2.14(c)(4)(ii).

In analyzing exemptions, the Second Circuit has instructed courts to focus on "actual primary duties, not on . . . title or position." *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 145 (2d Cir. 2013). Thus, Plaintiff's titles during the limitations period are irrelevant. Based on the deposition testimony and documents in this case, Defendants will not be able to prove that Plaintiff's "primary" duties were executive or administrative in nature. Rather, as Plaintiff's testimony revealed, and as voluminous documents confirm, Plaintiff's primary duties mirrored those of a personal assistant, including (1) furnishing Mr. De Niro's home, *see* Dkt. No. 144-1 (Plaintiff's initial deposition) at 36:21-38:3; (2) family-related chores, such as "pick[ing] out presents," "creat[ing] photo albums," assisting with "his kids['] birthday," and "[h]elping Bob with [his] kids['] schedule," *id.* at 86:4-13; (3) medical responsibilities for Mr. De Niro, *e.g.*,

"handl[ing] his prescriptions, medications, [and] supplements," *id.* at 86:13-15; (4) performing "on call" concierge-style services, *i.e.*, "being on call for Bob [and] handling other sorts of personal items for him," *i.e.*, "[w]hatever he asked or directed me to do," *id.* at 177:20-23; and even (5) domestic housework, *e.g.*, "vacuuming," "organizing closets," "washing bed sheets," and "making beds," *id.* at 99:23-100:3, *id.* at 87:4-6. Scores of documents confirm this. Given all this, Defendants cannot establish that Ms. Robinson lacked a good faith basis for her overtime claim.

Defendants emphasize that Plaintiff also engaged in office work as a quasi-executive assistant, *e.g.*, communicating with Canal's accountants and lawyers and production companies. *See* Dkt. No. 175 at 2. But that was not her "primary" work, and in order to establish entitlement to an exemption, an employer bears the burden of proving that the employee's "primary duty" is exempt work. *Perez v. Allstate Ins. Co.*, 2014 WL 4635745, at *5 (E.D.N.Y. Sept. 16, 2014). In any event, even if some of Plaintiff's work was akin to that of an "executive assistant," it would still not be overtime-exempt, as she did not have "broad authority to act in place of her boss" or engage in "complicated, macro-level planning, assessment, and advising." *See Guanzon v. Vixxo Corp.*, 2020 WL 619695, at *7 (D. Ariz. Feb. 10, 2020) (internal citation omitted). Ms. Robinson's role simply did not involve the high level of "discretion and independent judgment" required for an overtime exemption. *See Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.*, 2012 WL 1638326, at *4 n.5 (S.D.N.Y. May 8, 2012) (recognizing that statutory "discretion" requires primary work duties involving "decision-making capacity on matters of significance").

Ultimately, overtime claims involve a "difficult and intensive factual inquiry." *Indergit v. Rite Aid Corp.*, 2010 WL 1327242, at *6 (S.D.N.Y. Mar. 31, 2010). The Court cannot resolve Plaintiff's overtime claim based on a handful of quotes that Defendants cherry-picked; instead, there are hundreds of pages of deposition testimony and thousands of pages of documents spanning nearly six (6) years of Ms. Robinson's employment that bear on the claim. These are matters better challenged through summary judgment procedures (including Local Rule 56.1, which helpfully narrows the issues through statements of material fact) – not through a Rule 11 motion that is some 2.5 years late. *See Safe-Strap Co.*, 270 F. Supp. 2d at 412-13 (denying Rule 11 motion "in part because it serves, in an improper fashion, as a surrogate for a summary judgment motion"); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 183 (S.D.N.Y. 2008) (Rule 11 "misuse[d]" where motion was "grounded on matters that go to the merits of the parties' dispute"); Fed. R. Civ. P. 11 Adv. Comm. Note (Rule 11 motions "should not be employed . . . to test the legal sufficiency or efficacy of allegations"). Given that the parties are on the cusp of summary judgment briefing, a Rule 11 motion on the overtime claim would be a total waste of the Court's resources.

Accordingly, Defendants' contemplated request for sanctions as to Plaintiff's overtime claim should not be entertained, and certainly not without a pre-motion conference. In the alternative, if the Court is inclined to permit a Rule 11 motion on the overtime claim (which it should not), this should be briefed separately from, and subsequent to, the forthcoming Rule 11 motion on the equal pay claims, as these matters involve different legal claims, different burdens of proof, and different evidence (including deposition testimony that has not yet been taken).

Plaintiff appreciates the Court's consideration of this matter.

Hon. Katharine H. Parker
March 18, 2022
Page 4 of 4

                                          Respectfully submitted,

                                          Alexandra Harwin