# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7061  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Hillary J. Raimondi  |  Partner  |  hraimondi@tlsslaw.com

March 21, 2022

*Via ECF Only*

Hon. Katharine H. Parker, U.S.M.J.
U.S. District Courthouse
500 Pearl Street, Room 750
New York, New York 10007

> Re:  *Graham Chase Robinson v. Canal Prods., Inc. et al.*
>       Civil Action No.:  19-cv-9156 (LTS) (KHP) ("the Action")

Dear Judge Parker:

This firm represents all Defendants in the Action, and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants." We write in reply to the March 18, 2022 letter from Plaintiff's counsel in opposition to Defendants' request for a pre-motion conference seeking an Order pursuant to Fed. R. Civ. P. 35(a) for a psychiatric examination of Plaintiff and, alternatively, seeking to limit such examination.

First, it is respectfully submitted that this request is not untimely. Plaintiff for the first time disclosed three expert reports on February 18, 2022, including a psychiatric expert report. On February 25, 2022, Defendants requested an extension of time to make their expert disclosures, as the schedule then in place required Defendants to disclose their expert reports on or before March 4, 2022. The deadline was extended to March 18, 2022.

On March 9, 2022, after consulting with a psychiatric expert, Defendants informed Plaintiff that, at the request of their expert, they would be seeking a psychiatric examination of the Plaintiff and a corresponding extension of the deadline for such purposes, among others. Counsel refused to offer dates for such an examination, again forcing Defendants to make an application to the Court in a calculated effort to utilize the passage of time to claim undue delay. The very next day, by letter dated March 10, 2022, Defendants requested an extension of time to disclose their psychiatric expert report for the stated reasons that "[t]his brief extension of time is prompted by the expert's scheduling conflicts, the volume of information and documents that the expert needs to evaluate in connection with the anticipated report and the need to conduct an independent evaluation of Plaintiff via video-conference before completing such report." The Court granted Defendants' request. Counsel for Plaintiff continued to refuse to offer dates for the psychiatric examination. Considering that, in this Action in particular, past is prologue, and in light of the

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

www.traublieberman.com

Hon. Katherine H. Parker, U.S.M.J.
March 21, 2022
Page 2

unwillingness of Plaintiff's counsel to resolve even the simplest discovery issues through "meet and confer," along with the impending deadlines, made the instant application necessary. Defendants fully intend to schedule such examination so that the psychiatric expert report can be disclosed within the current deadline.

Plaintiff has alleged severe emotional distress on an ongoing basis and has retained an expert witness to support a claim for a damages award far in excess of garden variety. There appears to be no dispute that a mental examination can be ordered where there is "an affirmative showing" that Plaintiff's mental condition is "genuinely in controversy," and "that good cause exists." *Accord Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 221 (S.D.N.Y. 1994) (discussing allegation of ongoing severe mental injury forming basis for mental examination). Plaintiff does not appear to contest that she has placed her mental condition "genuinely in controversy" yet claims that examinations are "uncommon and disfavored in employment cases such as this one." Plaintiff's counsel references two district court decisions from Florida to support this statement. Both contradict her position. The District Court in *Robinson v. Jacksonville Shipyards, Inc.,* 118 F.R.D. 525, 531 (M.D. Fla. 1988) denied the request for an examination, after expressly finding it "clear that plaintiff has not put her mental conditions in controversy...."

In the second cited case, a requested examination was denied in *Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 315 F.R.D. 612 (N.D. Fla. 2016), where the Plaintiff had not retained a psychiatric expert. Uncited by Plaintiff, footnote 3 explains the critical distinction, present here: "Things are different when a plaintiff seeks to prove her emotional injuries through retained expert, rather than treating physician, testimony. Although there appears to be near-universal agreement about this principle, *see, e.g., Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994), courts don't often discuss the reasons behind the difference in treatment." *Winstead,* 315 F.R.D. at 616, n.3; *Duncan, supra.* It is in the context where a Plaintiff has not retained her own expert, and are often seeking garden variety emotional distress damages, that Courts may be particularly wary of retaliatory or unnecessary examinations. Such is clearly not the case here.

Here, Plaintiff seeks in excess of $12 million in damages. She has affirmatively placed her mental condition in controversy and has retained an expert witness to opine on her purportedly ongoing mental condition. Plaintiff's expert indicated in his report that it is based, in part, on a psychiatric examination he conducted of the Plaintiff. Defendants' expert has requested an objective psychiatric examination that may take up to eight hours based on the information provided to her. Counsel will not be present at such examination. Equating this examination to "adversarial questioning" is unsupportable, as there is no provision in the Federal Rules mandating a Rule 35 examination within the time allotted for depositions. Moreover, the need for additional deposition time was not a result of conduct by Defendants. To the contrary, the extended deposition hours, to which Plaintiff refused to agree, are unrelated to the instant application, and were ordered by the Court precisely as a result of the obstructionist tactics employed by Plaintiff throughout the instant Action.

The request that, in the event an examination is permitted, it be limited to two hours, is not supported by any clinical criteria, and is conclusory. The notion that the examination will cause an undue burden is likewise lacking in merit. The examination is a video interview, requires no

Hon. Katherine H. Parker, U.S.M.J.
March 21, 2022
Page 3

preparation with counsel and does not require the attendance of any of the attorneys of record. Nor would it interfere with Plaintiff's work schedule, as she claims to remain unemployed. The fact that counsel will be preparing for five depositions over the course of three weeks of parties and integral witnesses who were disclosed at the inception of this litigation, should not impact the examination in any way.

Despite the routine nature of these types of examinations in instances where a Plaintiff seeks millions in emotional distress damages and retains an expert witness for such purposes, Plaintiff argues that good cause does not exist because Defendants have received "extensive medical information" about Plaintiff from her own doctors and experts. It should go without saying that Defendants are entitled to develop their own record and not simply accept the carefully curated view propounded by Plaintiff's own experts. Nor are counsel in the position to take, process and evaluate clinical data and opine the view of Plaintiff's expert, who bases his report in large part on Plaintiff's subjective views, refined by her counsel, without being presented with any evidence by Defendants. To effectively explain why Plaintiff's expert missed the mark, Defendants seek to demonstrate through their own expert, the flaws in her expert's evaluation and report.

We thank the Court for consideration of this request.

Respectfully Submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Hillary J. Raimondi*

Hillary J. Raimondi