

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2022
```

**TRAUB LIEBERMAN**

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7037  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

March 15, 2022

*Via ECF Only*

Hon. Katharine H. Parker, U.S.M.J.
U.S. District Courthouse
500 Pearl Street, Room 750
New York, New York 10007

        Re:    <u>*Graham Chase Robinson v. Canal Prods., Inc. et al.*</u>
               <u>Civil Action No.:  19cv9156 (LTS) (KHP) (the "Action")</u>

Dear Judge Parker:

      This firm represents all Defendants in the captioned Action, and Tarter Krinsky & Drogin LLP represents Defendant Canal Productions, Inc. ("Canal") as co-counsel (collectively, "Defendants"). Defendants write to request a waiver of the Court's requirement for a pre-motion conference, and leave to add a request for sanctions to its forthcoming motion based on Plaintiff's improper maintenance of an overtime claim under the New York Labor Law (Count V of Plaintiff's Complaint (ECF #1)) (the "OT Claim"). Alternatively, we request that a pre-motion conference be scheduled.

***Procedural Background***

      On December 31, 2021, Defendants requested a pre-motion conference in connection with an anticipated sanctions motion, pursuant to Fed. R. Civ. P. 11, 28 U.S.C. §1927, and/or the Court's inherent power, as it related to Plaintiff's and her counsel's refusal to voluntarily dismiss, with prejudice, her federal and New York State equal pay claims (ECF #113). As noted, (*id*., p. 2, n.1), Defendants intended to file the same type of motion concerning the OT Claim following the completion of Plaintiff's deposition.[1]

      On January 20, 2022, the Court entered an Omnibus Order Regarding Motions (ECF #142). In lieu of a conference, the Court set forth a briefing schedule, directing the sanctions motion be filed by April 1.  On February 9, Defendants completed Plaintiff's deposition, and given her testimony, hereby renew their intent to have sanctions imposed on Plaintiff and/or her counsel. In the interests of judicial economy and efficiency, Defendants seek to file a single sanctions motion

---

[1]     Defendants note that they satisfied the 21-day safe harbor provision under Fed. R. Civ. P. 11, as it relates to the OT Claim. *See* ECF #113-1, dated December 3, 2021, at pp. 4-5.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com     CALIFORNIA

Katharine H. Parker, U.S.M.J.
March 15, 2022
Page 2

arising out of both Plaintiff's equal pay claims and OT Claim.

***The OT Claim***

In view of the documentary and testimonial evidence, together with her responses to Defendants' Requests for Admission, no legitimate, nonfrivolous basis exists for Plaintiff to maintain the OT Claim.

The primary issue is whether Plaintiff – a $300,000 per year Vice President of Production and Finance – was properly treated as overtime exempt under New York State Law. Plaintiff has not asserted an overtime claim under the Fair Labor Standards Act. Based on the evidence, Plaintiff lacks any good faith basis to claim that she was a non-exempt employee, and her decision to maintain this claim warrants sanctions.

Plaintiff fits into one or more of the recognized exemptions as an executive, administrative or highly compensated employee. *See* 12 NYCRR §142-2.14(c)(4)(i) (addressing the "executive" exemption); *Id.* §142-2.14(c)(4)(ii) (addressing the "administrative" exemption); 29 C.F.R. §541.601 (addressing the highly compensated exemption).

Defendants have been compelled by the discovery process to search, locate and produce thousands of pages of documents that confirm facts that Plaintiff already knew, and her counsel should have known from a short conversation with their client. Among other items to be addressed in the motion, Plaintiff routinely and consistently interacted with Canal and Mr. De Niro's (i) outside accounting firm (essentially serving as Mr. De Niro's and Canal's accountant/chief financial officer); (ii) several legal counsels, members of Mr. De Niro's typical on-set "crew" (hair, makeup, trailer maintenance, etc.), as well as (iii) production companies on matters relating to reimbursement, perks, and finances (e.g., Netflix and various producer companies).

Moreover, Plaintiff had *significant* involvement in directing, overseeing, and assigning job duties to Canal's personnel (typically, at least, two employees), and Mr. De Niro appears to have assigned significant weight to Plaintiff's recommendations with respect to the hiring/firing of employees.

Most poignantly, Plaintiff was herself responsible for ensuring Canal was compliant with its wage and hour obligations, ensuring overtime was paid to non-exempt employees, issuing policies for Canal, and performing HR-related duties such as implementing a requirement for, and checking, timesheets, and hiring her own administrative assistant.

Indeed, Plaintiff's own words unequivocally demonstrate there was no evidentiary support for the OT Claim and that it cannot be maintained on any nonfrivolous basis moving forward. Examples include, but are by no means limited to:

- Less than two months before Plaintiff resigned, she acknowledged in an email to Mr. De Niro's son that ███████████████████████████

Katharine H. Parker, U.S.M.J.
March 15, 2022
Page 3

"

(CANAL_0023017- 23020) (Emphasis added);

- Various versions of Plaintiff's resume and the draft "recommendation letter" she prepared for Mr. De Niro's review reflect her executive roles, functions and duties, and;

- Audio recordings in which she discusses several of these functions and, one in which she callously berates a subordinate Canal employee that they work for her, not Canal or Mr. De Niro.

Finally, as relevant to the exemption tests, Plaintiff admits Canal compensated her on an annual salary basis in the amount of $175,000-$300,000 between 2017 and the date she resigned on April 6, 2019. (*See* ECF #109-2, RFA Responses, Nos. 16-18).

In sum, Plaintiff's job duties rendered her an exempt employee.

*Conclusion*

For these reasons, Defendants request that the Court waive the need for pre-motion conference and that they be permitted to include the OT Claim in their sanctions motions. Alternatively, the Court is requested to schedule a pre-motion conference.

Respectfully submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Gregory R. Bennett*
Gregory R. Bennett

cc: All Counsel (via ECF only)

> The Court has determined that a pre-motion conference is not necessary. Defendants are permitted to file a single sanctions motion pertaining to Plaintiff's equal pay claims and overtime claim. The motion is due by April 1, 2022; opposition due April 29, 2022, and reply due by May 20, 2022. The Court will not allow any extensions for this briefing.

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
3/22/2022