

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
T. 212.216.8000
F. 212.216.8001
www.tarterkrinsky.com

**Laurent S. Drogin, Partner**
Direct Dial: (212) 216-8016
ldrogin@tarterkrinsky.com

April 1, 2022

**By ECF and Email**
Honorable Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17D
New York, New York 100007
Email: parker_nysdchambers@nysd.uscourts.gov

      Re:    *Graham Chase Robinson v. Canal Productions, Inc. et al.*
              <u>Civil Action No. 1:19-cv-9156 (LTS) (KHP) (the "Action")</u>

Dear Judge Parker:

      This firm represents defendant Canal Productions Inc. ("Canal"), along with Traub Lieberman Straus & Shrewsberry LLP serving as co-counsel for Canal and counsel for defendant Robert De Niro ("Mr. De Niro" and together with Canal, the "Defendants") in this Action. Pursuant to Your Honor's Individual Practices in Civil Cases, Rules I.a. and I.b. and Section III, we submit this letter, with the consent of counsel for plaintiff, Graham Chase Robinson ("Plaintiff"), to seek leave to file under seal an exhibit, which will be annexed to the Declaration of Gregory Bennett of Traub Lieberman Straus & Shrewsberry LLP, in support of Defendants' forthcoming Rule 35 motion. The referenced exhibit contains the psychiatric evaluation of Plaintiff conducted by her expert, Robert Lloyd Goldstein, M.D.

      As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might… become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("there can be (and often are) considerations of personal privacy…that can trump the right of the public to access court records."). Likewise, Rules 5.2(d) and 26(c)(1) of the Federal Rules of Civil Procedure provide, in essence, that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including by ordering the sealing of a document filed with the Court. The Court's determination of whether "good cause" exists to place and/or keep such a document under seal is informed by the presumption of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Stern*, 529 F. Supp. 2d at 420. If a document is not "judicial," then there is no presumption of public access and the party seeking to shield the document from disclosure "need only make a baseline showing of good cause in order to justify the imposition of a protective order." *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 517 (E.D.N.Y. 2011) (internal quotations and citation omitted). *See also In re NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (finding that tapes produced in discovery and quoted in support of motion should not be unsealed because the information has been "greatly facilitated by [the party's] expectation of confidentiality" and allowing public access to such materials while discovery was still ongoing would discourage future cooperation, "jeopardize" the efficient administration of the case, and "overwhelm" the court with "future disputes over the extent and accessibility of discovery").

Honorable Katharine H. Parker, U.S.M.J.                                                                                    Page | 2
April 1, 2022

      Courts in this jurisdiction have long recognized this important privacy interest in confidential medical information. *See, e.g., Lytle v. JPMorgan Chase*, 810 F.Supp.2d 616, 629 (S.D.N.Y. 2011) ("[M]ost of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve either illness or sensitive personal … information."); *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Dilworth v. Goldberg*, No. 10-cv-2224 JMF, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records."); *Hand v. NYC Transit Auth.*, No. 11-cv-997, 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.... Thus, plaintiff's motion to seal is granted in part with respect to portions of dockets sheets that include the aforementioned Employee Medical History & Physician's Certification Form."); *Wheeler–Whichard v. Doe*, No. 10-cv-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("The Court notes, however, that this Court and other district courts routinely file medical records under seal, without sealing the action or having plaintiff proceed under a pseudonym, to protect plaintiff's privacy interests in his medical records and, therefore, plaintiff's medical records only shall be sealed.").

      In the instant Action, given the sensitive nature of Plaintiff's psychiatric evaluation report, Plaintiff's privacy interest in keeping her medical information from the public view outweighs any interest in divulging such confidential information and the presumption of access is overcome. Accordingly, Defendants respectfully submit that the above-mentioned exhibit should be filed under seal.

      In closing, we thank the Court for its prompt attention to and consideration of this request so that the parties may proceed accordingly.

      Respectfully submitted,

| **TARTER KRINSKY & DROGIN LLP** | **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP** |
|---|---|
| */s/ Laurent S. Drogin* and | */s/ Gregory R. Bennett* and |
| */s/ Brittany K. Lazzaro* | */s/ Hillary J. Raimondi* |

cc:    All counsel of Record (via ECF)