# EXHIBIT A

# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7061  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Hillary J. Raimondi  |  Partner  |  hraimondi@tlsslaw.com

April 20, 2020

*Via Email Only*

Alexandra Harwin, Esq.
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019

        Re:    *Graham Chase Robinson v. Canal Prods., Inc. et al.*
                Civil Action No.:  19cv9156 (LTS) (KHP)

Dear Ali:

      We hope you and your family and colleagues are doing as well as possible during this public health crisis. As you are aware, we represent Defendants Canal Productions, Inc. ("Canal") and Robert De Niro (collectively, "Defendants") in the captioned action. We are writing to you to address certain deficiencies Defendants identified in Plaintiff's responses to Defendants' First Set of Interrogatories (the "Interrogatories") and First Set of Document Requests (the "Document Requests"), in the hope that we may be able to resolve those deficiencies, in whole or in part, without involving the Court. Please let us know if you have some time to discuss the issues addressed herein. As you know, the parties are required to advise the Court as to the status of discovery on April 30, 2020.

      We have tried to summarily address the deficiencies categorically.[1]

*Mutuality of Discovery*

      Defendants note that discovery in this action is a two-way street. While Defendants fully acknowledge Plaintiff is entitled to seek evidence that is relevant to her claims, and have been more than agreeable in conducting expansive searches for documents at the request of Plaintiff, Defendants are equally entitled to pursue evidence in support of their defenses. *See* Fed. R. Civ. P. 26(b)(1)

---

[1] While it does not warrant significant discussion, Plaintiff's inclusion of Nos. 6-7 in her Reservation of Rights in both responses is improper. *See, e.g.*, *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. 2017) ("General objections should rarely be used after December 1, 2015 unless each such objection applies to each document request (e.g., objecting to produce privileged material).").

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com   CALIFORNIA

Alexandra Harwin, Esq.
April 20, 2020
Page 2

("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's . . . defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."). Defendants respectfully submit that numerous of Plaintiff's responses to the Document Requests do not recognize the parties' equal discovery rights and place improper limitations on the documents that Plaintiff is willing to produce. Specifically:

- Nos. 13 & 47: Plaintiff alleges in her Complaint that she was subjected to a hostile work environment, and she essentially responds to these requests that she will only disclose documents "reflecting the instances of protected activity described in the Complaint." These responses are inadequate because, among other reasons, (i) Defendants are entitled to receive documents concerning every complaint Plaintiff raised about her working conditions, within any agreed-upon temporal parameters, to assess her allegation that she was subjected to a hostile work environment, and (ii) Defendants are entitled to test the strength (or lack thereof) of her retaliation claims by investigating whether Plaintiff engaged in conduct that might be characterized as "protected activity" at any time during her employment, in response to which Canal did not take any adverse action against her;

- Nos. 19 & 33 (Plaintiff agreeing to produce those documents she unilaterally believes reflect "that Defendants treated Plaintiff less well based on sex," but refusing to produce *all responsive* documents that bear upon issues material to Plaintiff's hostile work environment claim, including, most significantly, in response to No. 19);

- No. 39 (Plaintiff presented Mr. De Niro a letter of reference summarizing the duties she claimed to have performed, and his alleged refusal to sign such letter is a significant part of the basis for her retaliation claims herein. She is also presenting Labor Law claims, where the duties she performed are the crux of such clams. She cannot now withhold documents relating to her alleged performance of those duties);

- Nos. 41 & 48 (Plaintiff responding, as to No. 41, that she "will identify the documents that [she] intends to introduce at trial to the extent required by, and in accordance with schedule set by, the Court," but producing no documents in response to requests seeking relevant evidence bearing upon her retaliation claim is improper. Defendants are entitled to production of documents in the course of discovery (and in advance of Plaintiff's deposition) that in any way relate to the merits of the retaliation claims asserted herein and/or are specifically referenced in the Complaint); and

