# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GRAHAM CHASE ROBINSON,**<br><br>      **PLAINTIFF,**<br><br>                              -- against --<br><br>**ROBERT DE NIRO AND CANAL PRODUCTIONS, INC.,**<br><br>      **DEFENDANTS.** | Case No. 1:19-cv-09156 (LJL) (KHP) |

**PLAINTIFF'S AMENDED RULE 26(A)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff hereby provides the following Amended Initial Disclosures in connection with the above-referenced matter.

**RESERVATION OF RIGHTS**

1.     Plaintiff reserves all rights to supplement, modify, amend, and/or correct these Initial Disclosures at any time. Without limiting the generality of the foregoing, Plaintiff reserves the right to call any witness or produce, present, or rely upon any document, item, or information not listed here but identified by any party through discovery or investigation during this action.

2.     These Initial Disclosures are made based upon information reasonably available to Plaintiff at this time and without prejudice to and without waiver of her right to produce, present, or rely upon any witness, document, item, or information that is subsequently discovered or recollected, subsequently determined to be relevant, or subsequently determined to have been omitted from these Initial Disclosures.

3.     Plaintiff makes no representations or concessions and waives no objections regarding the knowledge or competence of any individual identified below and expressly reserves

the right to object on any appropriate grounds (including but not limited to relevance, burden, and competence) to the deposition or the particular testimony of any individual.

4. Plaintiff makes no representations or concessions and waives no objections regarding the relevance or admissibility of any particular information or document and reserves the right to object on any appropriate grounds (including but not limited to relevance, overbreadth, burden, attorney-client privilege, and attorney work product protection).

5. Plaintiff reserves all appropriate objections to the use, for any purpose, of these Initial Disclosures or any of the information and documents referenced herein.

**A.** **List of Individuals Likely to Have Knowledge of Discoverable Information That Plaintiff May Use to Support Her Claims**

Rule 26(a)(1)(A)(i) provides for the parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Subject to her Reservation of Rights, Plaintiff hereby discloses the following list.

| NAME | DESCRIPTION |
|---|---|
| Plaintiff Graham Chase Robinson | Plaintiff has knowledge of, *inter alia*, Plaintiff's work (including her job duties, hours, and work performance); Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; Plaintiff's damages as a result of Defendants' unlawful conduct; and Defendants' pertinent policies, practices, and procedures. |
| Defendant Robert De Niro | Mr. De Niro is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |
| Morgan Billington | Ms. Billington is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |

| **NAME** | **DESCRIPTION** |
|---|---|
| Mark Bosswick | Mr. Bosswick is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |
| Amelia Brain | Ms. Brain is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; and Defendants' pertinent policies, practices, and procedures. |
| Robin Chambers | Ms. Chambers is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; Plaintiff's damages as a result of Defendants' unlawful conduct; and Defendants' pertinent policies, practices, and procedures. |
| Tiffany Chen | Ms. Chen is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; and Plaintiff's protected activity and Defendants' retaliation against Plaintiff. |
| Laurent Drogin | Mr. Drogin is believed to have knowledge of, *inter alia*, Plaintiff's protected activity and Defendants' retaliation against Plaintiff. |
| Dan Harvey | Mr. Harvey is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; and Defendants' pertinent policies, practices, and procedures. |
| Thomas Harvey | Mr. Harvey is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |
| Grace Hightower De Niro | Ms. Hightower De Niro is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; and Defendants' pertinent policies, practices, and procedures. |
| John Humphreys | Mr. Humphreys is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; and Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Dr. Jackie Jones | Dr. Jones is believed to have knowledge of, *inter alia*, Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Michael Kaplan | Mr. Kaplan is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |
| Dr. Alana Levine | Dr. Levine is believed to have knowledge of, *inter alia*, Plaintiff's damages as a result of Defendants' unlawful conduct. |

| **NAME** | **DESCRIPTION** |
|---|---|
| Dr. Kathleen Rein | Dr. Rein is believed to have knowledge of, inter alia, Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Andrea Robinson | Ms. Robinson is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Defendants' retaliation against Plaintiff; and Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Don Robinson | Mr. Robinson is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Defendants' retaliation against Plaintiff; and Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Gillian Spear | Ms. Spear is believed to have knowledge of, inter alia, Plaintiff's work; Defendants' discrimination; Defendants' retaliation against Plaintiff; and Defendants' pertinent policies, practices, and procedures. |
| Michael Tasch | Mr. Tasch is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Plaintiff's protected activity and Defendants' retaliation against Plaintiff; Defendants' failure to pay overtime compensation; and Defendants' pertinent policies, practices, and procedures. |
| Sabrina Weeks-Brittan | Ms. Weeks-Brittan is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Defendants' retaliation against Plaintiff; and Defendants' pertinent policies, practices, and procedures. |
| Dr. Jessica Weiser-McCarthy | Dr. Weiser-McCarthy is believed to have knowledge of, *inter alia*, Plaintiff's damages as a result of Defendants' unlawful conduct. |
| Louisa (Lulu) White | Ms. White is believed to have knowledge of, *inter alia*, Plaintiff's work; Defendants' discrimination; Defendants' retaliation against Plaintiff; and Defendants' pertinent policies, practices, and procedures. |

Plaintiff, Mr. Humphreys, Ms. Andrea Robinsion, Mr. Robinson, and the physicians listed may be reached through undersigned counsel; Defendants are believed to have contact information for the other individuals listed above. Further, Plaintiff incorporates all witnesses to be identified in Defendants' Rule 26(a)(1) disclosures.

