UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRAHAM CHASE ROBINSON,

                *Plaintiff*,

- against -

ROBERT DE NIRO and
CANAL PRODUCTIONS, INC.,

                *Defendants*.

Case No.: 1:19-cv-09156 (LJL) (KHP)

**DECLARATION OF
DR. KIMBERLY S. RESNICK
IN SUPPORT OF DEFENDANTS'
MOTION TO CONDUCT
MENTAL EXAMINATION**

      Kimberly R. Resnick, M.D., declares pursuant to 28 U.S.C. §1746:

      1.     I am the Chief of Forensic Psychiatry at the Mid-Hudson Forensic Psychiatric Center, an Assistant Professor of Psychiatry at the Columbia University and at Weill Cornell Medical College. Defendants have retained me to serve as an expert witness in the captioned action, and I am providing this Declaration in support of the Defendants' motion seeking to obtain an order from this Court to conduct a mental examination of Plaintiff Graham Chase Robinson, in connection with the claims, defenses and damages the parties have asserted in this action. Annexed as **Exhibit A** is a copy of my curriculum vitae.

      2.     If permitted by the Court, I intend to conduct a standard psychiatric examination that involves an assessment of Plaintiff's past and present mental health, as well as the gathering of information about the Plaintiff's prognosis. The evaluation will be interview-based, but I may perform psychological testing following any such evaluation if I determine it is necessary based on the interview. The interview will involve a standard psychiatric examination, including information-gathering in areas of psychiatric history, personal history (*e.g.*, developmental, familial, academic, social, and occupational functioning), and medical history, including substance use history and history of trauma. I will also conduct a standard forensic psychiatric examination,

including collecting information about the alleged discrimination, harassment and/or retaliation from the perspective of the Plaintiff. I will evaluate for the presence or absence of current psychiatric symptoms and for any potential impact they might be having on major life domains, including social, occupational or other important areas of functioning. All of these components are routine under the circumstances.

3. The proposed examination would be conducted virtually at a mutually agreeable date and time. The assessment would take no longer than eight (8) hours, exclusive of breaks, which is customary for me based on past practice, and in particular, where, as here, I do not know the evaluee, where the available record of medical history is somewhat limited, where it is difficult to predict the nature and complexity of the forensic issues to be addressed, where the claimed manifestations are extensive, and where factors such as individual life history and mental state of the evaluee will be difficult to predict.

4. Based on my past experience, it is my opinion that I will be unable to offer medical opinions as to Plaintiff's past, present or future psychiatric condition, to a reasonable degree of medical certainty, unless I am able to conduct the requested examination, as set forth above. The reason for this is because a direct examination of the Plaintiff is a critical component of my assessment, as it would be in my clinical practice.

5. If I am permitted by the Court to examine the Plaintiff as set forth above, I would be able to complete my report responding to the Plaintiff's psychiatric expert witness' report within twenty five (25) calendar days of the examination.

Dated: April 1, 2022

*K Resnick, MD*
Kimberly R. Resnick, M.D.