# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7037  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

April 8, 2022

**Via ECF Only**

Hon. Katharine H. Parker, U.S.M.J.
U.S. District Courthouse
500 Pearl Street, Room 750
New York, New York 10007

        Re:    *Graham Chase Robinson v. Canal Prods., Inc. et al.*
                 Civil Action No.:  19cv9156 (LJL) (KHP) (the "Action")

Dear Judge Parker:

      Defendants Canal Productions, Inc. ("Canal") and Robert De Niro (collectively, "Defendants") write to request that the Court schedule a pre-motion conference in connection with Plaintiff's persistent refusal to comply with the Court's ESI Order by failing to provide certain metadata accompanying 118 audio files consisting of recordings Plaintiff's secretly made during conversations with her coworkers or to alternatively permit Defendants to formally seek such relief via a motion to compel.[1]

      On April 30, 2020, the Court entered a Stipulation and Order Concerning Production of Electronically Stored Information (ECF #29).  Pursuant to the Order, certain metadata information is to be produced in connection with "all electronic data," including, but not limited to, the date a particular file was created and modified.  *See* ECF #29 at Ex. A, 11-12.

      In the course of discovery, Plaintiff produced 118 audio files.  Nearly the entirety of the audio file production consists of excerpts from recordings Plaintiff surreptitiously created when communicating with her coworkers and various third-parties over the few months preceding her resignation.  The Defendants' e-discovery vendor has reviewed the data accompanying the audio file productions and advised Defendants' counsel of the following:  a load file accompanied the audio file productions; metadata *fields* existed in the load file; the "date created" field, however, is either (i) completely blank, and/or (ii) the information provided indicates that the audio files were *created* after March 15, 2021 (*i.e.*, five months after Plaintiff commenced this action, and just shy of two years following her April 6, 2019 resignation).  In some cases, the descriptive name

---

[1] Defendants' counsel engaged with Plaintiff's counsel in two meet/confer phone calls concerning this topic, the most recent of which was held on March 11, 2022.  In addition, they sent numerous emails in an attempt to resolve this dispute without involving the Court.  Unfortunately, their efforts have been unsuccessful.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com   CALIFORNIA

Katharine H. Parker, U.S.M.J.
April 8, 2022
Page 2

for audio files refer to dates, though it appears Plaintiff personally described these files, as these descriptions do not constitute metadata.[2]

Defendants do not seek much. They simply wish to obtain the dates and times Plaintiff secretly recorded her coworkers and other third-parties, files which she herself has produced in discovery. To that end, Defendants served a Second Set of Interrogatories, asking Plaintiff to identify the requested information, on January 7, 2022. *See* Defs. Sec. Set of Interrogatories (attached as Exhibit A). Plaintiff's counsel objected to every single one of the Interrogatories, without providing any responsive information (*see* Ex. B). In fact, Plaintiff incredulously objected to one of the Interrogatories because "the demand for identification of the date and time of each audio and/or voice recording that Plaintiff has produced in this action is unduly burdensome and disproportionate to the needs of this case." No. 1.[3]

Following receipt of the Plaintiff's responses to the Second Set of Interrogatories, Defendants' counsel attempted to obtain the metadata information through the meet and confer process. Unfortunately, despite two phone calls and numerous emails requesting the information, Plaintiff's counsel refuses to resolve the dispute. *See* Emails (attached collectively as Exhibit C).

As this Court is aware, the parties are engaged in expert-related discovery and substantive motion practice. While they had hoped not to burden the Court with this dispute, Defendants respectfully submit that this critical information should have been produced long ago, and that they will be severely prejudiced at trial if they do not obtain the information relating to these recordings.[4]

For the above reasons, Defendants request that the Court enter the relief set forth at the outset of this letter.

Respectfully submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Gregory R. Bennett*
Gregory R. Bennett


cc: All Counsel (via ECF only)

---

[2] There are other abnormalities that exist in the load file, not mentioned here.
[3] Plaintiff also objected to certain of the Interrogatories on the ground that "the information sought in this Interrogatory has no relevance to the claims and defenses in this case, *especially since the deadline for completing ESI discovery has passed*." No. 5 (emphasis added). This is remarkably ironic, for Plaintiff's counsel has *repeatedly* sought additional document production from Defendants' counsel, as recently as April 6, 2022, as well as today (*see* Ex. D).
[4] Defendants have engaged in reasonable diligence to obtain the requested information in light of the flurry of activity in this matter, which can be seen not only from the numerous docket filings but also in light of the parties' recent completion of *five* fact witness depositions between March 9, 2022 and April 7, 2022.