

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com           New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

April 11, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      Pursuant to Local Rule 37.2, Plaintiff writes to seek a pre-motion conference concerning the continued deposition of Defendant Robert De Niro. For the reasons set forth below, Plaintiff requests that this Court order Mr. De Niro to sit for an additional 4 hours of deposition questioning on the record pursuant to Fed. R. Civ. P. 30(d)(1) and order Mr. De Niro under Fed. R. Civ. P. 37(a)(3)(B)(i) to answer the questions which Canal's counsel improperly directed him not to answer, as well as the questions that Mr. De Niro, on his own, simply refused to answer. Mr. De Niro's deposition transcripts are presented for the Court's review as Exhibits A and B.

      By way of background, Mr. De Niro requested to have his deposition take place over the 2 days of April 4 and 5, 2022, between 10 a.m. and 2:30 p.m. on each day. Because Mr. De Niro offered no other availability, and as an accommodation to him, Plaintiff agreed to depose Mr. De Niro during those times. During that limited window, however, Plaintiff was ultimately only able to question Mr. De Niro for 6 hours and 22 minutes on the record, leaving 38 minutes for which Plaintiff remains entitled to question Mr. De Niro pursuant to Fed. R. Civ. P. 30(d)(1).

      When Mr. De Niro's deposition was held, Mr. De Niro and Canal's counsel repeatedly obstructed and impeded the deposition. Mr. De Niro was belligerent, erupted in angry outbursts, attempted to challenge and argue with Plaintiff's counsel, and provided evasive and nonresponsive answers to many of the questions posed. Meanwhile, Canal's counsel made improper speaking objections and injected inappropriate commentary during the deposition. Critically, Mr. De Niro repeatedly refused to, and Canal's counsel repeatedly directed him not to, answer numerous questions without appropriate grounds – preventing Plaintiff from obtaining answers to multiple questions and cutting off lines of follow-up inquiry. Finally, Mr. De Niro and his counsel ended the deposition before being questioned for seven (7) hours on the record.

      Plaintiff's counsel met and conferred with Defendants' counsel telephonically on April 8

and 11, 2022, to try to resolve this issue. Defendants consent to Plaintiff deposing Mr. De Niro for 1 additional hour and said they would consider 2 hours (each inclusive of the remaining 38 minutes), but otherwise Defendants do not consent to the relief requested herein.

### **This Court Should Grant Additional Time for Mr. De Niro's Deposition**

Pursuant to Fed. R. Civ. P. 30(d)(1), a court must allow additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Courts routinely grant additional time where, as here, it is needed to fairly examine a key witness in the case. *See e.g.*, *Arista Recs. LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *1-3 (S.D.N.Y. Apr. 16, 2008) (granting plaintiff 4 additional hours to depose defendant where defendant had already provided 14 hours of testimony, noting that the defendant was a significant witness in the case); *Rahman v. The Smith & Wollensky Rest. Grp., Inc*., 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009) (granting defendants 4.5 additional hours to depose plaintiff). Here, there is good cause for 4 more hours of deposition (including the 38 minutes Plaintiff is entitled to).

First, this is a complex case involving a plethora of disputed facts spanning over a decade. Plaintiff's affirmative claims, and Defendants' defenses, center on 7 causes of action brought under the New York City Human Rights Law, the New York Labor Law, and the Fair Labor Standards Act, involving allegations of gender discrimination (including constructive discharge), retaliation, and wage and hour violations. Dkt. No. 1. Meanwhile, Defendants have asserted 4 counterclaims against Plaintiff for breach of fiduciary duty, breach of the duty of loyalty, conversion, and fraud, concerning numerous categories of purported transactions over multiple years. Dkt. No. 73.

Second, Mr. De Niro's testimony is of critical importance. Plaintiff worked directly for him for over 11 years. Most of this case hinges on Plaintiff and Mr. De Niro's interactions and conversations over the years, including those in which Mr. De Niro approved expenses that Defendants have now accused Plaintiff of improperly charging. Mr. De Niro's testimony is especially important because Canal's Rule 30(b)(6) witnesses were unable to answer a multitude of questions at their depositions. Plaintiff conducted Mr. De Niro's deposition efficiently, but multiple areas of inquiry remain open. Among these, Plaintiff was not able to commence or complete questioning concerning Canal's fraud claim, Mr. De Niro's communications with the Manhattan District Attorney's Office, Mr. De Niro's communications with the media concerning this litigation, Canal's more favorable treatment of employees who did not engage in protected activity, the financial oversight provided by Canal's accountants, and Plaintiff's pay comparator.

