

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com          New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

April 13, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

   Defendants' letter motion at Dkt. No. 199 is profoundly misleading, falsely suggesting that Plaintiff is willfully refusing to provide metadata in her possession. To the contrary, Plaintiff has acted diligently in trying to provide the metadata that Defendants seek and anticipates making a supplemental production of metadata to Defendants in short order.  Accordingly, Defendants' letter motion should be denied as moot.

   By way of background information, Defendants' letter motion concerns audio files that Plaintiff produced to Defendants nearly a year ago on May 27, 2021.  That production contained the required metadata for these files that Plaintiff's ESI vendor identified at that time.[1]  Defendants did not present a concern to Plaintiff about the metadata until nearly nine (9) months later.  At that time, Plaintiff's counsel carefully reviewed the production and consulted with Plaintiff's ESI vendor concerning the metadata associated with the audio files.[2]

   During a meet and confer with Defendants' counsel on March 11, 2022, Plaintiff's counsel offered to further follow up with its ESI vendor to ascertain whether any additional metadata could be obtained.  After close examination, the ESI vendor determined that a software issue had unintentionally impacted the timestamp metadata that had been originally extracted and produced. Plaintiff's ESI vendor is working to rectify this issue and anticipates being able to make a supplemental production this month of metadata requested by Defendants.

---

[1] The discussion of metadata contained herein is based on information supplied to Plaintiff's counsel by Plaintiff's ESI vendor based on the ESI vendor's investigation to date.

[2] Defendants' letter motion mentions Defendants' Second Set of Interrogatories. These interrogatories were plainly improper, as Defendants had already served a full twenty-five (25) interrogatories in their First Set of Interrogatories. *See* Fed. R. Civ. P. 33(a)(1) (limiting the number of interrogatories to 25).  Accordingly, Plaintiff timely interposed objections to Defendants' Second Set of Interrogatories.

Hon. Katharine H. Parker
April 13, 2022
Page 2 of 2

Ultimately, Defendants jumped the gun in filing their letter motion. Plaintiff's counsel has diligently (and repeatedly) followed up with its ESI vendor, and Plaintiff's counsel has offered to set up a call with Defendants' counsel to further discuss these ESI issues. But Defendants' counsel declined to speak to Plaintiff's counsel and instead filed their letter motion without engaging in any further substantive communications with Plaintiff on this issue.

In light of Plaintiff's diligent efforts and forthcoming supplemental production, Plaintiff respectfully requests that this Court deny Defendants' letter motion as moot.

Respectfully submitted,

Alexandra Harwin