USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                       Plaintiff,                       19-CV-9156 (LJL) (KHP)

              -against-

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,          <u>OPINION</u>

                       Defendants.
----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**

      Defendants Canal Productions, Inc. ("Canal") and Robert De Niro have moved pursuant to Federal Rule of Civil Procedure 35 ("Rule 35") to conduct a mental examination of Plaintiff. (ECF Nos. 188-91.) Plaintiff opposes Defendant's request and resists having to submit to an examination by the expert psychiatric witness retained by Defendants. (ECF No. 207-08.) For the reasons set forth below, Defendants' motion is granted subject to one modification.

      The Court assumes familiarity with the facts and thus does not elaborate on the full factual assertions in this action.[1] Relevant to the present motion, Plaintiff's Complaint seeks $12 million in damages based on the "humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish and other . . . non-economic damages" she claims to have suffered and continues to suffer to date as a result of the lawsuit commenced against her in August 2019, which resulted in "devastating" Plaintiff's career and reputation. Compl. ¶¶ 11, 58, 70, 96, 104. Defendants assert that since January 30, 2020 – the initial case management conference in this case – Plaintiff indicated that psychological experts may be

---

[1] For a full recitation of the facts, *see Opinion regarding Defendant's Motion for Leave to File Amended Answer and to include Counterclaims* at ECF No. 72.

used in this litigation and later amended her initial disclosures to identify four medical doctors as potential witness regarding her emotional harm. Additionally, on January 21, 2022, Plaintiff disclosed three experts, including a psychiatric expert witness – Dr. Goldstein – who examined her and later served a 38-page report on February 18, 2022, setting forth an opinion about her mental state and its causes.

Defendants maintain they are entitled to conduct a mental examination pursuant to Federal Rule of Civil Procedure 35 because Plaintiff put her mental condition "in controversy" when she alleged that she has suffered and will continue to suffer harm. To conduct the examination, Defendants have retained psychiatric expert witness, Dr. Kimberly S. Resnick. Dr. Resnick requires an examination to render an expert opinion. She proposes to conduct the exam via video at a mutually agreeable date and time and states it will take no longer than eight hours. She also proposes to record the exam. (Resnick Decl., at ¶ 3.) The scope of the examination would be interview-based, but would also involve Dr. Resnick conducting a psychiatric examination that involves an assessment of Plaintiff's past and present mental health, as well as the gathering of information about the Plaintiff's prognosis and information about the alleged discrimination, harassment and/or retaliation. (Resnick Decl., at ¶ 2.)

Plaintiff does not dispute that she has placed her mental condition in controversy. However, she opposes being subjected to an exam on the grounds that the motion for the exam is untimely, there is no good cause for the examination, the proposed expert is inexperienced, and allowing an examination in employment cases poses a burden. She also objects to being subject to more than a two-hour exam and to the exam being recorded.

## **LEGAL STANDARD**

Rule 35 provides that upon a showing of good cause, a court may order a party to submit to a mental examination when "the mental . . . condition . . . of a party . . . is in controversy." Fed. R. Civ. P. 35(a)(1).  The good cause standard indicates that there must be a "greater showing of need under Rule[ ] . . . 35 than under the other discovery rules." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (*internal citations omitted* ).  The standard requires more than "mere conclusory allegations of the pleadings" or "mere relevance to the case," but "does not . . . mean that the movant must prove his case on the merits in order to meet the requirements for a mental . . . examination." *Id.* at 118–19.  Rather, the moving party must make "an affirmative showing" that the plaintiff's mental condition is in controversy, and that showing must be supported by sufficient information to allow the Court to determine that good cause exists.  *Id.* at 119–20.  However, if a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, plaintiff's mental condition is clearly in controversy and good cause is established under Rule 35(a).  *Id.* at 119; *see also Guzman v. News Corp.*, 2012 WL 2148166, at *1 (S.D.N.Y. June 13, 2012); *Bender v. del Valle*, 2007 WL 528694, at *2 (S.D.N.Y. Feb 20, 2007); *Hodges v. Sullivan,* 145 F.R.D. 332, 334 (S.D.N.Y. 1993).

