

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com       New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

April 29, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

    As part of her briefing in opposition to Defendants' Motion for Sanctions (Dkt. No. 195), Plaintiff seeks leave to file publicly various exhibits with limited, narrowly-tailored redactions to phone numbers, email addresses, addresses, and sensitive health-related information. In addition, Defendants seek some additional redactions. Thus, Plaintiff hereby submits this letter in accordance with Section III of this Court's Individual Practices in Civil Cases setting forth the parties' respective positions. Simultaneously, Plaintiff is filing under seal the exhibits for which redactions are sought; the highlights in yellow show redactions to which all parties consent, and the highlights in green show redactions sought by Defendants to which Plaintiff does not consent.

    *Plaintiff's Position:*

    The exhibits that Plaintiff seeks to submit are documents that in various places contain the phone numbers, email addresses, and addresses of both parties and non-parties to this litigation, as well as information concerning Mr. De Niro's medical providers and medical care, information concerning his family members, and sensitive information concerning non-parties.

    As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records."). Here, the relevant considerations warrant these redactions. The public does not need to see phone numbers, email addresses, addresses, names of medical providers, or personal health information to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions will prevent the documents from becoming "a vehicle for improper

Hon. Katharine H. Parker
April 29, 2022
Page 2 of 2

purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (permitting sealing only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). If such information were publicly disclosed, it may leave individuals susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

There is no legally cognizable justification, however, for the additional redactions sought by Defendants (which are reflected in green highlighting). In Exhibit 8, Defendants merely seek to redact information that they consider unfavorable to them, which is not a proper basis for redactions. In Exhibits 17 and 19, there is nothing discernably confidential about the information Defendants seek to redact. There is no improper purpose for the public filing of this information. Moreover, contrary to this Court's Individual Practices III(d), Defendants present no substantive discussion of the Second Circuit's opinions in *Lugosch* and *Bernstein*.

Accordingly, Plaintiff respectfully requests that the Court authorize the public filing of these exhibits with the narrowly-tailored redactions presented to the Court in yellow highlights, but not the additional redactions sought by Defendants in green highlights.

*Defendants' Position:*

Defendants reiterate the position they have taken in response to Plaintiff's previous attempts to file documents on the public docket that contain information which is (i) unnecessarily invasive and/or solely intended to harass or embarrass Mr. De Niro and/or his family members or acquaintances, and (ii) utterly immaterial and irrelevant to the legal issues the Court is being asked to adjudicate. *See, e.g.*, ECF# 100.

\*     \*     \*

The parties appreciate the Court's consideration of this matter.

Respectfully submitted,

Alexandra Harwin