

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com                New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

June 1, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

    This firm represents Plaintiff Graham Chase Robinson. This joint status letter is submitted on behalf of all parties as directed in the Court's order of May 19, 2022 (Dkt. No. 227) and provides an update on various issues discussed during the last Court conference of May 18, 2022.

## Update Concerning Expert Discovery

Joint Position:   Plaintiff commenced the deposition of Defendants' vocational expert Michael Shahnasarian on May 26, 2022, but the deponent experienced major technical difficulties connecting to the remote deposition that resulted in him repeatedly disappearing from the remote deposition in the middle of counsel's questions and his own answers. The parties agreed to suspend and reschedule the deposition in light of the deponent's technical problems. Since the May 18, 2022 Court conference, Defendants have obtained medical records from two of Plaintiff's medical providers, and Defendants' counsel have produced those records to Plaintiff's counsel. Defendants are still waiting to receive medical records from five of Plaintiff's treatment providers. In light of the foregoing, the parties will meet and confer about whether to adjourn the deadline for Defendants' psychiatric expert to serve her report for a brief period of time and will communicate to schedule the depositions of the psychiatric experts in the case.

## Narrowing of Canal's Claims and Continuation of Rule 30(b)(6) Depositions

Plaintiff's Position:   Since the last Court conference, Defendants have not made progress to resolve Canal's deficient Rule 30(b)(6) testimony and have not narrowed the claims requiring further Rule 30(b)(6) testimony. At the last Court conference, Defendants represented that they were considering abandoning various allegations, such as those related to flowers, a Louis Vuitton handbag, and vacation days. Dkt. No. 232 at 14:14-16, 24:10-16, 32:15-19. Since then, however, Defendants have not identified any allegations that they will abandon. Instead, Defendants' letter

to the Court (Dkt. No. 234) merely reaffirmed that Canal will continue to press certain allegations and did not address what Canal plans to do about its other allegations. To narrow the issues in dispute and enable the prompt completion of Rule 30(b)(6) depositions, Plaintiff has requested that Canal identify by June 8, 2022, any and all allegations or claims that it will abandon.

Defendants' Position: While Defendants vehemently disagree with Plaintiff counsel's characterization of what "progress" Canal has made on the topic of potentially narrowing its Counterclaims or to scheduling the completion of Canal's 30(b)(6) deposition, Defendants agree to notify Plaintiff of which specific factual aspects of Canal's Counterclaims, if any, Canal will not pursue by June 8.[1]

**Defendants' Representations Regarding the Binder of Documents**

Plaintiff's Position: At the last Court conference, Defendants represented that they previously produced to Plaintiff the entire contents of a binder, in its original order, purportedly substantiating the claims in their lawsuit. Dkt. No. 232 at 17:7-18:4. This was false. In fact, Defendants had produced only part of the binder to Plaintiff, and not in its original order, and Defendants produced a full copy of the binder to Plaintiff only *after* the Court conference, on May 25, 2022. Moreover, Defendants improperly redacted portions of the binder based on privilege claims, even though Defendants apparently provided these materials to the Manhattan District Attorney's Office. Accordingly, Plaintiff has requested that Defendants produce an unredacted version of this binder by June 8, 2022, and Defendants have agreed to do so.

Defendants' Position: As the Court is aware, the parties have produced tens of thousands of pages of documents in discovery. The Defendants' production of the "binder" omitted copies of the front and back plastic loose-leaf front and back covers, and divider tabs. Those have now been produced. As Defendants' counsel notified Plaintiff's counsel on May 25 along with the production, they applied redactions consistent with the Court's Order on Plaintiff's privilege-related motion. As Plaintiff's counsel have now, for the first time, raised a question as to whether those redactions are appropriately maintained because the binder was shared with the District Attorney, Defendants agree to produce them without redactions by June 8, 2022.

**Defendants' Responses to Plaintiff's Interrogatories Nos. 8 and 9**

Plaintiff's Position: Defendants still have not identified with specificity the transactions and occurrences that purportedly serve as the basis for Canal's counterclaims. The Court directed Defendants to "respond to Plaintiff's Interrogatories Nos. 8 and 9 by providing Plaintiff the bates numbers of responsive documents." Dkt. No. 227. As to Interrogatory No. 8, which asks Defendants to identify the transactions that serve as the basis for Canal's lawsuit, Defendants referred Plaintiff to the entire binder discussed above, which spans over 200 pages. But the binder is substantially overinclusive, containing documentation about numerous irrelevant transactions that have never been at issue in this case. Thus, Plaintiff is left to guess which are the transactions

---

[1] Defendants' Footnote: Contrary to the implication by Plaintiff's counsel, the Defendants' May 25 letter complied *fully* with the Court's May 19 Order.

that Canal claims were improper. For example, Canal's counterclaims identify a handful of disputed petty cash expenses (Dkt. No. 73 ¶ 170); however, the binder contains *all* of Plaintiff's petty cash sheets from April 2017 to December 2018, and Defendants do not identify which of those charges Canal is complaining about in this litigation. Similarly, as to Interrogatory No. 9, which seeks a list of the vacation days for which Defendants contend Plaintiff was improperly compensated, Defendants referred Plaintiff to the full binder, even though it contains no listing of the vacation days at issue. Obviously, it is critical that Defendants identify the transactions and vacation days that are at issue in Canal's claims. Accordingly, Plaintiff has requested that Defendants provide amended answers to Interrogatories Nos. 8 and 9 by June 8, 2022, that clearly identify the specific transactions and vacation days at issue in Canal's claims. Plaintiff met and conferred with Defendants on this issue today, June 1, 2022, and Defendants agreed to furnish supplemental information in response to the issues identified above by June 8, 2022.

