```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/12/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                                           Plaintiff,                        **19-CV-9156 (LJL) (KHP)**

                    -against-                                                      **ORDER**

ROBERT DE NIRO et al.,

                                           Defendants.
-------------------------------------------------------------X
**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

         On April 1, 2022, Defendants filed a motion for sanctions against Plaintiff and her

counsel.  (ECF No. 195.)  In support of the motion, Defendants filed two attorney declarations

that attached numerous exhibits.  (ECF No. 197 and 230.)  Defendants moved to file twenty-five

of these exhibits under seal.  (ECF Nos. 194, 228.)  In accordance with the Court's rules,

Defendants filed these documents under seal for the Court's review at ECF Nos. 198 and 231.

Numerous of these documents as filed under seal with the Court already contain redactions of

sensitive information, but Defendants seek to withhold the exhibits in their entirety from the

public.  The documents in question are:

- ECF Nos. 197-3, -5, -13, and -15: Deposition transcripts of Plaintiff, Harvey, Robin
  Chambers, and Sabrina Weeks-Brittan.

- ECF No. 197-4: Plaintiff's medical report dated December 21, 2021.

- ECF Nos. 197-8, -10, -11, -17, -18, -19 and ECF Nos. 230-1 and -6: Emails between
  Plaintiff and Defendants and/or employees of Canal.

- ECF No. 197-16: Documents reflecting Plaintiff's negotiation of perk budgets and
  Harvey's role as a personal trainer.

- ECF Nos. 230-2, -3, -4, -7, -8, -9, -10, -11, and -12: Audio recordings made by Plaintiff
  in which Plaintiff discusses her role as an employee of Defendants.

- ECF No. 230-5: Actor contracts where Harvey is identified as De Niro's personal trainer.

- ECF No. 230-14: Emails between Plaintiff and the film producer Chris Young.

For the reasons stated below, the motion at ECF No. 194 is granted as to the exhibit filed at ECF No. 197-4 and is otherwise denied, and the motion at ECF No. 228 is denied.

## LEGAL STANDARDS

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). Documents submitted for the Court's consideration in relation to a motion for sanctions are judicial documents. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *2 (S.D.N.Y. Sept. 10, 2021). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (citation omitted).

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, or preservation of attorney-client privilege. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted). By contrast, "[a] possibility of future adverse impact on employment," "the celebrity status of a party," and "[g]eneralized concerns of adverse publicity" are not "higher values" sufficient to overcome the presumption of access to judicial documents. *Id.* (citations omitted). Moreover, it is well established that

2

"bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Id.* (collecting cases).

A sealing request is "narrowly tailored" when it seeks to seal *only* that information that needs to be sealed in order to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021). Portions of documents "with no apparent relation" to sensitive material generally should not be redacted or sealed. *Id.* (denying motion to seal where proposed redactions were "extensive" and covered non-commercially sensitive information); *cf. Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting motions to seal where proposed redactions were "limited" to cover only the commercially sensitive information).

## ANALYSIS

The exhibits in question were submitted in support of Defendants' motion for sanctions and thus they are "judicial documents" to which a presumption of the right of public access attaches. *CBF Industria de Gusa S/A*, 2021 WL 4135007, at *2. Defendants argue that sealing is necessary because the documents are of an "exceptionally sensitive nature" and include "personal, confidential, financial, and medical information regarding the parties and non-parties." (ECF No. 194 at 1; ECF No. 228 at 1.) Citing a case that considered *non*-judicial documents, Defendants further argue that because this action is "highly publicized," there is a special need to seal sensitive information. (*Id.* (citing *Stern v. Cosby*, 529 F. Supp. 2d 417, 422–23 (S.D.N.Y. 2007)). Defendants do not discuss what higher values are implicated by any *specific* document, and they fail to point to any particular information that is sensitive. Rather, Defendants make a blanket statement that all twenty-five documents are, in their entirety,

sensitive and should be sealed.  Defendants also do not cite case law finding that there is any

special need to seal sensitive *judicial* documents in highly publicized cases.  After carefully

reviewing each of the documents in question, I find as follows:

**1.  Sealing is warranted for ECF No. 197-4.**

ECF No. 197-4 is a copy of Plaintiff's medical record resulting from a visit to her doctor

on December 21, 2021.  An individual generally "maintains significant privacy rights to her

medical information," and courts "regularly seal" such information.  *Valentini v. Grp. Health*

*Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020).  Although there is a presumption of the

right to public access of this document, Plaintiff's privacy interest in her medical information

provides a compelling countervailing interest in favor of sealing.  *Id.*  Moreover, Plaintiff's

medical wellbeing is not at issue in the Court's decision regarding the motion for sanctions;

rather, Defendants only cited to the medical record in one tangential footnote in their brief.

(ECF No. 196 at 1 n.1.)  Thus, the public's interest in the information contained in the medical

record at this stage of the litigation is not especially strong.  *Cf. Braxton v. City of New York*,

2021 WL 7287625, at *6–7 (S.D.N.Y. Dec. 7, 2021), *report and recommendation adopted sub*

*nom. Braxton/Obed-Edom v. City of New York*, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022)

(explaining that while courts "regularly allow medical records to be filed under seal," courts

should exercise caution where the individual's medical condition is directly at issue, because in

such instances, the "public's right to access judicial documents is at its zenith").

Sealing of this document is also narrowly tailored because the entire medical record

contains sensitive medical information.  *See Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548,

at *5 (S.D.N.Y. Apr. 12, 2016) (finding sealing to be narrowly tailored where the documents in question only contained sensitive information).

