**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                              Plaintiff,                   **19-CV-9156 (LJL) (KHP)**

            -against-                                    **ORDER**

ROBERT DE NIRO et al.,

                              Defendants.
------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before this Court is Defendant's amended letter motion to seal certain exhibits. (ECF No. 241.) For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

On April 1, 2022, Defendants filed a motion for sanctions. (ECF No. 195.) In support of the motion, Defendants filed two attorney declarations that attached numerous exhibits. (ECF Nos. 197, 230.) Defendants moved to file twenty-five of these exhibits under seal. (ECF Nos. 194, 228.) In accordance with the Court's rules, Defendants filed the documents under seal for the Court's review. (ECF Nos. 198, 231.) The Court reviewed the exhibits and found that only one, a copy of Plaintiff's medical record at ECF No. 198-4, warranted sealing. (ECF No. 239.) The Court found that regarding several of the remaining documents, Defendants could not show that any higher values would be preserved by sealing, and as such these documents were ordered unsealed. (*Id.*)[1] As to the rest of the documents,[2] the Court allowed Defendants to

---

[1] These documents are at ECF Nos. 198-8, 198-10, 198-11, 198-16, 198-17, 198-18, and 198-19, as well as ECF Nos. 231-1, 231-5, 231-6, and 231-14.

[2] ECF Nos. 198-3, 198-5, 198-13, and 198-15, as well as 231-2, 231-3, 231-4, 231-7, 231-8, 231-9, 231-10, 231-11, and 231-12

submit a renewed motion that proposes narrowly tailored redactions.  (*Id.*)

Defendant filed that renewed motion on July 22, 2022, seeking to file redacted versions of ECF Nos. 198-3, 198-5, 198-13, and 198-15, as well as 231-8 and 231-9.  Defendants emailed the Court versions of the six exhibits that include highlighting over the portions sought to be redacted.[3]  That motion is before the Court now.

## LEGAL STANDARDS

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  Documents submitted for the Court's consideration in relation to a motion for sanctions are judicial documents.  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *2 (S.D.N.Y. Sept. 10, 2021).  To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest."  *Lugosch,* 435 F.3d at 120 (citation omitted).

"Higher values" the preservation of which might warrant sealing include personal privacy interests.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted).  A sealing request is "narrowly tailored" when it seeks to seal *only* that information

---

[3] Defendants are reminded that in the future, pursuant to my rules, the proposed sealed documents should be contemporaneously filed under seal in the ECF system and electronically related to the motion.  This is true even where only redactions are sought.  The parties are also reminded that, pursuant to my rules, and to avoid the unnecessary filing of documents under seal in the future, counsel for the parties should discuss, in good faith, the need to file Confidential Materials under seal, and if the parties agree in writing that a particular document shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.

that needs to be sealed in order to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**ANALYSIS**

Many of the redactions proposed by Defendants cover sensitive medical information of the parties, witnesses, and their family members, including diagnoses of diseases and symptoms suffered as a result of said diseases. An individual generally "maintains significant privacy rights to her medical information," and courts "regularly seal" such information. *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020); *see also United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) (granting request to seal material relating to the medical conditions of the defendant's family).

The remaining proposed redactions cover personally identifying information such as birth dates and addresses, and other highly personal information regarding various individual's families or their finances. An individual generally maintains a significant privacy interest in such information, the sealing of which is often granted. *See, e.g. Anderson v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (allowing redactions of personal contact information); *United States v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (allowing redactions of portions of a report that concerned "highly personal family matters" relating to the defendant).

Accordingly, sealing of the redacted information here is necessary to preserve the personal privacy interests of numerous individuals. Defendants' proposed redactions are also narrowly tailored because they only cover sensitive personal information. Defendants' request to file these exhibits with proposed redactions is granted.

Documents at ECF No. 198-3, 198-5, 198-13, 198-15, 231-8, and 231-9 shall remain under seal, and Defendants shall file revised versions of each of these exhibits that include the redactions Defendant proposed to the Court. Defendants shall file these revised exhibits by **Friday, July 29, 2022**.

In addition, Defendants have not yet complied with the Court's order to file transcripts of the audio recordings referenced at ECF Nos. 231-2, 231-3, 231-4, 231-7, 231-10, 231-11, and 231-12. Defendants must file these transcripts by **Friday, July 29, 2022**.

## CONCLUSION

For the reasons forth above, Defendants' amended motion to seal (ECF No. 241) is GRANTED, with the following results:

- The documents filed at ECF Nos. 198-8, 198-10, 198-11, 198-16, 198-17, 198-18, 198-19, 231-1, 231-5, 231-6, and 231-14 are unsealed per the Court's July 13, 2022 order.

- The documents filed at ECF Nos. 198-3, 198-4, 198-5, 198-13, 198-15, 231-2, 231-3, 231-4, 231-7, 231-8, 231-9, 231-10, 231-11, and 231-12 remain under seal, and by Friday, July 29, 2022, Defendants must file revised versions of ECF No. 198-3, 198-5, 198-13, 198-15, 231-8, and 231-9 that include the redactions Defendant proposed to the Court.

- By Friday, July 29, 2022, Defendants must file unredacted transcripts of the recordings referenced at ECF Nos. 231-2, 231-3, 231-4, 231-7, 231-10, 231-11, and 231-12.

**SO ORDERED.**

DATED:   July 26, 2022
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge