

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com                    New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

August 15, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      This firm represents Plaintiff Graham Chase Robinson. This joint status letter is submitted on behalf of all parties as directed in the Court's order of July 5, 2022 (Dkt. No. 238) and provides an update on the issues outlined in the parties' last status letter (Dkt. No. 235) as well as additional items.

**Update Concerning Expert Discovery**

After technical difficulties necessitated the suspension and rescheduling of the deposition of Defendants' vocational expert Michael Shahnasarian, Dr. Shahnasarian's deposition was completed on July 25, 2022. Plaintiff's psychiatric expert Robert Goldstein is being deposed today, August 15, 2022. Due to scheduling constraints on the part of Defendants' psychiatric expert Kimberly Resnick, the deposition of Dr. Resnick is scheduled to take place on September 12, 2022.

**Narrowing of Canal's Claims and Continuation of Rule 30(b)(6) Depositions**

Since the last status letter, progress has been made in narrowing the issues in dispute in this litigation. On June 10, 2022, Defendants sent correspondence to Plaintiff confirming that Canal will no longer be seeking monetary recovery in connection with any SkyMiles transfers prior to 2019 (other than in connection with the March 2018 trip to Los Angeles), any flower charges, or dog sitting, iPhones, and a Louis Vuitton handbag. Subsequently, on July 27, 2022, Defendants confirmed that they will not seek reimbursement for any occasions in which Plaintiff received reimbursement from Canal's petty cash.

The resumption of Canal's Rule 30(b)(6) deposition is scheduled to take place on August 17, 2022.

Hon. Katharine H. Parker
August 15, 2022
Page 2 of 4

**Binder of Documents**

Defendants have produced an unredacted version of the binder of documents.

**Defendants' Responses to Plaintiff's Interrogatories Nos. 8 and 9**

Defendants served their Second Amended Response to Plaintiff's Interrogatories Nos. 8 and 9 on June 10, 2022 and a Third Amended Response to Plaintiff's Interrogatories Nos. 8 and 9 on July 27, 2022. Plaintiff maintains that there are still deficiencies in Defendants' interrogatory responses. However, Plaintiff will endeavor to seek additional information through the resumption of Canal's Rule 30(b)(6) deposition on August 17, 2022. After such time, Plaintiff will reevaluate whether further interrogatory responses are required.

**Defendants' Computation of Damages**

In connection with their correspondence affirming that Canal will no longer be seeking monetary recovery in connection with various transactions, Defendants served an Amended Statement of Damages and Computations on June 10, 2022. After Defendants subsequently affirmed on July 27, 2022, that they will not seek reimbursement for any petty cash payments to Plaintiff, Plaintiff requested that Defendants update their Statement of Damages and Computations pursuant to Rule 26(e), and on August 13, 2022, Defendants agreed to do so. Plaintiff has requested that Defendants produce their updated Statement of Damages and Computations by August 16, 2022, prior to the resumption of Canal's Rule 30(b)(6) deposition.

**Canal's Petty Cash Receipts**

As to petty cash receipts that Canal has not produced, Defendants told Plaintiff on June 10, 2022, that Canal's accounting firm "conducted a cleaning of its offices shortly following the beginning of the COVID-19 pandemic" and that Canal's accountant "presumes that any petty cash receipts (if any) may have been encompassed by such cleaning." The parties will meet and confer concerning this issue, in the hopes of being able to resolve it without the need for Court intervention.

**Canal's General Ledger**

Canal's position is that it refuses to produce its general ledger, and the parties are exploring whether a stipulation can be reached that obviates the need for production of Canal's general ledger. The parties will meet and confer concerning this issue, in the hopes of being able to resolve it without the need for Court intervention.

**Efforts to Resolve Issues Concerning Metadata Production**

With respect to the cross-reference document that Defendants provided for their replacement production, Plaintiff's technology vendor has raised concerns about the adequacy of the cross-reference document, and Defendants have offered to provide a supplemental production in lieu of

an updated cross-reference document; the parties will meet and confer concerning this issue, in the hopes of being able to resolve it without the need for Court intervention. As for issues Defendants identified to Plaintiff concerning audio file metadata, Plaintiff engaged its technology vendor to recollect the files and obtain corrected metadata. This metadata has been produced to, but not yet reviewed by, Defendants' counsel. If Defendants' counsel wishes to engage in another meet and confer with Plaintiff's counsel concerning this supplemental metadata production, Plaintiff's counsel is willing to do so.

**Verizon Subpoena**

On May 19, 2022, the Court ordered Defendants to file a letter informing the Court and Plaintiff of the date on which Mr. De Niro's "flip phone" was last used; or, if Defendants have not yet obtained this information, the date by which Defendants anticipate learning this information from Verizon. Dkt. No. 227. On May 25, 2022, Defendants served a notice of subpoena to Verizon to obtain records from the phone. On July 21, 2022, Defendants produced to Plaintiff documents received in response to the subpoena, which showed that the phone was in use throughout 2019, the year when Plaintiff's employment at Canal ended and Canal commenced its investigation into and lawsuit against Plaintiff. On August 12, 2022, Defendants served a notice of a second subpoena to Verizon seeking subsequent records. However, Defendants' subpoenas have not sought the content of text messages that Mr. De Niro sent or received from that phone. Accordingly, based on Defendants' prior agreement to search this phone as a custodial data source for ESI, Plaintiff's position is that Defendants should subpoena the text messages from Verizon and produce any text messages that are responsive to Plaintiff's document requests.

It is the Defendants' position that they have complied fully with the Court's May 19, 2022 Order, in that their subpoenas have sought to identify when the flip phone was last used. Defendants maintain that there is no evidence in this litigation of text messages being sent to or from this phone and that Plaintiff has not contended that there were any, and Defendants believe that their significant efforts to try and extract responsive information from Verizon Communications, Inc. – which is no small endeavor, even for an account holder – demonstrates its good faith attempt to comply with the Court's Order. It should be noted, however (and Plaintiff's counsel is aware), that Verizon has expressly advised that text messages are "maintained for *3-5 days from the date of transmission / receipt*."

**Efforts to Resolve Issues Concerning Document Production and Stipulations**

The parties have identified various purported deficiencies in each other's productions of documents. Among these, Plaintiff has identified what appears to her to be missing text messages sent by Mr. De Niro's phone, documentation referenced during Canal's Rule 30(b)(6) deposition that Defendants have not produced, and the failure of Defendants' vocational expert to adequately identify the cases in which he previously testified, and Defendants have disputed the adequacy of Plaintiff's document production concerning her mitigation efforts. The parties are currently engaged in the meet and confer process concerning these issues, in the hopes of being able to resolve these issues without the need for Court intervention.

Hon. Katharine H. Parker
August 15, 2022
Page 4 of 4

Respectfully submitted,

Alexandra Harwin