USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/12/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
GRAHAM CHASE ROBINSON,

                Plaintiff,                          19-CV-9156 (LJL) (KHP)

       -against-                                <u>**ORDER**</u>

ROBERT DE NIRO and CANAL PRODUCTIONS, INC.,

                Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

The Court thanks the parties for the status update at ECF No. 258. Despite the Court's order at ECF No. 252 and its repeated direction that the parties meet and confer in good faith to resolve disputes, the parties were not able to reach agreement on the few remaining discovery disputes. Accordingly, the Court orders as follows:

**General Ledger Stipulation:** The Court previously directed the parties to confer regarding a stipulation that the expenses at issue in the general ledger were marked as "business expenses" by Canal's accountants. (ECF No. 252.) Plaintiff suggested the following stipulation: "The expenses at issue in Canal's claims against Ms. Robinson were classified as business expenses by Canal's accountants." Defendants countered with this proposal: "Canal's accountants maintained a general ledger. Items that were reported by Canal as business expenses were categorized as such on its general ledger." (ECF No. 258.)

In order to resolve the dispute, the Court proposes the following stipulation: "Canal's accountants maintained a general ledger. The expenses at issue in Canal's claims against Ms. Robinson were reported as business expenses and were categorized as such by Canal's accountants on its general ledger."

If the parties do not agree to this stipulation, they shall inform the Court in the **September 19, 2022** status letter, which is discussed below.  The status letter must state why the Court's proposed stipulation is not agreeable.  The Court notes that the above stipulation does *not* assert that the expenses at issue were legitimate business expenses, and accordingly an objection to the proposed stipulation on that ground will not suffice.

**30(b)(6) Testimony.**  Plaintiff identified to Defendants topics on which it allegedly failed to provide adequate Rule 30(b)(6) testimony, including with regard to which days Defendants contend Plaintiff binge-watched Netflix during work hours.  Plaintiff notes that Defendants provided a declaration confirming Canal is unable to provide more specific answers concerning various topics.  No further Rule 30(b)(6) depositions are required.

**Defendants' Fourth Set of Document Requests.**  Defendants' fourth set of document requests seeks "'All Documents [from January 1, 2008 through the date of trial of this action] concerning Plaintiff's engagement in activities relating to screenwriting, producing and/or production work for film, television and/or advertising opportunities or projects,' with multiple specific subparts."  (ECF No. 258 at 3.)  Plaintiff asserts these requests are overbroad.  The Court agrees that Defendants' request for "all documents" remains overbroad.  The request is narrowed to read as follows:  Documents reflecting any compensation or advances received by Plaintiff for screenwriting, producing and/or production work for film, television and/or advertising opportunities or projects for the period January 1, 2008 to present; documents reflecting any applications for screenwriting, producing and/or production work for film, television and/or advertising work for the same period; documents reflecting classes Plaintiff took for the same period on screenwriting, producing and/or production work for film, television and/or advertising opportunities or projects; documents reflecting all submissions

2

Plaintiff made of her own screenplays or other film/video productions for publication, award considerations, educational, fellowship, residency or job opportunities for the same period; correspondence between Plaintiff and Christopher Young concerning screenwriting, producing and/or production work for film, television and/or advertising opportunities or projects; and documents reflecting Plaintiff's attendance at the Isle of Skye residency.

Plaintiff shall produce the relevant documents by **September 23, 2022**. The discovery deadline is extended to September 23, 2022 for the purpose of responding to Defendant's fourth set of document requests.

**Stipulation as to Mr. De Niro's net worth.** Defendants agreed to stipulate to a minimum number for Mr. De Niro's net worth, but Plaintiff asserts that Defendants have not provided information to enable her to ascertain whether Defendants are understating Mr. De Niro's net worth, and requests that Defendants provide Mr. De Niro's net worth to the nearest $10 million. Mr. De Niro's net worth is relevant to punitive damages, but there is no need to understand Mr. De Niro's *precise* net worth, and it is sufficient for Defendants to stipulate that the net worth is above a certain amount. (*See* ECF No. 215 at 26.) Accordingly, the Court considers this dispute resolved.

**Status Letter.** On **Monday, September 19, 2022**, the parties shall provide a status letter of no more than five pages confirming whether the parties have complied with this order, and whether discovery is on track to be completed by the September 23, 2022 deadline, with the exception of the deposition of Mr. De Niro, which is scheduled to be completed on October 14, 2022. The parties are encouraged to resolve any remaining disputes on their own, but if needed, they should note any remaining disputes in the September 19, 2022 letter.

**SO ORDERED.**

DATED: New York, New York
September 12, 2022

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge

4