

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com          New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

September 19, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

  This firm represents Plaintiff Graham Chase Robinson. This status letter is submitted in response to the Court's Order of September 12, 2022 (Dkt. No. 259) and provides Plaintiff's position on the status of this case, including the issues specified in the Court's Order.[1]

**Mediation.** The parties have scheduled mediation for November 7, 2022.

**Status of Discovery.** Discovery is on track to be concluded in accordance with the Court's Order of September 12, 2022 (Dkt. No. 259).

**Stipulation as to the General Ledger.** Plaintiff proposes limited modifications to the Court's proposed stipulation regarding the general ledger. Specifically, Plaintiff proposes removing the language that the expenses at issue "were reported as business expenses," as this introduces ambiguity as to who reported the expenses; moreover, to the extent it implies that the expenses at issue were reported by Ms. Robinson, it is inaccurate, as Canal's Rule 30(b)(6) testimony reflects that Canal's accountants classified expenses independently, without input from Ms. Robinson. Accordingly, Plaintiff proposes the following narrowed stipulation, which avoids confusion and promotes accuracy: "Canal's accountants maintained a general ledger. The expenses at issue in

---

[1] Plaintiff provided Defendants with a draft of a joint status letter at 10:11 am this morning. Defendants did not respond with their positions for inclusion in the joint letter until 4:08 pm today, and Defendants included new content on matters not addressed in Plaintiff's initial draft. After Plaintiff provided Defendants with her revisions, Canal's counsel stated, "We are not responding to this[,]" and declined to consent to the filing of the joint letter—but did not specify any positions that Defendants sought to change or any content that Defendants sought to add. Plaintiff requested that Defendants advise whether they would have any edits to their position statements, but Defendants did not respond as requested and instead filed a separate letter to the Court without providing any advance notice to Plaintiff (Dkt. No. 260). Accordingly, Plaintiff is proceeding with filing this letter presenting her positions to the Court.

Canal's claims against Ms. Robinson were categorized as business expenses by Canal's accountants on its general ledger."[2] Defendants' objection to this phrasing is based solely on their desire to interject their (inaccurate) characterization of Plaintiff's purported "role in the business process," but this objection is improper; the Court has already determined that the only subject of the stipulation is whether "the expenses at issue in the general ledger were marked as 'business expenses' by Canal's accountants." Dkt. No. 259 at 1.

**Stipulation as to Mr. De Niro's Net Worth.** While the Court notes that "there is no need to understand Mr. De Niro's *precise* net worth," Dkt. No. 259 at 3, Defendants' proposed stipulation leaves open the possibility that Mr. De Niro's net worth is understated by *hundreds of millions of dollars*. Indeed, Defendants have not represented that their proposed stipulation has accurately captured Mr. De Niro's net worth within even *one hundred million dollars* of its true value. On information and belief, Mr. De Niro already has had to calculate his net worth with precision in connection with his pending divorce proceedings, and therefore this information can be readily provided to Plaintiff. But if the Court believes that specification to the nearest $10 million is not necessary, Plaintiff requests that Defendants confirm Mr. De Niro's net worth to the nearest $25 million so that Plaintiff has sufficient information upon which to base a stipulation. If the Court declines to order Defendants to furnish this information at this time, then the issue should be deferred for trial to ensure that the jury is not misled (an approach that Defendants have indicated to Plaintiff that they are amenable to).

**Plaintiff's Supplemental Production.** By way of update, Plaintiff is undertaking a search for documents responsive to the Court's Order of September 12, 2022 (Dkt. No. 259) and will be producing those documents by September 23, 2022, as directed. In addition, following Canal's continued Rule 30(b)(6) deposition, where Canal for the first time identified dates when it alleges Plaintiff was on vacation,[3] Plaintiff undertook a supplemental manual review to identify documents reflecting the work that Plaintiff performed on those days, which had not been identified pursuant to the prior ESI keyword searches. Most of these documents were in Defendants' possession, custody, and control, but Defendants failed to produce them during nearly three (3) years of litigation. These documents show that Plaintiff performed extensive work (including personal chores for Mr. De Niro) on dates when Canal claims she was on vacation, and Plaintiff has timely produced these documents before the close of discovery.

---

[2] The following redline shows the limited changes to the Court's proposed stipulation that Plaintiff is proposing: "Canal's accountants maintained a general ledger. The expenses at issue in Canal's claims against Ms. Robinson were ~~reported~~categorized as business expenses ~~and were categorized as such~~ by Canal's accountants on its general ledger."

[3] For years, Defendants would not identify the dates when Canal alleges Ms. Robinson was on vacation, and Canal's belated Rule 30(b)(6) testimony was still unsatisfactory. Canal's Rule 30(b)(6) witness was unprepared and identified alleged vacation dates largely by flipping through documents that made vague references to Ms. Robinson traveling but that did not identify the purpose or duration of the trips. Until that deposition, Plaintiff never understood that Canal was relying on emails containing generic references to "flight[s]" to supply dates when Plaintiff was supposedly on vacation.

Hon. Katharine H. Parker
September 19, 2022
Page 3 of 3

                                      Respectfully submitted,

                                      Alexandra Harwin