

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com                 New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

September 20, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

This firm represents Plaintiff Graham Chase Robinson. This letter responds to Defendants' letter filed earlier today, September 20, 2022 (Dkt. No. 262).

By way of background, last night, Defendants refused to file a joint status letter as directed in the Court's Order of September 12, 2022 (Dkt. No. 259) and instead, without providing advance notice to Plaintiff, Defendants unilaterally filed their own separate letter setting forth their positions. *See* Dkt. No. 260. Accordingly, Plaintiff proceeded in filing a letter (Dkt. No. 261) setting forth her position on the case's status, including the issues specified in the Court's Order.

For Plaintiff's positions concerning the issues addressed in the Court's Order, Plaintiff refers the Court to her letter of September 19, 2022 (Dkt. No. 261), including the stipulation concerning the general ledger, the stipulation concerning Mr. De Niro's net worth, and Plaintiff's contemplated production in response to the Court's Order. The instant letter responds in brief to Defendants' additional arguments concerning Plaintiff's supplemental production. Contrary to Defendants' assertions, Plaintiff's supplemental production does not warrant the extension of discovery that Defendants seek.

As summarized in Plaintiff's letter of September 19, 2022 (Dkt. No. 261), following Canal's continued Rule 30(b)(6) deposition, where Canal for the first time identified dates when it alleges Plaintiff was on vacation,[1] Plaintiff undertook a supplemental manual review to identify documents reflecting the work that Plaintiff performed on those days, which had not been identified pursuant to the prior ESI keyword searches. Most of these documents were in Defendants' possession, custody, and control, but Defendants failed to produce them during nearly three (3) years of litigation. These documents show that Plaintiff performed extensive work

---

[1] Canal's belated testimony was still unsatisfactory, as explained below.

(including personal chores for Mr. De Niro) on dates when Canal claims she was on vacation, and Plaintiff timely produced these documents before the close of discovery.[2]

  Plaintiff was unable to identify and produce these documents until this juncture because of Canal's belated and inadequate identification of the vacation days at issue. For years, Defendants would not identify the dates when Canal alleges Ms. Robinson was on vacation and failed to produce documents reflecting work that Ms. Robinson performed on those days. Defendants' delay has been highly prejudicial to Plaintiff: knowing the dates when Canal alleges that Plaintiff was on vacation is, of course, crucial to rebutting Canal's claim that Plaintiff supplied false information concerning her vacation days.[3] Among Plaintiff's efforts to obtain this information, Plaintiff's Request for Production No. 27 (served May 13, 2020) asked Defendants to produce documentation concerning the work that Ms. Robinson performed on the dates when Canal alleges she was on vacation, and Plaintiff's Interrogatory No. 9 (served February 25, 2021) asked Defendants to "[l]ist the date of each vacation day for which Defendants contend that Plaintiff improperly received compensation for days when she did not work[.]" Plaintiff repeatedly raised with the Court that Defendants had failed to identify the vacation days at issue. *See, e.g.*, Dkt. No. 215 at 37:5-10; Dkt. 232 at 9:25-10:6; Dkt. No. 235 at 3. The Court recognized that this was basic information that Canal must furnish. Dkt. No. 215 at 40:23-41:3. Still, it was not until July 27, 2022, that Defendants' counsel finally represented that "Canal's [30](b)(6) representative will be fully prepared to discuss each of the vacation days at issue in Canal's counterclaims." But when the continued Rule 30(b)(6) deposition was held on August 17, 2022, Canal's 30(b)(6) representative remained unprepared to discuss the alleged vacation dates, and he identified alleged vacation dates largely by flipping through documents that made vague references to Ms. Robinson traveling but that did not identify the purpose or duration of the trips. Canal's assertion that Plaintiff knew the dates Canal alleges she was on vacation is false; indeed, prior to that deposition, Plaintiff never understood that Canal was relying on emails containing generic, barebones references to "flight[s]" to supply dates when Plaintiff was supposedly on vacation.

  In the wake of the continued Rule 30(b)(6) deposition, it was apparent that Defendants had not produced the multitude of documents in their possession responsive to Plaintiff's Request for Production No. 27 concerning the work Plaintiff performed on the alleged vacation days, even though Defendants had represented they would produce responsive documents. Thus, Plaintiff undertook a manual review for documents not identified in the prior ESI searches reflecting the work she performed on dates when Canal claims she was on vacation, and Plaintiff immediately

---

[2] The video to which Defendants make confusing reference to shows aspects of Plaintiff's work compiling a family photo album for Mr. De Niro, one of the personal chores that Mr. De Niro assigned to Ms. Robinson as one of her job duties.

[3] In tacit recognition of the baselessness of their claim, Defendants now assert that the "specific days" at issue are an irrelevant "distraction" and that "Canal's claim does not turn on whether Plaintiff 'worked' while on vacation, but rather why she created and implemented a self-dealing policy that she was entitled to be paid for any vacation time she claimed to not have used." Dkt. No. 262 at 1-2. But these eleventh-hour contentions are a complete departure from the claim that Canal has pled in this case (*see* Dkt. No. 73 at ¶¶ 195-200) and, in any event, they are inaccurate.

Hon. Katharine H. Parker
September 20, 2022
Page 3 of 3

produced these documents as soon as they were ready. Defendants do not dispute that Plaintiff's production was timely, and Defendants have provided no explanation for why they have not produced their own documents showing the work Plaintiff performed on the alleged vacation days.

A claimed need to "review" documents that were timely produced—most of which Defendants have had in their possession for years—does not justify a further extension of discovery or any other relief to Defendants. This is especially the case given Defendants' years of stonewalling and failing to review and produce information in their own possession. Thus, the discovery extension that Defendants seek should not be granted.

Respectfully submitted,

Alexandra Harwin