

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com                New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

September 30, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

    This firm represents Plaintiff Graham Chase Robinson.  Pursuant to the Court's Orders of September 21, 2022 (Dkt. No. 264) and September 27, 2022 (Dkt. No. 266), this joint letter sets out the parties' positions concerning summary judgment briefing.

## Summary Judgment Briefing Schedule

Plaintiff's Position:

    Judge Liman's model Case Management Plan and Scheduling Order provides for the speedy initiation of summary judgment proceedings; "[a]bsent exceptional circumstances," motions for summary judgment must be filed within fourteen (14) days after the completion of all discovery.  *See* Hon. Lewis J. Liman, Case Management Plan and Scheduling Order at 3.[1]  In addition, Plaintiff's lead counsel (the undersigned) is pregnant and will be on maternity leave beginning on or about November 24, 2022.

    Accordingly, Plaintiff proposes that the parties submit their respective motions for summary judgment by October 20, 2022, their respective oppositions by November 10, 2022, and their respective replies by November 22, 2022.

    This schedule is consistent with the speedy initiation of summary judgment proceedings contemplated in Judge Liman's model Case Management Plan and Scheduling Order.  In addition, under this schedule, Plaintiff's lead counsel will be able to participate in all aspects of summary judgment briefing before her maternity leave (including, critically, responding to Defendants' contemplated summary judgment papers).

---

[1] *Available at* https://www.nysd.uscourts.gov/sites/default/files/practice_documents/LJL%20Liman%20Case%20Management%20Plan%20and%20Scheduling%20Order_updated%206.1.22.pdf

Hon. Katharine H. Parker
September 30, 2022
Page 2 of 3

By contrast, Canal's counsel has communicated to Plaintiff that Defendants seek to delay all or most summary judgment briefing until next year, with Canal's counsel telling Plaintiff's counsel, "I would like to avoid having to add brief writing on this case to the to-do list between Thanksgiving and New Year's." But such delay is inconsistent with Judge Liman's model Case Management Plan and Scheduling Order and would also result in all summary judgment briefing taking place while Plaintiff's lead counsel is on maternity leave.

There are no "exceptional circumstances" that warrant the delay that Defendants seek. It is well established that participation in alternative dispute resolution does not stay or extend case deadlines, and the extension that Defendants specially requested to complete Mr. De Niro's deposition should not unduly delay summary judgment briefing. Further, there is nothing "exceptional" about defense counsel having other litigation or about the contemplated length of the parties' summary judgment motions. Finally, Defendants' contemplated briefing schedule would prevent Plaintiff's lead counsel from participating in summary judgment briefing by conducting all summary judgment briefing while she is on maternity leave.

Plaintiff opposes Defendants' request for additional time to provide their position on the briefing schedule. The reasons why Defendants want more time were all known and considered when the prior extension was requested and obtained (*see* Dkt. Nos. 265 and 266), and no new circumstances have arisen that warrant a further extension. In light of the speedy initiation of summary judgment proceedings contemplated in Judge Liman's model Case Management Plan and Scheduling Order, a briefing schedule should be set promptly. Thus, Plaintiff respectfully requests that the Court set summary judgment briefing according to Plaintiff's proposed schedule.

Defendants' Position:

Defendants request one week (October 7) to respond to Plaintiff's proposed schedule. On September 23, two days after the Court's September 21 Order, Plaintiff's counsel alerted us she was pregnant and expected to begin her leave on November 24. What followed was the above proposed schedule. It crams cross-motions for summary judgment into a one-month timeframe.

We view Plaintiff's proposal as unreasonable, given the November 7 mediation; Mr. De Niro's October 14 deposition; defense counsels' litigation schedules; and the complexity of the motions (which, as discussed below, contemplate briefing of 100-pages by each side, plus Rule 56.1 statements). Our proposal, which they rejected, had briefing into early 2023. This is reasonable, not a delay, especially given the history of this case. And counsel's indifference to the personal or professional obligations of opposing counsel as year-end approaches is emblematic of why we can't seem to agree on anything; unless we agree with them.

We are unable to immediately propose an alternative schedule. Here's why. Mr. Bennett (co-counsel for Canal, and counsel to Mr. De Niro) and Mr. Harvey (Mr. De Niro's personal attorney), have been largely unavailable this week. The Court was previously made aware of Mr. De Niro's limited availability which is why his deposition was rescheduled. We need this additional time to confer internally and with our clients as to strategy, which claims they will seek to have dismissed, and how drafting of the motion papers is to be allocated among the law firms.

Hon. Katharine H. Parker
September 30, 2022
Page 3 of 3

      We asked for Plaintiff's counsel's consent to a one-week adjournment of our due date. They refused. Plaintiff's counsel's statement that "no new circumstances have arisen." while false, is beyond the scope of this letter. But even if true they articulate absolutely no prejudice to continuing the dialogue. We now request leave to October 7 to respond to Plaintiff's portion of this letter. We will continue to meet and confer with them in an ongoing effort to agree on a briefing schedule. Regardless, the Court should reject Plaintiff's proposed schedule as unreasonable and direct the parties to continue to meet and confer on this matter.

### Page Limits for Summary Judgment Briefing

      Judge Liman does not impose page limitations on memoranda of law and directs the parties to agree upon reasonable page limits for principal briefs and reply briefs. Accordingly, the parties agree that for summary judgment, each side will have 40 pages for opening briefs, 40 pages for opposition briefs, and 20 pages for reply briefs.

      Respectfully submitted,

Alexandra Harwin