

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com                 New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

October 26, 2022

**VIA ECF**
The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Liman:

    This firm represents Plaintiff Graham Chase Robinson. Plaintiff submits this letter in opposition to Defendants' letter motion for an extension dated October 26, 2022 (Dkt. No. 275).

    By way of background, Magistrate Judge Parker set a briefing schedule that requires summary judgment motions to be filed on October 28, 2022, fourteen (14) days after all discovery was scheduled to close (Dkt. No. 270). This is consistent with Your Honor's model Case Management Plan and Scheduling Order, which provides that "[a]bsent exceptional circumstances," motions for summary judgment must be filed within fourteen (14) days after the completion of all discovery. *See* Hon. Lewis J. Liman, Case Management Plan and Scheduling Order at 3.[1] For the reasons discussed below, Defendants' extension request should be denied.

    First, Defendants failed to meet and confer with Plaintiff. Your Honor's Individual Practices in Civil Cases require, "Any party wishing to file a letter-motion shall include in the letter-motion a statement that it first attempted to confer in good faith with the opposing parties, in person or by telephone, in an effort to resolve the dispute." But Defendants made no effort to resolve this matter telephonically or in person and instead only engaged in an exchange of emails.

    Second, Defendants fail to establish good cause for the requested extension. Pursuant to Rule 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4) motions to modify a case schedule are disfavored and require more than a showing of "diligence": the movant "must show why the court's deadlines ***could not*** reasonably have been made despite its diligence." *Gao v. Savour Sichuan Inc.*, 2021 WL 4892864, at *1 (S.D.N.Y. Oct. 20, 2021) (emphasis added) (citation omitted) (Parker, M.J.).

---

[1] *Available at* https://www.nysd.uscourts.gov/sites/default/files/practice_documents/LJL%20Liman%20Case%20Management%20Plan%20and%20Scheduling%20Order_updated%206.1.22.pdf

Hon. Lewis J. Liman
October 26, 2022
Page 2 of 2

      Here, Defendants do not establish "good cause" for the extension they seek or the "exceptional circumstances" contemplated in Your Honor's model Case Management Plan and Scheduling Order. Defendants do not make any attempt to show that they have acted diligently and that the Court's deadline cannot be met. Instead, Defendants provide only vague references to their "workflow, other unanticipated client matters . . . , and . . . the compilation of substantial documentation to be integrated in support of Defendants' motion." These circumstances are all commonplace in litigation and do not constitute good cause for an extension.

      Further, Defendants' proposed schedule is prejudicial to Plaintiff. First, Plaintiff's lead counsel (the undersigned) is approximately thirty-six (36) weeks pregnant and thus it is particularly important that summary judgment briefing proceed expeditiously. Second, Defendants propose that *their* briefing deadline be extended by two (2) days but do not contemplate a corresponding extension for Plaintiff. This is fundamentally inequitable, as (i) it would provide Defendants with two days to adjust their briefing papers based on Plaintiff's submissions, and (ii) Plaintiff's counsel is managing the very same issues that Defendants complain of (workflow, other unanticipated client matters, and compiling substantial documentation in support of the summary judgment motion). To the extent any extension request is granted, it should be mutual.

      Accordingly, Plaintiff respectfully requests that the Court deny Defendants' extension request. But if the Court grants any extension, Plaintiff respectfully requests that the extension be applied equally to both sides. We appreciate the Court's consideration of this matter.

      Respectfully submitted,

      Alexandra Harwin