**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin*, Partner
Executive Chair of Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com

New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/01/2022

October 30, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

  This firm represents Plaintiff Graham Chase Robinson. This letter is submitted jointly on behalf of all parties.

  Pursuant to the Court's Orders at Dkt. Nos. 270, 277, and 279, the parties will be submitting their respective motions for summary judgment by October 30, 2022, followed by opposition papers due by November 20, 2022, and reply papers due by December 11, 2022. In connection with summary judgment briefing, the parties anticipate filing extensive material that has been designated as confidential pursuant to the Stipulation and Protective Order in this case (Dkt. No. 23). This material includes memoranda of law and Rule 56.1 statements of material facts that quote documents that have been designated confidential, declarations that identify or discuss documents that have been designated confidential, and exhibits that are documents that have been designated confidential.

  Accordingly, the parties respectfully request: (i) the Court accept for filing under seal – on a temporary basis – all documents submitted in connection with the parties' summary judgment briefing (other than notices of motion), (ii) following the deadline for reply briefing on December 11, 2022, the parties shall exchange their proposed redactions and shall meet-and-confer regarding same by December 21, 2022, and (iii) the parties shall submit a joint letter to the Court by January 12, 2023, pursuant to this Court's Individual Practices in Civil Cases III(d), setting forth their proposed redactions with respect to all of the summary judgment papers that have been filed.

  This will promote efficiency. Rather than having the Court and the parties address redaction issues piecemeal while summary judgment briefing remains in progress, this approach will enable the parties to meet and confer to try to minimize any redaction requests and to present to the Court, in a single place, all their positions concerning the scope of, and basis for, redactions.

Hon. Katharine H. Parker
October 30, 2022
Page 2 of 2

      We appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Alexandra Harwin*

Alexandra Harwin

---

The parties' motion to temporarily file all summary judgment papers under seal without regard to the confidentiality or sensitivity of the information contained therein is DENIED. As there is a presumption that the public has the right to access documents filed in connection with the parties' summary judgment briefing, the parties shall only move to file under seal information if closure of that information "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Any letter-motions for approval of sealed or redacted filings must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal. The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall publicly file the document with the proposed redactions, and electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

The documents currently filed under seal at ECF Nos. 282-83 and 285-97 shall remain under seal for now, and **by November 14, 2022, Plaintiff shall re-file these documents with proposed redactions and with a revised motion to seal that explains why the proposed redactions are needed.** The parties are reminded that, in order to avoid unnecessary filing of documents under seal, they may agree that information designated as "Confidential Material" need not be filed under seal and such filing will not be a breach of any Stipulation of Confidentiality.

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    11/01/2022