

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alexandra Harwin,* Partner and Executive Chair of the Discrimination and Harassment Practice Group
(646) 401-0475
aharwin@sanfordheisler.com New York | Washington, DC | San Francisco | Palo Alto | Atlanta | Baltimore | Nashville | San Diego

November 14, 2022

**VIA ECF**
The Honorable Katharine H. Parker
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)**

Dear Judge Parker:

This firm represents Plaintiff Graham Chase Robinson. This letter is submitted jointly on behalf of all parties concerning the documents filed in connection with Plaintiff's Motion for Summary Judgment on Defendant Canal's Counterclaims. As Defendants have previously notified the Court (*see* Dkt. No. 299), they contemplate filing a joint letter motion, akin to the instant letter, addressing the documents Defendants rely on in their Motion for Summary Judgment.

The parties hereby seek leave for Plaintiff to file publicly with limited redactions various documents included in Plaintiff's Motion for Summary Judgment on Defendant Canal's Counterclaims. The parties agree upon all proposed redactions except for one. Thus, the parties hereby submit this letter in accordance with the Court's Order at Dkt. No. 298 and Section III of this Court's Individual Practices in Civil Cases setting forth the parties' joint position concerning the redactions as to which all sides consent and their respective positions concerning the disputed redaction. Simultaneously, Plaintiff is filing under seal the exhibits for which redactions are sought; the highlights in yellow show redactions to which all parties consent and the highlights in blue show the disputed redaction.

*Joint Position on Agreed-Upon Redactions:*

As reflected in the yellow highlighting, the parties jointly seek to redact home addresses, personal or otherwise non-public email addresses and phone numbers, and other sensitive information, including health-related information, confidential financial information, a pseudonym used by Mr. De Niro, and sensitive information concerning non-parties, including Mr. De Niro's minor children. These redactions are consistent with the types of redactions that the Court previously approved in this case. *See* Dkt. Nos. 69, 172, and 221.

As the Second Circuit has held, "a court may exercise its 'supervisory power over its own

records and files' to deny [public] access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records."). Here, the relevant considerations warrant these redactions. The public does not need to see phone numbers, email addresses, home addresses, personal health information, Mr. De Niro's pseudonym, information pertaining to his minor children, and other information concerning non-parties to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions that the parties propose will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (permitting sealing only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). If such information were publicly disclosed, it may leave individuals susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

*Plaintiff's Position on Disputed Redaction:*

The only disputed redaction is reflected in the blue highlighting to Exhibit 31 to the Harwin Declaration. Specifically, Plaintiff seeks to redact the substance of a settlement proposal, information that is inadmissible under Fed. R. Evid. 408 or, in the alternative, Fed. R. Evid. 403. The specifics of the settlement proposal are not relevant to the issues that the Court will be deciding in connection with Plaintiff's Motion for Summary Judgment on Defendant Canal's Counterclaims. Further, the redactions sought are narrowly tailored: Plaintiff does not seek to redact the content of the email transmitting the settlement proposal, only the specifics of the proposal itself. The public can still grasp the nature of the document and the issues before the Court without viewing that proposal, which is information deserving of protection.

Redaction is appropriate under *Lugosch*, *Bernstein*, and other Second Circuit precedent upholding redactions of settlement communications and offers. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) (sealing settlement communications, noting that "[f]ew cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals," and "conclud[ing] that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent."); *Delollis v. Fuchs*, 2012 WL 5867370, at *2 (E.D.N.Y. 2012) ("the interest in maintaining the confidentiality of the offer of settlement . . . outweighs the applicable presumption of public access," and finding "[o]f particular relevance is the fact that the information at issue does not concern a finalized settlement agreement, but merely relates to an offer of settlement that has been made."); *United States v. Town of Moreau*, 979 F.Supp. 129, 135-36 (N.D.N.Y. 1997) ("Settlement positions are often extreme and should they be made public a litigant would reasonably fear being judged in the court of public opinion based upon what are nothing more than bargaining positions. These concerns would hardly encourage negotiations."); *Agence France Presse v. Morel*, 2014 WL 5568562, at *3 (S.D.N.Y. 2014) (recognizing the systemic harm that

would be caused if the court "were to refuse to redact the settlement offer figures," because such risk of disclosure would cause "harm to future settlement efforts" both in that case and "in similar actions generally.").

Defendants present no authority where a court has declined to seal confidential settlement communications. Further, their argument claiming the irrelevance of admissibility is misplaced; it is axiomatic that summary judgment motions are resolved based on *admissible* evidence.

Accordingly, Plaintiff respectfully requests that the Court authorize the public filing of Exhibit 31 with the narrowly-tailored redactions presented to the Court in blue highlights. In the alternative, Plaintiff respectfully requests that the Court defer a decision on these redactions until after the Court has ruled on Plaintiff's Motion for Summary Judgment on Defendant Canal's Counterclaims, at which juncture it will be clear whether the settlement proposal contained in Exhibit 31 plays any part in the Court's ruling.

