**TRAUB LIEBERMAN**

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7061 | MAIN (914) 347-2600 | FAX (914) 347-7037

Gregory R. Bennett | Partner | gbennett@tlsslaw.com

December 29, 2022

*Via ECF Only*

The Honorable Katharine H. Parker
U.S. Magistrate Judge
U.S. District Courthouse
500 Pearl Street, Courtroom 15C
New York, New York 10007

        Re:    *Graham Chase Robinson v. Robert De Niro et al.*
               Civil Action No.: 1:19-cv-09156 (LJL) (KHP)

Dear Judge Parker:

      This office represents Defendant Robert De Niro, and serves as co-counsel, along with Tarter Krinsky & Drogin LLP, for Defendant Canal Productions, Inc. ("Canal") (collectively, "Defendants"). Pursuant to Section III of the Court's Individual Practices in Civil Cases, Defendants hereby seek leave to file publicly, with limited redactions, various documents included as part of their in their Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment (ECF No. 356). Simultaneously, Defendants are filing under seal the documents for which redactions are sought. The parties agree upon all proposed redactions (highlighted in green), except for one disputed redaction, sought by Plaintiff to Defendants' Reply Memorandum of Law (highlighted in yellow).

*Joint Position on Agreed-Upon Redactions*

      As reflected in green highlighting, the parties jointly seek to redact home addresses, account numbers, personal or otherwise non-public email addresses and phone numbers, and other sensitive information, including health-related information, confidential financial information, and sensitive information concerning non-parties who have no connection to this dispute. These redactions are consistent with the types of redactions that the Court previously approved in this case. *See* ECF Nos. 69, 172, and 221.

      As the Second Circuit has held, "a court may exercise its 'supervisory power over its own records and files' to deny [public] access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Crossman v.*

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com    CALIFORNIA

The Honorable Katharine H. Parker
December 29, 2022
Page 2

*Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . that can trump the right of the public to access court records."). Here, the relevant considerations warrant these redactions. The public does not need to see phone numbers, account numbers, email addresses, home addresses, personal health information, and other information concerning non-parties to grasp the content of the documents and understand the issues before the Court. Further, the limited redactions that the parties propose will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142 (citing *Nixon*, 435 U.S. at 598); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (permitting sealing only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). If such information were publicly disclosed, it may leave individuals – including the parties to this action – susceptible to intrusions from the public at large, especially given the substantial public and media attention that has been paid to this case.

### *Disputed Redaction*

The Parties dispute whether the portion being filed under seal (and highlighted in yellow) should be redacted or not, as set forth herein.

Defendants' Position

In their Reply Memorandum of Law (Dkt. No. 356 ("Reply Brief")), Defendants described certain aspects of an email Plaintiff sent to Mr. De Niro following her resignation. *See* Dkt. 356 at 22/37. There are no quotes from the email. Nor are its complete terms even described.

Critically, Plaintiff does not contend anything in the email is of a personal nature, is confidential, or otherwise worthy or warranting of redaction. In fact, there is no factual explanation advanced as to why any of its contents ought to be kept from the public. This is reason enough to reject Plaintiff's latest objection.

Second, the email was unsolicited, contains admissions, makes a demand for something already rejected by Mr. De Niro, makes no reference to any claim or counterclaim in this lawsuit, was not sent by an attorney to an attorney and is not identified as a settlement communication. It is a piece of the puzzle that explains why Mr. De Niro described himself as feeling Plaintiff was shaking him down and playing games. It is a ransom note, not a settlement note.

The question of whether the email is a settlement communication is a disputed legal question that has not yet been placed before the Court on a *motion in limine*. For that matter, the issue has not even been formally briefed by the Parties. But Plaintiff's counsel looks to capitalize on the illusory truth effect by acting as if the Court has determined the dispute in her favor, repeating that premise over and over, and framing her position around this false idea enough times to have it believed as true.

While Defendants have previously articulated their perspective concerning the issue of whether this email from Plaintiff to Mr. De Niro constitutes a "settlement communication", *see* Dkt. Nos. 301 at 3 and 323 at 4-6, the excerpt here, from their Reply Brief differs from email itself. Specifically, Defendants do not view the manner they have describe portions of the email as warranting any type

The Honorable Katharine H. Parker
December 29, 2022
Page 3

of redaction and/or sealing whatsoever. To be clear, Defendants maintain the entire email should be placed on the docket, unredacted, <u>as the email contains absolutely no confidential information</u>, and does not purport to be a settlement communication, much less confidential in any way.

