```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GRAHAM CHASE ROBINSON,                                           :
                                                                 :
                        Plaintiff,                               :
                                                                 :
        -v-                                                      :
                                                                 :
ROBERT DE NIRO and CANAL PRODUCTIONS,                            :
INC.,                                                            :
                                                                 :   19-cv-09156 (LJL)
                        Defendants.                              :
                                                                 :   MEMORANDUM AND
-----------------------------------------------------------------X         ORDER
                                                                 :
CANAL PRODUCTIONS, INC.,                                         :
                                                                 :
                        Counterclaim-Plaintiff,                  :
                                                                 :
        -v-                                                      :
                                                                 :
GRAHAM CHASE ROBINSON,                                           :
                                                                 :
                        Counterclaim-Defendant.                  :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The parties have filed several motions to maintain under seal documents filed in support and in opposition to the motions for summary judgment of plaintiff Graham Chase Robinson ("Plaintiff") and defendants Robert De Niro and Canal Productions, Inc. ("Defendants"). Dkt. Nos. 301, 323, 325, 330, 332, 349, 355, 358, and 367.

First, in each of those sealing motions, the parties jointly seek to redact home addresses, personal or otherwise non-public email addresses and phone numbers, and other sensitive information, including health-related information, confidential financial information, a pseudonym used by De Niro, and sensitive information concerning non-parties, including De

Niro's minor children. Dkt. Nos. 301, 323, 325, 330, 332, 349, 355, 358, and 367. The Court grants this request.

There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). To determine whether a document should be permitted to be filed under seal, the Court engages in a three part test: (1) it determines whether the filing should be "classified as a 'judicial document,'" *i.e.*, whether it is "'relevant to the performance of the judicial function and useful in the judicial process'"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of th[e] presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'" *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (citations omitted) (first quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); and then quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Materials that are "submitted in connection with a motion for summary judgment are subject to a strong presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *see S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *2 (S.D.N.Y. May 16, 2023). However, here, despite the strong presumption of access, "privacy interests justify narrowly tailored redaction." *Ripple Labs, Inc.*, 2023 WL 3477552, at *3. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access." *Id.* Further, the limited redactions will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). If this information were publicly disclosed, it could be used to

significantly intrude on the personal privacy interests of the persons in this case.  This is particularly worrisome here where the case has attracted substantial media attention and certain of the information implicates innocent third parties.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (citation omitted)).

Second, Plaintiff requests that the substance of a settlement proposal made by Plaintiff to Defendants on June 11, 2019 via email be redacted from Dkt. No. 307-31, Dkt. No. 322-49, Dkt. No. 335-58, Dkt. No. 335-60.  *See* Dkt. Nos. 301, 323, 330.  Plaintiff also requests that references to the substance of that settlement proposal in a supplemental declaration of De Niro and Defendants' reply brief be redacted.  Dkt. Nos. 349, 358.  Plaintiff contends that redaction is appropriate under Second Circuit precedent upholding redactions of settlement communications and offers.  *See* Dkt. No. 301 at 2.  Plaintiff further notes that such information is inadmissible as a confidential settlement communication and thus cannot have formed the basis of the Court's decision on the parties' summary judgment motions.  *Id.* at 3.  Defendants, in response, contest that Plaintiff's email is a confidential settlement communication and argue that, regardless, this issue should be resolved in a motion in limine.  *Id.* at 3.  Defendants also argue that the information in the settlement communication is important to their case regarding Plaintiff's improper use of SkyMiles and gives context to Plaintiffs' claims.  *Id.* at 4.

The Court agrees with Defendant that the settlement proposal made by Plaintiff to Defendants on June 11, 2019 and references to that settlement proposal in documents filed in support of the motions for summary judgment should not be redacted.  Such documents are entitled to a strong presumption of access as they were submitted in support of the parties briefing on summary judgment.  *See Agence France Presse v. Morel*, 2014 WL 5568562, at *2

(S.D.N.Y. Nov. 3, 2014) (Nathan, J.).  The Court also relied on the information contained in the email with the settlement proposal in determining those motions.  Thus, the "settlement document[] cease[s] to be information with no value to those monitoring the exercise of Article III judicial power by the federal courts," but is instead information "necessary to understanding the Court's decision."  *Id.* (citation omitted).

