**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
*Attorneys for Defendants Robert De Niro and Canal Productions Inc.*
Gregory Ross Bennett
7 Skyline Drive
Hawthorne, New York 10532
Tel.: (914) 347-2600
Email: gbennett@tlsslaw.com

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant Canal Productions, Inc.*
Laurent S. Drogin
Brittany K. Lazzaro
1350 Broadway, 11th Fl
New York, New York 10018
Telephone: (212) 216-8000
Email: ldrogin@tarterkrinsky.com
Email: blazzaro@tarterkrinsky.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAHAM CHASE ROBINSON, <br><br> *Plaintiff*, <br><br> - against - <br><br> ROBERT DE NIRO and <br> CANAL PRODUCTIONS, INC., <br><br> *Defendants*. | Case No. 1:19-cv-09156-LJL-KHP |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO APPEAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.  THE COURT DID NOT APPLY A "BASELESSNESS" STANDARD IN
       DISMISSING PLAINTIFF'S RETALIATION CLAIM, MEANING THERE IS NO
       "ERROR" TO CORRECT ON APPEAL ................................................................... 2

    II. THE COURT'S SO-CALLED "NOVEL STANDARD"—EVEN IF INCORRECT—
       WAS NOT THE BASIS FOR ITS DENIAL OF SUMMARY ..................................... 6

    III. DELAYING THE TRIAL TO LEARN IF CERTAIN DAMAGES ARE
       AVAILABLE IS UNMERITED.................................................................................. 8

CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006)...............................................................................................9

*Blue Spike, LLC v. Audible Magic Corp.*,
    No. 6:15-cv-584, 2016 WL 3653516 (E.D. Tex. May 31, 2016) ............................................11

*Century Pacific, Inc. v. Hilton Hotels Corp.*,
    574 F.Supp.2d 369 (S.D.N.Y. 2008)....................................................................................9

*Courtney-Clarke v. Rizzoli Intern. Publications, Inc.*,
    251 A.D.2d 13, 676 N.Y.S.2d 529 (1st Dep't 1998) ............................................................9

*Darveau v. Detecon, Inc.*,
    515 F.3d 334 (4th Cir. 2008) .............................................................................................3

*DiBella v. U.S.*,
    369 U.S. 121 (1962)........................................................................................................11

*In re Facebook, Inc. IPO Sees, and Derivatives Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014)...............................................................................1, 2

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)................................................................................................9

*Frazier v. Morgan Stanley & Co. LLC*,
    No. 16-cv-804, 2020 WL 3791852 (S.D.N.Y. Jul. 7, 2020)....................................................1

*Greathouse v. JHS Sec. Inc.*,
    784 F.3d 105 (2d Cir. 2015)...............................................................................................4

*Halvatzis v. Perrone*,
    199 A.D.3d 785, 156 N.Y.S.3d 428 (2d Dept. 2021) ......................................................10, 11

*JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*,
    209 F.R.D. 361 (S.D.N.Y. 2002) ......................................................................................10

*Kim v. Lee*,
    576 F. Supp. 3d 14 (S.D.N.Y. 2021), *aff'd*, 2023 WL 2317248 (2d Cir. Mar. 2,
    2023) .............................................................................................................................3

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)..............................................................................................1

*Leroy v. Delta Airlines, Inc.*,
   No. 21-267-cv, 2022 WL 12144507 (2d Cir. Oct. 27, 2022) .....................................................4

*Lok Prakashan, Ltd. v. Berman*,
   No. 04-cv-7212, 2005 WL 8178482 (S.D.N.Y. Nov. 4, 2005).................................................10

*McGraw-Hill Global Ed. Holdings, LLC v. Mathrani*,
   293 F. Supp. 3d 394 (S.D.N.Y. 2018).....................................................................................4

*Nationall Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
   71 F.Supp.2d 139 (E.D.N.Y.1999) ........................................................................................2

*Piniero v. Pension Benefit Guarantee Corp.*,
   22 Fed. App'x 47 (2d Cir. 2001)............................................................................................1

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
   No. 06-cv-15375, 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007) .............................................2

**Statutes**

28 U.S.C. § 1292(b) ...........................................................................................................1, 2

## PRELIMINARY STATEMENT

Defendants Canal Productions, Inc. ("Canal") and Robert De Niro (collectively, "Defendants") submit this memorandum of law in opposition to plaintiff Chase Robinson's ("Plaintiff" or "Ms. Robinson") motion for leave to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF #408) (the "Brief" or "P. Br.").

