UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

GRAHAM CHASE ROBINSON,

                Plaintiff,

     -v-

ROBERT DE NIRO and CANAL PRODUCTIONS,
INC.,

                Defendants.

------------------------------------------------------------------X

CANAL PRODUCTIONS, INC.,

                Counterclaim-Plaintiffs,

     -v-

GRAHAM CHASE ROBINSON,

                Counterclaim-Defendant.

------------------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

19-cv-09156 (LJL)

MEMORANDUM AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/17/2023

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Graham Chase Robinson ("Plaintiff") moves this Court for an order certifying

one or more questions raised by the Court's May 25, 2020 opinion (the "Opinion") for

interlocutory review pursuant to 28 U.S.C. § 1292(b).  Dkt. No. 407.

       In the Opinion, the Court denied Plaintiff's motion for summary judgment and granted in

part and denied in part the motion for summary judgment of Robert De Niro ("De Niro") and

Canal Productions, Inc. ("Canal," and with De Niro, "Defendants").  Dkt. No. 382.  The Court

granted summary judgment on Plaintiff's claims that Defendants retaliated against her by

initiating a state court action against her under the Fair Labor Standards Act ("FLSA") and the

New York Labor Law ("NYLL") and granted summary judgment as to portions of Plaintiff's claim for retaliation under the New York City Human Rights Law ("NYCHRL"). *Id.* at 37–114. In doing so, the Court held that while Plaintiff adduced certain evidence that she engaged in protected activity prior to the Defendants' filing of her state court action against Plaintiff, *id.* at 61–62, there was insufficient evidence for a reasonable jury to conclude that Defendants filed the state court action either with a retaliatory motive or without a basis in law or fact, *id.* at 65. Addressing a novel issue, the Court concluded that the request for damages in the state court action could be deemed to be retaliatory, but that an exaggerated request for damages with respect to a lawsuit that was otherwise meritorious could not be deemed to be material or an adverse employment action under the FLSA, the NYLL, or the NYCHRL. *Id.* at 68–76, 113–14. The Court also denied Plaintiff's motion for summary judgment on Canal's counterclaims of breach of fiduciary duty, breach of loyalty, and conversion. *Id.* at 128–57. The Court cited law to the effect that for claims of breach of fiduciary duty and breach of loyalty when an agent engages in self-interested activity such as spending company money for her own personal meals or personal travel, it is the agent's burden to show that she obtained the consent of the principal after disclosing all material facts "unless the principal has manifested that such facts are already known by the principal or that the principal does not wish to know them." Restatement (Third) of Agency § 8.06; Dkt. No. 382 at 136–39. Acknowledging that the relevant case law in the conversion context was "sparse" the Court concluded that there was no apparent reason why the same rule would not govern there as well and that where an agent engages in self-interested activity or self-dealing, it is the burden of the agent as fiduciary to show that it obtained consent. *Id.* at 138–39.

Plaintiff argues that interlocutory appeal is warranted to decide the following issues raised by Defendants' summary judgment motion: (i) whether an employer's suit against an employee must be "baseless" to qualify as retaliatory under the FLSA, NYLL, or NYCHRL, where there is evidence that at least some aspect of the suit was driven by retaliatory animus and (ii) whether an employer's baseless demand for damages, standing alone, may qualify as a materially adverse action under the FLSA or NYLL or an adverse action under the NYCHRL. Dkt. No. 408 at 1.  Plaintiff argues that interlocutory appeal is warranted with respect to the following issues raised on Plaintiff's summary judgment motion: (1) whether a presumption of lack of authorization applies to an employer's conversation claims against an employee; and (2) whether a company owner's testimony that a remedy should not be imposed constitutes abandonment or waiver of the remedy on behalf of the company where the owner has not been designated as a Rule 30(b)(6) witness.  *Id.* at 1–2.

