UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GRAHAM CHASE ROBINSON,**<br><br>*Plaintiff and Counterclaim Defendant*,<br><br>-against-<br><br>**ROBERT DE NIRO,**<br><br>*Defendant*,<br><br>and<br><br>**CANAL PRODUCTIONS, INC.,**<br><br>*Defendant and Counterclaim Plaintiff.* | **Civil Action No. 1:19-CV-09156 (LJL) (KHP)** |

## JOINT PRETRIAL ORDER

Pursuant to the Individual Practices in Civil Cases of United States District Court Judge Lewis J. Liman, Plaintiff and Counterclaim Defendant Graham Chase Robinson, Defendant Robert De Niro, and Defendant and Counterclaim Plaintiff Canal Productions, Inc., by and through their attorneys, hereby submit this Joint Pretrial Order:

    **I.    Full Caption of the Action**

The full caption of the action is set forth above.

    **II.    Trial Counsel**

FOR PLAINTIFF GRAHAM CHASE ROBINSON:

SANFORD HEISLER SHARP, LLP

Andrew Macurdy (*pro hac vice*)
Kate MacMullin (5693882)
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650

amacurdy@sanfordheisler.com
kmacmullin@sanfordheisler.com

Brent Hannafan (BH-4344)
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Telephone: (615) 434-7000
bhannafan@sanfordheisler.com

H. Vince McKnight (*pro hac vice*)
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
vmcknight@sanfordheisler.com

FOR ROBERT DE NIRO AND CANAL PRODUCTIONS, INC.:

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

Gregory R. Bennett (GB1112)
Hillary J. Raimondi (HR0198)
Craig Rokuson (CR0227)
7 Skyline Drive
Hawthorne, New York 10532
Telephone: (914) 347-2600
gbennett@tlsslaw.com
hraimondi@tlsslaw.com
crokuson@tlsslaw.com

TARTER KRINSKY & DROGIN LLP

Laurent S. Drogin (LD4770)
Richard C. Schoenstein (RS9376)
Brittany K. Lazzaro (BL1497)
Ingrid C. Cardona (5838552)
1350 Broadway – 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
ldrogin@tarterkrinsky.com
rschoenstein@tarterkrinsky.com
blazzaro@tarterkrinsky.com
icardona@tarterkrinsky.com

### III. Basis for Subject Matter Jurisdiction

The Court has exercised supplemental jurisdiction under 28 U.S.C. § 1367.

### IV. Brief Summary of Claims and Defenses

#### A. *Plaintiff's Claims*

Plaintiff's pending claims to be tried are for (1) gender discrimination under the New York City Human Rights Law ("NYCHRL") (N.Y.C. Admin. Code § 8-107) and (2) retaliation under the NYCHRL (N.Y.C. Admin. Code § 8-107). Previously, Ms. Robinson dismissed her claims against Defendants for unequal pay under the Equal Pay Act and failure to pay overtime under the New York Labor Law (Dkt. No. 268), and the Court granted summary judgment as to Plaintiff's retaliation claims under the Fair Labor Standards Act and New York Labor Law and as to Plaintiff's allegations of constructive discharge under the NYCHRL (Dkt. No. 382).

#### B. *Canal's Counterclaims*

Canal's pending counterclaims to be tried are for (1) conversion under New York common law, (2) breach of fiduciary duty under New York common law, and (3) breach of the duty of loyalty (faithless servant doctrine) under New York common law. Previously, Canal dismissed its counterclaim against Ms. Robinson for fraud (Dkt. No. 268).

### V. Jury Trial

The Parties believe that twelve (12) full days (from 9:00 a.m. to 5:00 p.m.) are needed for trial on the pending claims. The case is to be tried by a jury.

### VI. Summary of Case

From February 4, 2008, through April 6, 2019, Graham Chase Robinson worked for Robert De Niro, through Canal Productions, Inc., an entity owned by Mr. De Niro that services his professional and personal needs. Ms. Robinson became employed as Mr. De Niro's lead assistant

and eventually held the title of Canal's Vice President of Production and Finance.

This case arises from that employment relationship. Ms. Robinson brings claims against Mr. De Niro and Canal, and Canal brings counterclaims against Ms. Robinson.[1]

Ms. Robinson alleges that Mr. De Niro and Canal discriminated against Ms. Robinson based on her gender, by subjecting her to demeaning comments and conduct based on her gender, assigning her stereotypically female job duties that were inconsistent with her job title, paying her less than a male employee based on gender,[2] and allowing Mr. De Niro's girlfriend, Tiffany Chen, to target Ms. Robinson with false accusations that Ms. Robinson wanted a romantic relationship with Mr. De Niro. Ms. Robinson also alleges that Mr. De Niro and Canal retaliated against Ms. Robinson, by stripping her of her job duties after she expressed concerns about Ms. Chen's treatment. Canal denies all liability on Ms. Robinson's claims.

Canal brings three separate counterclaims against Ms. Robinson for conversion, breach of fiduciary duty, and breach of the duty of loyalty. Canal's conversion claim asserts that Ms. Robinson transferred Delta SkyMiles from Canal's account to her own without permission and did not return them when asked. Canal also claims that Ms. Robinson violated both her fiduciary duty and duty of loyalty to Canal by engaging in what it contends is a pattern of wrongdoing from 2016 until she resigned from Canal in 2019. Ms. Robinson denies all liability on Canal's counterclaims.

---

[1] Defendants request insertion of the following language: "Mr. De Niro is not the person who brings counterclaims, only Canal is." Plaintiff objects to that language as misleading and contends that it should be omitted or, in the alternative, replaced with the following: "Mr. De Niro is the person who decided to sue Ms. Robinson, but it is Mr. De Niro's company Canal that is the legal entity that has brought counterclaims against her." The Parties will be prepared to address this dispute at the pretrial conference.

[2] Defendants request removal of the reference to "paying her less than a male employee based on gender" and intend to submit a motion *in limine* on this subject. Plaintiff objects to the removal of this language.

**VII.     List of People, Places, and Institutions to Be Mentioned**

   *A.*   <u>People</u>

1. Graham Chase Robinson
2. Robert De Niro
3. Jeffrey Pagano, Esq.
4. Peter Grant, Esq.
5. Tom Harvey, Esq.
6. Tiffany Chen
7. Michael Kaplan
8. Michael Tasch
9. Mark Bosswick
10. John Hackett, Esq.
11. Robin Chambers
12. Sabrina Weeks-Brittan
13. Dan Harvey
14. Gillian Spear
15. Morgan Billington
16. Amelia Brain
17. Alexandra Winogora
18. Louisa (Lulu) White
19. Grace Hightower De Niro
20. Raphael De Niro
21. Drena De Niro

22. Julian De Niro

23. Elliot De Niro

24. Helen Grace De Niro

25. Jane Rosenthal

26. Toukie Smith

27. John Humphreys

28. Dr. Jackie Jones

29. Dr. Alana Levine

30. Dr. Kathleen Rein

31. Dr. Jessica Weiser-McCarthy

32. Andrea Robinson

33. Don Robinson

34. Sandy O'Hearen

35. Olivia Jampol

36. Dr. Katherine MacLean

37. Katherine Wernet

38. Nellie Norden

39. Kevin Rivas

40. Jacquen Castellanos

41. Michael Weber

42. Jessie Spellmann

43. Andrea Cuttler

44. Christine O'Leary

       45. Ernest Sanders

       46. Jerry Popolis

       47. Monica Ruiz Zeigler

       48. Aude Brosnan-Howard

       49. Carla White

       50. Dr. Robert Lloyd Goldstein

       51. Dr. Daniel Wolstein

       52. Joseph DeCusati

       53. Dr. Kimberly Resnick

       54. Dr. Michael Shahnasarian

       55. Dr. Dubravka Tosic

B. <u>Places</u>

       1. Nobu restaurant

       2. Paola's restaurant (NYC)

       3. The Montage Hotel in Beverly Hills, California

       4. 117A East 65th St.

       5. 1192 Park Avenue

       6. 88 Central Park West

       7. 375 Greenwich Street

C. <u>Institutions</u>

       1. Canal Productions, Inc.

       2. Tribeca Productions, Inc.

       3. Tribeca Film Center, Inc.

4. Tribeca Enterprises, LLC

5. Tribeca Cinemas LLC

6. Tribeca Studios

7. Tribeca Film Festival

8. Tribeca Screening Room

9. 375 Greenwich Street Condominium

10. Berdon LLP

11. Neighborhood Defender Service, Inc.

12. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP

13. Grubman Shire Mieselas & Sacks, PC

14. London School of Economics

15. Netflix

16. Delta Airlines

## VIII.  Trial Before a Magistrate and Stipulations

The Parties do not consent to a trial before a magistrate judge.

## IX.  Trial Witnesses

In their respective cases in chief, the Parties anticipate calling the individuals identified below without asterisks and may call the individuals identified below with asterisks. These witnesses are anticipated to provide testimony in person, and none of these witnesses require an interpreter. The Parties reserve the right to call any witness identified by the opposing party and to call other witnesses for purposes of impeachment or rebuttal. The Parties reserve all rights to object to any witness identified by the opposing party. The Parties reserve the right to supplement or amend their lists in light of any witnesses identified by the other party, any objections by the other

party to any witnesses or exhibits, and the Court's evidentiary rulings.

### A. *Plaintiff's List of Anticipated Trial Witnesses*

| Witness | Summary of Anticipated Testimony |
|---|---|
| Graham Chase Robinson | Robinson is the Plaintiff and is expected to testify about her knowledge of facts supporting her claims and her damages, as well as knowledge of the facts disproving Canal's counterclaims. |
| Robert De Niro | De Niro is the owner of Canal Productions, Inc. ("Canal") and is expected to testify about his knowledge of facts supporting Plaintiff's claims and her damages, as well as knowledge of facts disproving Canal's counterclaims. |
| Tiffany Chen | Chen is Robert De Niro's romantic partner and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as facts disproving Canal's counterclaims. |
| Tom Harvey, Esq. | Harvey is the General Counsel for Canal and is expected to testify about his knowledge of facts supporting Plaintiff's claims, as well as facts disproving Canal's counterclaims. |
| Robin Chambers | Chambers was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims and her damages, as well as knowledge of facts disproving Canal's counterclaims. |
| Michael Kaplan | Kaplan was employed with Ms. Robinson at Canal and is expected to testify about his knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Michael Tasch | Tasch is an accountant for Canal and is expected to testify about his knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Dr. Robert Goldstein | Goldstein is an expert psychiatrist and is expected to testify about his psychiatric evaluation of Plaintiff and her damages, including her emotional distress. |
| Sabrina Weeks-Brittan | Weeks-Brittan was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Dr. Alana Levine* | Levine is a treating physician of Plaintiff and is expected to testify about Plaintiff's damages, including her emotional distress. |
| Amelia Brain* | Brain was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Andrea Robinson* | Robinson is Plaintiff's mother and is expected to testify about her knowledge of facts supporting her claims and her damages, as well as knowledge of the facts disproving Canal's counterclaims. |
| Don Robinson* | Robinson is Plaintiff's father and is expected to testify about his knowledge of facts supporting her claims and her damages, as well as knowledge of the facts disproving Canal's counterclaims. |

9

| | |
|---|---|
| Gillian Spear* | Spear was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Dan Harvey* | Harvey was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |
| Grace Hightower De Niro* | Hightower De Niro was Robert De Niro's wife and is expected to testify about her knowledge of facts supporting Plaintiff's claims and her damages. |
| Dr. Jackie Jones* | Jones is a treating physician of Plaintiff and is expected to testify about Plaintiff's damages, including her emotional distress. |
| Dr. Jessica Weiser-McCarthy* | Weiser-McCarthy was a treating physician of Plaintiff and is expected to testify about Plaintiff's damages, including her emotional distress. |
| John Humphreys* | Humphreys is a friend of Plaintiff and is expected to testify about his knowledge of facts supporting her claims and her damages, as well as knowledge of the facts disproving Canal's counterclaims. |
| Dr. Kathleen Rein* | Rein is a treating physician of Plaintiff and is expected to testify about Plaintiff's damages, including her emotional distress. |
| Louisa (Lulu) White* | White was employed with Ms. Robinson at Canal and is expected to testify about her knowledge of facts supporting Plaintiff's claims, as well as knowledge of facts disproving Canal's counterclaims. |

B. *Defendants' List of Anticipated Trial Witnesses (presented alphabetically)*

| Witness | Summary of Anticipated Testimony |
|---|---|
| Morgan Billington | Among other things, Ms. Billington will testify about her work experiences and interactions with Mr. De Niro and Ms. Robinson during the time she was employed by Canal. |
| Robin Chambers | Among other things, Ms. Chambers will testify about her interactions with Mr. De Niro, Ms. Robinson, and Ms. Chen, on multiple topics relating to the claims and defenses of all parties. |
| Tiffany Chen | Among other things, Ms. Chen will testify about her interactions with Chase Robinson, Mr. De Niro and other Canal employees and vendors as they relate to Ms. Robinson's claims and Canal's counterclaims. |
| Delta Airlines | Delta Airlines, by a representative to be identified by it, will testify about the spending power and value of 4,995,000 SkyMiles as of April 6, 2019. |
| Robert De Niro | Among other things, Mr. De Niro will refute the allegations of wrongdoing alleged about him by Ms. Robinson. He will also explain what he expected of Canal employees in terms of honesty and integrity and how Plaintiff failed to adhere to these standards. |
| Dan Harvey | Among other things, Dan Harvey will testify about his employment history with Mr. De Niro, his interactions with Ms. Robinson, and his role and duties at 117A East 65th Street including his dealings with Tiffany Chen. |
| Tom Harvey, Esq. | Among other things, Mr. Harvey will explain his role as counsel to Mr. De Niro and Canal, that Ms. Robinson never claimed to have been the victim of |

10

| | |
|---|---|
| | gender discrimination; his recognition of the issues between Ms. Robinson and Ms. Chen, and his involvement in efforts to cause Ms. Robinson to return Canal's property following Ms. Robinson's resignation. |
| Michael Kaplan | Among other things, Mr. Kaplan will explain his role at Canal and his interactions with Ms. Robinson. He will explain what it was like to work for her and her abuses of Canal's policies. |
| Graham Chase Robinson | Among other things, Ms. Robinson will undoubtedly deny engaging in any wrongdoing and claim to be the victim of gender discrimination and retaliation. |
| Gillian Spear | Among other things, Ms. Spear will testify about her work experience with Ms. Robinson, her involvement in the "Townhouse" project and her interactions with Mr. De Niro and Ms. Chen. |
| Michael Tasch | Among other things, Mr. Tasch will explain his role working as one of Canal's accountants and information he reviewed in connection with Canal's claims. He will also explain his working relationship with Ms. Robinson and his working relationship with Ms. Chen. |
| Dr. Kimberly Resnick | Dr. Resnick is an expert witness who will testify on the topics of psychiatry and behavior. Her testimony will address issues related to psychiatric diagnosis, treatment, and prognosis. She will testify about the relationship between these issues and Ms. Robinson's personality and behavior including whether or not she currently meets criteria for an active psychiatric diagnosis, and, if she does, what potential factors may have triggered and/or exacerbated her current presentation and what her prognosis is likely to be. She will also testify about Ms. Robinson's past psychiatric history, including any previous psychiatric diagnoses for which she may or may not have met criteria for a psychiatric disorder, and these diagnoses' potential manifestations and alternative explanations. |
| Sabrina Weeks-Brittan | Among other things, Ms. Weeks Brittan will explain her working relationship with Ms. Robinson, the financial abuses she saw, the lack of any differential treatment based on her gender and her perception of Ms. Robinson's role relating to the Townhouse. |
| Additional Witnesses | Excluding Dan Harvey, Plaintiff has identified ten (10) additional possible witnesses, none of whom have been deposed. Canal and Mr. De Niro reserve the same rights to call those witnesses either on direct examination or as rebuttal witnesses. |

## X.   Testimony Designations to Be Offered in Cases in Chief

The Parties do not presently anticipate offering deposition testimony in their cases in chief, except for purposes of impeachment or rebuttal. The Parties reserve the right to amend their designations and introduce deposition testimony in their case in chief in light of any witnesses or exhibits identified by the other party, any objections by the other party to any witnesses or exhibits,

11

and the Court's evidentiary rulings.

## XI.     Exhibits to Be Offered in Cases in Chief

The Parties' respective exhibits will be separately presented to the Court pursuant to the Court's Order at Dkt. No. 419.

## XII.    Damages

### A.     *Plaintiff's Damages*

Plaintiff claims the full extent of damages available under the NYCHRL. This includes, to the extent recoverable, compensatory damages, back pay,[3] payment to cover the additional taxes Plaintiff will incur because of the lump-sum nature of a back pay and front pay award, punitive damages, pre-judgment and post-judgment interest, and attorneys' fees and litigation costs. Plaintiff's damages continue to accrue, and Plaintiff reserves the right to supplement her damages calculation as this action continues.

Plaintiff seeks compensatory damages in an amount to be determined by the jury. This includes compensation for the emotional distress and reputational harm that Plaintiff has suffered as a result of Defendants' unlawful conduct. Defendants' unlawful conduct has caused Plaintiff to experience anxiety (resulting in a diagnosis of generalized anxiety disorder), insomnia, fatigue, appetite disturbance, and impaired functioning, as well as multiple stress-related medical conditions including headaches, dyspepsia, and gastroesophageal reflux disease.

As a result, Plaintiff has incurred substantial medical expenses, including over $40,000 in psychiatric treatment costs that she has paid to date to her psychiatrist, Dr. Kathleen Rein.

---

[3] Plaintiff's back pay and front pay damages following the end of her employment at Canal are estimated to have a present value of $7.07 million to $10.48 million. Plaintiff reserves all rights to seek these economic damages in connection with and following any appeal of the Court's Opinion and Order on summary judgment (Dkt. No. 382).

Plaintiff's medical costs continue to accrue, as Plaintiff's treatment remains ongoing.

Plaintiff's economic damages include estimated losses of over $650,000 because she was paid less than male employee Dan Harvey. The payment necessary to cover additional taxes because of the lump-sum nature of any back pay award will be calculated based on these damages using the applicable federal, state, and local tax rates at the time of trial.

Plaintiff seeks punitive damages in an amount to be determined by the jury.

Plaintiff seeks pre-judgment and post-judgment interest using applicable rates determined by applicable law; interest will be calculated based on the total damages awarded to Plaintiff.

Pursuant to applicable fee and cost shifting provisions, Plaintiff will seek an award for attorneys' fees and costs after trial.

B. *Canal's Damages*

Canal seeks the full extent of damages available under its counterclaims, including the following:

Conversion claim: Canal seeks to recover the value/purchasing power of 4,995,000 Delta SkyMiles, as of April 6, 2019, which Canal contends Plaintiff transferred to herself, and has refused to return, over the final three (3) months of her employment. The range and/or estimate of the value of the SkyMiles will be provided at trial by Delta Airlines or its designee in response to subpoena.

Alternatively, publicly available information reveals that (i) Delta's terms and conditions prohibit the purchase of more than 60,000 SkyMiles per calendar year for any single account, (ii) that one can acquire 60,000 miles for $2,100, and (iii) Diamond Medallion Members earn 11 miles per each Dollar spent on a Delta flight.

Therefore, $2,100 would have purchased 60,000 SkyMiles within 2019. The remainder, 4,935,000 miles, equates to $448,636.36 using the following equation: 4,935,000 / 11 = $448,636.36. Thereafter, by adding $2,100 to $448,636.36, the total value is approximately $450,736.36.

SkyMiles could not otherwise be acquired publicly.

To the extent damages are deemed speculative or uncertain, the evidence will further the duty of loyalty claim.

Duty of Loyalty claim: Canal claims that Plaintiff breached her duty of loyalty by acting as a faithless servant. As such, Canal contends that it is entitled to an order of disgorgement of compensation paid to Plaintiff within the statute of limitations period (from August 17, 2016, through April 6, 2019), including: (i) salary and bonuses; (ii) the amounts paid on Plaintiff's behalf for medical insurance; and (iii) post-judgment interest.

(i) W-2 income:
    a. 2016    $ 72,158.37    [4.5 months] | [4.5/12] x $192,422.32
    b. 2017    $175,063.59
    c. 2018    $231,009.65
    d. 2019    $ 80,384.76
    (Total)    $558,616.37

(ii) Medical insurance premiums: Calculation pending.

(iii) Post-judgment interest: To be determined, at the New York statutory rate.

Breach of Fiduciary Duty Claim:

(i) Improper Use of Canal's AmEx Card: Canal contends Plaintiff improperly used Canal's American Express credit card for her personal gain, including, without limitation:

    a. lodging, gifts, transportation, meals, drinks, and gratuities during her trip to Los Angeles, California in March 2018 ($2,608.88 for her stay at the Montage Hotel in LA; $729.28 for her rental car; among other impermissible charges);

    b. food, drinks, and gratuities at Paola's Restaurant ($12,696.65);

    c. personal items purchased at Whole Foods, Dean & DeLuca's grocery, and/or Citarella seafood and fish market ($8,923.20);

    d. personal transportation (e.g., Uber, Taxis, etc.) (approximately $32,000);

    e. among other items impermissibly charged by Plaintiff during the applicable statutory period.

Canal contends the total amount of damages stemming from Plaintiff's improper use is estimated to be approximately $60,000.

(ii) <u>Falsified Information Submitted for Plaintiff's "Unused" Vacation Time</u>: In addition, Canal contends that Plaintiff made misrepresentations to Canal's accountants and/or agents that she had not used any of her 62 vacation days from 2016 through 2019, which is estimated to be approximately $45,000.

Canal seeks pre-judgment and post-judgment interest using applicable rates determined by applicable law; interest will be calculated based on the total damages awarded to Canal.

### XIII. Less than Unanimous Verdict

The Parties do <u>not</u> consent to a less than unanimous verdict.

Dated: October 2, 2023

/s/ Alexandra Harwin
Alexandra Harwin (AH-3111)
David Sanford (5695671)
Jeremy Heisler (JH-0145)
Andrew Macurdy (*pro hac vice*)
Kate MacMullin (5693882)
SANFORD HEISLER SHARP, LLP
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
aharwin@sanfordheisler.com
dsanford@sanfordheisler.com
jheisler@sanfordheisler.com
amacurdy@sanfordheisler.com
kmacmullin@sanfordheisler.com

Brent Hannafan (BH-4344)
Michael Lockman (5485156)
SANFORD HEISLER SHARP, LLP
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Telephone: (615) 434-7000
Facsimile: (615) 434-7020
bhannafan@sanfordheisler.com
mlockman@sanfordheisler.com

H. Vince McKnight (*pro hac vice*)
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
vmcknight@sanfordheisler.com

*Counsel for Plaintiff Graham Chase Robinson*

/s/ Laurent S. Drogin
Laurent S. Drogin (LD4770)
Richard C. Schoenstein (RS9376)
Brittany K. Lazzaro (BL1497)
TARTER KRINSKY & DROGIN LLP
1350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
ldrogin@tarterkrinsky.com
rschoenstein@tarterkrinsky.com
blazzaro@tarterkrinsky.com

/s/ Gregory R. Bennett
Gregory R. Bennett (GB1112)
Hillary Raimondi (HR0198)
Craig Rokuson (CR0227)
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
7 Skyline Drive
Hawthorne, NY 10532
Telephone: (914) 347-2600
Facsimile: (914) 347-8898
gbennett@tlsslaw.com
hraimondi@tlsslaw.com
crokuson@tlsslaw.com

*Counsel for Defendants Robert De Niro and Canal Productions, Inc.*