UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
GRAHAM CHASE ROBINSON,                                      :
                                                            :
                        Plaintiff,                          :
                                                            :
        -v-                                                 :
                                                            :
ROBERT DE NIRO and CANAL PRODUCTIONS,                       :
INC.,                                                       :
                                                            :          19-cv-09156 (LJL)
                        Defendants.                         :
                                                            :          MEMORANDUM AND
------------------------------------------------------------X                 ORDER
                                                            :
                                                            :
ROBERT DE NIRO and CANAL PRODUCTIONS,                       :
INC.,                                                       :
                                                            :
                        Counterclaim-Plaintiffs,            :
                                                            :
        -v-                                                 :
                                                            :
GRAHAM CHASE ROBINSON,                                      :
                                                            :
                        Counterclaim-Defendant.             :
                                                            :
------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On October 20, 2023, the Court heard oral argument on the motions *in limine* of plaintiff Graham Chase Robinson ("Plaintiff" or "Ms. Robinson"), Dkt. No. 439, and defendants and counterclaimants Robert De Niro ("Mr. De Niro") and Canal Productions, Inc. ("Canal Productions") (together, the "Defendants" or "Counterclaimants"), Dkt. No. 437.  A number of the motions *in limine* were addressed by bench decision at the oral argument.  This Memorandum and Order addresses Defendants' remaining motions *in limine*.  Defendants move *in limine* to: (1) preclude the jury from considering an assessment of punitive damages; (2) preclude an award of economic damages under Plaintiff's remaining retaliation claim; and

(3) preclude documentary and testimonial evidence supporting Plaintiff's equitable affirmative defenses. Dkt. No. 437.

A jury trial is scheduled for October 30, 2023. Plaintiff asserts claims for (1) gender discrimination under the New York City Human Rights Law ("NYCHRL") (N.Y.C. Admin. Code § 8–107) and (2) retaliation under the NYCHRL (N.Y.C. Admin. Code § 8–107). Dkt. No. 1. Defendants assert counterclaims against Plaintiff for (1) conversion, (2) breach of fiduciary duty, and (3) breach of the duty of loyalty. Dkt. No. 73.

The Court assumes familiarity with the facts described in the prior Opinion and Order addressing Plaintiff's and Defendants' motions for summary judgment. *See* Dkt. No. 382.

## LEGAL STANDARD

"The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). The decision whether to grant an *in limine* motion "resides in a district court's inherent and discretionary 'authority to manage the course of its trials.'" *United States v. Ray*, 2022 WL 558146, at *1 (S.D.N.Y. Feb. 24, 2022) (quoting *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008)). "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at

139).

## DISCUSSION

**I.      Motion to Preclude the Jury from Considering an Assessment of Punitive Damages**

Defendants move, pursuant to Federal Rules of Evidence 401 and 403, to preclude the jury from considering an assessment of punitive damages. Dkt. No. 437 at 19. Defendants argue that, even accepting every allegation in the Complaint as true, this case bears no resemblance to employment discrimination cases in which punitive damages have been awarded, and so punitive damages should not be assessed. *Id*. Defendants assert that, "even in the days leading up to her resignation Plaintiff continued to speak of her warmth towards Mr. De Niro and the love of her job, and these kind words continued even after she resigned." *Id.* at 19–20. According to Defendants, these expressions preclude a finding of punitive damages. *Id.* at 20.

Plaintiff replies that a motion *in limine* is not the proper motion to challenge punitive damages, and that whether to award punitive damages is a question for the jury. Dkt. No. 452 at 18. Plaintiff adds that, even if the facts alleged in the Complaint do not support punitive damages, documents produced during discovery support punitive damages. *Id.* at 18–19. According to Plaintiff, the alleged specific instances of discrimination considered alongside the alleged pattern of mistreatment by Defendants warrant a punitive damages award. *Id.* at 19–20.

Under the NYCHRL, punitive damages may be awarded where "the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (citation omitted); *see also Emamian v. Rockefeller Univ.*, 971 F.3d 380, 388 (2d Cir. 2020) (citing *Chauca*, 89 N.E.3d at 477). The New York Court of Appeals has stated that this standard "requires neither a showing of malice nor awareness of the violation of a protected right, representing the lowest threshold, and the least

stringent form, for the state of mind required to impose punitive damages." *Chauca*, 89 N.E.3d at 481.

Defendants' motion is denied. Although courts have dismissed claims for punitive damages upon motions *in limine*, "such decisions have generally dismissed punitive damages claims that were barred by statute or otherwise unavailable as a matter of law, rather than on the basis of the insufficiency of a plaintiff's evidence." *Thomas v. West*, 2019 WL 1206696, at *2 (S.D.N.Y. Mar. 14, 2019); *see also Edelman v. NYU Langone Health Sys.*, 2023 WL 4305446, at *7 (S.D.N.Y. June 30, 2023). Here, Defendants do not argue that an award of punitive damages is foreclosed as a matter of law, and instead base their argument that this case does not merit an award of punitive damages on the facts. That argument, however, can be addressed when the Court considers motions for judgment as a matter of law at the conclusion of Plaintiff's case. It is not sufficient to preclude Plaintiff from trying to make her case. Notably, Defendants do not identify any evidence that Plaintiff would offer on punitive damages that would not also be relevant to her discrimination claims. And Plaintiff has stated that she does not intend to mention punitive damages in her opening statement to the jury. As such, Defendants' motion is denied.

## II. Motion to Preclude an Award of Economic Damages Under Plaintiff's Surviving Retaliation Claim

Defendants move, pursuant to Federal Rule of Evidence 403, for the Court to preclude an award of economic damages under Plaintiff's remaining retaliation claim. Dkt. No. 437 at 20. Defendants argue that Plaintiff's April 2, 2019 email, which is the protected activity that provides the basis for Plaintiff's retaliation claim, was sent after it had already been decided that Plaintiff would no longer be working on Mr. De Niro's townhouse, thereby precluding a finding that the employment action to end her work on the townhouse constituted unlawful retaliation.

*Id.* Defendants point to a text message sent by Tiffany Chen earlier in the day on April 2, 2019, in which Ms. Chen stated, "FYI, she's getting taken off the house . . . ." *Id.* Accordingly, Defendants argue that the adverse action preceded the protected activity, and that Plaintiff thus cannot claim retaliation under the NYCHRL. *Id.* at 21.

Plaintiff responds that a motion *in limine* is not the proper stage during which to adjudicate the damages available on her remaining retaliation claims, and that the question should instead be left to the jury. Dkt. No. 452 at 21. Plaintiff further responds that Defendants improperly reduce the scope of her remaining retaliation claim, which she asserts was not limited to Defendants' decision to remove Plaintiff from work on the townhouse, but also included, among other things, Ms. Chen's instruction for other employees not to speak with Ms. Robinson. *Id.* at 20–21. Plaintiff argues that the these employment actions occurred after Plaintiff sent the April 2, 2019 email at issue, and therefore could constitute a basis for a finding of retaliation. *Id.* at 21.

Section 8–107(7) of the NYCHRL states that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has . . . opposed any practice forbidden under this chapter." N.Y.C. Admin. Code § 8–107(7). "'[T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct.'" *Sanderson–Burgess v. City of New York*, 102 N.Y.S.3d 678, 681 (2d Dep't 2019) (quoting

*Brightman v. Prison Health Serv., Inc.*, 970 N.Y.S.2d 789, 791 (2d Dep't 2013)). "Individual employees who actually participate[d] in the conduct giving rise to the plaintiff's claim may be found liable for retaliation under NYCHRL." *Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 662 (E.D.N.Y. 2015) (internal quotation marks omitted). "New York courts have broadly interpreted the NYCHRL's retaliation provisions." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (citation omitted); *see also Albunio v. City of New York*, 947 N.E.2d 135, 137 (N.Y. 2011) ("[W]e must construe Administrative Code § 8–107(7), like other provisions of the City's Human Rights Law, broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.").

"[O]ppos[ing] any practice can include situations where a person, before the retaliatory conduct occurred, merely made clear her disapproval of the defendant's discrimination by communicating to him, in substance, that she thought his treatment of the victim was wrong." *Mihalik*, 715 F.3d at 112. "Implicit references to unlawful conduct may suffice to establish protected activity." *Marseille v. Mount Sinai Hosp.*, 2022 WL 14700981, at *2 (2d Cir. Oct. 26, 2022) (summary order). "Moreover, the plaintiff 'need not prove that her underlying complaint . . . had merit, but only that it was motivated by a good faith, reasonable belief that the underlying employment practice was unlawful.'" *Id.* (quoting *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013)). "Challenged conduct may not be deemed nonretaliatory" unless "a jury could not reasonably conclude from the evidence that such conduct was . . . 'reasonably likely to deter a person from engaging in protected activity.'" *Mihalik*, 715 F.3d at 112 (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 34 (1st Dep't 2009)). This inquiry should be "made with a keen sense of workplace realities, of the fact that the 'chilling effect' of particular conduct is context-dependent, and of the fact that a jury is generally best

suited to evaluate the impact of retaliatory conduct in light of those realities." *Williams*, 872 N.Y.S.2d at 34.

Defendants' motion is denied. In its May 26, 2023 Opinion and Order granting in part and denying in part Defendants' motion for summary judgment, and denying Plaintiff's motion for summary judgment, the Court held that Plaintiff's April 2, 2019 email to Mr. De Niro could constitute opposition to an unlawful practice, and thereby could give rise to a retaliation claim under the NYCHRL. Dkt. No. 382 at 93–96. The Court then held that "a reasonable juror could find that Defendants' decision to take away Plaintiff's responsibilities related to the Townhouse and her assistant *as well as telling employees not to speak with Plaintiff* constituted acts 'reasonably likely to deter a person from engaging in protected activity' under the NYCHRL." *Id.* at 101 (emphasis added) (quoting NYCHRL § 8–107(7)). Even in light of the new evidence presented by Defendants, the Court declines to disturb its summary judgment ruling at this stage and in response to a motion *in limine*. *See Edelman*, 2023 WL 4305446, at *7. Indeed, the text message offered by Defendants from Ms. Chen speaks only and at most to Defendants' revocation of Plaintiff's responsibilities related to the townhouse, and says nothing about Ms. Chen's instructions to other Canal Productions employees to refrain from speaking with Ms. Robinson. Thus, even if a finding of retaliation related to the townhouse is precluded in light of Ms. Chen's text message from the morning of April 2, 2019, other adverse conduct remains at issue. The Court therefore denies Defendants' motion to preclude economic damages for retaliation under the NYCHRL.

**III.    Motion to Preclude Documentary and Testimonial Evidence Supporting Plaintiff's Equitable Affirmative Defenses**

Defendants move, pursuant to Federal Rules of Evidence 401 and 403, to preclude documentary and testimonial evidence supporting Plaintiff's equitable affirmative defenses of

estoppel, unclean hands, waiver, and laches.  Dkt. No. 437 at 21.  Plaintiff, in the proposed jury instructions submitted jointly with Defendants, did not offer instructions on waiver and estoppel.  Dkt. No. 433.  The Court thus deems those affirmative defenses to have been abandoned and not at issue in this motion.

According to Defendants, their counterclaims of conversion, breach of duty of loyalty, and breach of fiduciary duty sound in law rather than equity, and thus cannot be overcome by equitable defenses.  *Id.* at 22.  Defendants argue that because equitable defenses are unavailable, the Court should preclude documentary and testimonial evidence related to the equitable affirmative defenses and further, should dismiss the defenses by directed verdict prior to trial in order to avoid presenting the jury with evidence that "would be likely to bias the jury."  *Id.*

Plaintiff argues that the jury should adjudicate all of Plaintiff's affirmative defenses.  Dkt. No. 452 at 21.  Plaintiff argues that these defenses should be left for the jury to decide even if Defendants' counterclaims sound in law rather than equity.  *Id.* at 23.  Plaintiff argues that the Court has not yet decided her affirmative defense of unclean hands, so the unclean hands defense is not barred by the law of the case doctrine.  *Id.*  Finally, Plaintiff argues that Defendants themselves requested that Plaintiff's affirmative defenses be presented to the jury in the Joint Request to Charge.  *Id.* at 24 (citing Dkt. No. 433).

Defendants' motion is granted with respect to the affirmative defenses of unclean hands and laches.  "Unclean hands is an equitable defense to equitable claims. . . . Because [the plaintiff] seeks damages in an action at law, [the defendant] cannot avail itself of unclean hands as a defense."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 607 (2d Cir. 2005); *see also CUMIS Specialty Ins. Co., Inc. v. Kaufman*, 2022 WL 4534459, at *4 (S.D.N.Y. Sept. 28, 2022) ("The doctrine of unclean hands is unavailable here because [plaintiff]'s action is

one at law, not at equity."); *RST (2005) Inc. v. Research in Motion Ltd.*, 2008 WL 5416379, at *8 (S.D.N.Y. Dec. 17, 2008).  A defense of laches "bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ivanti Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997).  "[L]aches is a defense developed by courts of equity; its principle application was, and remains, to claims of an equitable case for which the Lesiglature has provided no fixed time limitation."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014).  "Laches cannot be a defense to a legal action for damages if the action was commenced within the statute of limitations period."  *RST (2005) Inc.*, 2008 WL 5416379, at *7 (citing *Ivanti Contracting Corp.*, 103 F.3d at 259). Because neither affirmative defense is available against Defendants' claims, evidence solely related to those defenses is irrelevant.

## CONCLUSION

Defendants' motions *in limine* are GRANTED in part and DENIED in part.


SO ORDERED.

Dated: October 24, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge