

**Sanford Heisler Sharp, LLP**
17 State St., 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Kate MacMullin,* Associate
(646) 768-7054
kmacmullin@sanfordheisler.com        New York | Washington, DC | San Francisco | Palo Alto | Baltimore | Nashville | San Diego

November 8, 2023

**VIA ECF**
The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Liman:

    This firm represents Plaintiff Graham Chase Robinson. We write to respectfully request, with supporting authority, that the Court issue an instruction to the jury to disregard the damages computation proffered by defense counsel in summation, and to strike that portion of summation and to instruct the jury that it has done so.[1] Canal's attempt to present a *previously undisclosed* and *brand new* methodology within summations is inappropriate and highly prejudicial to Plaintiff, and in any event is impermissible as it invites mere speculation from the jury. The Court should preclude Canal from seeking these damages under Federal Rule of Civil Procedure 37(c).

    Canal claimed in its closing argument that the value of the SkyMiles transferred by Plaintiff is approximately $85,000, relying upon a document purporting to show that 17,500 miles equals $330. Canal has never disclosed or relied upon this methodology at any point over the course of this litigation. Originally, in its Amended Rule 26 damages disclosure dated June 10, 2022 Canal asserted that the value of the disputed SkyMiles is at least $104,138.57. (Dkt. No. 442-27 at 2.) That amount was purportedly based on unspecified websites, which Canal failed to identify or produce in discovery and which its Rule 30(b)(6) witness was unable to name. (Dkt. No. 402-15 at 321:4-20 ("I don't know, we looked at several.")) Then, just before the close of discovery, on August 16, 2022, Canal altered its methodology and more than quadrupled the amount of its claimed SkyMiles damages to at least $450,736. (Dkt. No. 362-26 at 2.) Canal purportedly based this valuation on what a Delta SkyMiles member would need to spend *on Delta flights* to accumulate a certain number of miles. Finally, in the Joint Pretrial Order filed on October 2, 2023, Canal again used the $450,736 figure, claiming as its basis that it is possible to acquire 60,000

---

[1] Plaintiff has not yet received a copy of the trial transcript from today's proceedings, and thus reserves the right to supplement her submission and provide additional arguments at Court following receipt of transcript.

Hon. Lewis J. Liman
November 8, 2023
Page 2 of 4

miles for $2,100. (Dkt. No. 423 at 14.) At no point during the litigation did Canal ever disclose the basis for the valuation that it now relies upon, *i.e.*, that 17,500 SkyMiles have a value of $330.

The basis for Canal's claimed damages is an extrapolation of a one-off notation in a document that merely says 17,500 = $330; however, Plaintiff's testimony confirmed that the document in no way reflects Canal's claimed valuation. Plaintiff did *not* testify that the value of 17,500 miles is equal to $330, but rather that she paid $330 to reduce the amount of miles needed for the purchase of the ticket by 17,500 miles. (Tr. Transcript at 1329:7-9, 24-25.) It was not a purchase of SkyMiles; it was the opposite. Moreover, the document does not identify the factors or circumstances surrounding the cash redemption, including the nature of the purchase and the factors that go into the conversion rate. Therefore, the basis of Canal's new methodology is plainly unreliable and cannot meaningfully be extrapolated to all SkyMiles at issue in its claims. In addition, the document purporting to show the valuation of SkyMiles Canal now relied on, Plaintiff's Exhibit 393, was objected to by Plaintiff's counsel. (Tr. Transcript at 1324:19.) Plaintiff's counsel also objected to questioning the witness on the valuation in the document based on lack of foundation. (Tr. Transcript at 1330:5.)

Plaintiff's request should be granted for two independent reasons.

First, Canal's eleventh-hour methodology is baseless and lacks any reliable factors for measurement or calculation. Any potential award by the jury is purely speculative and based only on *argument*, and not evidence. This is impermissible. Under New York's *Ashland* standard, damages must be "capable of measurement based upon known reliable factors without undue speculation." *24/7 Recs., Inc. v. Sony Music Ent., Inc.*, 566 F. Supp. 2d 305, 316 (S.D.N.Y. 2008) (emphasis added) (quoting *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 403 (N.Y. 1993)). Canal has not shown that its new calculation of "17,500 miles = $330" is a reliable metric in any sense.[2]

Second, Canal has never before disclosed to Plaintiff that it intends to rely on any exhibits (or any methodology other than the ones identified in its damages disclosures and later abandoned) for purposes of presenting its damages claim. Accordingly, the Court should reject Canal's request for damages under Federal Rule of Civil Procedure 37. Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FRCP 37(c). Here, Canal cannot justify, much less "substantially" justify, why—over the course of over four years—it never disclosed this new methodology to plaintiff.

---

[2] Given the inherent difficulty of calculating SkyMiles, courts typically preclude assertion of related damages, or require expert testimony, which Canal has not presented here. *See VanWormer v. VanWormer*, 2005 WL 832187, at *4 (Va. Cir. Ct. Feb. 25, 2005) (insufficient evidence presented to value frequent flyer miles); *In re Marriage of Page*, 70 P.3d 579, 582 (Colo. App. 2003) (affirming exclusion of frequent flyer miles from damages calculation given lack of evidence of their value); *Musser v. Musser*, 2000 WL 1639630, at *1–2 (Ohio Ct. App. Nov. 2, 2000) (noting the court "cannot take judicial notice of the value of frequent flyer miles" and relying instead on expert testimony); *Martin v. Martin*, 52 P.3d 724, 731 (Alaska 2002) (relying on expert testimony to value frequent flyer miles).

This highly prejudicial act—disclosing a brand new methodology at *summation*—prevents plaintiff from conducting her own discovery to ascertain the true value of the SkyMiles (if any).

Ample case law supports precluding these damages. In *Design Strategy, Inc. v. Davis*, the Second Circuit affirmed the preclusion of damages under Rule 37 where a new methodology was disclosed "shortly before trial." 469 F.3d 284, 296 (2d Cir. 2006). The Court recognized that Rule 37 does not require a finding of bad faith, and noted further that – as here – the defendant had specifically requested a computation of damages. *Id.* Moreover, the trial court in *Design* had correctly noted that, by delaying its disclosure of methodology, the claimant prevented the Court from conducting a fulsome analysis under the *Ashland* standard (*supra*).[3]

"Rule 37 requires **virtually automatic preclusion** of information not disclosed pursuant to Rule 26(a)(1)." *Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp.*, 2005 WL 977850, at *2-3 (S.D.N.Y. 2005) (emphasis added) (precluding party from asserting a "currency conversion damages claim" where they raised it "at the eleventh hour" and where methodology was not disclosed in Rule 26 disclosure) (collecting cases); *see also Roberts v. Ground Handling, Inc.*, 2007 WL 2753862, at *4 (S.D.N.Y. 2007) ("[P]laintiff failed to disclose these damages in her Rule 26(a)(1)(C) initial disclosures. **This is alone sufficient** to preclude her from submitting evidence of it at trial.") (emphasis added).

Notably, Rule 37 does not pertain only to preclusion of evidence, but also the preclusion of a "damage[s] claim" altogether. *Austrian Airlines*, 2005 WL 977850, at *2.

The Southern District has applied this basic rule of fairness invariably and strictly. *See Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) ("Accordingly, the Court has no hesitation in concluding that Plaintiff violated his Rule 26 obligations. His failure to disclose his new damages theory until soon before trial is particularly troubling in light of Defendants' repeated requests for more information."); *ESPN, Inc. v. Office of Comm'r of Baseball,* 76 F.Supp.2d 416, 420 n.3 (S.D.N.Y.1999) (precluding evidence of monetary damages when the plaintiff repeatedly failed to articulate any basis for them during discovery); Enchante Accessories, Inc. v. Turko Textiles, LLC, 2023 WL 395221, at *4 (S.D.N.Y. 2023) (precluding "related evidence" as to asserted damages where party failed to make Rule 26 disclosure).

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an instruction to the jury to disregard the damages computation proffered by defense counsel in summation, and to strike that portion of summation and to instruct the jury that it has done so.

We thank the Court for its consideration of this matter.

---

[3] The *Sofitel* factors (also known as the *Patterson* factors) is the *appellate* standard (for review of abuse of discretion of preclusion under Rule 37), and not the trial court's standard. This appellate standard, which may inform the Court's decision, is: "In determining whether the district court acted within its discretion, this Court [must] consider[ ] '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy*, 469 F.3d at 296.

Hon. Lewis J. Liman
November 8, 2023
Page 4 of 4

                              Respectfully submitted,

                              */s/KateMacMullin*
                              Kate MacMullin