Janon Fisher
417 Grand Street
New York, NY 10002

The Court alerts the parties that it is in receipt of the below letter, posted to the Docket at Dkt. No. 479. To the extent the parties wish to file a response to the letter, they are directed to do so by Wednesday, November 22.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re: Media request access, ruling on trial exhibits as court records

November 16, 2023

I request access to all audio, photography and print exhibits submitted into evidence in Robinson v. DeNiro/Canal Productions.

The civil trial took place over two weeks from October 30 to November 9 litigating gender discrimination and retaliation claims by Graham Chase Robinson against the actor Robert DeNiro and his company Canal Productions. DeNiro and Canal filed counterclaims against Robinson claiming theft of frequent flyer miles, breach of fiduciary trust and breach of loyalty to Canal and the movie star.

Throughout the trial attorneys for the plaintiff and defense entered exhibits into evidence to be published on video screens to the judge, jury and public in keeping with the established First Amendment right of access.

The exhibits were, however, shown briefly and the recordings usually played only once. The release of the exhibits, however, was not permited under the Local Civil Rule 39.1, which holds that, "Unless the Court orders otherwise, trial and hearing exhibits shall not be filed with the Clerk, but shall be retained in the custody of the respective attorneys who produced them in court."

Attorneys for both sides declined to release all the exhibits entered into evidence.

Rule 39.1 is inconsistent with court rulings in the Second Circuit, particularly SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC. In that case, the judge ruled that "trial exhibits are judicial documents even if they were not published at trial or relied upon by the parties in post-trial briefing because they are a part of the trial record admitted into evidence and submitted to the jury for consideration during the jury's deliberations."

Furthermore, over 40 years ago the Second Circuit ruled in In re Application of National Broadcasting Co. (United States v. Meyers), that the common law right of access extends to video and audiotapes, and that "[o]nce the evidence has become known to members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction." 635 F.2d 945, 952 (2d Cir. 1980). Even if the recordings have already been played in public, there is "a legitimate and important interest" in providing the public an opportunity to hear the evidence. Id.

More recently, Judge Rakoff, ruled in U.S. v Akhavan 532 F. Supp. 3d 181 that the common law right of access to the courts applies to exhibits as well. "First, there is a 'common law right of public access to judicial documents [] firmly rooted in our nation's history.' Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts, although independent--indeed, particularly because they are independent--to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id.

Rule 39.1 appears to be a holdover from a bygone era when reams of documents and cumbersome recording medium could easily overwhelmed the storage capacity of the clerk's office. We live in a different world now. Most records are now stored in electronic files that take up a tiny part in the infinitely available server space on ECF. Indeed other districts in New Jersey and California have embraced the technology and now post audio files on PACER that the public may listen to or download. The technology is already more than 20 years old.

So, in keeping with the First Amendment and the common law, I request the court to make these judicial records available for inspection and reproduction.

Regards,

/s/Janon Fisher
Reporter
Insider
(646) 591-8732
janonfisher@gmail.com