

**Sanford Heisler Sharp, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7000
Fax: (615) 434-7020
www.sanfordheisler.com

*Michael Lockman*, Associate
(615) 434-7004
mlockman@sanfordheisler.com         New York | Washington D.C. | San Francisco | Palo Alto | Baltimore | Nashville | San Diego

November 21, 2023

**VIA ECF**
The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Robinson v. De Niro and Canal Productions, Inc.*, No. 1:19-cv-09156 (LJL) (KHP)

Dear Judge Liman:

      This firm represents Plaintiff Graham Chase Robinson. This letter is submitted to provide Plaintiff's position as to the letter of Janon Fisher (Dkt. No. 479), requesting access to all exhibits introduced at trial in this matter, and in response to Defendants' opposition letter (Dkt. No. 502).

      The Court should grant Mr. Fisher's request and order the parties to file on the docket their respective trial exhibits with the redactions employed at trial, except for two highly sensitive exhibits indicated below. Mr. Fisher and the public at large have a presumptive right to access judicial documents,[1] and Defendants do not identify any "most extraordinary circumstances" to overcome the public right of access to trial exhibits. *App. of CBS, Inc.*, 828 F.2d 958, 959 (2d Cir. 1987) (citation omitted). However, Plaintiff's Trial Exhibits 380 and 382 contain her highly sensitive personal health records, and the public should not be given access to these two exhibits.

      First, as this Court has recognized, "evidence introduced at trial . . . enjoys a strong presumption of public access." *Fishon v. Peloton Interactive, Inc.*, 2022 WL 7049241, at *2 (S.D.N.Y. Oct. 12, 2022) (Liman, J.) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). This is because "trial exhibits are judicial documents,"[2] *Syntel Sterling Best Shores*

---

[1] While Plaintiff supports Mr. Fisher's request, Plaintiff disagrees with his claim that Local Civil Rule 39.1 is "inconsistent" with the right to public access. (Dkt. No. 479 at 1-2). Local Rule 39.1 merely establishes the procedure for obtaining access to trial exhibits, *i.e.*, by "Court order[ ]," as Mr. Fisher seeks here. *See* Local Civ. R. 39.1.

[2] The Court should also grant Mr. Fisher's request to access the audio played to the jury. "[Audio] tapes bec[o]me public by virtue of having been played in open court[.]" *United States v. Graham*, 257 F.3d 143, 152 n.5 (2d Cir. 2001); *App. of CBS*, 828 F.2d at 960 (releasing for public access videotaped deposition played at trial); *App. of Nat'l Broadcasting Co., Inc.*, 635 F.2d at 952 (2d Cir. 1980) (same as to video evidence and noting that transcripts are insufficient given the "legitimate and important interest in affording

*Mauritius Limited v. Trizetto Grp., Inc.*, 2021 WL 2935963, at *1 (S.D.N.Y. Jul. 13, 2021), and are subject to a particularly high presumption of public access given their important role in any litigation. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he public has an **'especially strong' right of access** to evidence introduced in trials.") (emphasis added and citation omitted); *United States v. Loera*, 2018 WL 5906846, at *5 (E.D.N.Y. Nov. 11, 2018) ("[I]t is clear that trial exhibits have historically been open to the press and general public[.]"); *see also Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144, at *2 (S.D.N.Y. Sept. 13, 2023) (Liman, J.) ("The highest presumption applies to matters that directly affect an adjudication.") (citation and quotation marks omitted).[3] And in any event, the general "presumption in favor of the public right to inspect and copy judicial records [i]s so strong that only the 'most extraordinary circumstances'. . . justify restricting that right." *App. of CBS, Inc.*, 828 F.2d at 960 (citation omitted). Defendants have identified no such "most extraordinary" circumstances.

Second, no heightened privacy interests of "innocent third parties" would be put at risk. *Lohnn v. IBM Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (Liman, J.) (quoting *Amodeo*, 71 F.3d at 1050). The parties redacted sensitive third-party information in the trial exhibits, such as personal phone numbers and email addresses, the names of minors, social security and account numbers, Mr. De Niro's pseudonym, and similarly sensitive, irrelevant information. These narrowly tailored redactions appropriately safeguard this information, while still allowing the public to understand the underlying documents, consistent with the Court's past practice in this case. *E.g.*, Dkt. No. 384 (approving narrowly tailored redactions of sensitive information).

Third, the Protective Order in this case *does not* shield the trial exhibits from disclosure. The Order explicitly states that "the following restrictions and procedures shall apply to information and documents *exchanged in the pre-trial phase* of this action," (Dkt. No. 23 at 1) (emphasis added), and accordingly does not govern the confidentiality of trial exhibits. It further provides that "notwithstanding the designation of information as 'confidential' in discovery, there is no presumption that such information shall be filed with the Court under seal." *Id.* at 3. Defendants have not moved to seal any of the trial exhibits.[4]

Finally, public access to the trial exhibits is particularly merited, as this is a case of high public interest. As the Court knows, there has been great interest in this litigation since it began

---

members of the public their own opportunity to see and hear" the evidence with their own eyes and ears); *United States v. Akhavan*, 532 F. Supp. 3d 181, 188 (S.D.N.Y. 2021) (same).

[3] The presumption of public access to judicial documents is "firmly rooted in our nation's history," and is based on the First Amendment and principles of fair administration of justice embedded in Article III. *Lohnn v. IBM Corp.*, 2022 WL 3359737, at *2 (S.D.N.Y. Aug. 15, 2022) (Liman, J.) (citation omitted).

[4] In any event, even if the Protective Order governed trial exhibits (it does not), this is non-dispositive. Protective orders can be modified at any time. *E.g.*, *Medacist Solutions Grp., LLC v. Omnicell, Inc.*, 2010 WL 11655322, at *5 (S.D.N.Y. Oct. 5, 2010). Moreover, Defendants have not identified to the Court any particular documents that they believe ought to be sealed. As in this Court's decision in *Lohnn v. IBM Corp.*, the mere existence of a Protective Order does not resolve the question of public access to judicial documents, in particular where the party seeking a seal "has not identified the documents and information that it argues should remain under seal." 2022 WL 36420, at *14 (S.D.N.Y. Jan. 4, 2022) (Liman, J.).

Hon. Lewis J. Liman
November 21, 2023
Page 3 of 3

in 2019.[5] There has also been particularly great interest in the trial.[6] The stronger the public interest in the judicial documents, the greater the grounds for public access. *See, e.g., United States v. Maxwell*, 545 F. Supp. 3d 72, 81 (S.D.N.Y. 2021) (citation omitted) (in a "civil case of high public interest," it is "unrealistic" for key deposition testimony to "remain effectively sealed indefinitely").

However, the above analysis does not apply to Plaintiff's health records contained in Plaintiff's Trial Exhibits 380 and 382. Consistent with Plaintiff moving to seal these records at trial and the Court's provisional sealing, (Tr. Transcript 1701:6-13, 1732:3-11 (Nov. 7, 2023); Tr. Transcript 1877:14-18 (Nov. 8, 2023)), Plaintiff now moves the Court to seal these exhibits permanently and deny public access to them. At trial Defendants did not object to Plaintiff's request that these exhibits be sealed. *Id.* Under *Lugosch v. Pyramid Co. of Onondaga*, where "higher values" ought to be preserved, such as highly sensitive, irrelevant personal information, redaction or sealing is appropriate. 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Preventing public access to Plaintiff's Trial Exhibits 380 and 382 is consistent with the Court's prior treatment of health information in this case. *E.g.*, Dkt. No. 384 at 1-2, 7; *see also Valentini v. Grp. Health Inc.*, 2020 WL 7646892 at *2 (S.D.N.Y. Dec. 23, 2020) (granting motion to seal party's medical records, given "significant privacy rights to her medical information," and noting that courts "regularly seal" such information); *United States v. Milken*, 780 F.Supp. 123, 127 (S.D.N.Y. 1991) (sealing medical information); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citation omitted) (denying public access is appropriate to prevent documents from becoming "a vehicle for improper purposes").

For these reasons, Plaintiff respectfully requests that the Court grant Mr. Fisher's request, and order that such documents be publicly filed, except Plaintiff's Trial Exhibits 380 and 382.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/
Michael Lockman

---

[5] *E.g.*, Yohana Desta, Robert De Niro's Company Files $6 Million Suit Against Ex-V.P. Who Binged 55 Episodes of Friends on the Job, Vanity Fair, (Aug. 20, 2019) www.vanityfair.com/hollywood/2019/08/robert-de-niro-lawsuit-friends-binge; Mike Cherico, Robert DeNiro Suing Former Assistant for $6 Million After Wild "Friends" Binge, Fox Business, (Aug. 20, 2019) www.foxbusiness.com/media/robert-deniro-suing-assistant-6-million-dollars-friends-binge.

[6] *E.g.*, Julia Jacobs, Robert De Niro's Company Is Found Liable for Gender Discrimination, New York Times, (Nov. 9, 2023) www.nytimes.com/2023/11/09/arts/robert-de-niro-trial-gender-discrimination.html; Winston Cho, Robert De Niro's Canal Productions to Pay Ex-Assistant $1.26M in Gender Discrimination Trial Verdict, Hollywood Reporter, (Nov. 9, 2023) www.hollywoodreporter.com/business/business-news/robert-de-niro-discrimination-lawsuit-verdict-1-26m-1235643439/.