- No. 52 (Defendants are entitled to documents relating to Plaintiff's claim of economic damages without the restriction imposed by Plaintiff that they be limited to those she intends to introduce at trial in support of her claim. It is unclear to Defendants how producing documents concerning Plaintiff's claims of lost wages and other damages is overbroad or burdensome. To the extent that the demand is duplicative, Defendants agree that responsive documents need only be produced in response to one demand to which it is responsive);

Alexandra Harwin, Esq.
April 20, 2020
Page 3

- No. 54 (Plaintiff essentially responding that she will not produce documents to support an express allegation in the Complaint, while referring to other responses that do not address the specific request. Defendants are entitled to documents regarding all of her efforts to find alternative employment, as it goes to both the merits and to damages in the instant action);

- No 59 ("Plaintiff has produced her April 6, 2019 email to De Niro and will produce documentation sufficient to show *the cancellation of* her London trip . . . ." Defendants are entitled to examine the circumstances of the cancellation of her trip, in their entirety.); and

- No. 63 (Plaintiff has asserted a number of allegations in this action relating to Tiffany Chen, including how Plaintiff's alleged interactions with her affected her employment with Canal. Consequently, communications Plaintiff had *with anyone* about Ms. Chen are relevant, not just those that Plaintiff has unilaterally determined she would like to produce).

Plaintiff's responses to Document Request Nos. 7 and 8 warrant separate consideration. As you are aware, Plaintiff has asserted that Defendants constructively discharged her from her employment at Canal. *See* Cmplt. ¶54. Document Request Nos. 7 and 8 seek documents and communications concerning "Plaintiff's efforts to secure alternative employment after October 1, 2018" and Plaintiff's "efforts to seek admission to, or obtain enrollment in, any educational institution from January 1, 2018 to the present." In response to the foregoing requests, Plaintiff indicates, respectively, that she will produce documents "sufficient to show Plaintiff's efforts to secure alternative employment *since her separation from Canal Productions, Inc.*," and those "sufficient to show Plaintiff's efforts to seek admission to graduate school *since her separation from Canal Productions, Inc.*" Thus, in each of the foregoing responses, the cutoff date Plaintiff has unilaterally identified results in a material curtailment of the temporal parameters of the requests. *See also* No. 37 (refusing to produce documents relating to Plaintiff's assessment of choices regarding the end of her employment).

It is the Defendants' position that they are entitled to explore Plaintiff's efforts to look for alternative employment and/or explore graduate school, including during time periods when she was employed by Canal in connection with defending against Plaintiff's constructive discharge claim. Further, the requests are reasonably-tailored, and not overbroad temporally, to seek relevant documents, in that Plaintiff allegedly informed Mr. De Niro that she was resigning on November 9, 2018 and that the "working conditions [allegedly] deteriorated and became so intolerable that no reasonable person would be able to stay." Cmplt. ¶¶33-34. *See Regis v. Metropolitan Jewish Geriatric Ctr.*, 2000 WL 264336, at *12 (E.D.N.Y. 2000) ("An employee who remains on the job while looking for alternative employment is hard-pressed to establish that her working conditions were intolerable" so as to support a constructive discharge claim); *cf. Shuli v. Rite Aid Corp.*, 1997 WL 289460, at *8 (S.D.N.Y. 1997) ("there is a growing body of case law to the effect that "[t]o prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment.").

*Psychotherapist- and Physician-Patient Privileges*

In numerous instances in Plaintiff's discovery responses, she relies on the psychotherapist- and physician-patient privileges as a basis for objection. As you are aware, Plaintiff has alleged in the

Alexandra Harwin, Esq.
April 20, 2020
Page 4

Complaint that "[a]s a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including, but not limited to[,] . . . humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish and other . . . non-economic damages." Cmplt. ¶104 (alteration added). In addition, Plaintiff seeks in excess of $12,000,000, in part, for "compensatory damages." *Id.* at 19 VIII(A).

Notwithstanding the allegations recited above, Plaintiff has asserted the psychotherapist-patient and/or physician-patient privilege in numerous areas of her discovery responses. *See* Interrogatory Response Nos. 1, 5,-7 and 24;[2] Document Requests Response Nos. 2, 3, 49, 51, 55, 56, 57 and 64. Moreover, Plaintiff curiously responds that "insofar as [she] intends to introduce testimony at trial from a health care provider who has provided her with mental health treatment, [she, in her own discretion] will produce mental health treatment records from that health care provider . . . ."). Resp. to Doc. Req. No. 51 (alterations added). In light of the foregoing, Plaintiff responds that she will not provide Defendants with any form of executed medical authorization *at all*. *See* Resp. to Doc. Req. No. 64.

Unless Plaintiff confirms, in writing, that she has abandoned pursuit at trial to recover for any form of compensatory damages relating to emotional distress, humiliation, anxiety, reputational harm, mental anguish or anything else of a non-economic nature, it is the Defendants' position that Plaintiff has waived both the physician-patient and psychotherapist-patient privileges, and consequently, they are entitled to review all relevant medical records. The source of her distress and related injuries are specifically relevant, and will be necessary for review by Defendants' expert to refute her damages claims. Plaintiff is not entitled to limit these responses to documents that only support her claims or that she intends to produce through an expert at trial. Further, to revisit a topic we addressed long ago, it is also the Defendants' position that they are entitled to obtain their own copies of such records, after Plaintiff provides them with an appropriately-executed HIPAA-compliant authorization. *See, e.g.*, *In Re Sims*, 534 F.3d 117, 134 (2d Cir. 2008) ("a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege"); *Gill v. Gilder*, 1997 WL 419983, at *3 (S.D.N.Y. 1997) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit."); *Tota v. Bentley*, 2008 WL 3540375, at *5 (W.D.N.Y. 2008) ("'A party should seek medical records directly from the health care provider . . . .'") (quoting 7-34 *Moore's Federal Practice-Civil* § 34.14 (2008)).

*Incomplete/Inadequate Responses or Inability to Determine if Responsive Information/Documents Have Been Withheld*

Defendants request that Plaintiff specify the "family members" referred to in her response to Interrogatory No. 11, identify all female assistants omitted from the response to Interrogatory No. 15 and indicate whether Mr. De Niro ever referred to any male employee, in whole or in part, as being part of "the girls," as referred to in response to Interrogatory No. 12.

---

[2] In light of the limitations imposed expressly on parties' use of interrogatories under the Local Civil Rules, Defendants do not understand how the disclosure of someone's identity could invade *any* privilege.

Alexandra Harwin, Esq.
April 20, 2020
Page 5

     Please notify us, in writing, if Plaintiff intends to withhold production of any documents, including, but not limited to, "e-mails and text messages with Defendants and their employees concerning Plaintiff's job duties," following application of agreed-upon search terms, as referred to in response to Nos. 3-5.  Similarly, please confirm whether Plaintiff intends to withhold any non-privileged documents in response to Document Request No. 40.

     It is the Defendants' position that Plaintiff's response to Document Request No. 45 is incomplete.  Specifically, to the extent Plaintiff has possession, custody or control over non-privileged documents relating to her allegation that Canal's commencement of the state-court action was intended to inhibit Plaintiff from pursuing claims, they should be produced.

     Defendants request Plaintiff to clarify whether her use of the word "reflecting" in her responses to certain Document Requests also includes "concerning, relating to, referring to, describing, evidencing or constituting," as specifically requested in each demand, and as defined in Local Civil Rule 26.3 of the Local Civil Rules for the Southern and Eastern Districts of New York, as opposed to merely "depicting" the identified alleged conduct/behavior.  It is Defendants' contention that any such self-imposed limitation is improper.  Please also confirm that the responsive documents Plaintiff has indicated she will produce, if any, include, but are not limited to, communications Plaintiff had with anyone concerning these alleged actions, not just Mr. De Niro, as applicable, regarding such topics (Nos. 17, 22, 24 and 35-36).

     Nos. 50 and 53 seek documents relevant to the claims and defenses in this action, and Defendants cannot discern any legitimate basis for Plaintiff's refusal to provide responsive documents.

*****

Thank you for your attention to the above.

Sincerely,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Hillary J. Raimondi*

Hillary J. Raimondi