**B.**   **Descriptions by Category and Location of Documents, Electronically Stored Information, and Tangible Things That Plaintiff May Use to Support Her Claims**

Rule 26(a)(1)(A)(ii) provides for the parties to disclose or produce "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to

support its claims or defenses, unless the use would be solely for impeachment." Subject to her Reservation of Rights, Plaintiff hereby discloses the following list. The terms "document" and "concerning" as used herein have the meaning set forth in Local Civil Rule 26.3(c).

| **DESCRIPTION BY CATEGORY** |
| --- |
| Documents concerning Plaintiff's work, including but not limited to Plaintiff's job duties, working hours, and work performance. |
| Documents concerning the compensation paid to Plaintiff and male employees, including but not limited to salary, benefits, expense reimbursements, and perquisites. |
| Documents concerning Defendant De Niro's interactions with Plaintiff, including communications between Plaintiff and De Niro. |
| Documents concerning Defendants' pertinent policies, practices, and procedures during Plaintiff's employment. |
| Documents concerning complaints that Plaintiff expressed in connection with her employment. |
| Documents concerning Defendants' filing of a lawsuit against Plaintiff and any investigation concerning Plaintiff undertaken by Defendants or anyone acting on their behalf. |
| Documents concerning Plaintiff's damages. |

Documents identified above are located in the possession of Plaintiff and/or her counsel at the offices of Sanford Heisler Sharp, LLP. Further, Plaintiff incorporates all documents to be identified in Defendants' Rule 26(a)(1) disclosures.

**C.    Computation of Damages**

Rule 26(a)(1)(A)(iii) provides for the disclosing party to provide a computation of each category of damages claimed. Subject to her Reservation of Rights, Plaintiff states as follows.

Plaintiff claims the full extent of damages available under New York City Human Rights Law, the New York Labor Law (including the New York Equal Pay Law), and the Fair Labor Standards Act (including the Equal Pay Act). This includes back pay (taking into account all forms of lost compensation and benefits), front pay (taking into account all forms of lost compensation and benefits), payment to cover the additional taxes Plaintiff will incur because of the lump sum nature of a back pay and front pay award, compensatory damages, punitive damages, liquidated

damages, pre-judgment and post-judgment interest, and attorneys' fees and litigation costs. Plaintiff reserves the right to supplement this list with additional damages as her investigation in this action continues.

Plaintiff's damages continue to accrue, and Defendants are in possession of documents necessary to enable Plaintiff to calculate her damages fully. Plaintiff will calculate her damages fully based on information exchanged in discovery and based on any expert analysis obtained.

Back pay will be calculated by determining the difference between the amount Plaintiff would have earned, absent Defendants' unlawful conduct, through the entry of judgment, and the amount she actually earns through the entry of judgment. Front pay will be calculated by determining the difference between the amount Plaintiff would have earned, absent Defendants' unlawful conduct, following the entry of judgment, and the amount she is projected to actually earn following the entry of judgment. The calculation of back pay and front pay will account for all forms of lost compensation and benefits, including salary, bonuses, health care and other insurance benefits, and other perquisites.

The payment necessary to cover additional taxes Plaintiff will incur because of the lump-sum nature of a back pay and front pay award will be calculated based on these damages using the applicable federal, state, and local tax rates at the time of trial.

Plaintiff's liquidated damages will be calculated based on the total amount of back pay awarded to Plaintiff.

Plaintiff seeks compensatory damages in an amount to be determined by the jury. This includes compensation for the significant emotional distress and reputational harm that Plaintiff has suffered as a result of Defendants' unlawful conduct.

Plaintiff seeks punitive damages in an amount to be determined by the jury.

Plaintiff seeks pre-judgment and post-judgment interest using applicable rates determined by applicable law; interest will be calculated based on other damages awarded to Plaintiff.

Pursuant to applicable fee and cost shifting provisions, Plaintiff will seek an award for attorneys' fees and costs after trial. Plaintiff's counsel's lodestar and costs will be detailed in a submission to the Court at such time as the Court directs.

**D.**     **Insurance Agreements**

Rule 26(a)(1)(A)(iv) provides for the parties to make available for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." This is not applicable to Plaintiff.

Dated: December 16, 2021                    By: /s/ Alexandra Harwin

Alexandra Harwin (AH-3111)
Jeremy Heisler (JH-0145)
Kate MacMullin (5693882)
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
aharwin@sanfordheisler.com
jheisler@sanfordheisler.com
kmacmullin@sanfordheisler.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Amended Rule 26(a)(1) Initial Disclosures was served on this 16th day of December, 2021, via electronic mail, with Defendants' consent, upon the following counsel of record:

Hillary Raimondi, Esq.
Gregory R. Bennett, Esq.
Traub, Lieberman, Straus & Shrewsberry LLP
7 Skyline Drive
Hawthorne, NY 10532
hraimondi@tlsslaw.com
gbennett@tlsslaw.com

Laurent S. Drogin, Esq.
Brittany K. Lazzaro, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway
New York NY 10018
ldrogin@tarterkrinsky.com
blazzaro@tarterkrinsky.com

_____
Alexandra Harwin