Third, Canal's counsel's conduct during the deposition warrants additional deposition time. Canal's counsel repeatedly injected inappropriate commentary and speaking objections (e.g., ███ ███████████████ Ex. A at 146:18; ███████████ ████████████████ Ex. B. at 385:4–6; ███████ ██████████ *Id.* at 438:1-2; *see also id.* at 290:6–291:1, 356:2–4, 379:4–10, 431:9–13).

Fourth, Mr. De Niro's conduct during the deposition warrants additional deposition time. During his deposition, Mr. De Niro engaged in lengthy outbursts which interrupted the questioning. Further, Mr. De Niro repeatedly challenged Plaintiff's counsel concerning the

questions posed. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. A at 65:22–66:2; ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 144:22–23). Finally, Mr. De Niro attacked and interrogated Plaintiff's counsel in personal terms. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 148:9–10; ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 152:22–24; ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 63:22-23.).

In these circumstances, additional time to depose Mr. De Niro is warranted. *See Sicav v. Wang*, 2014 WL 2624753, at *3 (S.D.N.Y. June 12, 2014) (granting request to continue deposition for 7 additional hours where the witness's preparation at his original deposition amounted to stonewalling rather than substantive discussion); *Calderon v. Symeon*, 2007 WL 735773, at *2 (D. Conn. Feb. 2, 2007) (granting request to continue deposition for 5 additional hours where the party deponent failed to cooperate and stonewalled).

Accordingly, the Court should grant Plaintiff 4 additional hours to complete Mr. De Niro's deposition (including the remaining 38 minutes to which Plaintiff is entitled). This is substantially less than the 5 hours of additional deposition time that the Court afforded to Defendants to depose Plaintiff (*see* Dkt. No. 151), even though in Ms. Robinson's deposition there was no evidence of the belligerence or willful refusal to answer questions that characterized Mr. De Niro's deposition.

### **Mr. De Niro Should be Compelled to Answer the Questions at Issue**

During his deposition, Mr. De Niro improperly refused to answer, and Canal's counsel improperly instructed him not to answer, numerous questions, including questions about Mr. De Niro's gendered treatment of Ms. Robinson (Ex. A at 142:13–144:3, 144:18–23), his use of gendered expletives to refer to women (*id.* at 132:12–14), his displays of aggression (*id.* at 33:24–34:14, 35:9-14, 35:19-25), his financial status, which bears on punitive damages (*id.* at 228:12–15, 236:2–10, 242:17–243:19), and his drinking, which bears on his credibility (*id.* at 65:13–66:2, 67:6–18, 69:10–15, 72:17–73:5); *see also id.* at 54:22–55:4, 56:10–17, 60:21–25, 61:12–22. Counsel also concluded the second day of Mr. De Niro's deposition in the middle of a line of questioning about the job responsibilities of Plaintiff's pay comparator. *See* Ex. B. at 437:7–438:9.

Under Fed. R. Civ. P. 30(c)(2), "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of these grounds existed to instruct Mr. De Niro not to answer the questions at issue. Accordingly, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i), Mr. De Niro should be compelled the answer all questions to which counsel lacked a proper basis to instruct him not to answer under Fed. R. Civ. P. 30(c)(2). *See City of Almaty, Kazakhstan v. Ablyazov,* 2017 WL 9771809, at *3 (S.D.N.Y. July 28, 2017) (Parker, M.J.).

\*   \*   \*

Accordingly, Mr. De Niro should sit for an additional 4 hours of questioning on the record and answer those questions that were improperly blocked by Mr. De Niro and Canal's counsel.

Hon. Katharine H. Parker
April 11, 2022
Page 4 of 4

                                                      Respectfully submitted,

                                                      Alexandra Harwin