## **ANALYSIS**

Plaintiff cites to a plethora of non-controlling authorities to argue that a compelled examination is unnecessary given the extensive medical records produced in this case.  Plaintiff's argument is unavailing.  Defendants' expert has stated she needs to conduct an examination in order to form an opinion—mere review of Plaintiff's records is insufficient.  The Court is not in a position to question this proposed expert's process—and there is nothing

unusual about a medical expert conducting an exam before forming an opinion. Plaintiff has put her mental condition at issue. Plaintiff alleges harms, including but not limited to "humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish and other . . . non-economic damages." Compl. ¶ 104. This, together with Dr. Resnick's requirements for forming an opinion, provides good cause for the conduct of the exam. *Id.*; *see also Guzman v. News Corp.*, 2012 WL 2148166, at *1 (S.D.N.Y. June 13, 2012).

To the extent Plaintiff argues that Defendants' motion is procedurally defective because it was filed prior to meeting and conferring on the conduct of the exam or that it is untimely, their arguments are unavailing. Plaintiff first identified her experts on January 21, 2022. Then, on February 18, 2022, Plaintiff served a 38-page expert report from her expert -- Dr. Robert Lloyd Goldstein – issued after his own examination of Plaintiff that occurred on January 25, 2022. (*See* Bennett Decl., Exs. C, D, E.) Four business days later, Defendants sought a two-week extension from the Court relating to their disclosure of rebuttal experts and service of expert reports, which the Court granted. (*See* ECF Nos. 168, 169.) Thereafter, Defendants sought dates for Plaintiff to meet with Defendants' psychiatric expert witness, but Plaintiff offered no dates for Plaintiff to be examined. (*See* Bennett Decl., Ex. G, Email, dated March 10, 2022.) Defendants maintain that on three separate occasions – between March 10-12 – they followed-up, seeking a date for Plaintiff's examination, but their requests went unanswered. (ECF No. 189 at p. 4.) The deadline to complete expert discovery is not until April 30, 2022. Nothing about Defendants' conduct supports a conclusion that Defendants failed to meet and confer or delayed in seeking an examination.

Lastly, Plaintiff raises a number of arguments regarding the actual examination, including: that Defendants proposed examiner, Dr. Resnick, is not suitably qualified to perform the proposed examination; that Defendants failed to specify the scope of the proposed examination; that it should not be videorecorded; and that the examination should be limited to two hours. All of these arguments, save one, are without merit. First, Plaintiff argues that Dr. Resnick is inexperienced because she has switched fields multiple times, only completed her training less than four years ago, and she has never served as an expert before. Plaintiff cites to no case law to support her position. The Court's review of Dr. Resnick's curriculum vitae suggests that she is qualified to conduct the examination. (*See* ECF No. 191-1.) Any *Daubert* arguments are premature at this point.

Second, Plaintiff argues that Defendants have not detailed what the proposed examination would investigate and thus it should be denied on that ground, citing to a number of out of circuit cases and one SDNY case *Hirscheimer v. Assoc. Metals & Mins. Corp.*, 1995 WL 736901, at *4 (S.D.N.Y. Dec. 12, 1995). It is not correct that Dr. Resnick has not articulated what she would examine. She will conduct standard psychological tests and question Plaintiff on emotional stressors in her life, including the impact of her employment, to form an opinion about whether the work environment contributed to her emotional distress and the extent of the distress. There is nothing mysterious here. Further, the one case from this District on which Plaintiff relies is distinguishable from the instant action. In *Hirscheimer*, the court found that the movant had not identified which tests would be administered and the Court found that the plaintiff was entitled as a matter of process to understand the tests that would be

conducted and have an opportunity to seek an order precluding tests that may be irrelevant.

Here, Dr. Resnick's declaration is clear that the interview will involve:

> a standard psychiatric examination, including information-gathering in areas of psychiatric history, personal history (e.g. developmental, familiar, academic, social, and occupational functioning), and medical history, including substance use history and history of trauma. I will also conduct a standard forensic psychiatric examination, including collecting information about the alleged discrimination, harassment and/or retaliation from the perspective of the Plaintiff. I will evaluate for the presence or absence of current psychiatric symptoms and for any potential impact they might be having on major life domains, including social, occupational or other important areas of functioning.

(Resnick Decl. ECF No. 191.) Dr. Resnick is not requiring Plaintiff to undergo unidentified testing. Rather, Dr. Resnick's components appear to be routine under the circumstances and are reasonably necessary to form an opinion about the condition at issue. *See Rance v. Jefferson Vill. Condo. No. 5,* 2019 WL 12373336, at *5 (S.D.N.Y. Sept. 23, 2019) (Denying Plaintiff's request to limit the scope of Dr. Siegert's questioning because the Court cannot determine what is necessary for an independent expert to analyze their claims.); *Gade v. State Farm Mut. Auto. Ins. Co.,* 2015 WL 12964613, at *4 (D. Vt. Jan. 2, 2015) (During Rule 35 examinations, a physician must be allowed to ask the examinee questions that are reasonably necessary to form an opinion about the condition at issue.)

Plaintiff also seeks to limit the total time of the examination to two hours. Courts generally do not limit the amount of time an examining psychologist will have to conduct the examination. *Gade*, 2015 WL 12964613 at *4. Moreover, Plaintiff has not proffered any reason to limit the duration of the examination, other than the fact that she already sat for two depositions. But, the questions posed by Defendants' counsel during deposition are

undoubtedly different from those that will assess Plaintiff's mental conditions.  In light of Plaintiff's repeated allegations of emotional distress in her complaint and her allegations in her deposition and amended disclosures in which she asserts that she is continuing to suffer emotional harm, and in light of Dr. Resnick's professional estimate that up to eight hours may be needed to conduct an exam, the Court finds no reason to limit the time to two hours.  Accordingly, Plaintiffs' request to limit the examination to two hours is denied.  *See Rance,* 2019 WL 12373336, at *5 (S.D.N.Y. Sept. 23, 2019) (Denying Plaintiff's request to limit the total time of the examination because Plaintiff did not proffer any reason to limit the duration of the examination.); *Gavenda v. Orleans County*, 174 F.R.D. 272, 274 (W.D.N.Y. 1996) (where the court declined to impose a time limitation on a Rule 35 examination where the plaintiff failed to articulate a basis for such a limit.).

Finally, Plaintiff argues that videorecording is improper and unnecessary and cites to a number of out of circuit decisions to argue that special circumstances have not been shown to permit videorecording.  Rule 35 does not address whether a recording device may be present at a mental or physical examination conducted under the Rule.  *See* Fed. R. Civ. P. 35(a).  However, "[c]ourts have generally permitted the . . . recording of examinations only where they have held that there is a right to have an attorney present at the examination, or where special circumstances have been shown." *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006) (citations & internal quotations omitted).  This is because "a recording device, like an observer, could constitute a distraction during the examination and work to diminish the accuracy of the process."  *Id*. (citation and internal quotations omitted).  Thus, while videotaping is a less intrusive measure than permitting a third party to be present, the

presence of a video recorder "would still impede one-on-one communication between the patient and the psychologist and tend to undermine the psychologist's [evaluation] technique." *Id.*; *see also Hirscheimer*, 1995 WL 7369091, at *4 (disallowing taping of psychological examination). Because "the success of a given psychiatric exam relies on an unimpeded conversation between physician and patient," *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26 (D. Conn. 1994)(citations omitted), which cannot be assured if a recording device is present, and because Defendant has not shown that good cause exists to justify the presence of such device, or that special circumstances exist that differentiate this case from others in which Rule 35 examinations are sought, *Favale*, 235 F.R.D. at 557, plaintiff's examination shall not be videotaped.

In sum, Plaintiff has put her mental condition in controversy by alleging psychiatric injuries caused by Defendants. *See, e.g.*, Compl. ¶ 11, 58, 70, 96, 104. Accordingly, a Rule 35 examination is appropriate.

## CONCLUSION

For the reasons articulated, Defendants' request to conduct an independent medical examination pursuant to Rule 35 is **GRANTED,** but it shall not be videotaped.

DATED:   April 25, 2022
         New York, New York

                                          SO ORDERED,

                                          *Katharine H. Parker*