Defendants' Position: In accordance with the Court's May 19 Order, Defendants served a response to Interrogatory Nos. 8 and 9. This is the first time Plaintiff's counsel have taken exception to those responses. Following Defendants' request for a meet and confer, Defendants have agreed to furnish supplemental information in response to the issues identified above by June 8, 2022.

**Defendants' Computation of Damages**

Plaintiff's Position: While Defendants have referred Plaintiff to their newly-produced binder, they still have not identified the documents supporting their damages calculation with specificity as required by Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, No. 14CV2275 (JGK) (DF), 2016 WL 11271874, at *6 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, No. 14-CV-2275 (JGK), 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) ("Rule 26(a)(1)(A)(iii) does not simply concern the production of documents, but instead requires that a plaintiff reasonably direct the defendant to the documents supporting the plaintiff's damages claim, so that the defendant can replicate the plaintiff's damages computation with ease.") (citation omitted). This is critical because Canal's recent computation of damages is substantially lower than the damages originally alleged in its counterclaims. For instance, the counterclaims allege "hundreds of thousands of dollars" of improper charges on Canal's American Express card (Dkt. No. 73 ¶ 125), but Defendants' computation of damages refers only to credit card charges "in excess of $60,000." Plaintiff should not be left to guess which credit card transactions Defendants are no longer complaining about. In addition, Defendants have identified no documents supporting the damages they claim are associated with SkyMiles. Accordingly, Plaintiff has requested that Defendants identify with specificity, by June 8, 2022, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), the documents they contend support the specific figures cited in their damages computation. Plaintiff met and conferred with Defendants on this issue today, June 1, 2022, and Defendants agreed to furnish supplemental information in response to these issues by June 8, 2022.

Defendants' Position: This issue was raised for the first time earlier this afternoon. Following Defendants' request for a meet and confer, Defendants have agreed to furnish supplemental information in response to the issues identified above by June 8, 2022.

Hon. Katharine H. Parker
June 1, 2022
Page 4 of 5

**Canal's Petty Cash Receipts**

Plaintiff's Position: Defendants' letter to the Court (Dkt. No. 234) states that Canal's accountant has not identified any receipts corresponding to the petty cash expenses at issue. This runs contrary to the accountant's deposition testimony that his accounting firm had a document retention policy which he believed was to preserve documents for a period of seven (7) years. While Defendants' letter refers vaguely to a "reasonably diligent and good faith review of [Canal's accountant's] records" (Dkt. No. 234), Plaintiff has requested that Defendants provide information by June 8, 2022, detailing their efforts to locate the receipts and explaining why they were not preserved in connection with this case. Plaintiff met and conferred with Defendants on this issue today, June 1, 2022, and Defendants agreed to furnish supplemental information in response to these issues by June 8, 2022.

Defendants' Position: As above, this matter was raised for the first time this afternoon. Following Defendants' request for a meet and confer, Defendants have agreed to furnish supplemental information in response to the issues identified above by June 8, 2022.

**Canal's General Ledger**

Plaintiff's Position: Canal's general ledger is critical evidence of how Canal categorized the expenses at issue in its claims in real time. This is relevant to Plaintiff's claim of retaliation (as Defendants' reversal of position after Plaintiff asserted claims is quintessential evidence of retaliation) and Plaintiff's defenses (as a fraud claimant's failure to review relevant records and conduct due diligence is a defense to a fraud claim). Further, from the sample provided by Defendants, it is apparent that Defendants can easily produce the general ledger and that it would not be disproportionate to the needs of the case. Meanwhile, the stipulation proposed by Defendants in their letter (Dkt. No. 234) is not an adequate substitute for production of the general ledger, as the stipulation only pertains to *Plaintiff's* designation of expenses, rather than *Canal's own accountants'* contemporaneous categorization of expenses. Accordingly, Plaintiff respectfully requests that Defendants be directed to produce all pertinent line items from Canal's general ledger by June 8, 2022.

Defendants' Position: Defendants complied with the Court's Order and produced the requested information. Defendants do not understand why Plaintiff is using a status letter to substitute for a motion. While Defendants remain willing to meet and confer, it is their general position that producing line-items from a general ledger is entirely disproportionate to the parties' dispute because its production would add no probative value beyond that which the proposed stipulation would provide. Next, to the extent Plaintiff's counsel is displeased with our proposed stipulation they should present a counterproposal or schedule a meet and confer to resolve the matter.

**Efforts to Resolve Issues Concerning Metadata Production**

Plaintiff's Position: As part of their efforts to correct prior document productions that were not produced in accordance with the Stipulation and Order Regarding Production of Electronically Stored Information (Dkt. No. 29), Defendants represented to Plaintiff that they would produce a

Hon. Katharine H. Parker
June 1, 2022
Page 5 of 5

cross-reference document so that Plaintiff could match the bates numbers of Defendants' corrected productions to the bates numbers in their prior productions. *See* Dkt. 232 at 42:7-43:2. Defendants provided the document to Plaintiff yesterday, May 31, 2022, and Plaintiff's counsel is reviewing this document with its tech vendor. As to Defendants' assertion below, Defendants have not identified any such deficiencies to Plaintiff. Plaintiff will confer with Defendants as appropriate to attempt to resolve any issues associated with metadata.

Defendants' Position:  Defendants have identified some deficiencies in the Plaintiff's metadata production associated with the audio recordings which they only recently produced. Instead of explaining the dispute at this time, Defendants simply note that they intend to engage in another meet and confer on this topic with Plaintiff's counsel.

Respectfully submitted,

*Alexandra Harwin*

Alexandra Harwin