Because sealing the medical record is necessary to preserve Plaintiff's privacy interest and is narrowly tailored, the motion to seal is granted as to this document.

**2. Sealing is not warranted for the remaining documents.**

As to the remaining documents, Defendants have not shown that sealing is warranted or narrowly tailored.

**a. Sealing is denied with prejudice as to ECF Nos. 197-8, -10, -11, -16, -17, -18, and -19, as well as ECF Nos. 230-1, -5, -6, and -14 because no higher values are implicated by these documents.**

ECF Nos. 197-8, -10, -11, -16, -17, -18, and -19, as well as 230-1, -6, and -14 reflect business communications between Plaintiff and Defendants or individuals associated with Defendants, and these documents do not appear to contain any sensitive or confidential information at all.

For example, ECF No. 197-8 reflects a conversation between Plaintiff and De Niro regarding Plaintiff's request to change her title, and ECF Nos. 230-1 and -6 discuss Plaintiff's resume and professional biography.  ECF No. 230-14 similarly reflects business communications between Plaintiff and the film producer Chris Young in which Plaintiff informs Young that she has left Canal and is transitioning to her own film projects.  An individuals' job title, the contents of her resume, and her professional biography are all information that is typically shared publicly.  *Anderson v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (denying motion to seal resumes but allowing redaction of personal contact information such as addresses and phone numbers).  To the extent any of these documents

contain personal contact information of Plaintiff or others, this information is already redacted from the versions of the documents that are filed under seal with the Court, and as such, this information would not be made public if the documents are unsealed.

Similarly, ECF Nos. 197-10, -11, -17, -18, and -19, as well as 230-5 all reflect travel arrangements for De Niro and Harvey.  These documents do not appear to disclose sensitive personal information or proprietary business information.  Which hotels De Niro and Harvey may have stayed at on past travels is at best the stuff of tabloid fodder and is hardly highly sensitive.

Accordingly, no higher values would be preserved by sealing exhibits filed at ECF Nos. 197-8, -10, -11, -16, -17, -18, and -19, as well as ECF Nos. 230-1, -5, -6, and -14, and the motions to seal are denied as to these.  The motions are denied with prejudice because a revised motion to seal these documents would be unavailing.

> **b.  Sealing is denied as to ECF Nos. 197-3, -5, -13, and -15, as well as 230-2, -3, -4, -7, -8, -9, -10, -11, and -12, *without* prejudice to a revised motion that proposes narrowly tailored redactions.**

ECF Nos. 197-3, -5, -13, and -15 are lengthy deposition transcripts that contain a mix of potentially sensitive and non-sensitive information.  While sealing portions of these documents may be necessary to protect higher values, sealing the documents in their entirety is not narrowly tailored.  For example, ECF No. 197-3 is a 100-page transcript that covers a range of topics, some potentially sensitive (for example, whether the deponent has learning disabilities), and others non-sensitive (for example, whether the deponent worked on a desktop or laptop).  There might be compelling interests that weigh against the public's right to access *portions* of these transcripts, but Defendants at this time have not shown what those interests are.

Moreover, fully withholding the documents from the public record is not a narrowly tailored result.  *See Susquehanna Int'l Grp. Ltd.*, 2021 WL 3540221, at *4.  Defendants may submit a revised motion to seal these transcripts that suggests narrowly tailored redactions of particularly sensitive information and that explains why sealing of this information is necessary.  Because Plaintiff's privacy interests may be implicated by her own deposition transcript, she may also submit a motion that suggests narrowly tailored redactions as to this transcript.

Similarly, the audio recordings at ECF Nos. 230-2, -3, -4, -7, -8, -9, -10, -11, and -12 largely do not appear to contain sensitive information, and Defendants' request to withhold the entirety of the recordings from the public's access is not narrowly tailored.  Moreover, because it is not possible to file audio recordings on the docket, Defendants sent the recordings to the Court by email and the recordings are not available on the docket at all – not even under seal. Therefore, Defendants shall file transcripts of these recordings, and they should then simultaneously move to redact any portions of the transcript that are especially sensitive.  If Defendants move to redact portions of the transcript, their motion shall explain why sealing of the information in question is necessary.

**<u>CONCLUSION</u>**

For the reasons forth above, Defendants' motion to seal at ECF Nos. 194 is GRANTED only as to the document filed at **ECF No. 197-4**.  Defendants' motions to seal at ECF Nos. 194 and 228 are otherwise DENIED.

As to the documents filed at **ECF Nos. 197-8, -10, -11, -16, -17, -18, and -19, as well as ECF Nos. 230-1, -5, -6, and -14,** because no higher values are implicated by these documents and a revised motion to seal would be unavailing, **the Clerk of the Court is respectfully**

**requested to unseal these documents.**

Regarding the documents filed at **ECF Nos. 197-3, -5, -13, and -15**, **as well as 230-2, -3, -4, -7, -8, -9, -10, -11, and -12**, the parties <u>may</u> file revised motions that (1) propose narrowly tailored redactions; and (2) explain—as to each proposed redaction—why sealing of the information is necessary.  Any revised motion(s) must be filed by **Friday, July 22, 2022**. Absent such a filing, these documents will be unsealed.  In the interim, these documents shall remain under seal.

Defendants also <u>must</u> file transcripts of the audio recordings referenced at **ECF Nos. 230-2, -3, -4, -7, -8, -9, -10, -11, and -12** by **Friday, July 22, 2022**, and they <u>may</u> simultaneously move to redact portions of the transcripts.

**SO ORDERED.**

DATED:     July 12, 2022
               New York, New York


_____
KATHARINE H. PARKER
United States Magistrate Judge