*Defendants' Position on Disputed Redactions:*

The scope of the parties' letter motion is limited to determining what documents, or excerpts thereof, should be filed publicly and/or under redaction and seal, in connection with Plaintiff's Motion for Summary Judgment.[1] This letter does not present a dispute to the Court concerning the admissibility of any form of evidence concerning that Motion. Indeed, this is not a motion *in limine*, and Plaintiff's attempt to use it as such should not be condoned. For the avoidance of any doubt, Defendants contest any claim that the contents of this exhibit are settlement communications. Thus, Defendants oppose Plaintiff's unnecessary reference to F.R.E. 403 or 408 for any proposition relating to Exhibit 31.[2]

The entirety of Exhibit 31 constitutes a "judicial document." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The Second Circuit has stated definitively that documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (internal quotations omitted). Where, as here, "documents are used to determine litigants' substantive legal rights, a *strong presumption of access attaches*." *Id.* at 119 (emphasis added). Absolutely no compelling circumstances are identified.

[1] Exhibit 31 is identical to the document relied on by Defendants as Exhibit 49 to the Declaration of Gregory Bennett in support of Defendants' Motion for Summary Judgment. Redactions to Defendants' Exhibit 49 will be briefed separately in Defendants' forthcoming Motion to Seal.

[2] To the extent the Court intends to address whether any portion of Exhibit 31 is admissible under the Federal Rules of Evidence, Defendants request the opportunity to brief the issue as it relates to Exhibit 31 and the other email exchanges amongst the parties' legal counsel, before and following commencement of the state court action, as all such communications relate to the parties' respective summary judgment motions. This includes the so-called "protected activity" emails between Canal's counsel and Ms. Robinson's then-counsel, Jeffrey Pagano. These emails are integral to the case as they are the first mention of any substantive claims. If they are settlement communications, as Defendants will argue in a motion *in limine,* all of Plaintiff's retaliation claims vaporize.

With respect to the genuine purpose of the parties' joint motion, Defendants oppose Plaintiff's attempt to file under seal certain excerpts from Exhibit 31. In particular, unlike the cases Plaintiff's counsel cites above in favor of redaction/sealing, the Court will necessarily consider (at least) two key aspects of information contained in the subject excerpt in adjudicating Plaintiff's Motion. Quite frankly, it is mystifying that Plaintiff seeks the instant relief because the mere request to redact these portions of Exhibit 31 contradicts her own arguments.

Plaintiff claims Canal's Counterclaims against her, as they relate to her retention of SkyMiles, should be dismissed because Mr. De Niro allegedly authorized her use of those SkyMiles in some fashion, among other reasons. *See* Plaintiff's Brief at 16-18, 34-35 (ECF #282). Despite affirmatively advancing this argument – essentially, that she was authorized to do whatever she wished with millions on SkyMiles – Plaintiff seeks to file under seal the critical portion of Exhibit 31 which concerns the SkyMiles.

Moreover, Plaintiff argues that Canal's state court lawsuit was "retaliatory" because it followed "protected activity" reflected in this email. To support that inference, she points to communications by Mr. De Niro to others: "[t]he balls, the nerve, the chutzpah, . . . how dare her!" *See* Brief at 1, 9-11. But the portion Plaintiff seeks to redact not only represents a crucial sequential event preceding commencement of the state court lawsuit, it also provides the *context* of Mr. De Niro's reactions. Specifically, that Plaintiff was referencing an oral agreement and in no way, shape or form made mention of any of the claims she now seeks to advance. Exhibit 31 puts Mr. De Niro's quotes into the context in which they were made, and they undermine Plaintiff's claims.

Beyond the critical distinctions noted above, the cases Plaintiff cites in support of sealing are not otherwise persuasive for various reasons. *See U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-58 (2d Cir. 1998) (unlike the circumstances here, reviewing a trial court's order denying a media company's request to intervene in a litigation to obtain "draft settlement documents" created as part of that litigation, in which the Second Circuit noted expressly that it was evaluating the issue through the lens of whether disclosure of such documents would "chill" *ongoing* settlement discussions, before holding that "release of these discussions and documents [wa]s likely to impair materially the trial court's performance of its Article III function of *crafting a settlement of this case*") (alteration and emphasis added); *Delollis v. Fuchs*, 2012 WL 5867370, at *2 (E.D.N.Y. 2012) (remarkably distinct in that the court was asked by plaintiff – which was *unopposed by defendant* – to file under seal certain settlement documents relating to *ongoing discussions* about a possible resolution of *a related federal litigation* before a different judge); *Agence France Presse v. Morel*, 2014 WL 5568562, at *8 (S.D.N.Y. 2014) (court granting motion to seal "settlement offers" on a *provisional basis* recognizing "the Court does not yet know whether it will rely on the [particular settlement terms] that the Defendants seek to redact") (alteration added).[3]

---

[3] The case of *U.S. v. Town of Moreau*, 979 F. Supp. 129, 135-36 (N.D.N.Y. 1997) is simply the trial court's order in the case of *Glens Falls Newspapers, Inc.*, *supra*. From Defendants' perspective, there is no additional significance from the holding in this case due to the Second Circuit's resolution of the appeal.

In sum, there is nothing contained in the subject excerpt from Exhibit 31 that is uniquely confidential or which is akin to other redactions the Court has previously approved in this action. Consequently, Defendants request that the Court issue an order rejecting Plaintiff's request to redact certain excerpts from Exhibit 31.[4]

* * *

The parties appreciate the Court's consideration of this matter.

Respectfully submitted,

Alexandra Harwin

[4] As Defense counsel has discussed with Plaintiff's counsel, however, there is a minor portion of the subject excerpt which Defendants seek to redact no matter how the Court rules, which falls within the category of "Agreed-Upon Redactions," *supra.*