The Defendants' position does not contradict the Parties' alleged "prior practice" on this topic as no such "prior practice" had been agreed upon. Defendants elected not to dispute Plaintiff's prior suggestion regarding the filing under seal of certain language in this email owing solely to the voluminous motion practice (*see* ECF No. 323).  Not every battle ought to be fought.

But Defendants did not and do not intend to permit Plaintiff to seek an evidentiary ruling under the pretense that Defendants have waived their right to oppose Plaintiff's most recent demand. Moreover, aside from the foregoing single instance, earlier ones involved quotes from the email, or the actual email itself, not a generalized description of portions of its contents.

While Plaintiff's counsel refers to a meet and confer, that telephonic discussion did *not* relate to this particular topic, as it was limited to whether *the email itself* could be filed publicly or not.  In fact, Plaintiff's reference to this issue rings hollow in light of Defendants' counsel *offering* to meet and confer on this very topic; Plaintiff declined the invitation.

Plaintiff's Position

In their Reply Memorandum of Law (Dkt. No. 356 ("Reply brief")), Defendants publicly filed a description of several confidential settlement terms that Plaintiff transmitted in her June 11, 2019 e-mail to Mr. De Niro and Canal's General Counsel, Tom Harvey.  Plaintiff's June 11, 2019 email, and descriptions thereof, have been the subject of numerous redaction disputes, as reflected in the parties' prior motions to seal, which remain pending before the Court.  (*See* Dkt. Nos. 301, 323, 330, and 349.).

**First, Plaintiff seeks immediate relief from the Court in the form of an order compelling Defendants to remove their presently unredacted Reply brief from the public docket and to re-file it under seal on a temporary basis, pending the Court's resolution of this redaction dispute**.

Here, Defendants filed the disputed material on the *public docket*, rather than under seal to preserve confidentiality pending the Court's ruling.  Defendants gave Plaintiff no notice before filing this material.  This contravenes: (1) the parties' practice during earlier filings and throughout summary judgment briefing of filing disputed redactions under seal pending the Court's ruling,[1] (2) the parties' discussion during a November 11, 2022 meet-and-confer confirming their disputed position on

---

[1] On multiple occasions in the past, Defendants initially (and improperly) filed material on the public docket describing the terms of Plaintiff's confidential settlement proposal. In contrast to Defendants' present refusal to rectify their improper filing, when Defendants were previously alerted to similar issues in emails from Plaintiff's counsel dated November 17, 2022 (in connection with Exhibit A to the Joint Motion to Seal on Defendants' Motion for Summary Judgment, Dkt. No.  325) and November 21, 2022 (in connection with the Supplemental Declaration of Robert De Niro, Dkt. No. 342), they promptly agreed to contact ECF to have those improperly filed documents sealed and subsequently provided confirmation of the sealing; as required, they addressed the disputed redactions in the context of the parties' letter motions to seal. (*See* Dkt. Nos. 323, 325, 349.).

redactions to language describing the terms of the confidential settlement proposal transmitted in Plaintiff's June 11, 2019 e-mail, (3) the Court's own November 1, 2022 Order, which provides that the parties' public filings "should *not* include confidential information sought to be filed under seal," (Dkt. No. 298), and (4) the Court's Individual Practices in Civil Cases, which provide that, in connection with motions to redact information from a document, "the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted." Individual Civil Practice Rule III(d); *see also id.* ("The motion . . . should not include confidential information sought to be filed under seal.").

Making matters worse, Defendants have refused to correct their error. On December 20, 2022, Plaintiff's counsel contacted Defendants' counsel to alert them that Defendants' Reply brief contained confidential information describing the terms of Plaintiff's settlement proposal, which was improperly filed on the public docket; Plaintiff's counsel requested that Defendants take the necessary steps to fix their improper filing. In connection with this request, Plaintiff's counsel identified the narrowly-tailored redaction sought, which consists of only 14 words.

Defendants repeatedly refused to correct their error, rejecting renewed requests from Plaintiff's counsel on December 21, 2022 and again on December 22, 2022. As noted above, Defendants made a similar correction less than one month ago, when they re-filed the Robert De Niro Supplemental Declaration under seal after Plaintiff alerted Defendants to the fact that the Supplemental Declaration described confidential settlement terms transmitted in the same June 11, 2019 email. (*See* Dkt. Nos. 342, 349, 351.). Now, however, Defendants inexplicably refuse to follow this same procedure and correct their mistake, in contravention of this Court's November 1, 2022 Order.[2]

Defendants' refusal to correct their improper filing warrants immediate intervention by the Court to preserve the confidentiality of the disputed material pending this Court's ruling on the redaction. Accordingly, Plaintiff respectfully requests that the Court act on an expedited basis and order Defendants to take all necessary steps to remove their Reply brief from the public docket and re-file it under seal with Plaintiff's proposed redaction highlighted in yellow, pending the Court's ruling on the redaction dispute.

Second, as to the merits of Plaintiff's redaction request, Plaintiff's request is consistent with her requests in prior letter motions to seal pending before the Court.

The information that Defendants seek to file is inadmissible under Fed. R. Evid. 408 or, in the alternative, Fed. R. Evid. 403 and is, in any event, confidential non-public information under Second Circuit law. The specific terms of the settlement proposal are not relevant to the issues that the Court will be deciding in connection with Defendants' Motion for Summary Judgment. Further, the redaction

---

[2] Defendants erroneously claim that the present situation differs from prior occasions and that their earlier filings all "involved quotes from the [June 11, 2019] email, or the actual email itself, not a generalized description of portions of its contents." This is false. Both the Robert De Niro Supplemental Declaration (Dkt. No. 342 ¶ 25) and Exhibit A to the parties' November 17, 2022 Joint Motion to Seal (Dkt. No. 325) paraphrased the settlement terms and did not directly quote the June 11, 2019 e-mail. As noted above (*see* supra note 1), after Defendants improperly filed those documents on the public docket without any redactions, they corrected these filings and re-filed them under seal in accordance with the Court's Individual Civil Practice Rule III(d).

The Honorable Katharine H. Parker
December 29, 2022
Page 5

sought is narrowly tailored: Plaintiff seeks only to redact 14 words from the Reply brief, comprising a mere portion of a sentence. The public can still grasp all of the arguments set forth in Defendants' Reply brief without viewing the specific terms of Plaintiff's confidential settlement proposal, which is information deserving of protection.

Redaction is appropriate under *Lugosch*, *Bernstein*, and other Second Circuit precedent upholding redactions of settlement communications and offers. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) (sealing settlement communications, noting that "[f]ew cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals," and "conclud[ing] that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent"); *Delollis v. Fuchs*, 2012 WL 5867370, at *2 (E.D.N.Y. 2012) ("the interest in maintaining the confidentiality of the offer of settlement . . . outweighs the applicable presumption of public access," and finding "[o]f particular relevance is the fact that the information at issue does not concern a finalized settlement agreement, but merely relates to an offer of settlement that has been made"); *United States v. Town of Moreau*, 979 F.Supp. 129, 135-36 (N.D.N.Y. 1997) ("Settlement positions are often extreme and should they be made public a litigant would reasonably fear being judged in the court of public opinion based upon what are nothing more than bargaining positions. These concerns would hardly encourage negotiations."); *Agence France Presse v. Morel*, 2014 WL 5568562, at *3 (S.D.N.Y. 2014) (recognizing the systemic harm that would be caused if the court "were to refuse to redact the settlement offer figures," because such risk of disclosure would cause "harm to future settlement efforts" both in that case and "in similar actions generally").

Given the strong considerations that militate against publicizing confidential settlement proposals and the narrow redaction sought, Plaintiff's request is proper. Accordingly, in addition to Plaintiff's request that the Court order Defendants to seal their Reply brief on a temporary basis, Plaintiff also respectfully requests that the Court authorize the public filing of Defendants' Reply brief with Plaintiff's proposed redaction. In the alternative, Plaintiff respectfully requests that the Court defer a decision on whether to approve or deny Plaintiff's sought redaction until after the Court has ruled on the parties' Motions for Summary Judgment, at which juncture it will be clear whether the settlement proposal referenced in these documents plays any part in the Court's ruling.

\*   \*   \*

The parties appreciate the Court's attention to the foregoing.

Respectfully submitted,

| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP** |
| */s/ Laurent S. Drogin* | */s/ Gregory R. Bennett* |