In reaching the conclusion that they are entitled to a strong presumption of access, the Court rejects Plaintiff's argument that the settlement information is necessarily inadmissible under Federal Rule of Evidence 408 and therefore could not be relied upon by this Court in deciding the motion for summary judgment.  Rule 408 only precludes the admission of settlement discussions to "prove or disprove the validity or amount of a disputed claim" or for impeachment purposes.  Fed. R. Evid. 408(a).  It does not, however, preclude the use of such communications for "another purpose."  Fed. R. Evid. 408(b).  And, here, this communication is relevant for purposes other than proving or disproving the validity or amount of a disputed claim.  In particular, it provides necessary context to De Niro's comments that Plaintiff's claims are evidence of retaliation and is contained in an email that Plaintiff contends show protected activity for purposes of Plaintiff's retaliation claim.  *See Calise v. Casa Redimix Concrete Corp.*, 2022 WL 355665, at *4 (S.D.N.Y. Feb. 4, 2022) (settlement communication not barred by Rule 408 when admitted as evidence of retaliation); *see also King v. Wang*, 2021 WL 5232454, at *9 (S.D.N.Y. Nov. 9, 2021).  To the extent certain parts of this communication or the related documents should be deemed inadmissible under Rule 408, the Court will decide that at the motion in limine or trial stages.

"Against this strong presumption, the Court must balance the interests weighing against public disclosure of the settlement information." *Morel*, 2014 WL 5568562, at *2.  Plaintiff is

correct that generally a "strong public interest in encouraging amicable resolution of disputes" weighs against public disclosure of settlement communications. *Id.* "Few cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998).

However, this interest is less strong here. "This case is distinguishable from situations where parties relied on the confidentiality of settlement information in order to reach a settlement, or where a party would not have settled but for an assurance of confidentiality . . . . No settlement was reached here." *Morel*, 2014 WL 5568562, at *3. In addition, the agreement has already enjoyed "years of secrecy." *Blake v. Deutsche Bank AG*, 2011 WL 2946374, at *2 (S.D.N.Y. July 18, 2011). Furthermore, this action "does not take on the character of a case whose resolution will 'benefit the public,' except in the general sense that orderly administration and enforcement of the laws always benefits the public." *Morel*, 2014 WL 5568562, at *3.

Another consideration also weighs against the confidentiality of this settlement communication. "While it is good policy to tolerate confidentiality which fosters settlements, the limits of that policy are exceeded when it would conceal the conduct of an entire case or significant portion from public view." *Deutsche Bank AG*, 2011 WL 2946374, at *2. This communication—although certainly not the entire case—provides essential context for the timing of events and certain communications relevant to Plaintiff's retaliation claims. If it were to be shielded, the public would have a skewed sense of those claims. The Court therefore denies Plaintiff's request to redact this information.

Third, Defendants seek to redact information concerning De Niro's drinking, a Viagra prescription, the timing of the formation of De Niro's relationship with a third-party, and certain

5

financial information.[1]  Dkt. No. 323.  Defendants argue that this information should be redacted due to the privacy interests of De Niro and other third parties and because it has no bearing on the parties' legal claims or defenses in this action whatsoever. *Id.* at 2.  In response, Plaintiff claims that this information is relevant to the parties' claims or defenses and, in certain cases, is already publicly available. *Id.* at 3–4.

Concerning the Viagra prescription, the Court denies Defendant's request to redact this information.  This information is entitled to a strong presumption of access as it was not only submitted in support of Defendants' motion for summary judgment, but also is a key fact in Plaintiff's gender discrimination claim.  *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.").  Defendants' privacy interests in disclosure of the information are also low as the information that Defendant seeks to redact is consistent with information that is already in the public domain.  *See* ECF No. 307-12 at 35.  "The Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public." *Shetty v. SG Blocks, Inc.*, 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases).

Regarding the financial information that Defendants seek to redact, the Court grants Defendants' request in full.  While such information is entitled to a strong presumption of access, as this Court has previously noted, "financial information implicate[s] 'significant privacy interests' that overcome the strong presumption of public access," particularly where the

---

[1] The exhibits from the Bennett Declaration as to which certain redactions are disputed are: Ex. 88 at 395, 397 (except Plaintiff consents to those redactions highlighted in green); Ex. 90 at 21 and 246-48 (except Plaintiff consents to those redactions highlighted in green); and Ex. 91 at 69, 73, and 74 (except that Plaintiff consents to those redactions highlighted in yellow), 134 and 231–41 (except that Plaintiff consents to the redactions on 234).

information had no relevance to the Court's decision on the summary judgment motions. *Ripple Labs, Inc.*, 2023 WL 3477552, at *3. This Court also rejects Plaintiff's claims that this financial information is "public." Dkt. No. 323 at 6. Plaintiff has pointed the Court to no public records containing this information.[2]

With regard to information about drinking, the Court grants the parties' request to redact the information upon which they agree. The redactions upon which the parties agree contain sensitive medical information and thus the privacy interest in redacting this information outweighs any public interest in their disclosure. *See Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) ("To protect these interests, courts routinely seal medical records." (cleaned up)). Certain of the additional redactions that Defendants request to make also fit into this category, as they also relate to a medical condition.[3] Defendants' request to make these additional redactions is granted.

The remaining redactions that Defendants request to make concerning De Niro's drinking generally, however, do not implicate higher values sufficient to overcome the presumption of access to this information. The references are to occasions in which De Niro drank, including an occasion in which De Niro allegedly was "drunk." This information, even if not relied upon by

---

[2] The Court is aware that papers filed in support of a motion for summary judgment are entitled to a strong presumption of access regardless of the role the specific document plays in a court's adjudication. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *2 (S.D.N.Y. Jan. 17, 2023). However, the Court does note that this information had no relevance to the Court's determination of the motions for summary judgment. In fact, information about De Niro's financial situation seems to have only been submitted in connection with the motions for summary judgment, because Defendants chose to provide the Court with the entire deposition transcripts as opposed to select portions of the transcripts. Absent that decision by Defendants, the Court is extremely doubtful that this information would have been submitted in connection with these motions.

[3] The redactions that may be made are: Dkt. No. 327-91 at 69:10-11, 70:10–12, 70:18–71:9, 71:15–72:4, 72:11–13, 72:17–25, 73:10–11, 74:1, and 74:17–21.

the Court in deciding the motions for summary judgment, is nonetheless entitled to a strong presumption of access. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) ("In fact, we have expressly rejected the proposition that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion for summary judgment." (cleaned up)); *Rowe v. Google LLC*, 2022 WL 4467628, at *1 (S.D.N.Y. Sept. 26, 2022) ("It is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches."). De Niro privacy interests are not sufficient to weigh against disclosure. Information about a person drinking or getting drunk is neither particularly sensitive nor particularly private. It is not sufficient to outweigh a public interest in access. Moreover, "[a] possibility of future adverse impact on employment or the celebrity status of a party is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017)); *see also Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 376 (S.D.N.Y. 2007) ("I reject the notion that a generalized concern of adverse publicity concerning a public figure is a sufficiently compelling reason that outweighs the presumption of access."). "'Generalized concern[s] of adverse publicity' do not outweigh the presumption of access." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007)).

Finally, the Court grants the parties' request to redact information pertinent to the start of De Niro's relationship with Chen on which they agree, but it denies the request to make the additional redactions that Defendants request. Although the redactions upon which the parties

agree concern substantial privacy interests that outweigh the significant interest in public disclosure of such information, the remaining redactions do not. First, the relationship between De Niro and Chen is central to the claims in this action and Chen is not an innocent third-party; instead, certain of Plaintiff's claims for retaliation and discrimination are based on Chen's conduct toward her. There is therefore a significant interest in their disclosure. Second, similar information about the start of their relationship is already a matter of public record. Defendants have not moved to redact similar questions such as "when you and Mr. De Niro began residing together, was he still married?" to which Chen responded, "Yes." Dkt. No. 322-90 at 22–23. Defendants also have not moved to redact Chen's deposition testimony about how when they first started their relationship, De Niro attempted to conceal it from others in the office and his family. *Id.* at 23–24. Defendants' privacy interests in redacting this information are thus low and do not outweigh the significant interest in its public disclosure.

## CONCLUSION

The motions to seal are granted in part and denied in part. Consistent with this Order, the parties are directed to refile or unseal any documents by June 2, 2023. The Clerk of Court is respectfully directed to close Dkt. Nos. 301, 323, 325, 330, 332, 349, 355, 358, and 367.

SO ORDERED.

Dated: May 26, 2023
       New York, New York

_____
                    LEWIS J. LIMAN
                    United States District Judge