Plaintiff takes issue with four aspects of the Court's May 25, 2023 Opinion and Order (ECF #382) (the "Opinion"); two relating to her retaliation claims and two involving Canal's counterclaims. Leave should be denied on all four requests.

## ARGUMENT

Interlocutory appeals are "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Piniero v. Pension Benefit Guarantee Corp.*, 22 Fed. App'x 47, 49 (2d Cir. 2001) (internal quotations omitted). "[F]ederal practice strongly disfavors discretionary interlocutory appeals because they prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *Frazier v. Morgan Stanley & Co. LLC*, No. 16-cv-804, 2020 WL 3791852, at *1 (S.D.N.Y. Jul. 7, 2020) (internal quotations omitted); *see also In re Facebook, Inc. IPO Sees. and Derivatives Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) ("The Second Circuit has noted that 'interlocutory appeals are strongly disfavored in federal practice.'").

A party seeking an interlocutory appeal must demonstrate: (i) a controlling question of law (ii) as to which there is a substantial ground for difference of opinion, and (iii) that an immediate

appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. §

1292(b) "The proponents of an interlocutory appeal have the burden of showing that all three of

the substantive criteria are met." *In re Facebook*, 986 F. Supp. 2d at 529.[1] As none are present

here, Plaintiff fails to show the "exceptional circumstances" required for interlocutory review.

**I.     THE COURT DID NOT APPLY A  BASELESSNESS"  STANDARD IN
         DISMISSING PLAINTIFF'S RETALIATION CLAIM, MEANING THERE
         IS NO "ERROR" TO CORRECT ON APPEAL**

On her retaliation claims, Plaintiff contends interlocutory appeal is warranted to decide two

questions:

> (1)     whether an employer's suit against an employee must be 'baseless' to
> qualify as actionable retaliation under the Fair Labor Standards Act ('FLSA'), New
> York Labor Law ('NYLL'), or New York City Human Rights Law ('NYCHRL'),
> where there is evidence that at least some aspect of the suit was driven by retaliatory
> animus, and
>
> (2)     whether an employer's baseless demand, standing alone, may qualify as a
> materially adverse action under the FLSA or NYLL or as an adverse action under
> the NYCHRL.

(P. Br., at p. 1).

We address these points in order. In presenting her Section 1292(b) argument, Ms.

Robinson asserts that:

> [A]t the heart of the Court's ruling[] [was] … whether an employer's suit against
> an employee must be "baseless" to qualify as actionable retaliation under the FLSA,
> NYLL, or NYCHRL, where there is evidence that at least some aspect of the suit
> was driven by retaliatory animus.

(P. Br., at p. 13).

The problem is the Court never held a lawsuit must be baseless to sustain a retaliation

---

[1]     Notably, "[d]istrict court judges have broad discretion to deny certification even where the
statutory criteria are met." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-cv-15375, 2007 WL
1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nationall Asbestos Workers Med. Fund v. Philip
Morris, Inc.*, 71 F.Supp.2d 139, 166 (E.D.N.Y.1999) (stating that the authority to deny certification,
even where the three statutory criteria are met, is "independent" and "unreviewable")) (additional
citation omitted).

claim. That is not what the Court said. On page 64 of the Opinion the Court wrote: "[T]o sustain a claim of retaliation based on the filing of a lawsuit or a counterclaim, the plaintiff must allege [] that the lawsuit or counterclaim was filed <u>both</u> 'with a retaliatory motive' <u>and</u> that it was filed 'without a reasonable basis in fact or law." Opinion, at p. 64 (citations omitted and emphasis added). Plaintiff first ignores the "retaliatory motive" component of the two criteria into one, then sweeps it into the "without a reasonable basis in fact or law" requirement and brands the result "baseless." As if the Court had said: "A plaintiff claiming retaliation must show the employer's lawsuit was baseless or she cannot proceed." She then complains the Court was wrong to apply her made-up standard.

Any doubt that the Court did not invent or apply this narrow standard is made clear by other aspects of its Opinion: "Construing the evidence in Plaintiff's favor, there is insufficient evidence for a reasonable jury to conclude <u>either</u> that Defendants filed the State Court Action with a retaliatory motive <u>or</u> that it was filed without a basis in law or fact." Opinion, at p. 65 (emphasis added). The Court then presented and analyzed the facts, explaining why Ms. Robinson failed to meet either of the <u>two</u> requirements identified by *Kim v. Lee*, 576 F. Supp. 3d 14, 30 (S.D.N.Y. 2021), *aff'd*, 2023 WL 2317248 (2d Cir. Mar. 2, 2023), *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008), and the other cases cited in the Opinion. *See* Opinion, at pp. 63-70.

The Court did not say, as Ms. Robinson charges, that a lawsuit by an employer must be "baseless" to support a retaliation claim. The Court held there was insufficient evidence for a jury to find <u>both</u> retaliatory motive <u>as well as</u> "without a basis in law and fact" (*i.e.*, "baseless"), consistent with the standard expressed in the other decisions cited by the Court.

Hence, the entire premise supporting the request for an interlocutory appeal is created by misreading the Opinion and faulting the Court for applying a "baselessness" standard that does not

appear anywhere in the Opinion. In reality the arguments advanced by Plaintiff "constitute nothing

more than disagreement with this Court's explication of the relevant legal standards and application

of the standards to the facts of this case," (*McGraw-Hill Global Ed. Holdings, LLC v. Mathrani*,

293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018)), and present nothing that would justify an interlocutory

appeal.

Ms. Robinson retools and reapplies the "baseless" buzzword in her second argument,

questioning and seeking interlocutory review of "whether an employer's baseless [damages]

demand, standing alone, may qualify as a materially adverse action under the FLSA or NYLL or

as an adverse action under the NYCHRL." P. Br., at p. 6. But the Court never expressed such a

view, and nor did it apply such a standard, making the entire "issue" illusory. Ms. Robinson claims

the "Court itself recognized the novelty of the question, acknowledging '[t]here is no case squarely

on point' regarding whether such a demand constitutes a materially adverse action. (Dkt. No. 382

at 68.)" P. Br., at p. 10.

Plaintiff's argument overlooks that whether an "adverse action" occurred only enters the

equation where there has been protected activity in the first place. ECF #324, D. Br., at pp. 12-18;

ECF #356, D. Reply Br., at pp. 3-11. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015)

(FLSA retaliation claim requires protected activity); *Leroy v. Delta Airlines, Inc.,* No. 21-267-cv,

2022 WL 12144507, at *5 (2d Cir. Oct. 27, 2022) (NYCHRL retaliation claim requires protected

activity). Absent protected activity, a retaliation claim never gets to the "adverse action" question.

Here, the Court held: "As a matter of law, no reasonable employer would understand

Plaintiff's complaints as an assertion of rights under the equal pay provisions of the FLSA and the

NYLL." Opinion, at p. 43. Thus, even if a "baseless" damages request was made, it could not have

been retaliatory because no protected activity occurred in the first place. The sole exceptions were

limited to the Pagano emails, which the Court found could be protected activity; and Ms. Robinson's April 2, 2019, email. Opinion, at pp. 93-97. But even then, Ms. Robinson glances by the Court's discussion and explanation that Canal had articulated a legitimate basis for its claims and that no reasonable juror could conclude the filing of the lawsuit itself was retaliatory.

This leads to the slim question of whether a non-retaliatory lawsuit could nevertheless support a retaliation claim merely by seeking damages that are "exaggerated" (the word used by the Court on pages 70 and 73 of the Opinion).[2] The absence of case law coupled with the Court's detailed explanation for concluding it cannot, supports Canal's view that this is not a question that has arisen or is being grappled with by federal courts within the Second Circuit or the New York State courts. Perhaps of interest and intrigue in academic circles, it hardly seems warranting of delay to the trial.

More direct, Ms. Robinson ignores the Court's most persuasive point: "Plaintiff has failed to adduce evidence from which a jury could find that the request for relief was itself a materially adverse action." Opinion, at p. 75. The Court reached the same conclusion regarding the retaliation claim under the NYCHRL:

> Here, for the reasons discussed in Discussion Section I.A.1.b.i, the inclusion of a somewhat inflated request for damages, in an otherwise potentially meritorious lawsuit, absent additional facts, cannot be characterized as anything more than a petty slight or trivial inconvenience. Plaintiff's retaliation claim thus fails as no reasonable juror could find that the damages request in the State Court Action 'would be 'reasonably likely to deter a person' from engaging in protected activity.'

Opinion, at p. 114 (citation omitted).

Thus, even if Plaintiff was correct that an exaggerated damages demand sought in connection with a non-retaliatory lawsuit could itself be retaliatory, this is a particularly poor case

---

[2]      Here is another example where the Plaintiff substitutes her pet word "baseless"–in place of the actual language used by the Court.

to send to the Second Circuit for interlocutory consideration.

## II.   THE COURT'S SO-CALLED "NOVEL STANDARD"—EVEN IF INCORRECT— WAS NOT THE BASIS FOR ITS DENIAL OF SUMMARY JUDGMENT ON CANAL'S CONVERSION CLAIM, RENDERING INTERLOCUTORY REVIEW BOTH PREMATURE AND UNNECESSARY

We turn next to Ms. Robinson's attacks on two aspects of the Opinion that denied her motion for summary judgment. First, she contends that the Court's "novel standard" relating to Canal's conversion claim warrants immediate appellate review. Second, she invents a question of "first impression" as to whether a witness's testimony about the appropriateness of certain damages operates as the waiver or abandonment of a claim, when elicited by opposing counsel at a deposition, and where all objections other than form are waived until trial. Neither issue warrants interlocutory review.

As to the first contention, on page 14 of her Brief, Ms. Robinson argues:

> Notably, the Court did not address whether Canal had affirmatively demonstrated a lack of authorization. Instead, it presumed that Plaintiff's transactions were unauthorized and reasoned that "lack o[f] authorization or fraud is presumed when an agent uses the principal's property in a manner that is, at least in part, self-interested." (Dkt. No. 382 at 138.) In doing so, the Court devised a novel standard that is not found in the case law on conversion.

(P. Br., at p. 14).

There are several problems with this argument. First, the evidence presented was on a motion for summary judgment, not following a trial where the jury had been instructed to follow this so-called "novel standard." The only question presented to the Court, that was before the Court and decided by the Court, was whether material facts were in dispute. Not before the Court was whether Canal had met its burden at trial.

Yet Plaintiff wrongly propounds the question as though it was: "The question at issue— whether a lack of authorization is presumed when an employer brings conversion claims against an employee—is a 'controlling question of law.'" (P. Br., at p. 14). But that was not the question

at all. Nor did the Court even apply this standard in deciding the motion. The question was whether there were disputed material facts.

Canal is then faulted because "[it] presented no proof that any specific transactions were unauthorized." *Id*. First, this is quite a sweeping statement and insult to the extensive record in this case. Second, Canal had no such burden on this motion.  On Plaintiff's motion for summary judgment, the question was limited to whether there were disputed material facts as to authorization, and there were. The Court's application of any "presumption," is more correctly viewed as dicta. We need only to focus only on two aspects of Canal's conversion claim to make this point: the SkyMiles and the return of Canal's cash, gift cards, and physical property.

The dispute about the conversion of Canal's SkyMiles permeates the record. (ECF #322-50; ECF #322-93, Tasch Tr., at 410–11; ECF #342, RDN Supp. Dec., ¶¶ 19-21, 25; ECF #344-25, Delta Account Activity, at pp. 9-16, Ex. 26, ECF#344-26, Delta Usage of SkyMiles, at pp. 1, 2-5, 7-9, 12). It is memorialized in several places, including the conversation Ms. Robinson secretly recorded on June 9, 2019, between her and Mr. Harvey (ECF #322-85, at 2:18-23, 9:18–10:6; ECF #322-3, P. Tr. II, at 200:24-202:18). It is covered in her recorded phone call with Robin Chambers. (ECF #322-85, at 2:2–5:4).

It is explained at length in both Ms. Robinson's deposition testimony (ECF #332-2, P. Tr. I, at 297:21–298:3), and that of Mr. De Niro (ECF #322-92, RDN Tr. II, at 365:16-23). Here there is a genuine issue of disputed material fact on the conversion of 4,995,000 SkyMiles. As the Court explained: "[T]he dispute concerns whether Plaintiff had authorization to transfer the approximately five million SkyMiles that she transferred in the months prior to her resignation." Opinion at 152, n. 44. How Plaintiff can say her authorization was not disputed is mystifying. There was no "presumption" of lack of authority. There are disputed facts which, on a motion for

7

summary judgment, were rightly construed in Canal's favor.

Likewise, the Court's so-called "novel standard" (P. Br., at p. 14), even if incorrect does not and did not displace the Court's operative discussion about how Ms. Robinson's right to possess and retain Canal's property was a disputed fact warranting resolution by a jury. The "presumption" discussed by the Court with which issue is taken was neither applied as part of its *ratio decidendi*, nor presented to a jury. Thus, even if such a "standard" is wrong, it will only matter if the jury is instructed to apply it and a verdict is entered in Canal's favor. Then the question would be properly presented on appeal. At this point it is theoretical and nothing more since the Court had no occasion to apply it in the Opinion.

Second, it is undisputed that Ms. Robinson retained Canal's cash, gift cards and property after she resigned (ECF #103, at p. 2; ECF #322-66), failed to return it as requested in the July 11, 2019, Harvey Letter (ECF #322-50), and did so only on the last day of discovery (ECF #322-71; Ex. 2, ECF #322-22, P. Tr. I, at 305:24–308:2; 316:17-321:15; ECF #322-66). She refused to explain the delay in any credible fashion, crouching instead behind the attorney-client privilege (*id*., at 307:9-25, 310:5-25; 316:17–321:15).[3] Once again, the Court did not apply a "novel standard" in the Opinion and, if anything, let Ms. Robinson off the hook by not granting summary judgment against her on this part of Canal's conversion claim.

## III.  DELAYING THE TRIAL TO LEARN IF CERTAIN DAMAGES ARE AVAILABLE IS UNMERITED

Plaintiff next pitches as a question of first impression "whether a company owner's [deposition] testimony that a remedy should not be imposed constitutes abandonment or waiver of that remedy." P. Br., at p. 18. It seems axiomatic that not every argument or theory for which

---

[3]    At best, Ms. Robinson testified that she was somehow waiting for Canal to coordinate the return of its property with her attorneys. ECF #322-2, P. Tr. I, at 305:24–327.

Second Circuit authority is absent merits interlocutory review as "first impression" status especially where the issue has arisen in a narrow context, and law on the underlying premise is ample.[4] *See Century Pacific, Inc. v. Hilton Hotels Corp.,* 574 F.Supp.2d 369 (S.D.N.Y. 2008).

The path of Second Circuit law on abandonment and waiver is well-traveled in the contract realm, we see no reason why the same rules would not apply to common law claims. The central vein through these cases is that abandonment or waiver must be clear, knowing, and voluntary.

> Because waiver of a contract right must be proved to be intentional, the defense of waiver requires a "clear manifestation of an intent by plaintiff to relinquish her known right" and "mere silence, oversight or thoughtlessness in failing to object" to a breach of the contract will not support a finding of waiver. *Courtney-Clarke v. Rizzoli Intern. Publications, Inc.,* 251 A.D.2d 13, 676 N.Y.S.2d 529 (1st Dep't 1998); *see also Champion Spark Plug Co.,* 273 F. at 79 ("Oversight, carelessness, or thoughtlessness will not create a waiver. There must appear to be an intention to relinquish the right or advantage, and it must be proved."). "[T]he intent to waive is usually a question of fact…" *Jefpaul Garage Corp.,* 61 N.Y.2d at 448, 474 N.Y.S.2d 458, 462 N.E.2d 1176; *see also Champion Spark Plug Co.,* 273 F. at 80 ("So much depends upon the intention of the parties that, where such intent is disputed, it necessarily becomes a question for the determination of a jury.").

*Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.,* 448 F.3d 573, 585 (2d Cir. 2006). Equity, if not the law itself, protects litigants from accidental or inadvertent waivers or abandonment, seeking near certainty that a party knew and understood the meaning of their behavior. Here, Ms. Robinson wants the bar lowered for business owners testifying at deposition while being questioned by adverse counsel, where stipulations prohibit all but objections to the form of the question.[5] Further, here the Court had warned all counsel about

---

[4]     Even assuming arguendo that there was a question of "first impression"—although there is not—"the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

[5]     The Parties agreed to the conduct of Mr. De Niro's deposition pursuant to the standard stipulation that objections other than to the form be reserved for trial. Any limited exceptions, such as intrusion on the attorney-client privilege were not applicable to the questions and answers at issue. One would be hard-pressed to devise a scenario where a litigant could be more powerless to obtain counsel from his attorney than during a deposition, being questioned by an adversary.

improvident objections, creating even greater opportunity for trickery during questioning. (ECF #213, Order, p. 1).

The questions and answers shown here from Mr. De Niro's deposition are more akin to "gotchas" than a serious inquiry into whether an informed party was intent on abandoning or waiving certain claims, absent any prior evidence or even any suggestion that this was being contemplated. P. Br., at pp. 17-18. Similarly, none of the questions elicited facts to support an argument that any sort of knowing abandonment or waiver occurred

This is reinforced by Plaintiff's own cited authority. Ms. Robinson relies on three cases, none of which effectively support her position, and all of which are readily distinguishable. Judge Jones's decision in *Lok Prakashan, Ltd. v. Berman*, No. 04-cv-7212, 2005 WL 8178482 (S.D.N.Y. Nov. 4, 2005) was a malpractice case. In it, there was no mention of or insight as to how the deposition testimony "effectively waived" a claim and "abandoned its request for relief[.]" P. Br., at p. 18. It offers no support that waiver or abandonment can occur without sufficient clarity, that such is being done with knowledge or intent.[6]

*Halvatzis v. Perrone*, 199 A.D.3d 785, 156 N.Y.S.3d 428 (2d Dept. 2021), is equally off-point as it involved an admission of a fact and not the waiver or abandonment of a claim through deposition testimony about entitlement to certain damages: "Here, the plaintiff's counsel admitted that the $150,000 in cash that Joseph allegedly took belonged to the decedent. This admission established that the plaintiff had no ownership or possessory interest in the $150,000 in cash and, consequently, that the plaintiff had no cause of action against Joseph to recover damages for

---

[6]     Indeed, Plaintiff attempts to imbue liability and relay solely on select out-of-context deposition testimony of Mr. De Niro, who was not testifying as a 30(b)(6) witness, thought as to certain matters. (ECF #322-91, RDN Tr. II, at  431:24–432:4 and ECF #322-94, RDN Tr. III, at 587:24–588:5; 587:24–588:5). *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (quashing a 30(b)(6) deposition topic because, "[u]nder the guise of requesting 'facts[,'] ... plaintiff [wa]s really requesting defendants' mental impressions, conclusions, opinions, and legal theory").

conversion." *Halvatzis*, 156 N.Y.S.3d at 430-31.

*Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584, 2016 WL 3653516 (E.D. Tex. May 31, 2016) was a patent case involving Fifth Circuit law that, like *Halvatzis*, involved the admissions of facts (*id.*, at *5-6), not whether a witness waived damages based on his personal thoughts as to whether certain remedies ought to be available. In fact, the transcript of the oral argument that led to the district court's decision reflects the great care counsel took to explain how the admissions of fact were clear and unequivocal and were made as part of a litigation strategy. *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584, Oral Arg. Tr. (ECF #58, at 52:16–70:19). This is leaps and bounds from the context here.

If anything, the absence of authority impels that this is an esoteric and eclectic question not worthy of holding up the trial. Indeed, it only becomes an issue at all if Canal prevails on its claims and disgorgement is directed; at which point the Second Circuit would have a complete record as opposed to two questions and answers from a deposition, where Canal's counsel had no ability to develop the testimony further.

Last, Plaintiff contends that decisions on interlocutory appeal would "substantially accelerat[e] the disposition of the litigation." P. Br., at p. 12 (citing case). The opposite is true. The same evidence comes in at trial irrespective of whether disgorgement of compensation has been waived or not. Nor would such an appeal shorten trial time as Plaintiff identifies no witnesses, documents or lines of questioning that could be omitted. In fact, adding back the retaliation claims would do just the opposite by compelling scads of testimony on matters the Court has ruled could not be accepted as true by a reasonable juror. *See cf. DiBella v. U.S.*, 369 U.S. 121, 124-25 (1962) ("Congress has recognized the need of exceptions for interlocutory orders . . . where the damage of error unreviewed before the judgment is *definitive and complete*") (emphasis added).

11

Fact discovery is complete. Expert discovery is complete. The case has been scheduled for trial on October 30. An interlocutory appeal would not obviate the need for a trial. It would simply delay the trial. Not only would the delay exist at the Second Circuit, but Ms. Robinson also suggests that the Second Circuit might even send certified questions to the New York Court of Appeals (P. Br., at n. 11), ensuring even more of a delay. Such delay is also contrary to the public statements made by Plaintiff's counsel who told Law360: "The court's decision means one thing: The parties will be heading to trial soon and that is welcome news after years of litigation."[7] "Soon" means October 30, not after interlocutory appellate review.

## CONCLUSION

There being no basis in fact or law to support the need for interlocutory review, Ms. Robinson's motion should be denied in its entirety.

<table>
<tr><td>Dated: Hawthorne, New York<br>      June 29, 2023</td><td>Dated: New York, New York<br>      June 29, 2023</td></tr>
<tr><td>**TRAUB LIEBERMAN STRAUS<br> & SHREWSBERRY LLP**<br><br>By:   *Gregory R. Bennett*<br>      Gregory R. Bennett<br>      Mid-Westchester Executive Park<br>      Seven Skyline Drive<br>      Hawthorne, New York 10532<br>      Tel.: (914) 347-2600<br>      Email: gbennett@tlsslaw.com<br>      *Attorneys for Defendants*<br>      *Canal Productions, Inc. and*<br>      *Robert De Niro*</td><td>**TARTER KRINSKY & DROGIN LLP**<br><br>By:   *Laurent S. Drogin*<br>      Laurent S. Drogin<br>      Brittany K. Lazzaro<br>      1350 Broadway<br>      New York, New York 10018<br>      Tel.: (212) 216-8000<br>      Email: ldrogin@tarterkrinsky.com<br>      Email: blazzaro@tarterkrinsky.com<br>      *Attorneys for Defendant*<br>      *Canal Productions, Inc.*</td></tr>
</table>

---

[7] https://www.law360.com/articles/1681921/vp-s-sex-discrimination-suit-against-de-niro-partially-tossed?copied=1