Section 1292(b) of Title 28 provides that "leave to appeal should be granted only if (1) the appeal 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019) (quoting 28 U.S.C. § 1292(b)).  "The party seeking leave to appeal bears the burden of demonstrating that all three criteria have been met."  *Id.*  Moreover, that party must show "'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *MF Glob. Holdings Ltd. v. Allied World Assurance Co.*, 2017 WL 2819870, at *2 (S.D.N.Y. June 29, 2017) (quoting *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73-74 (S.D.N.Y. 2007)); *see In re Reifler*, 2018 WL 3212464,

at *5 (S.D.N.Y. June 28, 2018) (stating same). "Even when all three criteria are met, a district

court retains 'unfettered discretion' to deny leave to appeal for 'any reason,' including judicial

economy." *In re Lehman Holdings*, 2019 WL 2023723, at *3 (quoting *In re Facebook, Inc., IPO*

*Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014)); *see also MF Global*

*Holdings*, 2017 WL 2819870, at *2.

      Plaintiff has failed to show that the Court's ruling that an employer's suit against an

employee must be "baseless" to qualify as retaliatory is a controlling question of law warranting

interlocutory review.  The "question of law" certified for interlocutory appeal "must refer to a

'pure' question of law that the reviewing court 'could decide quickly and cleanly without having

to study the record.'" *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371

(S.D.N.Y. 2008) (Sullivan, J.) (quoting *In re Worldcom, Inc.,* 2003 WL 21498904, at *10

(S.D.N.Y. June 30, 2003)).  "In determining whether a controlling question of law exists the

district court should consider whether: reversal of the district court's opinion could result in

dismissal of the action; reversal of the district court's opinion, even though not resulting in

dismissal, could significantly affect the conduct of the action, or; the certified issue has

precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d

223, 227 (S.D.N.Y. 2000) (citation omitted).

      Plaintiff's argument that the Court's rulings with respect to the retaliation claims should

be certified for interlocutory appeal is premised on the view that the question of whether the state

court action had to be baseless to be retaliatory was "at the heart of the Court's rulings."  Dkt.

No. 408 at 6.  But that premise is mistaken.  The Court's decision was not based solely on the

conclusion that the evidence failed to show that the lawsuit was without basis in law or fact.  *Id.*

at 65.  The Court also concluded that Plaintiff failed to adduce evidence that the state court

action was filed with a retaliatory motive.  *Id.*  Canal had sent Plaintiff a letter well before Plaintiff engaged in the relevant protected activity (*i.e.*, a July 31, 2019 letter from Plaintiff's counsel) accusing Plaintiff of "widespread abuses and unauthorized transactions" and threatening her with legal action if she did not "return the SkyMiles immediately."  *Id.* at 66 (citation omitted).  Plaintiff did not do so.  *Id.*  In addition, before the July 31, 2019 letter from Plaintiff's counsel, Defendants had already devoted time and money in an investigation and that investigation gave Defendants a basis to sue.  *Id.*  There is no evidence that it was the letter from Plaintiff's counsel on July 31, 2019 accusing Defendants of preventing Plaintiff from asserting employment and other claims against DeNiro that prompted the state court action.  In fact, the filing of the state court action almost ensured that Plaintiff would air her complaints against De Niro.

The Court also rejects Plaintiff's claim that the Court's ruling as to whether an employer's baseless demand for damages, standing alone, may qualify as a materially adverse action under the FLSA or NYLL or an adverse action under the NYCHRL warrants interlocutory appeal.  Plaintiff has failed to show that there is "substantial ground for difference of opinion" on this issue.  *See In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3 (citation omitted). Plaintiff has cited no case in which any court has held that a baseless demand for damages, on its own, necessarily qualifies as an adverse action for purposes of a retaliation claim, Dkt. No. 382 at 69, and the Court concluded, in holding that a slightly inflated damages award does not necessarily constitute a retaliatory action, that "it is difficult to believe that the rule could be otherwise," *id.* at 72.  In addition, the Court's ruling on this issue was fact specific; the Court left open the possibility that different facts would have changed its ruling on this issue.  *Id.* at 74–76. It is therefore not a pure question of law suitable for interlocutory review.

Plaintiff also fails to present a controlling question of law with respect to the conversion claim. Her argument is based on the premise that "[i]f the Second Circuit rules that lack of authorization should not be presumed, this should dispose of Canal's conversion claim altogether, since Canal presented no proof that any specific transactions were unauthorized." Dkt. No. 408 at 14. But the premise again is mistaken. The Court's order was one permitting Canal to present its claim of conversion to the jury based on the notion that there were genuine issues of fact with respect to authorization. Canal also argued that it presented evidence that the self-interested transactions of Plaintiff were expressly unauthorized. A ruling by the Second Circuit could not dispose of the conversion claim. At best, it would permit Plaintiff to make a renewed motion for summary judgment.

Plaintiff further fails to show that the Court's ruling that De Niro's deposition answers did not effect a waiver of Canal's faithless servant claim is either controlling or presents an issue as to which there is substantial ground for difference of opinion. Virtually by definition, the question is fact-bound. The Court ruled both that the testimony of a company executive in his personal capacity is not binding on the company and that, even if it could be binding in some circumstances, De Niro's testimony was sufficiently equivocal that it did not waive any of Canal's rights in these instances. Dkt. No. 382 at 133. De Niro testified that he did not "care" about whether Plaintiff paid disgorgement, not that Canal was willing to forego the claim. *Id.* Thus, even assuming that Plaintiff is correct that under some circumstances a principal's answer at deposition could effect a waiver of a right (and not just an evidentiary admission admissible against its principal), the ultimate question whether the answers here did effect such a waiver will turn upon the facts. Plaintiff also has not presented any evidence of conflicting decisions on

the issue; simply because an issue has not been decided by the Second Circuit does not mean there is substantial ground for difference of opinion.

Most importantly, Plaintiff has failed to show that an immediate appeal from the Court's order would materially advance the ultimate termination of the litigation.  Plaintiff argues that, if the Court erred with respect to its determination on the baselessness element of retaliation, the case would have to be remanded after appeal for a new trial.  Dkt. No. 408 at 12.  But, as indicated, the Court's determination did not rest on its legal conclusion with respect to baseless alone and, while the Court accepted certain of Defendants' arguments in granting its motion for summary judgment, it also rejected others of those arguments, each of which was reasonable (even if the Court determined that they ultimately were without merit) and each of which would be available to Defendants to argue in the Second Circuit as an alternative basis for affirming this Court's order.  Moreover, as to the conversion claim, all that the Court held was that the claim could proceed to trial.  The Court did not determine the instructions it would give to the jury or how it would evaluate the evidence if, after it is presented by Defendants, there is a motion for Plaintiff for judgment as a matter of law.  Plaintiff is free to argue to the Court that it erred in the legal standard it applied at summary judgment.  If it did so and if the evidence fails to satisfy the standard Plaintiff convinces the Court is correct, then the jury will not receive the issue of conversion.  And, if the Court erred but the evidence is sufficient to go to the jury on the standard that Plaintiff convinces the Court should be applied, the jury will be so instructed.  In either event, the sole consequence to Plaintiff will be that she will have to defend herself.  By contrast, were the Court of Appeals to conclude that the standard this Court applied on the conversion claim was wrong, this Court would still have to review the evidence to determine whether it was sufficient for the claim to go to the jury on the standard which the Second Circuit

7

believes to be appropriate.  The inevitable consequence would be a second round of summary judgment briefing.  Finally, Plaintiff argues that reversal of the Court's decision that De Niro's testimony did not waive Canal's claim to recover Robinson's salary "would eliminate a claim (the faithless servant claim) and dispose of a remedy."  Dkt. No. 412 at 9.  But Plaintiff fails to identify any evidence that would be admissible on the faithless servant claim that will not also be admissible on Canal's breach of fiduciary duty claim, which Plaintiff does not challenge.  If the Court is wrong on the waiver and abandonment claim, then, it will be easy enough to excise the remedy Plaintiff claims has been abandoned if the jury even finds for Canal on that claim.

In short, the ultimate termination of the litigation will not be advanced but will be retarded by an order from the Court certifying the case for interlocutory appeal.

## CONCLUSION

The motion for interlocutory review is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 407.

SO ORDERED.

Dated: July 17, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge